IN THE SUPREME COURT OF THE STATE OF OREGON

| | |
|---|---|
| JAMES ARTHUR ROSS, | ) |
| | ) Malheur Cty Cir Ct Case |
| Petitioner on Review, | ) No 05084630M |
| | ) |
| vs. | ) |
| | ) App Ct Case No A135040 |
| JEAN HILL, Supt, | ) |
| Snake River Correctional Institution, | ) |
| | ) |
| Respondent on Review. | ) |
| | ) |

CORRECTED PETITION FOR REVIEW OF
JAMES ARTHUR ROSS

Petition for Review of the decision of the Court of Appeals
on appeal from a judgment of the Circuit Court for
Malheur County, The Honorable JOSEPH F. CENICEROS, Judge

Affirmed:  May 19, 2010
By:       Landau, PJ, Brewer, CJ, and Schuman, J

ANDREW S. CHILTON, #972339
    Chilton & Galli, LLC
    714 SW 20th Place
    Portland, OR 97205
    (503) 771-3587
        Attorney for Petitioner on Review

JOHN R. KROGER, OSB No. 077207, Attorney General
JEROME LIDZ, OSB No 772631, Solicitor General
    Appellate Division
    400 Justice Building
    Salem, OR 97310
    (503) 378-4402
        Attorney for Respondent on Review

Brief on the merits will be filed if review is allowed.                    6/10

# TABLE OF CONTENTS

PETITION FOR REVIEW..................................................................1

    Statement of Historical and Procedural Facts...................................1

    Questions Presented and Proposed Rules of Law.............................2

    Grounds for Review.....................................................................2

    Summary of Legal Argument.........................................................3

    Conclusion..................................................................................10

# TABLE OF AUTHORITIES

## Cases Cited

*Boykin v. Alabama*, 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969)..............7

*Johnson v. Zerbst*, 304 US 458, 58 S Ct 1019, 82 L Ed 1461 (1938)..................7

*Krummacher v. Gierloff*, 290 Or 867, 627 P2d 458 (1981)..........................3, 6

*Moen v. Peterson*, 312 Or 503, 824 P2d 404 (1991).....................................8

*State v. Garcia*, 288 Or 413, 605 P2d 671 (1980)........................................6

*State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *rev'd sub nom Oregon v. Ice*, 555 US ___, 129 S Ct 711, 172 L Ed 2d 517 (2009)................................10

*State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005)..................................5, 6

*Stelts v. State*, 299 Or 252, 701 P2d 1047 (1985).........................................7

*Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984)....4

*Trujillo v. Maass*, 312 Or 431, 822 P2d 703 (1991)......................................4

## Constitutional and Statutory Provisions

US Const Amd VI..................................................................................3

US Const Amd XIV...............................................................................3

Or Const Art I, sec 11............................................................................3

ORS 163.225..........................................................................................5

# PETITION FOR REVIEW

## Statement of Historical and Procedural Facts

James Arthur Ross, petitioner-appellant, petitioner on review (petitioner), asks that this court review and reverse the order of the Court of Appeals affirming the denial of post-conviction relief in *Ross v. Hill*, A135040 (May 19, 2010). A copy is attached at ER 12-23.

In the underlying criminal trial, petitioner was charged with one count of attempted aggravated murder (count 1), two counts of first degree kidnapping (counts 2 and 3), one count of first degree rape (count 4), two counts of first degree sodomy (counts 5 and 6), two counts of second degree assault (counts 7 and 8), one count of fourth degree assault (count 9), one count of strangulation (count 10), one count of menacing (count 11), and one count of interference with making a report (count 12). Ex 3 (Amended Indictment). On June 10, 2004, day three of the trial, petitioner pled either guilty or no contest to all the charges. There was no agreement as to sentencing. Petitioner received concurrent and consecutive sentences totaling 480 months of incarceration.

