IN THE SUPREME COURT OF THE STATE OF OREGON

| | |
|---|---|
| JAMES ARTHUR ROSS, | Malheur Cty Cir Ct Case |
| Petitioner on Review, | No 05084630M |
| vs. | |
| | App Ct Case No A135040 |
| JEAN HILL, Supt, | |
| Snake River Correctional Institution, | Sup Ct Case No S58553 |
| Respondent on Review. | |

*PRO SE* SUPPLEMENTAL PETITION FOR REVIEW OF
JAMES ARTHUR ROSS

*Pro Se* Supplemental Petition for Review of the decision of the Court of Appeals
on appeal from a judgment of the Circuit Court for
Malheur County, The Honorable JOSEPH F. CENICEROS, Judge

Affirmed:    May 19, 2010
By:          Landau, PJ, Brewer, CJ, and Schuman, J

ANDREW S. CHILTON, #972339
    Chilton & Galli, LLC
    714 SW 20th Place
    Portland, OR 97205
    (503) 771-3587
    Attorney for Petitioner on Review

JOHN R. KROGER, OSB No 077207, Attorney General
DAVID B. THOMPSON, OSB No 951246, Interim Solicitor General
    Appellate Division
    400 Justice Building
    Salem, OR 97310
    (503) 378-4402
    Attorney for Respondent on Review

Brief on the merits will be filed if review is allowed.    8/10

i

# TABLE OF CONTENTS

PETITION FOR REVIEW..................................................................1

    Opening Statement...................................................................1

    Adoptions ..............................................................................1

    Questions Presented and Proposed Rules of Law...............................2

    Summary of Legal Argument.......................................................4

    Conclusion ............................................................................7

# TABLE OF AUTHORITIES

## Cases Cited

*State v. Barrett*, 331 Or 27, 37 n 4, 10 P.3d 901 (2000)...................................2

*State v. Fish*, 282 Ore 53, 577 P.2d 500 (1978) SC No. 25486........................2

*State v. Tucker*, 315 Ore 321, 845 P.2d 904 (1993) SC No. S35724..................2

*State v. Walton*, 134 Or App 66, 894 P.2d 1212 (1995)..................................2

*State v. White*, 202 Or App 1, 121 P.3d 3 (2005), aff'd, 341 Or 624, 147 P.3d 313 (2006)...........................................................................................5

*Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984).....6

*Trujillo v. Maass*, 312 Or 431, 822 P2d 703 (1991).......................................6

## Constitutional and Statutory Provisions

Oregon Const. Art 1, section 10 ..................................................................6

Oregon Const. Art 1, section 11 ..................................................................6

Oregon Const. Art 1, section 15 ..................................................................6

United States Const. Amend I ....................................................................6

United States Const. Amend IV ..................................................................6

United States Const. Amend V....................................................................6

United States Const. Amend VI ..................................................................6

United States Const. Amend VIII ................................................................6

United States Const. Amend XIV ................................................................6

## APPELLANT'S PRO SE SUPPLEMENTAL PETITION

### Opening Statement

Petitioner's intentions in filing this Petition for Review is to raises some issues that he believes that the previous courts have failed to understand or that have been misconstrued that his appellate counsel would not raise in the main or opening Petition for Review. Hence forth, the petitioner felt a need to file this Supplemental Petition for Review as he believes all of his claims are of constitutional magnitude and that he suffers prejudice as a result. He prays that this Honorable Court will hear and consider his appeal.

### Adoptions

The petitioner adopts by reference the "Grounds for Review" in it's entirety and the "Statement of Historical and Procedural Facts" to the extent that petitioner does not adopt the statements made that there was no agreement as to sentencing" and "She (the victim) was taken to the emergency room near death" that the petitioner's attorney has prepared for him in the opening Petition for Review. (There is nothing in the initial police reports, paramedic's reports and especially medical records from the hospital that make this statement or that could even be enough to come close to backing this statement up. Also, the petitioner still insists that there was an agreement to concurrent sentencing)

## Questions Presented and Proposed Rule of Law

First Question Presented: Was trial counsel inadequate and ineffective for failing to request merger of the Attempted Aggravated Murder charge and the underlying felonies of that charge used to convict the petitioner of the more serious charge of Attempted Aggravated Murder?

Alternatively, was trial counsel inadequate and ineffective for failing to request that the "sentences" for the Attempted Aggravated Murder conviction and the underlying felonies of that conviction used to convict the petitioner of the more serious charge of Attempted Aggravated Murder be merged for sentencing?

First Proposed Rule of Law: Competent counsel would have requested and/or at least argued both of these issues. This especially where the law and precedent set by this Honorable Court in *Tucker*[1], *Fish*[2], *Walton*[3] and *Barrett*[4] were in the least questionable at the time of Petitioner's trial and sentencing.

Second Question Presented: Was trial counsel inadequate and ineffective for failing to request merger of the assault charges?

Second Proposed Rule of Law: Competent counsel would have in the least recognized the potential benefits for his client and requested the merger.

---

[1] State v. Tucker, 315 Ore 321, 845 P.2d 904 (1993) SC No. S35724
[2] State v. Fish, 282 Ore 53, 577 P.2d 500 (1978) SC No. 25486
[3] State v. Walton, 134 Or App 66, 894 P.2d 1212 (1995)
[4] State v. Barrett, 331 Or 27, 37 n 4, 10 P.3d 901 (2000)

3

Third Question Presented: Was trial counsel inadequate and ineffective for failing to ensure that the Petitioner's pleas were knowingly, intelligently and voluntary?

