1

2

3

4    **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

5    **FOR THE COUNTY OF MALHEUR**

6    JAMES ARTHUR ROSS,                    )
                                           )    **County Circuit Court**
7                    Plaintiff,            )    **Case No. 05-08-4630-M**
                                           )
8    vs.                                   )
                                           )    **\* \* \* FOURTH  AMENDED \* \* \***
9    JEAN HILL,                            )    **FORMAL PETITION FOR**
     Superintendent,                       )    **POST-CONVICTION RELIEF**
10   Snake River Correctional Institution, )
                                           )    **(ORS 138.510, et. Seq.)**
11                   Respondent,           )
     _____ )

12

13          **COMES NOW**, the above named Petitioner, and respectfully petitions this Court for

14   Post-Conviction Relief pursuant to ORS 138.510 – 138.680, and alleges as follows:

15

16                                         1.

17          Respondent, JEAN HILL, is duly appointed, qualified and acting superintendent of the

18   Snake River Correctional Institution of Oregon.

19

20                                         2.

21          Petitioner is unlawfully imprisoned and restrained of his liberty by the above named

22   respondent. Petitioner is imprisoned at Snake River Correctional Institution located at 777

23   Stanton Boulevard Ontario, Oregon 97914 – 8335.

24

Page 1 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

ORIGINAL

3.

Petitioner's imprisonment is by virtue of a judgment and sentences imposed by the Douglas County Circuit Court in the case of ***State of Oregon v. James Arthur Ross***. Trial Court Case No. 04CR0429FE; Conviction date: 10th day of June, 2004; Sentencing date: 31st day of August, 2004.

4.

Daniel Bouck represented the Petitioner during his trial court proceedings; Rebecca Duncan represented the Petitioner on direct appeal.

5.

Petitioner was originally charged with the following crimes:

Assault in the Second Degree;
Kidnapping in the First Degree;
Rape in the First Degree;
Sodomy in the First Degree
Interference with Making a Report.

6.

Petitioner went to trial and after several days at trial entered a pleading of no contest and guilty and was ultimately convicted of:

Attempted Aggravated Murder;
Rape in the First Degree;
Sodomy in the First Degree;
Sodomy in the First Degree;
Kidnapping in the First Degree;
Kidnapping in the First Degree;
Assault in the Second Degree;
Assault in the Second Degree;
Felony Assault in the Fourth Degree;

1    Strangulation;
     Menacing; and
2    Interference with Making a Report.

3

4                                      7.

5    The Honorable Stephen Walker presided over Petitioner's trial and sentenced petitioner

6    to:

7
       · 120 Months for the Attempted Aggravated Murder plus 36 Months Post-Prison
8          Supervision; consecutive to all others;
       · 90 Months for kidnapping in the First Degree plus 36 Months Post-Prison Supervision;
9          consecutive;
       · 90 Months for kidnapping in the First Degree plus 36 Months Post-Prison Supervision;
10         concurrent to count 2 consecutive to all others;
       · 100 Months for Rape in the First Degree plus 140 Months Post-Prison Supervision;
11         consecutive to counts 1, 2, 3, 5-12;
       · 100 Months for Sodomy in the First Degree plus 140 Months Post-Prison Supervision;
12         consecutive to counts 1, 2, 3, 4, 7-12;
       · 100 Months for Sodomy in the First Degree plus 140 Months Post-Prison Supervision;
13         consecutive to counts 1, 2, 3, 5, 7-12;
       · 70 Months for Assault in the Second Degree plus 36 Months Post-Prison Supervision;
14         consecutive to counts 1-6 and 9-12, but concurrent with count 8;
       · 70 Months for Assault in the Second Degree plus 36 Months Post-Prison Supervision;
15         consecutive to counts 1-6 and 9-12, but concurrent with count 7;
       · 90 Days in jail for Assault in the Fourth Degree, concurrent with all others;
16     · 1 year in jail for Strangulation, concurrent with all others;
       · 1 year in jail for Menacing, concurrent with all others; and
17     · 1 year in jail for Interference with Making a Report.

18
     The judgment sentenced the Petitioner to a 480 month term of imprisonment with an
19
     additional 240 month term of Post-Prison Supervision.
20

21                                     8.

