IN THE SUPREME COURT OF THE STATE OF OREGON

| | |
|---|---|
| STATE OF OREGON, | ) |
| | ) Circuit Court Case Numbers: |
|     Respondent on Review, | ) 04CR0429FE |
| | ) |
| vs. | ) Appellate Numbers: |
| | ) CA A128651 |
| JAMES ARTHUR ROSS, | ) |
| | ) Supreme Court No. _____ |
|     Petitioner on Review. | ) |

**PETITION FOR REVIEW OF DEFENDANT – APPELLANT**

Appeal from the decision of the Court of Appeals on
an appeal from a judgment of the Circuit Court for
DOUGLAS COUNTY
Honorable Joan G. Seitz, Judge

Dismissed: before David V. Brewer, Chief
Judge, of the Oregon Court of Appeals

| | |
|---|---|
| James Arthur Ross, | HARDY MYERS #64077 |
|   Pro se Petitioner on Review |   Oregon Attorney General |
|   SID# 12599830 | MARY H. WILLIAMS #91124 |
|   Snake River Correctional Institution |   Solicitor General |
|   777 Stanton Boulevard |   400 Justice Building |
|   Ontario, Oregon 97914-8335 |   1162 Court Street NE |
|   Phone: (541) 881-4639 |   Salem, Oregon 97310 |
| |   Phone: (503) 378-4402 |

**September 2005**

***Note:*** Pursuant to ORAP 9.05(2)(d), Petitioner hereby gives notice of his intent to file a brief on the merits if review is allowed.

# SUBJECT INDEX

PAGE

PETITION FOR REVIEW

    Prayer for Review....................................................................................................1

    Questions Presented...............................................................................................1

    Purposed Rule of Law............................................................................................1

    Reasons for Reversal..........................................................................................1-2

    Statement of the Facts............................................................................................2

    Discussion...........................................................................................................2-6

    Reasons Issues Presented Have Importance Beyond The Particular Case And Require Decision By The Supreme Court...................................................................6

    Opinion Of The Court Of Appeals.....................................................................6-7

CONCLUSION...................................................................................................................7


## EXCERPT OF RECORD INDEX

    Order Of The Douglas County Circuit Court...................................................ER-1

    Opinion Of The Oregon Court Of Appeals......................................................ER-2

## EXHIBITS

    Opinion Of The Oregon Court Of Appeals (State v. Briggs)......................Exhibit-1

## TABLE OF AUTHORITIES

### Cases Cited

*Myers v. Warner*, 3 Or. 212 (1870)..........................................................................................5

*State v. Briggs*, Coos County Circuit Court Case Number 02CR1147;

*Court of Appeals Case No. CA A128908*..................................................................5

*State v. Brown,* 5 Or. 119 (1873)..............................................................................5

*State v. Graham,* 143 Or. App. 85, 923 P.2d 664 (1996).........................................5

*State v. Hamilton,* 158 Or. App. 258, 974 P2d. 245 (1999)....................................5

*State v. Hart* 188 Or. App. 650, 72 P.3d 671 (2003)......................................2, 4 and 7

*State v. Ross,* Douglas County Circuit Court Case 04CR0429FE;

Court of Appeals Case No. CA A128651..................................................................1

*State v. Thomas,* 117 Or. App. 553, 844 P.2d 936 (1992).......................................5

*State v. Whitloch,* 187 Or. App. 265, 65 P.3d 1114 (2003).....................................6

*U.S. v. DeWald,* 669 F.2d 590 (C.A. 9 Cal. 1982)..................................................5

## STATUTORY PROVISIONS

ORS 19.005..................................................................................................3

ORS 19.205................................................................................1, 3, 4 and 5

ORS 19.250..................................................................................................2

ORS 19.260..................................................................................................2

ORS 19.270.........................................................................................2 and 5

ORS 19.385..................................................................................................2

ORS 19.390..................................................................................................2

ORS 19.420..................................................................................................2

ORS 19.425..................................................................................................2

ORS 19.435..................................................................................................2

ORS 19.450..................................................................................................2

ORS 19.510..................................................................................................2

ORS 137.020................................................................................................4

ORS 138.005..................................................................................................................2

ORS 138.053........................................................................................................3 and 4

ORS 138.083.........................................................................................2, 3, 4, 5, and 6

ORS.138.185..................................................................................................................2

ORS 138.222........................................................................................................3, 4, and 5

ORS 138.010 to 138.310..................................................................................................3

ORS 174.020..................................................................................................................3

ORS 174.030..................................................................................................................3

ORS 137.020..................................................................................................................4