The charges all stem from an incident of domestic violence that took place on February 23 and 24, 2004. Per police report, police responded to a call at petitioner's residence and found the victim badly bruised and beaten. She was taken to the emergency room near death. In subsequent police interviews, she provided a graphic account of petitioner on a rampage. She informed the police

that petitioner had threatened her with a loaded gun, beaten her, dragged her around the house, and repeatedly raped her anally and once vaginally.

## Questions Presented and Proposed Rule of Law

First Question Presented: Was trial counsel inadequate and ineffective for failing to move to dismiss the kidnapping charges where the evidence failed to reflect the elements necessary for conviction?

First Proposed Rule of Law: Competent counsel would have moved to dismiss.

Second Question Presented: Was trial counsel inadequate and ineffective for failing to ensure that petitioner's plea was knowingly, intelligently and voluntarily made?

Proposed Rule of Law: Competent counsel would have ensured the lawfulness of the plea.

## Grounds for Review

The issues are preserved. No other obstacles to appellate review exist. The Court of Appeals issued an opinion, but that opinion did not address these issues.[1] As to these issues, its decision is in error. The error is of constitutional magnitude.

---

[1] In its opinion, the court held that trial counsel was inadequate and ineffective for failing to move to merge multiple counts of kidnapping. Petitioner is not appealing this portion of the decision. The court did, however, decline to address the remaining issues in the brief. ER 13.

3

No other branch of government could correct the error, although the federal courts may do so. The issues are well presented in petitioner's brief.

## Summary of Legal Argument

Article I, section 11 of the Oregon Constitution and the Sixth and Fourteenth Amendments of the United States Constitution guarantee every criminal defendant the right to adequate assistance of counsel. To represent a defendant adequately under the Oregon Constitution, a trial lawyer must "do those things reasonably necessary to diligently and conscientiously advance the defense." *Krummacher v. Gierloff*, 290 Or 867, 874, 627 P2d 458 (1981). The court added:

> [I]f counsel exercises reasonable professional skill and judgment, a reviewing court will not second-guess the lawyer in the name of the constitution, but neither will the court ignore decisions made in the conduct of the defense which reflect an absence or suspension of professional skill and judgment.

*Id.* at 875. In the exercise of "professional skill and judgment," an attorney can make reasonable tactical decisions that do not pan-out or backfire. These decisions will not be second-guessed with the benefit of hindsight. *Id.*

In addition, "only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude." *Id.* at 883. Thus, to prevail on a claim of inadequate assistance of counsel, a petitioner in a post-conviction proceeding must prove two things: first, he must show "by a preponderance of the evidence, facts demonstrating that trial

counsel failed to exercise reasonable professional skill and judgment," and second, he must prove that "petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991).

The Sixth and Fourteenth Amendments of the United States Constitution require a very similar analysis. The United States Supreme Court outlined the principles to be applied to a claim of constitutionally ineffective assistance of counsel in *Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984). In that case, the Court held that the purpose of effective assistance of counsel is to ensure a fair trial. Therefore, the "benchmark for judging any claim of inadequateness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. The petitioner must first show that the attorney's performance fell below an objective standard of reasonableness and second, that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 688, 694.

In the underlying criminal proceeding in this case the state charged petitioner with two counts of kidnapping in the first degree. Count 2 alleged that petitioner kidnapped victim with the purpose of causing physical injury while count 3 alleged that petitioner kidnapped victim with the purpose of terrorizing her. However, under the facts of this case, petitioner was not guilty of either charge. Trial counsel should have moved for acquittal on both counts following the recitation of the factual basis for the no contest plea.

Case 6:10-cv-01440-HO   Document 1-1    Filed 11/22/10   Page 8 of 14

5

Petitioner pleaded no contest to both counts. The prosecutor provided the following factual basis for the court to accept the no contest plea:

> [THE STATE]: While in the home, this was – Your Honor, this was taken – admitted into evidence as State's Exhibit 84. The evidence would be from Ms. Ross that in the home, the initial assaults began in the area of the kitchen, that they moved at various points on down the hall towards the master bedroom, that the assaults continued in the bedroom, that she was moved again down through the hall, that all of this movement was against her will and interfered with her liberty, that during all of this movement, that the defendant subjecting her to physical abuse, including going into the bathroom, smashing her head into the wall that left hair, taking her to the living room and vaginally raping her. Further, it's the state's theory, Your Honor, that the defendant, through the course of these events, was threatening to kill Ms. Ross, had leveled the gun at her several times, in addition to the events that we described in the master bedroom that constituted attempted aggravated murder and that his purpose in so doing was to terrorize her.