Third Proposed Rule of Law: Competent counsel would have ensured the law fullness of the pleas.

Fourth Question Presented: Can it be fairly and justifiably said that when a lawyer is deemed inadequate and ineffective on one issue in a particular proceeding, that there is no chance whatsoever that the entire proceeding was not hindered, muddied or unfair and not causing prejudice to the defendant whatsoever?

Fourth Proposed Rule of Law: When a counsel has been deemed to have rendered inadequate and ineffective assistance of counsel in a particular proceeding, than that entire proceeding should be held anew and preferably with new counsel.

Fifth Question Presented: In a case involving pleas were a defendant is praying that his counsel is giving him proper advice and/or he has no choice but to rely on that advice only to later find out that the advice was wrong or ill advised and convictions and sentences were vacated or merged by a higher court (which is only interpreting what the law has always meant) substantially affecting the

4

petitioner-defendant then should he not be allowed to plea anew, this especially in a case where he had shown extreme signs of wishing to finish trial as he had already went through 4 days of trial?

Fifth Proposed Rule of Law: Petitioner's convictions and sentences should be vacated and he should be allowed to plea anew.

## Summary Of Argument

Petitioner believes that the reason why this Honorable Court did not refer to it's earlier precedents in *Tucker* and *Fish* in it's ruling of *Barrett* is because they are two different issues. *Barrett* seems to refer to the need of the record to show or outline all of a defendant's conduct or criminal activity to which he is convicted of. Basically, *Barrett* is a case concerning merger of convictions. Whereas, *Tucker* and *Fish* appear, at a closer look, to be referring to the sentences of those convictions merging and not the actual convictions themselves, just the sentences. Petitioner believes that the Oregon Court of Appeals in it's decision in *Wilson*[5] is wrong or in the least misconstrued in part. This fact is pointed out in it's statement in *Wilson* "In particular, the above-quoted statement from *Wilson II* was predicated on our assumption that, under "*State v. Tucker*, 315 Or [321, 331, 845 P2d 904 (1993),]

---

[5] State v. Wilson, 216 Or App 226, 173 P.3d 150 (2007)

the sentencing court was required to merge the assault and kidnapping convictions with the aggravated murder convictions." Wilson II, 161 Or App at 322." This is not the only case that the Oregon Court of Appeals used this incorrect analysis on. It also used this understanding in *Walton*. This is where the petitioner thinks that the court first made it's incorrect understanding of *Tucker* and *Fish* as applying to a "merger of convictions" issue rather than a sentencing issue referring to when such sentences should merge. This Honorable Court should at least allow review to sort out this confusion. Petitioner also claims that his assault convictions should have merged into one single conviction. The analysis used in *White*[6] would also apply to these charges as well as they are nothing more than different theories of committing assault. This especially in a case where there is only one victim. This is not the only precedent that refers to multiple convictions of the same crime merging. Petitioner also claims that there are several factors that a defendant relies upon when considering to make a plea, instead of going to trial. One of the most important factors that is considered is the advice of counsel or the defendant's belief in his counsel's abilities to defend him. Therefore, when a defendant's counsel tells him that he can and/or will be convicted of certain charges and sentenced to them and advises him that he cannot defend him and that he should

---

[6] State v. White, 202 Or App 1, 121 P.3d 3 (2005), aff'd, 341 Or 624, 147 P.3d 313 (2006)

make a plea, then a defendant is relying on all of that information and advice from his lawyer. So, later when a higher court rules that his lawyer was inadequate and ineffective pertaining to those particular factors that he relied on in giving up any of his constitutional rights, than the outcome of that entire proceeding was in the least tainted if not unconstitutional and thus causing prejudice to the petitioner. This is what has happened in this instant case. Petitioner's convictions and sentences should be vacated and he should be allowed to plea anew.

Petitioner also claims that when a lawyer renders inadequate and ineffective assistance of counsel in a particular proceeding than that entire proceeding in the least should be held anew. The petitioner should be afforded a new sentencing hearing in it's entirety.

The above has caused petitioner to be denied due process of the law and/or has received ineffective assistance of counsel as guaranteed to him under Article 1, Section 10, 11 and 15 of the Oregon Constitution and *Trujillo v. Mass,* and the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, made applicable to the states by the 14th Amendment to the United States Constitution and *Strickland v. Washington,* and he has suffered prejudice as a result.

Finally, petitioner wishes to advance to this court the legal issues raised in his *pro se* supplemental brief. These documents are attached.

7

## CONCLUSION

This Honorable Court should reverse the Court of Appeals and the Post-Conviction Court and remanded for further proceedings. Alternatively, this case should be in the least remanded for a new sentencing hearing and/or any further proceedings that this Honorable Court would deem just and proper.

Respectfully Submitted By,

x_____
(Signature)
James Arthur Ross   Pro Se'
SID# 12599830
E. O. C. I.
2500 Westgate
Pendleton, Oregon 97801

## CERTIFICATE OF SERVICE

The below-signed individual certifies that he served two copies of the enclosed document, to wit: Appellant's *Pro Se* Supplemental Petition for Review in *Ross v. Hill*, S58553, on the below listed individual by either mailing them first class or causing them to be hand delivered on the below-listed date.

Served on:

Dept. of Justice, App. Div.
400 Justice Bldg.
1162 Court St. NE
Salem, OR 97310

Date: August 17, 2010

_____
Andrew S. Chilton, OSB No. 972339