22
     Documents to support this petition are not included, but will be submitted as evidence
23
     pursuant to the Order Regarding Post-Conviction Relief Proceedings entered in this case on
24

1    September 8th, 2005.

2                                            9.

3         Petitioner by and through counsel, alleges that he was denied effective assistance of trial

4    counsel in violation of Article 1, Section 10 and 11 of the Oregon Constitution and the 6th

5    Amendment of the United States Constitution, made applicable to the states by the 14th

6    Amendment to the United States Constitution and *Strickland v. Washington*, in the following

7    manner:

8              a. Same claims as listed under section 11 of this Formal Petition for Post-Conviction

9                  Relief.

10

11                                          10.

12        Petitioner by and through counsel, alleges that he was denied effective assistance of

13   Appellate counsel in violation of Article 1, Section 10 and 11 of the Oregon Constitution and the

14   6th Amendment of the United States Constitution, made applicable to the states by the 14th

15   Amendment to the United States Constitution and *Strickland v. Washington*, in the following

16   manner:

17             a. Same claims as listed under section 12 of this Formal Petition for Post-Conviction

18                 Relief.

19

20                                          11.

21        Petitioner further alleges that he was denied effective assistance of trial counsel and that

22   the convictions and sentences are illegal in violation of Article 1, Section 10, 11 and 15 of the

23   Oregon Constitution and *Trujillo v. Maass*, and the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of

24   the United States Constitution, made applicable to the states by the 14th Amendment to the

Page 4 of 21   **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1     United States Constitution and **_Strickland v. Washington_**, in the following manner:

2         a. Trial counsel was ineffective in failing to withdraw from Petitioner's case as requested,

3             resulting in trial counsel remaining as Petitioner's trial counsel, where a competent

4             attorney would have notified the court himself of the conflict and requested to be

5             removed from the case and the petitioner has suffered prejudice as a result.

6         b. Trial counsel was ineffective in failing to file a notice of appeal on the Petitioner's

7             behalf and in fact, in the Petitioner's belief, ill-informed the appellate office by stating

8             that he was satisfied with the outcome of the trial court proceedings, resulting with the

9             petitioner being denied his right to a direct appeal and the petitioner has suffered

10            prejudice as a result.

11        c. Trial counsel was ineffective in failing to make and adequately preserve claims for the

12            Petitioner's direct appeal process and/or appellate process in it's entirety.

13        d. Trial counsel was ineffective in failing to object to the excessive post-prison

14            supervision that was imposed on the petitioner and the petitioner has suffered

15            prejudice as a result.

16        e. Trial counsel was ineffective in failing to file a motion to quash the indictment and

17            the petitioner has suffered prejudice as a result.

18        f. Trial counsel was ineffective in failing to object to the indictment for failure to state

19            an offense on count 1: Att. Agg. Murder. It merely stated that the petitioner was to

20            commit this offense to cover up another crime. It did not state how the petitioner was

21            to commit such an offense nor did it differentiate itself from the assault offenses for

22            purposes of imposing consecutive sentences and thus violating defendant's double

23            jeopardy and due process rights of the United States Constitution along with his 6th

24            amendment right to effective assistance of counsel as guaranteed to him and the

1  petitioner has suffered prejudice as a result.

2  g. Trial counsel was ineffective in failing to motion for an acquittal or a dismissal of

3  the Attempted Aggravated Murder offense against the petitioner as all elements of

4  the offense were not established and for lack of evidence and/or intent to support

5  such an offense and the petitioner has suffered prejudice as a result.

6  h. Trial counsel was ineffective in failing to file a motion to dismiss the Kidnapping in

7  the First Degree charge(s) against Petitioner as all elements and/or intent of

8  kidnapping were not established and the petitioner has suffered prejudice as a result.

9  i. Trial counsel was ineffective in failing to challenge the indictment for failure to state

10  a difference in the kidnapping charges, counts 2 & 3, which violated defendant's

11  double jeopardy and due process rights of the United States Constitution along with

12  his 6th amendment right to effective assistance of counsel as guaranteed to him and the

13  petitioner has suffered prejudice as a result.

14  j. Trial counsel was ineffective in failing to motion for a merger of convictions and the

15  petitioner has suffered prejudice as a result.