I.     PRAYER FOR REVIEW

Petitioner, Defendant – Appellant below and Petitioner hereafter, respectfully prays that this court review and reverse the Court of Appeals' decision in his case, <u>State v. Ross</u>, Douglas County Circuit Court Case 04CR0429FE, CA A128651. Appellant was convicted in the Circuit Court , Douglas County ; Stephen Walker , Judge. Appellant filed a motion to correct/amend sentence on March 11, 2005 in Douglas County Circuit Court pursuant to ORS 138.083. The circuit court denied the motion May 5, 2005. See ER-1, and Appellant filed notice of appeal on May 19, 2005. The Court of appeals entered order of dismissal, Appellant filed a Petition for Reconsideration in the Oregon Court of Appeals, The Oregon Court of Appeals denied the Petition for Reconsideration on August 25, 2005.  A copy of the Court of Appeals' decision is attached as ER-2.

II.    QUESTIONS PRESENTED

1. Whether ORS 19.205 applies equally to both Civil and Criminal Appeals.

**PURPOSED RULE OF LAW**

(a) Where Petitioner pro-se is not represented by counsel it is manifestly unfair not to construe his pleadings liberally and accept/allow Supreme Court Review of the Petitioner's pro-se case when the court has legal jurisdiction to do so and Petitioner's case presents several substantial questions of law that are apparent upon the face of the record.

IV.    REASONS FOR REVERSAL

The Court of Appeals is applying a rule of law inconsistently. In that it is applying the Procedures In Civil Procedures under Chapter 19. Appeals, Commencement of Appeals (Jurisdiction), to both grant and deny appeal review in criminal case. The courts decision is

sending mixed signals. Petitioner's case presents several substantial questions of law and the court of appeals ruling is not consistent with its previous rulings.

V.   STATEMENT OF FACTS

Petitioner filed a Motion To Amend/Correct Sentence in Douglas County Circuit Court on March 11, 2005 pursuant to ORS 138.083(1). The circuit court denied the motion May 5, 2005. See ER.-1.

Petitioner then filed a Notice of Appeal on May 19, 2005. The Court of Appeals issued a Case Number <u>CA A128651</u> and later Dismissed based on <u>State v. Hart</u> *188 Or. App. 650, 72 P.3d 671 (2003)*. Opening Brief was not submitted. Appellant filed a Petition for Reconsideration in the Oregon Court of Appeals, The Oregon Court of Appeals denied the Petition for Reconsideration on August 25, 2005. A copy of the Court of Appeals' decision is attached as ER-2.

VII   DISCUSSION

**Petitioner challenges the inconsistent application of Procedures In Civil Proceedings under Chapter 19, Appeals, Commencement of Appeals (Jurisdiction), with Procedures In Criminal Matters Generally under Chapter 138. Oregon Revised Statutes.**

The Petitioner proffers a series of applicable authorities for the purpose of this discussion:

Under ORS 138.185 Procedures In Criminal Matters Generally: Chapter 138. Appeals; Post-Conviction Relief Appeals ;   (2)The Provisions of ORS 19.250; 19.260; 19.270; 19.385; 19.390; 19.435; 19.450 and 19.510 and the provisions in ORS 19.425 authorizing review of intermediate orders and if the Defendant is the appellate, the pro-visions of ORS 19.420(3) shall apply to appeals to the Court of Appeals.

All the ORS's mentioned under ORS.138.185 are Procedures in Civil Proceedings. Also under ORS 138.005 Procedures in Criminal Matters Generally; Chapter 138. Appeals Post-

Page 2 of 7

Conviction Relief Appeals:   Definitions- "As used in ORS 138.010 to 138.310, unless the context requires otherwise, the terms defined in ORS 19.005 have the meanings set forth in ORS 19.005. Under ORS 19.005 (2) Procedures In Civil Proceedings "Judgment means a judgment or appealable order, as provided in ORS 19.205 .

Under ORS 138.222 (4)(a), Procedures in Criminal Matters Generally ; Chapter 138. Appeals. In any appeal, the appellate court may review a claim that; "The sentencing Court failed to comply with requirement of Law in imposing or failing to impose a sentence". (5). If the Appellate Court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires re-sentencing, the appellate court shall remand the entire case for re-sentencing.  (7)(c),"A sentence was entered subsequent to a re-sentencing order by an appellant court or a post-conviction relief court.

Under ORS 138.053(1) only post judgment orders that impose a sentence may be appealed

Under ORS 138.083(1), Retention of Authority by Trial Court for Certain Purposes. The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment.