These facts are insufficient to establish the crime of kidnapping in the first degree with regard to either count. To be guilty of kidnapping, a defendant, with intent to substantially interfere with another's liberty, must either "take the person from place to another, or "[s]ecretly confine the person in a place where the person is not likely to be found." ORS 163.225. In this case, the state alleged that petitioner, with intent to substantially interfere with the victim's liberty, took the victim from one place to another. The evidence in this case was insufficient to establish that he did.

In *State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005), this court discussed what needed to be shown to establish the element of intent to substantially interference with the victim's liberty. *Id.* at 478. In a fact pattern remarkably

similar to the facts of this case, the defendant in *Wolleat* was convicted of kidnapping as a result of an incident in which he dragged his girlfriend from one room of their residence to another in the course of assaulting her. *Ibid.* On these facts, this court held that such an insubstantial movement, incidental to the assault, was insufficient to prove the mental element of intent to substantially interfere with the victim's liberty. *Ibid.* Accordingly, the factual basis provided by the state in support of petitioner's no contest plea was insufficient to establish defendant's guilt on either count of first degree kidnapping. Trial counsel should have moved for acquittal on these grounds.

Trial counsel's representation of petitioner was constitutionally inadequate. By failing to move to dismiss, counsel failed to do something that was reasonably necessary to diligently and conscientiously advance the defense. As a result, petitioner has established that counsel's performance fell below the standard enunciated in *Krummacher*. Admittedly, *Wolleat* was decided in 2005, after petitioner's plea and sentencing. However, *Wolleat* relied on earlier decisions, namely *State v. Garcia*, 288 Or 413, 605 P2d 671 (1980), where the court, relying on the legislative history, held that there is no kidnapping "where the detention or asportation of the victim is merely incidental to the accomplishment of another crime." *Wolleat*, 338 Or at 474 (quoting *Garcia*, 288 Or at 420). In addition, petitioner has established a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Had counsel raised the issue, the trial court likely would likely have dismissed the kidnapping charges.

Counsel's performance fell below an objective standard of reasonableness. As a result, his representation of petitioner was inadequate under the federal constitutional according to the standard set out in *Strickland*. The post-conviction court erred in ruling that petitioner was not denied his constitutional rights to assistance of counsel.

Trial counsel was also ineffective and inadequate for failing to ensure that petitioner's plea was valid. Under the Constitution of Oregon, any plea of guilty must be knowing, intelligent and voluntary. *Stelts v. State*, 299 Or 252, 701 P2d 1047 (1985). The United States Constitution has the same test. *Boykin v. Alabama*, 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969). Ultimately, both constitutions rely on the principles developed from *Johnson v. Zerbst*, 304 US 458, 58 S Ct 1019, 82 L Ed 1461 (1938). Waiver is the voluntary relinquishment of a known right or privilege. *Id*. at 464. In order to plead guilty, one must do so voluntarily. Failure of a trial attorney to ensure that the plea is voluntary is inadequate and ineffective.