16  k. Trial counsel was ineffective in failing to motion for a merger of convictions in a

17  multiplicous and undifferentiating indictment and the petitioner has suffered prejudice

18  as a result.

19  l. Trial counsel was ineffective in failing to argue that the multiple and undifferentiated

20  charges in the indictment, ultimately ending up in multiple convictions and sentences,

21  inflicted more punishment than justifiable in a single criminal episode and the

22  petitioner has suffered prejudice as a result.

23  m. Trial counsel was ineffective in failing to file a motion to disqualify the judge based

24  upon the judge's personal knowledge of the facts and/or for being bias, especially at

Page 6 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    the sentencing phase where he stated that if the victim would have died, his mind was

2    easily made up to give the petitioner the death penalty, which he would have no

3    authority to impose, because such a sentence would have had to have been handed

4    down from a jury, especially when none of the aggravating facts were proven beyond

5    a reasonable doubt to a jury nor admitted to by the petitioner, but in making such a

6    statement showing his true intent to inflict great and/or cruel and unusual punishment

7    on the petitioner ending up in a grave injustice to the petitioner and the petitioner has

8    suffered prejudice as a result.

9    Trial counsel was ineffective in failing to effectively and/or fully object to and argue

10    that the consecutive sentences imposed by the trial court were unconstitutional, in

11    violation of **_Blakely_**, especially when the petitioner had pleaded not guilty to any and

12    all aggravating factors, which the trial court accepted and the petitioner has suffered

13    prejudice as a result.

14    Trial counsel was ineffective in failing to effectively and/or fully object to and/or

15    attack the Petitioner's sentence as to consecutive sentencing issues, **_Blakely_** issues,

16    **_Booker_** issues, single criminal episode issues, **ORS** 137.123 issues, and/or

17    sentencing guideline's 200- 400% rules, especially when the petitioner had pleaded not

18    guilty to any and all aggravating factors, which the trial court accepted and the

19    petitioner has suffered prejudice as a result.

20    Trial counsel was ineffective in failing to submitt evidence that proved against the

21    district attorney's statements tht the victim in this case had a collapsed lung and broken

22    ribs. This statement was used against the petitioner in the interogation room to subtract

23    statements from the petitioner and then again during the trial and then again during the

24    sentencing phase to give the petitioner greater punishment all without any objection

1      from the petitioner's trial counsel and thus causing ineffective assistance of counsel

2      and the petitioner has suffered prejudice as a result.

3      d. Trial counsel was ineffective in failing to object when the trial court entered into

4      judicial fact finding for aggravating factors when the trial court had already accepted a

5      pleading of not guilty to any and all aggravating factors and thus causing ineffective

6      assistance of counsel and the petitioner has suffered prejudice as a result.

7      f. Trial counsel was ineffective in failing to fully explain the plea agreement to the

8      petitioner, thus Petitioner's plea pursuant to the plea agreement was not knowingly,

9      voluntarily and intelligently made. and the petitioner has suffered prejudice as a result.

10     g. Trial counsel was ineffective in failing to explain to the petitioner the consequences of

11     pleading guilty and no contest and the presumptive sentence pursuant to the Oregon

12     Sentencing Guidelines Gird, which instead ended up in several consecutive mandatory

13     minimum prison sentences pursuant to Ballot Measure 11 and the petitioner has

14     suffered prejudice as a result.

15     h. Trial counsel was ineffective in failing to inform petitioner of the serious

16     consequences of a stipulated or open - ended sentence. Trial counsel did not inform

17     petitioner of the right to have a jury decide any fact that would enhance his sentence

18     beyond the prescribed statutory maximum. Had trial counsel informed the petitioner,

19     petitioner would have elected to _finish_ trial and the petitioner has suffered prejudice as

20     a result.

21     i. Trial counsel was ineffective in failing to object to the imposition of Ballot Measure

22     11 as it is unconstitutional and the petitioner has suffered prejudice as a result.

23     j. Trial counsel was ineffective in failing to object to prosecutorial misconduct during

24     trial phase as well as during sentencing phase and the petitioner has suffered prejudice

**FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    as a result.

2    w. Trial counsel was ineffective in telling the petitioner that the plea agreement was

3    different than the actual agreement entered to the court and the petitioner has suffered

4    prejudice as a result.