Under ORS 174.020 Legislative intent, general and particular provisions and intents"In the construction of a Statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former". So a particular intent shall control a general one that is inconsistent with it.

Under ORS 174.030, Construction Favoring Natural Right to Prevail. "Where a Statute is equally susceptible of two interpretation, one in favor of natural right and the other against it, the former is to prevail".

Under ORS 19.205 Appeal Of Judgments (3) An Order that is made in the action after a general judgment is entered and that affects a substantial right, including an Order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments.
Under ORS 137.020 Judgment; Notice of Right To Appeal. By giving a Notice of Appeal, Petitioner exercised his right prescribed by statute the Oregon Constitution, Article 1, Section 20 and the 14th Amendment of the United States Constitution.

**APPEALABLE ORDER**

If the courts reasoning is correct in their ruling in <u>State v. Hart, 188 Or.App.650,72 P.3d 671 (2003)</u> that: "Both Motions arise after judgment and seek to correct a perceived error in the earlier criminal judgment. Neither is a new or separate proceeding. Rather, each is a part of the original criminal action, and like a Motion for new trial, asks the court to correct an error in the criminal action". And more specifically, if ORS 138.053(1) "A judgment, or Order of a court, if the Order is imposed after judgment, is subject to the appeal provision and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following; "A imposition of a sentence on conviction" which applies to Petitioner, then this same line of reasoning should be followed in that Petitioner is seeking review of an intermediate order, which pertains to imposition of a sentence that exceeds the maximum allowable by law and is therefore constitutionally cruel and unusual ORS138.053(1); ORS 138.222 (4)(a);(5);(7)(c) and ORS 138.083(1) should apply to Petitioner in this case thereby making all Denial and Dismissal Orders appeal able.

If the proceedings that took place in Douglas County Circuit Court on May 5, 2005 was not part of the original criminal action, then it must be said that a "Special -Statutory -Proceeding" took place and the provisions set forth in ORS 19.205 must apply to Petitioner for purposes of Appeal.

Page 4 of 7

In State v. Thomas, 844 P.2d 936 (1992); this court held that "Sentence imposed under Trial Courts mistaken belief about its authority to impose sentence is reviewable, even if sentence is within presumptive range". ORS 138.222 (2)(a),(4)(a). In State v. Hamilton, 974 P2d. 245 (1999): "Once a defendant appeals, the sentencing court loses jurisdiction except for purposes of correcting clerical errors and to modify and erroneous term in the Judgment. ORS 138.083.

In Myers v. Warner 3 Or. 212 (1870). (Where jurisdiction of the court is acquired by means specially pointed out in statute, and not by the ordinary process of the court, the means so prescribed must be strictly pursued, or the proceeding is void).

In State v. Brown, 5 Or.119 (1873), (An Order to be appealable must be one not only affecting a substantial right, but one which, in effect, determines the action.

U.S. v. DeWald, 669 F.2d 590 (C.A. 9 Cal. 1982), (Only if sentencing court abused its discretion will appellate court overturn denial of Motion To Reduce Sentence)

If the Court of Appeals takes the position that ORS 19.270(4) applies in State v. Briggs, Coos County Circuit Court Case Number 02CR1147; Court of Appeals Case No. CA A128908 , see EXHIBIT-1 to give leave to the Trial Court to Amend or Correct Judgment, and said ORS is a Procedure In Civil Proceedings, then it is assumed correct that the provisions of ORS 19.205 applies to Petitioner's case for purpose of Appeal as ORS 19.205 is also a Procedure In Civil Proceedings. State v. Briggs is a criminal case with civil procedures being applied and adhered to.

### JURISDICTION

Petitioner also challenges the Douglas County Circuit Courts jurisdiction to impose ORS 137.123 to sentence Petitioner to consecutive sentences and an upward departure sentences on June 10, 2004. Under current ORS 138.083, there is no time limit to Motion the Circuit Court to Amend/Correct Sentence to delete or modify erroneous term in Judgment. See State

v.Graham,143 Or.App. 85 (1996) (In 1995, the Legislature amended ORS 138.083 to expand Trial Courts authority to correct erroneous terms in judgments of conviction. The effective date of that amendment was September 9th,1995, Or. Laws 1995, Ch. 109 §1.).

Under current Case Law under State v. Whitloch, 187 Or.App. 265,65 P.3d 1114 (2003) ( A sentence that does not conform to law is invalid; when a trial court imposes such a sentence it is a legal nullity, and the trial court subsequently has authority to impose a lawful sentence, even if defendant is already in the custody of the Department of Corrections).Petitioner contends that the sentencing court did not retain jurisdiction/authority to impose ORS 137.123 on August 31, 2004 then, but now retains indefinite authority to correct not only "arithmetic or clerical errors" but also "any erroneous terms in the judgment".