In this case, petitioner's plea was not knowingly, intelligently, and voluntarily made. At the post-conviction hearing, petitioner testified that his trial attorney pressured him to plead no contest:

> [Counsel] stated days before that he had no defense, he stated on the day of trial that he had no defense, that if I didn't accept the plea agreement that the Judge didn't seem to make (INAUDIBLE) that they would be ran consecutive and he wouldn't be able to do nothing for me. He misinformed me as to the true nature of the kidnapping charges. [sic]

Tr 35. Petitioner felt coerced. Counsel's failure to properly ensure petitioner's plea to all the charges was intelligently made is particularly evident in counsel's advice that petitioner plead no contest to the kidnapping charges even though the facts of the case clearly did not meet the statutory definition of the crime, as discussed in the first assignment of error. Moreover, counsel's expressed optimism about the likelihood of concurrent sentences was clearly misplaced. As petitioner testified in his deposition, "my attorney made me believe that I was going to be getting a concurrent sentence with no upward departures for a total of 120 months, and he said that I might be able to get less due to that he might be able to cut time off for treatment, but that never happened, that's the only reason why I made the plea." Ex 107 at 20. Petitioner received 480 months.

In *Moen v. Peterson*, 312 Or 503, 824 P2d 404 (1991), this court ruled that, in determining whether a petitioner would or would not have pleaded guilty, the post-conviction court may look at such things as the evidence in the record, the benefit petitioner derived from the plea agreement, and the likelihood of petitioner's conviction had he proceeded to trial. *Id.* at 513-14. Perhaps the most significant evidence that petitioner's plea was not knowingly intelligently and voluntarily made lies in the fact petitioner pleaded no contest to the most serious charge of the indictment—attempted aggravated murder. The factual basis behind this plea was that petitioner had placed a gun in the victim's mouth and pulled the trigger. Ex 108 at 11-12. While the state informed the court that the victim was prepared to testify that the gun was loaded and that there was magazine in the

weapon, this fact was by no means clear from the evidence. While the gun was found by the police at the scene, it was not loaded. Ex 105 at 4. Moreover, in her statement to police, the victim stated that petitioner put the gun in her mouth and "dry fired" it. However, the report states that only after that did petitioner actually put a round in the chamber and again put the gun in her mouth, at which point he only threatened to pull the trigger. Ex 105 at 18 (Report of Officer Borgio). In other words, while it is clear that petitioner intended to scare the victim with the weapon, it is far from clear that he actually intended to kill her. The fact that petitioner would plead to such a serious charge when the evidence was so ambiguous, in a case in which the state was offering absolutely nothing in return, itself suggests that counsel was not properly informing petitioner of his options.

Under the circumstances of this case, counsel's failure to ensure that petitioner's plea was knowing, intelligent and voluntary reflected a failure to exercise reasonable professional skill and judgment. Counsel was inadequate and ineffective under the Oregon and United States Constitutions respectively. Had counsel properly advised petitioner, petitioner would not have pleaded guilty or no contest to all the charges as he did. Accordingly, petitioner was also prejudiced by counsel's failure.

Finally, appellate counsel represents to this court that petitioner personally wishes to advance to this court both his ongoing objection to appellate counsel's

memorandum of additional authorities[2] and the legal issues raised in his *pro se* supplemental brief. These documents are appended at ER 1-6 and ER 7-11, respectively. Petitioner personally incorporates these documents by reference as if fully set forth. Petitioner personally asks that this court accept this case and reverse on the basis of the arguments therein.

## Conclusion

This Court should reverse the Court of Appeals and the post-conviction court and remand for further proceedings.

Respectfully Submitted,

/s/

Andrew S. Chilton, OSB No. 972339,
Chilton & Galli, LLC,
Attorneys for Defendant-Appellant,
Petitioner on Review,
James Arthur Ross

---

[2] In February of 2009, appellate counsel filed a memorandum of additional authorities effectively abandoning the Third and Fourth Assignments of Error. Those assignments had relied on *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *rev'd sub nom Oregon v. Ice*, 555 US ___, 129 S Ct 711, 172 L Ed 2d 517 (2009). Petitioner objects to appellate counsel's withdrawal of these issues.

# EXCERPT OF RECORD

Petitioner's *Pro Se* Objection to Appellate Counsel's Memorandum of Additional Authorities……………………......………………………………..ER 1-6

Petitioner's *Pro Se* Supplemental Brief………………………......…………ER 7-11

Opinion…………......……………………….……….……………………..ER 12-23