5    x. Trial counsel was ineffective in failing to adequately argue and fully pursue the

6    Petitioner's rights to bail and the petitioner has suffered prejudice as a result.

7    y. Trial counsel was ineffective in failing to pursue and/or acquire the expert psychiatrist

8    that defendant was requesting in this case by the name of Korr Johnson, which was

9    said to be the only qualified  psychiatrist to examine the petitioner by some of the top

10   defense lawyer's in the state and the petitioner has suffered prejudice as a result.

11   z. Trial counsel was ineffective in informing the petitioner that there was no valid self

12   defense in Oregon and the petitioner has suffered prejudice as a result.

13   aa. Trial counsel was ineffective in failing to raise and argue an **ORS 163.325** defense

14   in general and/or in it's entirety and/or in at least to counts 4, 5, and 6 and the

15   petitioner has suffered prejudice as a result.

16   bb. Trial counsel was ineffective in failing to fully investigate and/or subpoena witnesses

17   including but not limited to:

18        1. Maryella Brown;

19        2. Tammy Mendenhall;

20        3. Tammy Dean Mendenhall;

21        4. Peirce Pippen;

22        5. Lydia Pippen;

23        6. Kevin Rucker;

24        7. Ken Madison;

Page 9 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1          8.  Ken (Last name unkown), victim's boss at Dairy Quenn;

2          9.  Angela Cheridan;

3          10. Ex-Girlfriends.

4      cc.  Trial counsel was ineffective in failing to use all witnesses available to him and to let

5          the petitioner know and/or have copies of all the statements made by the witnesses

6          that did come forth and present themselves, who he still ignored and the petitioner

7          has suffered prejudice as a result.

8      dd.  Trial counsel was ineffective in coercing the petitioner into making him take a plea

9          agreement and to plea to all counts against him and against his will and best interest

10         and the petitioner has suffered prejudice as a result.

11     ee.  Trial counsel was ineffective in failing to discuss with the petitioner his competency

12         to stand trial and the petitioner has suffered prejudice as a result.

13     ff.  Trial counsel was ineffective in failing to argue the Petitioner's competency at the

14         time of the accused offenses took place, in the least, for intent purposes especially

15         when the victim was petitioner wife, the petitioner has suffered prejudice as a result.

16     gg.  Trial counsel was ineffective in failing to get the Petitioner's trial moved as it was a

17         highly publicized and political case that affected the Petitioner's rights to a fair trial

18         and the petitioner has suffered prejudice as a result.

19     hh.  Trial counsel was ineffective when he violated the petitioner's attorney client

20         privileges and caused a breach of contract when he gave statements made by the

21         petitioner, at counsel's request, concerning the case over to the district attorney and

22         the petitioner has suffered prejudice as a result.

23     ii.  Trial counsel was ineffectivein failing to object to the trial court's abuse of discretion

24         when trial judge decided what was in the best interests of the petitioner and thus

**FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    causing ineffective assistance of counsel and violating petitioner's rights to due

2    process of the law and petitioner has suffered prejudice as a result.

3    jj. Trial counsel was ineffective in failing to help the petitioner in obtaining substitute

4    counsel where an effective attorney would have helped and file a motion to withdraw,

5    which he has in fact done in other previous cases and in fact the petitioner asserts that

6    trial counsel did totally the opposite and in fact was laughing at the petitioner in court

7    when he was attempting to have him replaced and the petitioner has suffered

8    prejudice as a result.

9    kk. Trial counsel was ineffective in failing to object to the trial court's abuse of discretion

10    in ignoring the petitioner's several requests for substitute counsel and failing to

11    conduct an evidentiary hearing on the matter  to thoroughly investigate and/or to hear

12    the petitioner out on his claims and accusations as stated in this petition and in the

13    trial memorandum in support of this petition as to the ineffectiveness and conflicts of

14    interest of petitioner's trial counsel, caused ineffective assistance of counsel and in

15    fact made the petitioner proceed to trial without effective assistance of counsel and

16    the petitioner has suffered prejudice as a result.