## VII. REASONS WHY THE ISSUES PRESENTED HAVE IMPORTANCE BEYOND THE PARTICULAR CASE AND REQUIRE DECISION BY THE SUPREME COURT

There are several thousand cases that are effected by the Appeal process in criminal matters that are subjected to the Rules of Court as well as the ORS's that encompass the jurisdiction of the Appellate Court. The previous decisions of the Court of Appeals sends a confusing message as to Chapter 19, of the Oregon Revised Statutes., and how it applies. This Court must clarify what application Chapter 19 have in Appeals that have their nascent in criminal proceedings. This matter effects thousands of cases and a clarification would bring consistency to the Appeals process and eliminate confusion.

## VIII. OPINION OF THE COURT OF APPEALS

Appellant appealed from an Order denying his motion to correct/the sentence imposed by the judgment of conviction and sentence. The court dismissed the appeal on the ground that, in

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR DOUGLAS COUNTY

| | |
|---|---|
| STATE OF OREGON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04CR0429FE |
| v. ) | |
| ) | |
| JAMES ARTHUR ROSS, ) | Order |
| ) | |
| Defendant. ) | |

Date of Ruling:      May 5, 2005

Appearances:        Richard Wesenberg, For the State by Written Response
                    James A. Ross, pro per by Written Motion

Nature of Proceeding:   Defendant's Motion to Amend / Correct Judgment

Findings:

On August 31, 2004, Judge Walker sentenced Defendant based upon pleas of no contested entered on June 10, 2004. No appeal has been filed. On March 11, 2005, Defendant filed a motion to correct judgment and requested oral argument. Defendant's motion is based upon ORS 138.083 and cases cited within the motion. The court received the State's response objecting to Defendant's motion. Having reviewed the motion and the response, the court concludes it does not have jurisdiction to modify Defendant's sentence. Therefore, the court has not scheduled oral argument.

Order:

The court hereby denies Defendant's motion to amend or correct the sentencing judgment. The court denies Defendant's request for oral argument under the unique circumstances of this case.

Dated this 5th day of May, 2005.

_____
[signature]

ER-1

Page 1 of 1

IN THE COURT OF APPEALS OF THE STATE OF OREGON

| | |
|---|---|
| STATE OF OREGON, | Douglas County Circuit |
| Plaintiff-Respondent, | Court No. 04CR0429FE |
| v. | CA A128651 |
| JAMES ARTHUR ROSS, | **ORDER DENYING RECONSIDERATION** |
| Defendant-Appellant. | |

Appellant appealed from an order denying his motion to correct the sentence imposed by the judgment of conviction and sentence. The court dismissed the appeal on the ground that, in *State v. Hart*, 188 Or App 650, 72 P3d 671 (2003), the court held that the legislature has not provided for the right to appeal post-judgment orders denying relief in criminal cases. Appellant has petitioned for reconsideration.

Appellant contends, first, that legislative amendments to ORS 19.205(2) and (3) since *Hart* was decided require a different result. Appellant is incorrect, because ORS 19.205 as amended still applies only to civil cases, not criminal cases.

Appellant further contends that because he challenges the sentencing court's jurisdiction to sentence him, he raises issues different than those raised in *Hart*. The issue raised in the trial court and the trial court's reason for failing to correct a sentence does not make the case distinguishable from *Hart* nor render the order appealable.

The petition for reconsideration is denied.

_____
David V. Brewer, Chief Judge

_____AUG 2 5 2005_____
Date

c:   James Arthur Ross
     Mary H. Williams

**REPLIES SHOULD BE DIRECTED TO THE STATE COURT ADMINISTRATOR, RECORDS SECTION, SUPREME COURT BUILDING, 1163 STATE STREET, SALEM, OR  97301-2563**

080905ca.wpd.p10

ER-2

Page 1 of 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,                )   Coos County Circuit
                                )   Court No.  02CR1147
       Plaintiff-Respondent,    )
                                )
  v.                            )   CA A128908
                                )
JAMES BRIGGS,                   )
                                )   ORDER GIVING LEAVE
       Defendant-Appellant.     )   UNDER ORS 19.270(4)

COPY

On June 1, 2005, appellant filed a notice of appeal from a judgment entered on May 20, 2005, in trial court number 02CR1147, according to paragraph one of the notice of appeal. Appellant attached a "record of proceedings and order" from trial court number 02CR1129, and an "amended judgment" from trial court number 02CR1147. However, review of the case register shows that the amended judgment was entered in trial court number 02CR1129, and not in the trial court number 02CR1147, as listed on the amended judgment. Furthermore, the case register in trial court number 02CR1147 shows that the case was closed on July 25, 2002. It appears that the trial court number listed on the amended judgment is incorrect.