17    ll. Trial counsel was ineffective in failing to object, motion, file and/or argue for an

18    extension of time when the petitioner told the court that he wished to retain an

19    attorney, after the court stated that they would not give him substitute counsel and

20    inquired that there was in fact someone wanting to retain counsel for the petitioner,

21    and thus not giving the petitioner enough time to obtain such an attorney when the

22    financial funds to obtain such attorney was coming from another country and

23    therefore forcing  petitioner to proceed without effective assistance of counsel and

24    petitioner has suffered prejudice as a result.

1  mm.  Trial counsel was ineffective when counsel and the petitioner had several bad

2       incidents where they had several bad words between each other. One in particular,

3       was when trial counsel stated to the petitioner that he believed he was guilty of all

4       charges and that he would not prepare a  defense for him because he believed that

5       petitioner deserved whatever the district attorney wanted to give him. Then the

6       petitioner replied that this is why he did not want him on his case because he was

7       doing nothing but sabotaging the case and that he was fired, although despite

8       petitioner's several attempts to fire his counsel he was unsuccessful. This resulted in a

9       total break in communication between petitioner and  his counsel. Petitioner's time

10      was consumed in trying to fire and have his counsel replaced that it left petitioner

11      with no time or legal materials to prepare a defense for himself. Therefore, he was

12      forced to proceed with this counsel, Daniel Bouck, that petitioner had absolutely no

13      faith in, was disloyal, had no defense prepared for him and as far as the  petitioner

14      was and is concerned purposely sabotaging his case and the petitioner has suffered

15      prejudice as a result.

16  nnn.  Trial counsel was ineffective in failing to object when the trial court accepted a

17      pleading involving a not guilty plea to one of the counts and in fact counsel should

18      have asked for a brief recess to re-assure that the petitioner knew what he was doing

19      so that it could be said that he was knowingly willingly and intelligently making the

20      plea and instead the petitioner's counsel told the court that the petitioner obviously did

21      not understand what he was doing and continued to enter the plea that he thought was

22      appropriate and thus causing ineffective assistance of counsel and violating

23      petitioner's rights to due process of law and petitioner has suffered prejudice as a

24      result.

1    oo. Trial counsel was ineffective in failing to explain and give knowledge to the

2    petitioner concerning the case and charges and/or any defenses available to him and

3    the petitioner has suffered prejudice as a result.

4    pp. Trial counsel was ineffective in failing to object to the use of less then 7 member

5    grand jury on the indictment and when it was amended and the petitioner has

6    suffered prejudice as a result.

7    qq. Trial counsel was ineffective in failing to object, motion, file and/or argue that there

8    was an insufficient law library in the county jail for the petitioner to prepare a defense

9    or research his case and the petitioner has suffered prejudice as result.

10    rr. Trial counsel was ineffective in failing to make sure that the trial transcripts were

11    being properly and thouroughly preserved for the petitioner and thus causing

12    ineffective assistance of counsel and violating the petitioner's rights to due process of

13    the law and petitioner has suffered prejudice as a result.

14    ss. Trial counsel was ineffective when he continued to override the petitioner's pleading

15    and enter his own plea's, making them for the petitioner, after counsel had stated, on

16    the record, that the petitioner did not understand what he was doing in the pleading,

17    thus causing ineffective assistance of counsel and denying petitioner of his rights to

18    due process of the law and the  petitioner has suffered prejudice as a  result.

19    tt. Trial counsel was ineffective in obtaining and presenting all evidence available and

20    the petitioner has suffered prejudice as a  result.

21    uu. Trial counsel was ineffective in failing to move to suppress the fruits of the search

22    of petitioner's house by police which violated petitioner's 4th amendment rights and

23    also petitioner's statements made to police and the petitioner has suffered prejudice

24    as a result.

1     v. Trial counsel was ineffective in failing meaningfully to oppose the prosecution's case

2         and the petitioner has suffered prejudice as a result.

3     ww. Trial counsel was ineffective when he told the petitioner that there was no defenses

4         available to him against the charges and the petitioner has suffered prejudice as a

5         result.

6     xx. Trial counsel was ineffective when trial counsel told the petitioner that he could not

7         retract his plea's after petitioner realized that he would not be receiving the plea

8         agreement of the 120 months concurrent sentencing and the petitioner has suffered

9         prejudice as a result.