Because it appears that the trial court intended to enter the amended, the court gives the trial court leave, on the motion of any party, to correct the trial court number on the amended judgment, vacate the amended judgment entered on May 20, 2005, in trial court number 02CR1129, and re-enter the amended judgment in 02CR1147. ORS 19.270(4). If the trial court re-enters the amended judgment, appellant must file an amended notice of appeal in order for the appeal to proceed. This appeal will be held in abeyance pending the filing of the amended notice of appeal. However, the court will dismiss this appeal, without further notice to the parties, for lack of prosecution, if the amended notice of appeal is not filed within the time allowed under ORS 138.071.

_David V. Brewer_
CHIEF JUDGE

JUL 1 5 2005
DATE

c:   James Briggs
     Mary H. Williams
     Honorable Michael J. Gillespie
     Coos County Transcript Coordinator
     Coos County Trial Court Administrator

REPLIES SHOULD BE DIRECTED TO THE STATE COURT ADMINISTRATOR, RECORDS SECTION, SUPREME COURT BUILDING, 1163 STATE STREET, SALEM, OR  97301-2563

gar062605/gvlcr117

Exhibit 1
Page 1 of 1

State v. Hart 188 OR. App. 650, 72 P.3d 671 (2003), the court held that the legislature has not provided for the right to appeal post-judgment orders denying relief in criminal cases. Appellant has Petitioned Reconsideration.

Appellant contends, first, that legislative amendments to ORS 19.205 (2) and (3) since Hart was decided require a different result. Appellant is incorrect, because ORS 19.205 as amended still applies only to civil cases, not criminal cases.

Appellant further contends that because he challenges the sentencing court's jurisdiction jurisdiction to sentence him, he raises different then those raised in Hart. The issue raised in trial court and the trial court's reason for failing to correct a sentence does not make the case distinguishable from Hart nor render the order appealable.

The Petitioner for reconsideration is denied.

**CONCLUSION**

Based upon the foregoing reasons stated herein, Petitioner hereby prays that this court accept review and reverse the decision of the Court of Appeals which denied Petition For Reconsideration, and Appellate Review.

Respectfully submitted this 21 day of September, 2005.

Petitioner Pro-Se'
James Arthur Ross
SID#12599830
Snake River Correctional Inst.
777 Stanton Blvd.
Ontario, Oregon. 97914-8335.
*Staff liaison: Ms. J. Bishop*
*(541) 881-4639*

## CERTIFICATE OF TRUE COPY

I, James Arthur Ross, do hereby certify that the document(s) listed below is (are) a true and identical copy of the original filed with the Court:

Pro se Petition for Supreme Court Review.

DATED this 21 day of September 2005.

                                                James Arthur Ross,
*Appellant pro se*
S.I.D#12599830
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914
541-881-4639

Page 1 of 1 – CERTIFICATE OF TRUE COPY

## CERTIFICATE OF SERVICE

CASE NAME: State v. Ross Douglas County Circuit Court Case No. 04CR0429FE; Court fo Appeals Case No. CA A 128651; Supreme Court Case No. _____(Pending)

    COMES NOW, James Arthur Ross, and certifies the following:

    That I am incarcerated by the Oregon Department of Corrections at Snake River Correctional Institution, 777 Stanton Blvd., Ontario, Oregon 97914-8335.

    That on the 21 day of September, 2005, I personally placed in the Snake River Correctional Institution's mailing service A TRUE COPY of the following:

Petition for Supreme Court Review

    I placed the above in a securely enclosed, postage prepaid envelope, to the person(s) named at the places addressed below:

```
Office of the Attorney General
400 Justice Building
1162 Court Street NE
Salem, OR  97301-4096
```

```
Oregon State Court Administrator
Records Section
Supreme Court Building
1163 State Street NE
Salem, OR  97301-2563
```

                                                           Petitioner Pro-Se'
                                                           James Arthur Ross
                                                           SID#12599830
                                                           Snake River Correctional Inst.
                                                            777 Stanton Blvd.
                                                           Ontario, Oregon. 97914-8335.
                                                           *Staff liaison: Ms. J. Bishop*
                                                           *(541) 881-4639*