10    yy. Trial counsel was ineffective when there was a conflict of interests when he

11        previously represented the Petitioner's mother and was in fact fired by the Petitioner's

12        mother when he tried to make her admit to things that she did not do and accept a

13        plea bargain for life in prison for murder and refused to help her otherwise, which

14        coincidently is the same type of representation that the petitioner has endured from

15        this counsel with the only difference that Petitioner's mother was able to fire trial

16        counsel Daniel Bouck where as the petitioner was not so fortunate, thus leaving the

17        entire family scared out of their minds knowing what the outcome of the trial would

18        be with the petitioner being represented by this counsel Daniel Bouck, putting more

19        stress, strain and the same if not more scarce on  the petitioner with no real options

20        left to him but to proceed with this counsel and suffer the outcomes, which ended up

21        with the petitioner pleading out to all of the charges against him with a false

22        understanding of what he would be receiving as a result of his pleading, where the

23        Petitioner's true will and intent was to finish trial and the petitioner has suffered

24        prejudice as a result.

1

2                                          12.

3          Petitioner further alleges that he was denied effective assistance of appellate counsel in

4   violation of Article 1, Section 10 and 11 of the Oregon Constitution and *Trujillo v. Maass*, and

5   the 6th Amendment of the United States Constitution, made applicable to the states by the 14th

6   Amendment to the United States Constitution and *Strickland v. Washington*, in the following

7   manner:

8          a. Appellate counsel was ineffective in failing to file a notice of appeal and  petitioner

9               has suffered prejudice as a result.

10         b. Appellate counsel was ineffective in failing to investigate Petitioner's case and

11              petitioner has suffered prejudice as a result.

12         c. Appellate counsel was ineffective in failing to file a brief on Petitioner's behalf and

13              petitioner has suffered prejudice as a result.

14         d. Appellate counsel was ineffective in failing to file a merits brief on Petitioner's behalf

15              and  petitioner has suffered prejudice as a result.

16         e. Appellate counsel was ineffective in failing to file a Ander brief on Petitioner's behalf

17              and  petitioner has suffered prejudice as a result.

18         f. Appellate counsel was ineffective in failing to bring to the court's attention "anything

19              in the record that might arguably support the appeal" and  petitioner has suffered

20              prejudice as a result.

21         g. Appellate counsel was ineffective when Petitioner was denied to have his case handed

22              over to an appellate attorney and petitioner has suffered prejudice as a result.

23         h. Appellate counsel was ineffective in assuming the Petitioner's claims were frivolous

24              and petitioner has suffered prejudice as  a result.

1     i.  Appellate counsel was ineffective when they were ill-informed as to the merits of

2         Petitioner's claims by the Petitioner's trial counsel and petitioner has suffered prejudice

3         as a result.

4     j.  Appellate counsel was ineffective in failing to attack the Petitioner's sentences as to

5         consecutive issues, **_Blakely_** issues, **_Booker_** issues, single criminal episode issues,

6         **ORS** 137.123 issues and/or sentencing guideline's 200 – 400% rules, especially when

7         the trial court accepted a pleading of not guilty to any and all aggravating factors and

8         petitioner has suffered prejudice as a result.

9     k.  Appellate counsel was ineffective for failing to appeal the courts imposition of

10        multiple undifferentiated convictions in a single criminal episode and  petitioner has

11        suffered prejudice as a result.

12     l.  Appellate counsel was ineffective in failing to raise a claim as to Ballot Measure 11 as

13        it is unconstitutional and  petitioner has suffered prejudice as a result.

14     m.  Appellate counsel was ineffective in failing to raise a claim as to the imposition of

15        consecutive Ballot Measure 11 sentences and  petitioner has suffered prejudice as a

16        result.

17     n.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's

18        abuse of discretion when trial judge decided what was in the best interests of the

19        petitioner and thus causing ineffective assistance of counsel and/or violating the

20        petitioner's rights to due process of the law and petitioner suffered prejudice as a result.

21     o.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's

22        abuse of discretion and/or ineffective assistance of counsel when the trial court

23        accepted a pleading involving a not guilty plea to one of the counts and thus causing

24        ineffective assistance of counsel and/or violating petitioner's rights to due process of

1    the law and petitioner has suffered prejudice as a result.

2    p.   Appellate counsel was ineffective in failing to raise a claim as to the insufficient law

3         library at the petitioner's county jail for him to prepare a defense and thus causing

4         ineffective assistance of counsel and/or violating petitioner's rights to due process of

5         the law and  petitioner has suffered prejudice as a result.

6    q.  Appellate counsel was ineffective in failing to obtain much needed documents to

7         properly address an appeal such as the proper case files and trial transcripts and in the

8         least provided the petitioner with said information, thus causing ineffective assistance

9         of counsel and/or violating the petitioner's rights to due process of the law and

10        petitioner has suffered prejudice as a result.

11   r.   Appellate counsel was ineffective in failing to raise a claim as to the faulty and "cut-

12        up" trial court transcripts making it very difficult and/or impossible for the petitioner

13        to thoroughly and fully attack, argue and/or raise and thoroughly exhaust every claim

14        possible, causing ineffective assistance of counsel and/or violating the petitioner's

15        rights to due process of the law and petitioner has suffered prejudice as a result.

16   s.   Appellate counsel was ineffective in not advising the petitioner of his rights to pursue

17        a direct appeal on his own after counsel refused  to pursue an appeal on his behalf and

18        in the least point him in the right direction to do so with the needed information to do

19        so, thus causing ineffective assistance of counsel and/or violating the petitioner's rights

20        to due process of the law and petitioner has suffered prejudice as a result.

21   t.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's abuse

22        of discretion when trial court accepted and allowed petitioner's trial counsel to

23        continue to override the petitioner's pleading and enter his own plea's, making them

24        for the petitioner, after  the petitioner's trial counsel had stated, on the record, that the

1    petitioner did not understand what he was doing in the pleading, thus causing

2    ineffective assistance of counsel and/or violating the petitioner's rights to due process

3    of the law and the petitioner has suffered prejudice as a result

4    u.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's

5    abuse of discretion when petitioner told the court that he wished to obtain an attorney,

6    after the court stated that they would not give him substitute counsel and inquired that

7    there was in fact someone wanting to obtain counsel for the petitioner, by not giving

8    the petitioner enough time to obtain such an attorney when the financial funds to

9    obtain such attorney was coming from another country and therefore forcing petitioner

10   to proceed without effective assistance of counsel and/or violating the petitioner's

11   rights to due process of the law and petitioner has suffered prejudice as a result.

12   v.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's abuse

13   of discretion in ignoring the petitioner's several requests for substitute counsel and

14   failing to conduct an evidentiary hearing on the matter  to thoroughly investigate

15   and/or to hear the petitioner out on his claims and accusations as stated in this petition

16   and in the trial memorandum in support of this petition as to the ineffectiveness and

17   conflicts of interest of petitioner's trial counsel, caused ineffective assistance of

18   counsel and in fact made the petitioner proceed to trial without effective assistance of

19   counsel and/or violating the petitioner's rights to due process of the law and the

20   petitioner has suffered prejudice as a result

21   w.  Trial counsel was ineffective in failing to object when the trial court entered into

22   judicial fact finding for aggravating factors when the trial court had already accepted a

23   pleading of not guilty to any and all aggravating factors and thus causing ineffective

24   assistance of counsel and/or violating the petitioner's rights to due process of the law

1    and the petitioner has suffered prejudice as a result.

2                                      13.

3          Taken alone or in any combination, the above has caused prejudice to the Petitioner,

4    denied Petitioner of his due process of law and effective assistance of counsel as promised by the

5    State Constitution and the United States Constitution.

6

7                                      14.

8          Taken alone or in any combination, the above has caused prejudice to the Petitioner

9    where he has been subjected to several multiplicious and undifferentiating convictions resulting

10   in a mandatory minimum sentece of 480 months with 240 months post-prison supervision,

11   denied Petitioner of his protection against cruel and unusual punishment and his rights to

12   rehabilitation and his due process of law and effective assistance of counsel rights and/or

13   birthrights as promised by the Oregon and United States Constitutions.

14

15   **WHEREFORE,** Petitioner prays for an Order:

16        a. Vacating his convictions and sentences in Douglas County Circuit Court in the case of

17            ***State of Oregon v. James Arthur Ross,*** Case No. 04CR0429FE;

18        b. Granting a new trial in Douglas County Circuit Court in the case of ***State of Oregon v.***

19            ***James Arthur Ross,*** Case No. 04CR0429FE;

20        c. Release Petitioner from custody;

21        d. Grant a delayed direct appeal;

22        e. Remand the case of Douglas County Circuit Court in the case of ***State of Oregon v.***

23            ***James Arthur Ross,*** Case No. 04CR0429FE;

24        f. Modify the sentences; and

1    g. Grant such further relief as this Court deems just and proper.

2

3

4

5    **DATED** this 26th day of October, 2006.

6

7

8                                        Respectfully Submitted By,

9

10

11                                        x_____
                                         (Signature)
12                                       James Arthur Ross
                                         SID# 12599830
13                                       Snake River Correctional Institution
                                         777 Stanton Boulevard
14                                       Ontario, Oregon 97914 – 8335
                                         (541) 881-4639
15

16

17                                       Respectfully Submitted
                                         on behalf of James Ross by:
18

19

20                                       Michael R. Mahony    12/5/06
                                         Attorney at Law
21

22

23    *cc: file*

24

Page 20 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

Entered/Docketed
Date 2/23/07

**FILED**
Malheur County Circuit Court

FEB 23 2007

Time: 1:52 P.m By VH

IN THE CIRCUIT COURTS OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **JAMES ARTHUR ROSS** ) | |
| SID #12599830 ) | |
| ) | **Case No. 05-08-4630M** |
| Petitioner/Plaintiff, ) | |
| ) | |
| vs. ) | **GENERAL JUDGMENT** |
| ) | |
| **JEAN HILL, Superintendent,** ) | |
| Snake River Correctional Institution, ) | |
| Defendant. ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above-entitled matter came before the Court on ~~October 11, 2005~~ January 23, 2006

for hearing on <u>Trial to Court</u>.

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

<u>ORDER(S)</u>

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

( ✓ )The Petition for Post Conviction Relief   (  ) The Petition for Writ of Habeas Corpus Relief   is

(  )allowed ( ✓ )denied based upon the following findings and conclusions:
<u>Petitioner failed to prove each and every allegation of the Petition
Some claims cannot be raised in Post Conviction. Atty was adequate
and competent as required in Oregon especially because the</u>

2. This matter involves a ( ✓ )Federal ( ✓ )State Constitutional issue(s). All questions were

presented and decided.
<u>facts of the cases were so egregious and the Petitioner entered
a voluntary knowing and intelligent plea to charges.</u>

*Judgment in Prison Litigation Case 12/2001*                    Page 1 of 2

COPIES

AG   ATTY   PTF   ____

2/23/07

07 10:12AM    MAL. .R CIRCUIT COURT                    No. 1840  ER - 22

3. This order shall constitute a final judgment for purposes of appellate review and for purposes of res judicata.

////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### GENERAL JUDGMENT

*FOR THE REASONS STATED ON THE RECORD, IT IS FURTHER ORDERED THAT JUDGMENT BE, AND HEREBY IS GIVEN IN FAVOR OF:*

PLAINTIFF [    ];

DEFENDANT [ ⅃ ]

*FOR THE REASONS STATED ON THE RECORD, IT IS FURTHER ORDERED THAT JUDGMENT INCLUDE:*

INDIGENT ATTORNEY FEES IN THE SUM OF $_____;

and/or

COSTS IN THE SUM OF $_____.[1]

////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### MONEY AWARD

Judgment Creditor:_____

Judgment Debtor:  _____

Amount of Judgment: Court Costs:  $_____

Attorney Fees: $_____

DONE AND DATED this 23rd day of January, 2007.

*Joseph L Cenicaros*

Honorable Joseph Cenicaros

Senior Circuit Court Judge

_____

[1] Attorney fees and/or costs shall be become a lien against the Plaintiff's Department of Corrections Trust Account, payable as funds may become available in such account for payments toward or satisfaction of said lien. Any sum remaining unpaid upon release of Plaintiff shall be paid in payments as set by the Plaintiff's post-prison/parole supervision officer, said payments to be set according to the financial ability of Plaintiff make such payments.

*Judgment in Prison Ligation Case 12/2001*                    Page 2 of 2