

FILED 10 NOV 22 15:11 USDC-ORP

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District of Oregon | |
|---|---|---|
| Name (under which you were convicted):<br>JAMES ARTHUR ROSS | Docket or Case No.:<br>CV 10-1440 | HO |
| Place of Confinement:<br>EASTERN OREGON CORRECTIONAL INSTITUTION | Prisoner No.:<br>12599830 | |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| JAMES ARTHUR ROSS  V.<br>Petitioner on Review, | JEAN HILL, Superintendant,<br>Snake River Correctional Institution |
| The Attorney General of the State of Oregon  -  John Kroger | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are Challenging: Douglas County Circuit Court in the case of ***State of Oregon v. James Arthur Ross***.

    (b) Criminal docket or case number (if you know): Trial court case No# 04CR0429FE

2.  (a) Date of the judgment of conviction (if you know): 10th day of June 2004

    (b) Date of sentencing: 31st day of August, 2004

3.  Length of sentence: 480 months mandatory minimum sentencing

4.  In this case, were you convicted on more than one count or of more than one crime?
    Yes [ x ]        No [ ]

5.  Identify all crimes of which you were convicted and sentenced in this case:
    Attempted Aggravated Murder;        Assault in the Second Degree;
    Rape in the First Degree;             Assault in the Second Degree;
    Sodomy in the First Degree;           Felony Assault in the Fourth Degree;
    Sodomy in the First Degree;           Strangulation;
    Kidnapping in the First Degree;       Menacing; and
    Kidnapping in the First Degree;       Interfering with Making a Report.

6.  (a) What was your plea?  (Check one )
    (1)  Not Guilty  [ x ]  (3)  Nolo contendere (no contest) [ x ]
    (2)  Guilty      [ x ]  (4)  Insanity Plea              [ ]

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to

another count or charge, what did you plead guilty to and what did you plead not guilty to? I plead no contest to the Att. Agg. Murder charge, both Kidnapping charges, the menacing and strangulation charges and the charge. I plead guilty to sodomy the charge, both assault charges and the felony assault in the fourth degree charge. I plead not guilty to the other sodomy charge. This is on the audio transcripts, however, the court later change the plea on it's own accord against my will.

(c) If you went to trial, what kind of trial did you have? (Check One)
        Jury  [ x ]       Judge Only  [  ]

7     Did you testify at a pretrial hearing, trial, or a post-trial hearing?
        Yes  [  ]  No  [ x ]

8     Did you appeal from the judgment of conviction?
        Yes  [ x ]  No  [  ]

9     If you did appeal, answer the following:

(a)  Name of court: Circuit Court for Malheur County.

(b)  Docket or case number (if you know): Malheur Cty Cir Ct Case No: 05084630M.

(c)  Result: Denied.

(d)  Date of result (if you know): Docketed Date of the 23rd day of Febuary, 2007.

(e)  Citation to the case (if you know): Order of judgment attached.

(f)  Grounds raised: I raised ineffective and inadequate assistance of appellate counsel and trial counsel and that the convictions and sentences are illegal and in violation of Article 1, Section 10, 11 and 15 of the Oregon Constitution and Trujillo v. Maass, and the 1st, 4th, 5th, 6th, 8th and 14th Amendments of the United States Constitution, made applicable to the states by and through the 14th Amendment to the United States States Constitution and Strickland v. Washington. I continued to raise several claims under this through pages 5-21 of my fourth amended formal petition for post-conviction relief. I also filed a fifth amended petition, however it was denied for timeliness, which is another claim that I raised in my appeals concerning the representation of my post-conviction attorney.

(g)  Did you seek further review by a higher state court?    Yes [ x ]    No [  ]
      If yes, answer the following:

(1)  Name of court: Oregon Court of Appeals.

(2)  Docket or case number (if you know): Appeals Court Case No: A135040.

(3) Result: Reversed and remanded with instructions to enter judgment granting post-conviction relief and resentencing on kidnapping convictions; otherwise affirmed. This ruling is also enclosed as it is part of the Petition for Review that was filed in this case, which is attached as well.

(4) Date of result (if you know): Submitted on the 21st day of July, 2009 and Filed on the 19th day of May, 2010

(5) Citation to the case (if you know): In it's opinion, the court held that trial counsel was inadequate and ineffective in failing to move to merge multiple counts of kidnapping.

(6) Grounds raised: I continued to raise and preserve for federal review, all of my claims that I raised in my post-conviction. I also, raised an additional claim concerning the representation of my post-conviction attorney. I tried to file exhibits with the court, which I sent to him for his approval and filing, as the court does not accept direct filings from petitioner's who are represented by counsel. Ultimately, I had around 50 or more pieces of evidence, including the medical records out of the states own evidentiary, that were thrown out for being improperly filed. This was also the reason for my audio transcripts not being filed and my fifth amended petition and my oral arguments, memoranda and affidavits all thrown out because my attorney filed them either wrong or not at all or untimely. They said that I am not guaranteed counsel at the post conviction level and that everything is my fault or responsibility. This is unjust. It prejudiced my case extremely. I should at least have been guaranteed some safe guards against this.

(h) Did you seek further review by a higher state court? Yes [ x ]      No [ ]
If yes, answer the following:

(1) Name of court: Supreme Court of the State ofOregon.

(2) Docket or case number (if you know): Supreme Court Case No: S58553.

(3) Result: Review Denied.

(4) Date of result (if you know): 17th day of September, 2010.

(5) Citation to the case (if you know): None.

(i) Did you file a petition for certiorari in the United States Supreme Court?
Yes   [ ]          No     [ x ]

**Page 3 of 18  _PETITION UNDER 28 U.S.C.  § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY_**

Form 302

10: Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   Yes   [ x ]   No   [  ]

11. If your answer to Question 10 was "Yes" give the following information:

(a) (1) Name of court: Douglas County Circuit Court.

(2) Docket or case number (if you know): Court Case No: 04CR0429FE.

(3) Date of filing (if you know): Unknown at this time.

(4) Nature of the proceeding: A 138.083 motion to amend/correct erroneous term in judgment and sentence.

(5) Grounds raised: That the consecutive mandatory minimum sentences imposed on me were in violation of my State and Federal constitutional rights. I attacked the issue on the manner or procedure in which they were imposed. I stated that the court failed to follow it's own ORS rules 137.123 governing consecutive sentences and the 200-400% rule as I am not a repeat offender. I also attacked the post-prison supervision of 20 years imposed on me as they failed to account for time actually served in prison as a deduction. I also attacked the fact that the court failed to state on record any reasons as to why he was imposing each consecutive sentence upon me. Instead, he simply stated that "this is what I am going to do and my intent is 480 months total". He did not follow ORS rules or laws governing imposition of sentences. I also attacked the consecutive sentencing and imposition of measure 11 under these grounds and Aprrendi v. New Jersey and Blakely v. Washington and how it should apply to me and the way that these harsh sentences were imposed upon me.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?      Yes [ x ]   No [  ]

(7) Result: Denied as the court ruled after a filing by the district attorney that they had no jurisdiction to make a ruling on the motion. I appealed this decision to the Oregon Court of Appeals and then to the Supreme Court of Oregon. Both courts did make a ruling, however they ultimately denied the issue. This is all attached as well.

(8) Date of result (if you know): Unknown at this time.

12.    For this petition, state every ground on which you claim that you being held
       in violation of the Constitution, laws, or treaties of the United States.
       attach additional pages if you have more than four grounds. State the facts
       supporting each ground.

       *CAUTION*: To proceed in the federal court, you must ordinarily first exhaust
       (use up) your available state-court remedies on each ground on which you
       request action by the federal court, Also, if you fail to set forth all the grounds
       in this petition, you may be barred from presenting additional grounds at a later
       date.

       **GROUND ONE**: I was denied effective and adequate assistance of appellate counsel
on direct review and I have suffered prejudice as a result.

       (a)    Supporting facts (Do not argue or cite law. Just state the specific facts that
support your claim.):

       I filled in and sent a packet such as this one to the state public defenders office in
order to directly review my case and file a notice of appeal. I was contacted by Rebecca
Duncan who told me that she contacted my trial attorney and he told her that he did not
believe that I had any appealable issues and that she did not see any either, so she was not
going to file an appeal on my behalf. I argued with her over the phone and through written
letters begging and demanding that she file an appeal at least against my consecutive
sentencing and the harsh sentences imposed. She just flat out refused. I was ultimately time
barred, which she points out in one of her letters to me. She told me to file a petition for post-
conviction relief. Later I found out that I could have filed the Notice of appeal on my own,
but she did not give me this knowledge and I did not know as I was so wrapped up in trying
to get her to do something for me instead of just pushing me on down the road. I ultimately
was denied my right to direct review because of this. She never filed anything. I could have
at least been able to raise and argue my sentencing, more specifically, the consecutive
sentencing imposed upon me. I would have used Apprendi v. New Jersey and Blakely v.
Washington in the least. I would have also won in the Oregon courts as Ice did. Even though
his case was later overturned, it does not exclude the fact that counsel for another inmate
filed a direct appeal on those grounds, which my counsel could have done several of years
before Ice. Also, my case goes further, because the judge never stated on the record the
reasons under statue why he imposed the sentence that he did. In fact, the only reasons that
could be picked out are based on actual facts of the crimes themselves that were never
admitted to by me or submitted to a jury and found beyond a reasonable doubt. Facts of the
crime itself should have had to either been admitted to by me or proved to a jury. Either way,
I believe that my appellate counsel should have at least filed a notice of appeal in my behalf
or provided me with the information that I could have seeked direct review on my own. I
could have also been able to attack the fact that I plead not guilty to one of the counts.

**GROUND TWO**: I was denied effective and adequate assistance of trial counsel and I have suffered prejudice as a result.

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

First off, the counsel appointed to represent me, Daniel Bouck, had previously represented my mother in a murder trial. There was an incident where he took my mother to the roof of the jail house and gave her a pack of smokes and had her talk to him while he was recording the conversation. After that conversation he pulled my mother into a room where he himself and the district attorney, with the recording, attacked my mother verbally and mentally and tried to get her to plead to murder with a life sentence with the possibility of parole after 25 years. Fortunately, my mother was able to get an Honorable Judge to look into it and he discovered what had taken place and fired Daniel Bouck and allowed my mother new counsel. She ultimately ended up with a sentence of just a couple of years pursuant to a plea agreement to a lesser charge. Her new counsel stated that if it would not have been for Daniel Bouck messing the case up so bad, that my mother would have gotten no jail or prison time at all. This was the man who was appointed to represent me at my trial and sentencing. I had a major conflict with this man and had absolutely no faith in him or his loyalty in representing me. As far as I was and am  still concerned, he is corrupt and in the district attorney's pocket. I had no trust or faith in his abilities to defend me. I tried several times to motion the court to get new counsel appointed to me. However, they refused to even hear me out and forced me to proceed with Daniel Bouck as I could not represent myself, obviously. I even tried to go to trial. After 4 days of trial, I realized that my attorney was not going to defend me whatsoever and on the fourth day he pulled me into a room and told me that the judge demanded that I make a plea and not to force my wife to take the stand. That if I made a plea that I would get concurrent sentencing of 120 months and maybe even drug treatment programming, which might take some extra time off of my sentence. However, if I demanded to continue then the judge would sentence me to every conviction obtained. I was told that I could always appeal his representation of me later in appeals, but I better take the offer or I would never get out of prison. So, I believed that no matter what I was innocent of or not it was obviously apparent that my counsel was not going to defend me and I did not want to make the judge angry. I was already scared to death of all of them anyways. I never thought that the justice system of America would force me into such a situation with such an attorney and then refuse to hear me out or substitute him due to the conflict and his unwillingness to defend me. Even Mr. Bouck himself said in his affidavit that if the relationship between him and me was better than the outcome of the case would have been significantly different. He didn't even defend me at sentencing as part of which, the Oregon Court of Appeals recognized. Instead, he merely asked the judge if he could take a seat as he hurt his back the night before. What is obvious is that if I had been appointed substitute counsel without the conflicts that were between Mr. Bouck and myself then the outcome of the proceedings would have been substantially different. As my appellate counsel pointed out in his opening brief to the court of appeals. That my counsel had me plead to the most serious charge in the indictment of Attempted Aggravated Murder when the evidence to support such a conviction was extremely vague and far from clear. My trial counsel, Daniel Bouck, told me that there

**Page 6 of 18** *PETITION UNDER 28 U.S.C.  § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY*

Form 302

was no defense for me. There is also the facts that my counsel and I were not talking to eachother for at least a month leading up to the day of trial. I refused to talk with him, because I belived that he was doing nothing but destroying my case and just handing me over on a liver platter to the district attorney. In the last conversasion we had together, I asked him why was he not checking into the things that I was asking him to. He said "why". I said because they are saying that I did this and that and there is evidence that I did not and if you are trying to disprove any of the allegations against me then you should be doing these things. He said that it did not matter because there was no defense available to me. I got angry and told him that I believed that he was in the district attorney's pocket and he was purposely damaging my case like he did to my mother's case. I must have touched a nerve with him because he said you know what I think I think you are guilty of all of these charges and you should be on your hands and knees begging the district attorney for a plea deal. I said see this is what I am talking about. You are not defending me at all. That is why you don't have a defense for me. I told him that he was fired and that I did not want him on my case and to leave me alone. There is letters that he sent to me showing this complete break in the relationship. Albeit, in his letters he makes it lightheartedly. The fact still remains that I did not talk to the man for at least a month before and until the day of trial. That is when I went before the judge on a pre-trial motion that I had filed and asked the judge for substitute counsel, which again, was denied as stated throughout the other claims in this petition. More proof of this complete and total break in the communication and client/attorney relationship is that my counsel tried to have a co-worker in his office contact me and work with me. Her name was Lori Nightengale-Bender. I told her the same. That I did not want him to represent me and that I refused to play this game with them. I told her that I had another motion in for subtitution of counsel and I was waiting to hear back on it. She said that it would not be granted as Mr. Bouck already told you. You are either stuck with him or you can represent yourself. I told her that I refused to believe that and that I believed that the judge would hear me out. That I was refusing to have him represent me and as far as I was conserned, I told him that he was fired the last time I spoke to him and I told her that I would not speak to here either and I walked out of the room. These are just more facts and details that prove the complete and total break in the communication and client attorney relationship between Mr. Bouck and myself. I should have never been forced to trial with this man and in fact the outcome of the proceedings are an obvious result of what I had been saying all along. He should have never been on my case and all the time wasted in all the bullcrap between us could have been well spent with a different attorney who was willing to represent me and the outcome of everything would have beeen significantly different. I did not care if you thought I was guilty or innocent. I just wanted to be defended. Give me some sort of sign that you were actually trying to defend me. After all, I myself, not being a liscened attorney, have already gotten one kidnapping in the first degree conviction merged, wich is bassically like having it overturned and this should be the same, in the least, with the assault charges and maybe even the sodomy charges as well. I mean these are substantial differences that if my attorney would have been trying to defend me properly he would have at least found the arguments to these issues and informed me and that itself would have affected everything and any decisions that I made. It's a big difference to have your attorney tell you that there is no defense for you instead of telling you that there is some defense or that he is going to try this or that. For example, in 2004 the Crawford v. Washington case came out. I remember coming into the courtroom early one day and my attorney, Daniel Bouck, was talking with

**Page 7 of 18  *PETITION UNDER 28 U.S.C.  § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY***

Form 302

the judge and the district attorney about it. I just remember the judge asking him if he was sure and he said he had no problems with it. I aked him what it was about and he told me nothing, that it was just a small detail that wasn't important. The truth is that there was a lot of talk going around that my wife did not want to take the stand. That she had been refusing to do so. However, the district attorney was insuring that she would do so when the time came. However, now knowing the Crawford case my attorney could have made an argument that the district attorney could not go forth with his case without her taking the stand or without her taking the stand to begin with. Either way, it would have been a good piece of information to let me in on. Instead, that is my whole point. He was just trying to get me convicted, not defend me. More proof of this is that he allowed the district attorney to file paperwork and twist testimonies and medical reports around to lead and make the court believe that my wife had suffered from a severe and brutal beating that left her with broken ribs that punctured and collapsed her lung causing internal bleeding and that she almost died on the way to the hospital. Yet, the medical records show that she did not have a punctured lung. That there was a small scratch on the outer lining of the lung, however there was no broken or fractured ribs to account for it. That otherwise her lungs and ribs were in good condition and that she was as a whole in remarkable condition. That all she did suffer from was some mass soft tissue bruising and the course of treatment was to give her a pain sedative and warm blankets because she coplained that she was cold. This is right out of the medical reports. Even the paramedics chief paramedic stated that the trip from the scene to the hospital took approximately 13 minutes and was without incident. The fact of the matter is that the outcome of the pre-trial, trial and sentencing proceedings is the direct result of the ill rerpresentation that I was receiving from my counsel, Daniel Bouck. The fact is that if I would have been affforded substitute counsel the outcome of the trial proceedings would have been significantly different. I wanted to go to and finish trial. My true will was overcome by all the bullcrap and this is obvious. My attorney was not properly informing me, to anything for that matter. He was trying to convict me.

**GROUND THREE**: I was denied effective and adequate assistance of counsel at sentencing and I have suffered prejudice as a result.

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As stated in ground two, Mr. Bouck's assistance at sentencing was very minimal and almost non existent. He failed to object to the 20 years of post-prison supervision that was imposed upon me when Oregon laws clearly state that I could have only received 140 months at the most as time actually served in prison is supposed to be taken off of the 20 year maximum sentence of post-prison supervision. I could and do argue further that under that rule that post-prison supervision is not allowed at all as I am serving the maximum amount of time as it is under measure 11. However, Mr. Bouck did not even consider any argument to the amount, if any, of post-prison supervision imposed upon me. He also failed to seek mergers of convictions. The Oregon Court of Appeals recognized this to an extent, however, not fully. I have other charges such as the assaults that should have merged as well as everything that I was convicted of was against the same person in a single and uninterrupted course of conduct. My counsel failed to raise any of this and according to how he represented

me at sentencing by merely asking to take a seat and allow the district attorney to have his way with the courtroom including submitting false statements to the court is only an obvious observation of his true intent to not represent me at all. He did not argue against the imposition of measure 11 mandatory minimum sentencing, or in the least, for a first time offender or altogether. He barely raised an argument concerning consecutive sentencing, however, failed to argue it in it's whole. He could have argued that since I was convicted of and sentenced to a more serious charge of Attempted Aggravated Murder, using underlying charges to convict and sentence me to the more serious charge, that the lesser included offenses used to do so should merge in the least for sentencing purposes. Even though they are different charges, the Att. Agg. Murder charge demands the facts of the lesser included offense(s) in order for conviction. This is excessive punishment. He also allowed the district attorney to have his way with the courtroom and the judge using facts of the case that were never admitted to by me or proven to a jury beyond a reasonable doubt for imposing harsh sentencing. He failed to protect me from double jeopardy. He failed to ensure that I received a direct appeal. He never filed anything with the appellate court. I had to file paperwork with the public defenders office, which contacted him and he told them that I had no appealable issues. As far as he was concerned the sentence and convictions were just. This is coming from my own attorney. This only proves what I have been saying all along. He never did intend on representing me to the best he could. Heck, he didn't even intend on representing me at all. He only further lied to me and my family about the promise of a 120 month plea deal that magically disappeared. He just wanted me to plea so that he wouldn't be put on the spot to defend me as he had no defense(s) prepared for me. A professional investigator that I was in contact with was even aware of this deal, but she did not know what happened to it as she was not specifically on my case. Also, when I tried to get him replaced for substitute counsel approximately 6 different times, normally counsel themseleves would step up and say hey, "my client and me have no relationship and nothing but bad feelings towards eachother that has substantially affected my ability to defend him or make a defense for him". Instead, my counsel did everything he could to force himself upon me and convince the judge to not replace him. I have asked several other lawyers about this and they all said that if they were in my counsels shoes they would have had themselves substituted and taken off of the case. This only further makes me belive that my counsel was working with the district attorney to convict me and that's why no one wanted me to have substitute counsel, because they knew that if I did it would have made a significant difference and they would not have been able to convict me of every charge on the indictment.

**GROUND FOUR**: Convictions obtained by pleas which were unlawfully induced or not made voluntarily with the understanding of the true nature of the charges and the consequences of the pleas. I was denied effective and adequate assistance of counsel and I have suffered prejudice as a result.

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

First off, I was under the understanding that if I did not force my wife to take the stand that I would receive a deal and be sentenced concurrently to all counts to a 120 month sentence and no more. After my pleas when I was sent back to my jail cell other inmates

**Page 9 of 18**  *PETITION UNDER 28 U.S.C.  § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY*

Form 302

asked me what happened and I told them. They told me that something was wrong, because if I was going to receive a deal that I would have already gotten it. That plea deals are usually done on the spot. Later, I confronted my attorney's assistant (because my attorney's office did not accept collect calls and we were not talking to eachother because of all of the previously stated facts) Lori Nightengale-Bender whom is also a public defender and she told me that there was no deal. That it was unclear of what sentence I would receive. I told her then why in the hell did he have me plea. That if I am not getting the 120 months as promised then I want to go and finish trial. That I want to take back my pleas. She told me that I could not do that and if I spoke out against my attorney one more time the judge would throw me out of the courtroom and he would be very angry and sentence me harshly. I asked her what I could do then and she said nothing. Just try to work with Mr. Bouck and don't' make the judge any more angry than he already is or else he wil throw you out of the room. I was scared and had no reason not to believe her. The judge had basically spit in my face every time I begged the court for substitute counsel, which was about 5 or 6 different times, all denied and at one point I was yelled at by the judge for even asking, which actually forced me into tears in the courtroom because no one was listening. He told me it did not matter what I had to say or anything, because he was not going to allow me to shop around for an attorney. I am sure that my counsel had something to do with it. Another piece of evidence that proves that I did not know what I was doing and was only doing what my counsel told me to do is the audio recordings from the plea hearing. I was under the belief that I was allowed to plead not guilty to one of the Sodomy counts. I actually plead not guilty to this count and never changed my plea anywhere. The court or my attorney somehow changed it in the paperwork. This I do not understand. You can listen to the audio recording and although it seems that it was tampered with you can cut out the background noise and clearly hear me say not guilty and the judge say ok. Now, if I truly understood what I was doing and my pleas were not coerced I would have known that I could not plead not guilty to that count. Again, somehow this was all swept under the rug. The obvious is that I was being set up by my counsel and the district attorney. As stated above, this is the same kind of representation that he provided to my mother. Fortunately, she was able to get an Honorable Judge to listen to her and see the truth and unfortunately, I was not. It is not a coincidence that this is the same type of representation that he provided me. I believe he is a corrupt attorney that the district attorney has in his pocket. Another piece of evidence that my pleas were not knowingly, intelligently or voluntarily made is that my counsel had me plead to multiple charges of kidnapping in the first degree. Under Oregon law, I am innocent of these charges. I never kidnapped my wife. If anything this was a domestic violence that took place in a home that we both owned and lived in as husband and wife. Just because the next day my grandfather showed up and saw some bruises on my wife's face and decided to call the police does not mean that I was holding her hostage or captive or that there was a crime in progress. In fact my wife told the police when they first arrived that she did not want them there. Later after she was surrounded by battered persons advocates and detectives is when her mind changed. However, she was on the phone when the police arrived and pulled me out of my house at gunpoint. My mother said that it took her over 20 minutes for her and the police who were having her talk to my mom, to talk my wife into cooperating with them. This is not a kidnapping, but due to the inadequate and ill information that I was receiving from my attorney, I made a plea to both of them. Later, Oregon ruled in a case almost identical to mine, Wolleat, that in such an instance there is no kidnapping when it is an incidental aspect

**Page 10 of 18 *PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY***

in the commission of another crime. That substantial steps have to be taken in order for a kidnapping charge to be appropriate. Therefore, I never truly understood the true nature of the charges. At the time people were getting kidnapping charges for merely getting into a small altercation because they knocked somebody down and it moved them a couple of feet. If my attorney would have been exercising reasonable and professional skill and judgment he would have motioned for an acquittal or at least fought against it somehow or told me not to plead to, not just one, but both of them. Something. In fact, if he would have done any preparation on defending my case at all, he would have found an older case that would have lead him to this conclusion as the other attorney did in the Wolleat case. Instead, it's just more proof of his unwillingness to defend me or prepare a defense against the charges against me. He did not even ask for the merger of the two charges at sentencing, which the Oregon Court of Appeals has already determined that he was ineffective for failing to do. This brings another reason as to why my pleas were not knowingly, intelligently or voluntarily made. In determining to make a plea one takes into account several of factors and one of those factors is the charges and sentences that one might receive if he goes to trial and loses. I was under the understanding that I could be convicted and sentenced to both kidnapping charges in the least. This was part of a major decision in making my pleas. Now, the court has ruled that I could not be convicted or sentenced to more than one count of kidnapping and the fact that I should not even be convicted of kidnapping at all and the fact that my attorney was misinforming me to the true nature of the charges against me. This would have affected my decisions in pleading substantially. Again, it is not as if I did not go to trial. I actually did go to trial for 4 days and my true will and intent was to finish trial. Unfortunately, I was coerced and misinformed on several issues including the promises to a concurrent sentence of 120 months. My pleas should all be overturned and I should be granted to plea anew and have a new trial with counsel who is actually going to represent me and my best interests as this is my entire life here. If you are going to take my life away it should at least be done justly, fairly and right. I should not be setting in prison for charges that I could never have been convicted of or because my counsel was not willing to represent me and instead was giving me wrong information and lying to me. Especially with the conflict of what he tried to do to my mother when I was 13 years old. I will never forgive that man for that and to have him forced upon me and force me to proceed to trial and sentencing with him representing me was in itself unjust and unconstitutional. It would be absurd to ever expect me to have faith in that man's abilities to defend me. I mean, I was convicted of every single charge on the indictment that was amended 3 different times. To top it, I received no deal whatsoever. I received the maximum amount of time. No lawyer exercising reasonable and professional skill in their right mind is going to have their client plead so that he could be convicted of every charge in the indictment and sentenced to the maximum amount of time in prison. This itself is proof that my counsel was ill informing me and it further proves what I have been saying all along. He lied to me and tricked me into making a plea.

    **GROUND FIVE**: I received inadequate assistance of post-conviction counsel and I have suffered prejudice as a result.

    (a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

So far, the law states that I am not guaranteed effective assistance of counsel at the post-conviction level. That everything that goes wrong is my fault. I disagree with this. How can it be my fault if I send over 50 pieces of evidence to my "court appointed" attorney to file them with the court, because the court does not accept direct filings from petitioners represented by counsel, again, how can it be my fault if he files them or "allows" them to be filed with the court improperly. This is what happened to me. I had tons of exhibits and evidence that I believed proved the injustice in my case and they were all thrown out of court for being either untimely or improperly filed. This includes the medical records that came out of the state's own evidentiary. These records proved that the injuries were not as bad or as significant as made out to be and that the victim was never near death. In fact, they proved the complete opposite. There were also affidavits from people that took my wife to a dentist appointment the next day at the hospital. The hospital allowed her to check out on her own accord and get into a full size bronco SUV and take off to a dentist appointment for several hours. She was smoking and everything. This is not the actions or characteristics of someone who has a punctured and collapsed lung and suffering from internal bleeding, which were all facts that my trial counsel allowed the district attorney to give to the judge during trial and in sentencing me harshly. All of this evidence was thrown out because my post-conviction counsel filed them improperly. This is not my fault. I am not the licensed counsel. I merely took all the evidence that I had concerning a claim such as the one just described and stapled it altogether to a piece of paper stating that I believe that all of this is proof against this certain issue. I then mailed them to my post-conviction counsel for him to go over and file with the court and he never said anything to me about them being wrong or his inability to file them as they were improper. Instead, he took them and put a new front page on them and signed them for his approval and filed them with the court. I did not find out that they had been wrongly filed until the post-conviction trial and by that time the judge would not allow me to re file them. This is not my fault and I shouldn't have been penalized for it and my case severely damaged because of it. I should have been safeguarded with some right or another to prevent such a grave injustice as this one. I also claim that Lori nightengale-Bender should have been supeoned as she knows that I was under the understanding that I I made a plea that I would receive the 120 months plea deal and are confrontation of which took place after I became aware that I would not be receiving such a deal and her comments or threats towards me about the issue and the conversation that took place between us. Her refusal to even be talked to by my investigator and refusal to give a statement is only proof of her foul play and coercion in my case.

**GROUND SIX**: The trial court abused it's discretion in not allowing me substitute and conflict free counsel or even holding a hearing on the matter. I was denied effective and adequate assistance of counsel and I have suffered prejudice as a result.

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

As stated throughout the claims above and throughout my post-conviction proceedings, the trial court refused my every motion and attempt to have my trial counsel, Daniel Bouck, substituted. They would not even hear me out. There were several conflicts between myself and Mr. Bouck. Some led to harsh words and I told him several times flat out

that he was fired and that I did not want him on my case. He told me that he believed I was guilty and that I should beg the district attorney for a plea deal. The whole time in my case was spent trying to get him substituted and new counsel appointed. He never had a defense prepared as the attorney client relationship between him and myself was beyond repair. Just a few days before trial my mother flew over from England with the hopes of getting me new counsel. We let the judge know this the day before trial on pre-trial motions. My mother informed him that she wished to retain counsel if he would not substitute counsel as we had no faith in Mr. Bouck and flat out did not trust him. Unfortunately, the judge only gave my mother a couple of hours as a recess for her to come up with retained counsel. Everyone my mother spoke to wanted a minimum of a $50,000.00 down payment and even more later to just step in. My mother could not manage this in such a short amount of time, especially since she lives in another country altogether. There was no way that she could get things in order and since I obviously could not represent myself, I was forced to proceed with Mr. Bouck. Although, I did state on record to the judge that I was in objection to all of this and that I wished to appeal the issue and judge merely said fine, whatever, we will now proceed to trial. I was devastated. My hopes and beliefs in the system were decimated. The outcome of the trial and my pleas and sentences are the only obvious outcome of the situation that I was forced to proceed with. As professional counsel Patrick Ebbett told me that he does not know any professional attorney that would have ever allowed me to receive more than 10 years. He is astonished at how ill represented I was at trial. I believe that I should have been afforded substitute counsel or in the least trial should have been postponed for a couple of weeks in order for my mother to be able to put things in order to properly obtain suitable counsel.

**GROUND SEVEN**: My convictions, pleas and sentences were obtained by prosecutorial misconduct and I was denied effective and adequate assistance of counsel and I have suffered prejudice as a result.

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The district attorney withheld information concerning the true extent of my wife's injuries from the court. My trial counsel allowed him to do this. They both allowed the court to believe that my wife had suffered from broken ribs that punctured and collapsed her lung and that if it hadn't been for the medical expertise of the paramedics that she would have died on the way to the hospital. The facts are, that if this was the case the police would not have wasted time, over 20 minutes to be more specific, in having my mother and grandparents talk my wife into cooperating with them in allowing them to take her to the hospital. The fact is that they knew that they needed to get her into the ambulance so that they could record it as a medical emergency to justify dragging me out of my owned house on my property at gunpoint without knocking and announcing themselves or there intents first. There is also the facts that the medical report from the ambulance head chief stated "that the trip to the hospital took approximately 13 minutes and was without incident". This is not a statement of someone who has a patient dying in the back of there ambulance. There is also the medical records that show the entire steps taken once she arrived at the hospital and nowhere was there anything in the record that shows any slice of evidence that the

**Page 13 of 18  *PETITION UNDER 28 U.S.C.  § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY***

Form 302

medical personal had to perform some medical necessity to save her life. In fact the x-rays show that she did not have any broken or fractured ribs and that she was in remarkable condition. That all they could identify was mass soft tissue bruising which they gave her warm blankets and a pain sedative to take care of her. This toppled with the facts that she left the hospital the next day for a dentist visit with my sister for several hours where she was smoking the whole way is more proof of how the state was exaggerating the severity of the injuries. These are facts used to convict me. These are facts that the district attorney gave to the judge in order to sentence me to the maximum. This was unjust and unconstitutional. This especially because my trial attorney was aware of all of this and still allowed it without objections. Another piece of evidence is the fact that this crime was treated as a crime in progress, which it was not. I also, believe that the woman's battered persons advocacy was allowed to play way to much of a part in the prosecution proceedings.

**GROUND EIGHT**: Unlawful search and seizure and I was denied effective and adequate assistance of counsel and I have suffered prejudice as a result.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was pulled out of my home by gun point. The police treated the scene as a crime in progress which it was not. The altercation that did take place was the night before. My grandfather stopped by the next day and observed bruises on my wife's face. When he left he felt it necessary to contact the police, which the sheriff's department and other local law enforcement treated it as a crime in progress. I believe that my counsel was ineffective in fighting against this as he failed to raise the issue even though I requested him to. As stated previously, it was not until a couple of days later, while I was in jail, that my wife decided that she wanted me to spend the rest of my life in prison. Even after what my grandfather did for her and my sister taking her to the dentist's office the next day, she ultimately went to a battered woman's advocacy shelter where she later determined that she wanted nothing to do with my family altogether. The way the police and these groups force themselves into these domestic violence situations I believe affects a great deal on the whole situation itself. In an instance where there might have never been a case, they bassically make one. The way they forced themselves into my home and took it over has a tendency to change the outcome.

**GROUND EIGHT**: Counsel failed to raise a merger of convictions claim and ultimately faile to protect me from double jeopardy, excessive punishment and I have suffered prejudice as a result.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My counsel failed to raise a duoble jeopardy argument to the multiple and undifferentiating charges against me that I was ultimately convicted of. More specifically, the sodomy charges should have merged as well as the assault charges. Note that I have already managed to get the two kidnapping charges merged. He could have also argued that the assault charges should have merged with the Attepmted Aggravated Murder charge and in

the least for sentencing purposes. He should have also argued that the sodomy charges should have merged with the Attepmted Aggravated Murder charge for sentencing purposes also.

## INCORPERATIONS

**Finally, my wish and my intent in this petition is to continue to raise all of my claims that I have been raising in all of my post-conviction proceedings and appeals. I wish to incorporate them into this petition for relief. They are attached to this petition.**

13.    Please answer these additional questions about the petition you are filing:

       (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?
            Yes    [ x ]    No    [  ]

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding ;the conviction that you challenge in this petition?
            Yes    [  ]    No    [ x ]

15.    Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?
            Yes    [ x ]    No    [  ]

       If "Yes," state the name and location of; the court, the docket or case number the type of proceeding, and the issues raised: See section 9 of this petition. I am to be remanded and resentenced on the kidnapping charges. The issue here is that my 1 year time limit is questionable. Under regular circumstances, my time frame is almost up. However, there have been other filings in the courts as stated in section 11 of this petition that may or may not extend that time limit. Unfortunately, I am not a skilled lawyer that can make that decision or conclusion and in fact my own appointed appellate counsel could not either. He told me that I should immediately file my federal writ of Habeas Corpus as soon as possible, so that is what I am doing now.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

       (a)    At Preliminary hearing: None that I am aware of.

       (b)    At arraignment and plea: None that I am aware of. I was first arraigned and made my pleas of not guilty before I was appointed counsel. When I was later re-indicted, I was then represented by Daniel Bouck.

       (c)    At trial: Daniel Bouck

       (d)    At sentencing: Daniel Bouck

(e)   On appeal: No direct appeal was ever filed, however Rebecca Duncan was the one who received my paperwork at the public defenders office and refused to file an appeal for me or even let me know that I could file one myself.

(f)   In any post-conviction proceeding: Michael R. Mahony

(g)   On appeal from any ruling against you in a post-conviction proceeding: I was originally represented by Patrick Ebbett of Chilton, Ebbett & Galli, LLC who, because he left the firm, handed my case over to his colleagues, which then Chilton took over.

17.      Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Unknown to me at this time.

18.      TIMELINESS OF PETITION: My petition is timely and all of my claims have been raised and properly preserved for federal review.

## CONCLUSION

Taken alone or in any combination, the above has caused prejudice to the petitioner, denied petitioner of his due process of law and effective assistance of counsel rights as promised by the Oregon State Constitution and the United States Constitution.

Also, taken alone or in any combination, the above has caused prejudice to the petitioner where he has been subjected to several multiplicious and undifferentiating convictions resulting in a mandatory minimum sentence of 480 months incarceration with 240 months post-prison supervision, denied petitioner of his protection against cruel and unusual punishment and his rights to rehabilitation and his due process of law and effective assistance of counsel rights and birthrights as promised by the Oregon States and Untied States Constitution(s).

**Wherefore,** petitioner prays and asks that the Court grant the following relief:

a.       Vacating his convictions and sentences in Douglas County Circuit Court in the case of *State v. James Arthur Ross*, Case No. 04CR0429FE;

**Page 16 of 18** *PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY*

Form 302

b.      Vacating his convictions and sentences in Douglas County Circuit Court in the case of *State v. James Arthur Ross*, Case No. 04CR0429FE and allow the petitioner to plea anew;

c.      Granting a new trial in Douglas County Circuit Court in the case of *State v. James Arthur Ross*, Case No. 04CR0429FE;

d.      Release Petitioner from custody;

e.      Grant a delayed Direct Appeal;

f.      Remand the case of *State v. James Arthur Ross*, Case No. 04CR0429FE to the in Douglas County Circuit Court for further proceedings;

g.      Modify the sentences; and/or

grant any other relief to which this honorable court would deem just, fair or appropriate and any other relief that the petitioner may be entitled to.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on this _18th_ day of November, 2010.

_____
Signature of Petitioner

**Page 17 of 18** *PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY*

Form 302

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in
part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody
Pursuant to the judgment of a State court. The limitation period shall run from the latest of –

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time
for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution
of laws of the United States is removed, if the applicant was prevented from filing by such state action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right
has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through
the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this
subsection.

If the person signing is not petitioner, state relationship to petitioner and explain
why petitioner is not signing this petition._____

_____

_____

_____

## IN FORMA PAUPERIS DECLARATION

_____

[INSERT APPROPRIATE COURT]

IN THE SUPREME COURT OF THE STATE OF OREGON

| | | |
|---|---|---|
| JAMES ARTHUR ROSS, | ) | |
| | ) | Malheur Cty Cir Ct Case |
| Petitioner on Review, | ) | No 05084630M |
| | ) | |
| vs. | ) | |
| | ) | App Ct Case No A135040 |
| JEAN HILL, Supt, | ) | |
| Snake River Correctional Institution, | ) | |
| | ) | |
| Respondent on Review. | ) | |
| | ) | |

## CORRECTED PETITION FOR REVIEW OF
## JAMES ARTHUR ROSS

Petition for Review of the decision of the Court of Appeals
on appeal from a judgment of the Circuit Court for
Malheur County, The Honorable JOSEPH F. CENICEROS, Judge

Affirmed:   May 19, 2010
By:       Landau, PJ, Brewer, CJ, and Schuman, J

ANDREW S. CHILTON, #972339
     Chilton & Galli, LLC
     714 SW 20th Place
     Portland, OR 97205
     (503) 771-3587
          Attorney for Petitioner on Review

JOHN R. KROGER, OSB No. 077207, Attorney General
JEROME LIDZ, OSB No 772631, Solicitor General
     Appellate Division
     400 Justice Building
     Salem, OR 97310
     (503) 378-4402
          Attorney for Respondent on Review

Brief on the merits will be filed if review is allowed.      6/10

# TABLE OF CONTENTS

PETITION FOR REVIEW...............................................................1

    Statement of Historical and Procedural Facts.................................1

    Questions Presented and Proposed Rules of Law.............................2

    Grounds for Review................................................................2

    Summary of Legal Argument.....................................................3

    Conclusion.........................................................................10

# TABLE OF AUTHORITIES

## Cases Cited

*Boykin v. Alabama*, 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969).............7

*Johnson v. Zerbst*, 304 US 458, 58 S Ct 1019, 82 L Ed 1461 (1938)................7

*Krummacher v. Gierloff*, 290 Or 867, 627 P2d 458 (1981)........................3, 6

*Moen v. Peterson*, 312 Or 503, 824 P2d 404 (1991)..................................8

*State v. Garcia*, 288 Or 413, 605 P2d 671 (1980)....................................6

*State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *rev'd sub nom Oregon v. Ice*, 555
    US ___, 129 S Ct 711, 172 L Ed 2d 517 (2009)...............................10

*State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005)...............................5, 6

*Stelts v. State*, 299 Or 252, 701 P2d 1047 (1985)....................................7

*Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984)....4

*Trujillo v. Maass*, 312 Or 431, 822 P2d 703 (1991)..................................4

## Constitutional and Statutory Provisions

US Const Amd VI……………………………………………………………….3

US Const Amd XIV…………………………………………...…………………3

Or Const Art I, sec 11……………………………………………...……3

ORS 163.225……………………………...…………………………………..5

# PETITION FOR REVIEW

### Statement of Historical and Procedural Facts

James Arthur Ross, petitioner-appellant, petitioner on review (petitioner), asks that this court review and reverse the order of the Court of Appeals affirming the denial of post-conviction relief in *Ross v. Hill*, A135040 (May 19, 2010). A copy is attached at ER 12-23.

In the underlying criminal trial, petitioner was charged with one count of attempted aggravated murder (count 1), two counts of first degree kidnapping (counts 2 and 3), one count of first degree rape (count 4), two counts of first degree sodomy (counts 5 and 6), two counts of second degree assault (counts 7 and 8), one count of fourth degree assault (count 9), one count of strangulation (count 10), one count of menacing (count 11), and one count of interference with making a report (count 12). Ex 3 (Amended Indictment). On June 10, 2004, day three of the trial, petitioner pled either guilty or no contest to all the charges. There was no agreement as to sentencing. Petitioner received concurrent and consecutive sentences totaling 480 months of incarceration.

The charges all stem from an incident of domestic violence that took place on February 23 and 24, 2004. Per police report, police responded to a call at petitioner's residence and found the victim badly bruised and beaten. She was taken to the emergency room near death. In subsequent police interviews, she provided a graphic account of petitioner on a rampage. She informed the police

that petitioner had threatened her with a loaded gun, beaten her, dragged her around the house, and repeatedly raped her anally and once vaginally.

## Questions Presented and Proposed Rule of Law

First Question Presented:  Was trial counsel inadequate and ineffective for failing to move to dismiss the kidnapping charges where the evidence failed to reflect the elements necessary for conviction?

First Proposed Rule of Law:  Competent counsel would have moved to dismiss.

Second Question Presented:  Was trial counsel inadequate and ineffective for failing to ensure that petitioner's plea was knowingly, intelligently and voluntarily made?

Proposed Rule of Law:  Competent counsel would have ensured the lawfulness of the plea.

## Grounds for Review

The issues are preserved.  No other obstacles to appellate review exist.  The Court of Appeals issued an opinion, but that opinion did not address these issues.[1] As to these issues, its decision is in error.  The error is of constitutional magnitude.

---

[1] In its opinion, the court held that trial counsel was inadequate and ineffective for failing to move to merge multiple counts of kidnapping.  Petitioner is not appealing this portion of the decision.  The court did, however, decline to address the remaining issues in the brief.  ER 13.

No other branch of government could correct the error, although the federal courts may do so.  The issues are well presented in petitioner's brief.

## Summary of Legal Argument

Article I, section 11 of the Oregon Constitution and the Sixth and Fourteenth Amendments of the United States Constitution guarantee every criminal defendant the right to adequate assistance of counsel.  To represent a defendant adequately under the Oregon Constitution, a trial lawyer must "do those things reasonably necessary to diligently and conscientiously advance the defense." *Krummacher v. Gierloff*, 290 Or 867, 874, 627 P2d 458 (1981).  The court added:

> [I]f counsel exercises reasonable professional skill and judgment, a reviewing court will not second-guess the lawyer in the name of the constitution, but neither will the court ignore decisions made in the conduct of the defense which reflect an absence or suspension of professional skill and judgment.

*Id.* at 875.  In the exercise of "professional skill and judgment," an attorney can make reasonable tactical decisions that do not pan-out or backfire.  These decisions will not be second-guessed with the benefit of hindsight.  *Id.*

In addition, "only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude." *Id.* at 883.  Thus, to prevail on a claim of inadequate assistance of counsel, a petitioner in a post-conviction proceeding must prove two things: first, he must show "by a preponderance of the evidence, facts demonstrating that trial

counsel failed to exercise reasonable professional skill and judgment," and second, he must prove that "petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991).

The Sixth and Fourteenth Amendments of the United States Constitution require a very similar analysis. The United States Supreme Court outlined the principles to be applied to a claim of constitutionally ineffective assistance of counsel in *Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984). In that case, the Court held that the purpose of effective assistance of counsel is to ensure a fair trial. Therefore, the "benchmark for judging any claim of inadequateness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. The petitioner must first show that the attorney's performance fell below an objective standard of reasonableness and second, that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 688, 694.

In the underlying criminal proceeding in this case the state charged petitioner with two counts of kidnapping in the first degree. Count 2 alleged that petitioner kidnapped victim with the purpose of causing physical injury while count 3 alleged that petitioner kidnapped victim with the purpose of terrorizing her. However, under the facts of this case, petitioner was not guilty of either charge. Trial counsel should have moved for acquittal on both counts following the recitation of the factual basis for the no contest plea.

Petitioner pleaded no contest to both counts. The prosecutor provided the
following factual basis for the court to accept the no contest plea:

> [THE STATE]:    While in the home, this was – Your
> Honor, this was taken – admitted into evidence as State's Exhibit
> 84. The evidence would be from Ms. Ross that in the home, the
> initial assaults began in the area of the kitchen, that they moved at
> various points on down the hall towards the master bedroom, that
> the assaults continued in the bedroom, that she was moved again
> down through the hall, that all of this movement was against her
> will and interfered with her liberty, that during all of this
> movement, that the defendant subjecting her to physical abuse,
> including going into the bathroom, smashing her head into the wall
> that left hair, taking her to the living room and vaginally raping
> her. Further, it's the state's theory, Your Honor, that the
> defendant, through the course of these events, was threatening to
> kill Ms. Ross, had leveled the gun at her several times, in addition
> to the events that we described in the master bedroom that
> constituted attempted aggravated murder and that his purpose in so
> doing was to terrorize her.

These facts are insufficient to establish the crime of kidnapping in the first degree

with regard to either count. To be guilty of kidnapping, a defendant, with intent to

substantially interfere with another's liberty, must either "take the person from

place to another, or "[s]ecretly confine the person in a place where the person is

not likely to be found." ORS 163.225. In this case, the state alleged that

petitioner, with intent to substantially interfere with the victim's liberty, took the

victim from one place to another. The evidence in this case was insufficient to

establish that he did.

In *State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005), this court discussed

what needed to be shown to establish the element of intent to substantially

interference with the victim's liberty. *Id.* at 478. In a fact pattern remarkably

similar to the facts of this case, the defendant in *Wolleat* was convicted of kidnapping as a result of an incident in which he dragged his girlfriend from one room of their residence to another in the course of assaulting her. *Ibid*. On these facts, this court held that such an insubstantial movement, incidental to the assault, was insufficient to prove the mental element of intent to substantially interfere with the victim's liberty. *Ibid*. Accordingly, the factual basis provided by the state in support of petitioner's no contest plea was insufficient to establish defendant's guilt on either count of first degree kidnapping. Trial counsel should have moved for acquittal on these grounds.

Trial counsel's representation of petitioner was constitutionally inadequate. By failing to move to dismiss, counsel failed to do something that was reasonably necessary to diligently and conscientiously advance the defense. As a result, petitioner has established that counsel's performance fell below the standard enunciated in *Krummacher*. Admittedly, *Wolleat* was decided in 2005, after petitioner's plea and sentencing. However, *Wolleat* relied on earlier decisions, namely *State v. Garcia*, 288 Or 413, 605 P2d 671 (1980), where the court, relying on the legislative history, held that there is no kidnapping "where the detention or asportation of the victim is merely incidental to the accomplishment of another crime." *Wolleat*, 338 Or at 474 (quoting *Garcia*, 288 Or at 420). In addition, petitioner has established a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Had counsel raised the issue, the trial court likely would likely have dismissed the kidnapping charges.

Counsel's performance fell below an objective standard of reasonableness. As a result, his representation of petitioner was inadequate under the federal constitutional according to the standard set out in *Strickland*. The post-conviction court erred in ruling that petitioner was not denied his constitutional rights to assistance of counsel.

Trial counsel was also ineffective and inadequate for failing to ensure that petitioner's plea was valid. Under the Constitution of Oregon, any plea of guilty must be knowing, intelligent and voluntary. *Stelts v. State*, 299 Or 252, 701 P2d 1047 (1985). The United States Constitution has the same test. *Boykin v. Alabama*, 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969). Ultimately, both constitutions rely on the principles developed from *Johnson v. Zerbst*, 304 US 458, 58 S Ct 1019, 82 L Ed 1461 (1938). Waiver is the voluntary relinquishment of a known right or privilege. *Id.* at 464. In order to plead guilty, one must do so voluntarily. Failure of a trial attorney to ensure that the plea is voluntary is inadequate and ineffective.

In this case, petitioner's plea was not knowingly, intelligently, and voluntarily made. At the post-conviction hearing, petitioner testified that his trial attorney pressured him to plead no contest:

> [Counsel] stated days before that he had no defense, he stated on the day of trial that he had no defense, that if I didn't accept the plea agreement that the Judge didn't seem to make (INAUDIBLE) that they would be ran consecutive and he wouldn't be able to do nothing for me. He misinformed me as to the true nature of the kidnapping charges. [sic]

Tr 35. Petitioner felt coerced. Counsel's failure to properly ensure petitioner's plea to all the charges was intelligently made is particularly evident in counsel's advice that petitioner plead no contest to the kidnapping charges even though the facts of the case clearly did not meet the statutory definition of the crime, as discussed in the first assignment of error. Moreover, counsel's expressed optimism about the likelihood of concurrent sentences was clearly misplaced. As petitioner testified in his deposition, "my attorney made me believe that I was going to be getting a concurrent sentence with no upward departures for a total of 120 months, and he said that I might be able to get less due to that he might be able to cut time off for treatment, but that never happened, that's the only reason why I made the plea." Ex 107 at 20. Petitioner received 480 months.

In *Moen v. Peterson*, 312 Or 503, 824 P2d 404 (1991), this court ruled that, in determining whether a petitioner would or would not have pleaded guilty, the post-conviction court may look at such things as the evidence in the record, the benefit petitioner derived from the plea agreement, and the likelihood of petitioner's conviction had he proceeded to trial. *Id.* at 513-14. Perhaps the most significant evidence that petitioner's plea was not knowingly intelligently and voluntarily made lies in the fact petitioner pleaded no contest to the most serious charge of the indictment—attempted aggravated murder. The factual basis behind this plea was that petitioner had placed a gun in the victim's mouth and pulled the trigger. Ex 108 at 11-12. While the state informed the court that the victim was prepared to testify that the gun was loaded and that there was magazine in the

weapon, this fact was by no means clear from the evidence. While the gun was found by the police at the scene, it was not loaded. Ex 105 at 4. Moreover, in her statement to police, the victim stated that petitioner put the gun in her mouth and "dry fired" it. However, the report states that only after that did petitioner actually put a round in the chamber and again put the gun in her mouth, at which point he only threatened to pull the trigger. Ex 105 at 18 (Report of Officer Borgio). In other words, while it is clear that petitioner intended to scare the victim with the weapon, it is far from clear that he actually intended to kill her. The fact that petitioner would plead to such a serious charge when the evidence was so ambiguous, in a case in which the state was offering absolutely nothing in return, itself suggests that counsel was not properly informing petitioner of his options.

Under the circumstances of this case, counsel's failure to ensure that petitioner's plea was knowing, intelligent and voluntary reflected a failure to exercise reasonable professional skill and judgment. Counsel was inadequate and ineffective under the Oregon and United States Constitutions respectively. Had counsel properly advised petitioner, petitioner would not have pleaded guilty or no contest to all the charges as he did. Accordingly, petitioner was also prejudiced by counsel's failure.

Finally, appellate counsel represents to this court that petitioner personally wishes to advance to this court both his ongoing objection to appellate counsel's

memorandum of additional authorities[2] and the legal issues raised in his *pro se* supplemental brief. These documents are appended at ER 1-6 and ER 7-11, respectively. Petitioner personally incorporates these documents by reference as if fully set forth. Petitioner personally asks that this court accept this case and reverse on the basis of the arguments therein.

## Conclusion

This Court should reverse the Court of Appeals and the post-conviction court and remand for further proceedings.

Respectfully Submitted,

Andrew S. Chilton, OSB No. 972339,
Chilton & Galli, LLC,
Attorneys for Defendant-Appellant,
Petitioner on Review,
James Arthur Ross

---

[2] In February of 2009, appellate counsel filed a memorandum of additional authorities effectively abandoning the Third and Fourth Assignments of Error. Those assignments had relied on *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *rev'd sub nom Oregon v. Ice*, 555 US ___, 129 S Ct 711, 172 L Ed 2d 517 (2009). Petitioner objects to appellate counsel's withdrawal of these issues.

# EXCERPT OF RECORD

Petitioner's *Pro Se* Objection to Appellate Counsel's Memorandum of Additional
    Authorities…………………………......…………………………………..ER 1-6

Petitioner's *Pro Se* Supplemental Brief…………………….......………..ER 7-11

Opinion…………......………………….………..………..…………………..ER 12-23

ER - 1

# IN THE COURT OF APPEALS OF THE STATE OF OREGON

1

2  JAMES ARTHUR ROSS,                )
                                     )        Malheur Cty. Cir. Court Case
3        Petitioner-Appellant,       )            No. 05084630M
                                     )
4        vs.                         )        Appellate Court Case
                                     )            No. A135040
5  JEAN HILL, Superintendent,        )
   Snake River Correctional Institution, )   **APPELLANT'S MOTION IN OBJECTION**
6                                     )       **TO COUNSEL'S MEMORANDUM OF**
         Defendant-Respondent.        )       **ADDITIONAL AUTHORITIES**
7

8        **COMES NOW,** the Appellant, James Arthur Ross, independent of his counsel, to object

9  to and complain that his appellate counsel, Andrew S. Chilton #972339, without any conferring

10 or consent of this appellant, has submitted a "Memorandum" to not only concede, but abandon as

11 well at least two (2) claims or issues that the appellant still seeks ruling upon as violation(s) of

12 his Constitutional Sixth Amendment rights. The appellant wants to at least adopt those

13 arguments into his supplemental brief along with all of the arguments made below. The appellant

14 does not wish to abandon those arguments whatsoever as to, but not limited to the reasons set out

15 below.

16       Appellate counsel[1] states in his memorandum that counsel relied on the Oregon Supreme

17 Court's decision in *State v. Ice,* 343 Or 248, 170 P.3d 1049 (2007). This statement is not entirely

18 accurate and appellate counsel would know this if he had properly conferred with the appellant.

19       In the third assignment of error, appellate counsel refers to claim "n" of the appellant's

20 post-conviction petition. That claim originally cites *Blakely v. Washington,* and the fact that the

21 original trial court had accepted pleas from the appellant that involved pleas of "not guilty" to

22 any and all aggravating factors. In appellate counsel's argument, the *Ice* case is briefly cited. The

23 main argument relies on the rules announced in the *Apprendi* and *Blakely* cases and trial

24

---

[1] Please note that current appellate counsel is not the same counsel that originally filed the opening brief on Appellant's behalf.

**Page 1 of 6 — APPELLANT'S MOTION IN OBJECTION TO COUNSEL'S**
**MEMORANDUM OF ADDITIONAL AUTHORITIES**                    ORIGINAL

1   counsel's failure to defend, identify and advocate for his client, the appellant.

2       Now, keeping in mind that appellant's pleas involved "not guilty" pleas as to the

3   aggravating factors. At sentencing, the sentencing judge did not even cite any authority or statue,

4   let alone on the record, as to why he was handing down this extremely harsh and excessive

5   amount of incarceration. In fact, the only thing the judge did state on the record, just seconds

6   before he handed down the sentence, that would give some sign of a reason as to his decision is a

7   brief colloquy between himself and the prosecutor. The judge makes a couple statements,

8   without any objection from Appellant's trial counsel, that "It was clear that the victim almost

9   died in the ambulance and their experience saved her, in my view. I would have had an

10   aggravated death penalty case clearly had she died". After this statement the prosecutor

11   responded "correct, your honor". Trial counsel remained silent. The sentencing judge's reliance

12   on these statements as facts to justify the imposition of an extremely harsh and lengthy sentence

13   would still be susceptible to the bright line rules announced in *Apprendi* and *Blakely*.

14   Accordingly, trial counsel's deficiencies would have still rendered the appellant ineffective and

15   inadequate assistance of counsel. The trial in this case was never concluded. Therefore, these

16   statements or facts that the sentencing judge relied on were never proven beyond a reasonable

17   doubt or admitted to by the appellant. In fact, the medical records, statements and affidavit from

18   Tammy J. Mendenhall would prove otherwise. Even more disturbing is the fact that both the

19   prosecutor and the appellant's own counsel had copies of the medical records ect. and yet still

20   chose to not only allow, but lead, the sentencing judge into believing otherwise. This fact is

21   undeniable!!

22       There is approximately two pages of colloquy where the prosecutor made several

23   statements to the sentencing judge about why the appellant should be sentenced harshly and

24   consecutively. Some of those statements were "The defendant affirmatively tried to kill her".

1   "He expected that the gun was going to go off when he stepped back and leveled it at her head

2   and pulled the fucking trigger"; "He expected that the gun was going to go off and shoot her in

3   the head"; "He also had absolutely no intention of getting her medical care the next morning, I

4   mean, that was abundantly clear".

5        **This** is more than just merely characterizing the defendant. These are statements of facts

6   that were never proven beyond a reasonable doubt in a court of law, nor admitted to by the

7   defendant/appellant. Even in the Oregon Supreme Court's opinion in *Ice* they state that facts that

8   characterize the defendant are normally for the sentencing judge, whereas, facts that pertain to

9   the crime are for the jury. All of the facts used in determining that the appellant should be

10  sentenced harshly and consecutively, were all facts pertaining to the crime and thus never proven

11  beyond a reasonable doubt in a court of law, nor admitted to by the defendant/appellant. This is

12  not all either!! The prosecutor continues intensely for another page of **"accusations"**. The

13  prosecutor insists that they are "facts", yet, the trial concluded before the defense ever began. All

14  the while trial counsel still remains more than just silent. In fact, he asks the court for permission

15  to take a seat as he "procedurally" hurt his back, so conveniently, the night before. Therefore, as

16  stated above, all of this would still fall under the rules announced in *Apprendi* and amplified in

17  *Blakely*. This is especially clear where there is evidence and law that clearly contradicts all of

18  these facts used to sentence the appellant so harshly and consecutively.

19       Appellate counsel also abandons the Appellant's fourth assignment of error for the same

20  reason(s). This, again, is absurd!! The argument above would continue and apply here. The *Ice*

21  case was a brief reference to the **"undeniable"** fact that had appellate counsel filed a direct

22  appeal, the Appellant would have at **"least"** won on the consecutive sentencing issues in the

23  **"Oregon"** appellate courts.

24       Now, that being said, the main basis for the claim, is that appellate counsel not only failed

1   to file a notice of appeal, she refused to file any form of appeal altogether. No brief of any kind

2   whatsoever. No Balfor, no Ander's, no Merits brief, nothing!! This is a very critical and

3   substantial error or judgment on the behalf of the appellate counsel, Rebecca Duncan. Especially,

4   in a case where the only thing stated on record during sentencing to try and justify the extremely

5   harsh and consecutive sentence imposed on the appellant, was a colloquy of **"hypothetical"** fact-

6   finding between the sentencing judge and the prosecutor while defense counsel remained silent!!

7       This, itself, is a violation of the rules announced in *Apprendi* and amplified in *Blakely*!!

8       This is exactly the type of judicial fact-finding that both the Oregon and United States

9   Supreme Courts were trying to prevent. This type of fact-finding goes beyond characterizing the

10   defendant and actually takes the jury rule into it's own hands. This is exactly what our framers of

11   the Constitution of the United States of America, to which the appellant is a citizen of, were

12   trying to prevent and protect it's citizens from. This is the extensive and far reaching and

13   overwhelming arm of the government. Appellate counsel rendered the appellant, ineffective and

14   inadequate assistance of counsel, violating his State and Federal **Constitutional** rights and the

15   appellant has suffered prejudice as a result.

16       Even though the *Ice* case was later overturned by the United States Supreme Court, it

17   does not usurp the claims presented to this honorable court here. It should also not be made a

18   "loop hole" for the action(s) of Appellant's trial and appellate counsel's deficiencies. Also note,

19   that the United States Supreme Court overturned the *Ice* case pertaining to the part of Oregon's

20   O.R.S. 137.123. However, the facts of the Appellant's sentencing are substantially different as it

21   is far from clear as to the specifics as to why the sentencing judge sentenced the appellant as he

22   did. As stated above, the only facts stated on record, seem to be the extremely and substantially

23   prejudicial, fact-finding, that occurred between the sentencing judge and the prosecutor. Plus, the

24   Oregon Supreme Court explained in *State v. Caraher*, 293 Or 741, 749, 653 P.2d 942 (1982),

**Page 4 of 6 — APPELLANT'S MOTION IN OBJECTION TO COUNSEL'S
MEMORANDUM OF ADDITIONAL AUTHORITIES**

1   "[W]hen this court gives Oregon law an interpretation corresponding to a federal opinion, our

2   decision remains Oregon law even when federal doctrine later changes". See also, *State v. Cook,*

3   340 Or 530, 540 135 P.3d 260 (2006) (declining to abandon this Court's interpretation of

4   Oregon's Confrontation Clause, because Federal Court's had announced a new analysis of the

5   United States Confrontation Clause).

6       Also, in *State v. Quinn,* 290 Or 383, 623 P.2d 630 (1981) (facts which constitute a crime

7   are for the jury) and later in *Wedge* the Court indicated that it **would** look beyond the legislative

8   label attached to an enhancement factor to determine whether, in reality, it was an element of the

9   crime for which the defendant was to be punished (and, thus, a fact that must be determined by

10  the jury). The fact remains, abundantly clear, that the reasons that persuaded the sentencing

11  judge's mind, in determining the extremely harsh and prejudicial sentenced imposed on the

12  Appellant, is the extremely and substantially prejudicial colloquy, between the sentencing judge

13  and the prosecutor. The Appellant's Constitutional rights have been violated and the appellant

14  has suffered prejudice as a result.

15      Finally, Appellant contends, that his assigned appellate counsel has "made himself

16  'master' over these matters" and *Sua Aponte/Own Volition*, not adhered to the spirit nor precepts

17  settled in *Farretta v. California,* 422 U.S. 806, 819-20, 95 S.Ct. 2525 (1975) as cited and

18  referred to within *Guinn v. Cupp,* 304 Or 488, 747 P.2d 984 (1987) and *Lawson v. Maass,* 119

19  Or App 287, 850 P.2d 398, 399-400 (1993).

20      Appellant claims, that, these actions prima facie, shows assigned appellate counsel's

21  willingness to not actively pursue – nor cooperatively collaborate with this Appellant; and this,

22  in and of itself, "is a denial of Appellant's rights on appeal, to due process of the law".

23      Appellant therefore argues, that, although the issues presented in Counsel's brief, cited to

24  or referred to *Ice's* precepts; the core issue(s) are of Sixth Amendment violations – not resting

1    solely "only whether or not, *Ice* prevailed (or not) in the United States Supreme Court", in 2009.

2         Simply because Mr. Ice's "assigned public defense counsel" Ernest Lannet, refused or

3    failed to actively and articulatively provide Mr. Ice with proper addressing of Mr. Ice's

4    arguments to the U. S. Supreme Court, sufficient for the Court to rule in Mr. Ice's favor; should

5    not, nor cannot "hamstring" this Appellant from gaining relief from Sixth Amendment

6    violations.

7         This also does not give appellate counsel license to provide this instant Appellant,

8    "assistance" that will intentionally cause him to lose his issue(s)/claim(s), that, appellate counsel

9    formally made notice of, in Counsel's brief. Had not counsel made not of it, within his brief that

10    was submitted on Appellant's behalf; Appellant would have raised these same issues, within his

11    own supplemental brief that he supplied to this honorable court.

12         Appellant therefore seeks this honorable court to,

13            (a) Disregard appellate counsel's "concession"/"conceding"/"abandoning" of the issue(s); and instead, "Re-assign or re-interpret" them to be construed as

14               "Sixth Amendment violations" and/or amend them to include all of the above arguments; and

15            (b) Give Appellant a full hearing on these matters.

16         Appellant therefore, respectfully Objects to Counsel's actions; and seeks the relief

17    requested above.

18         Respectfully submitted, this 12th day of May, 2009.

19

20                      James Arthur Ross - *Pro Se*

21                      S.I.D.# 12599830

                          777 Stanton Blvd.

22                      Ontario, Oregon 97914

                          (541) 889-4639

23

24

## APPELLANT'S PRO SE SUPPLEMENTAL BRIEF

### Adoptions

The petitioner adopts by reference the "Statement Of The Case" and "Summary Of Facts" in it's entirety, that the petitioner's attorney has prepared for him in the opening appellate brief.

### Summary Of Argument

Petitioner wants to argue that limiting this brief to 5 pages is a great injustice to him causing him prejudice. Therefore, the petitioner's intentions in this brief is to present all of his claims to this court and in the least properly preserve them all for further appellate reviews, especially federal reviews. This includes all exhibits, affidavits, motions and the fifth amended petition that was filed or attempted to be filed in the post-conviction proceedings. More specifically, exhibits 4, 5, 14, 19, 39, 40, 52, 43, 65, 69, 73, 74, 75, 76, 78, 79, 80 and the investigation reports from David Terry, Carolyn Andersch and Lori Nightengale-Bender. The petitioner also claims that throughout his entire case thus far and his counsel's opening brief, he has shown and proved his due diligence, why he should have been afforded substitute counsel, why his pleas are not knowingly, intelligently and voluntarily made and why he should have been afforded a direct appeal. Then now, in the post-conviction proceedings, the petitioner claims that it to was unfair. This due to the facts that he was denied specific transcripts of his trial proceedings and the transcript he did receive is different than the audio recordings. Then about 90% of the petitioner's exhibits and ect. were all thrown out for being improperly or untimely filed. The petitioner has been subjected to double jeopardy, denied due process of the law, denied equal protection of the law, subjected to cruel and unusual punishment and/or has received ineffective assistance of counsel as guaranteed to him under Article 1, Section 10, 11 and 15 of the Oregon Constitution and _Trujillo v. Mass,_ and the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the United States

Constitution, made applicable to the states by the 14th Amendment to the United States Constitution and *Strickland v. Washington,* and he has suffered prejudice as a result.

## INCORPORATIONS/PRESERVATIONS

The petitioner wants to incorporate by reference all of his claims presented in his fourth amended formal petition for post-conviction relief. This includes both, those claims made under ineffective assistance of trial counsel and those claims made under ineffective assistance of appellate counsel. The petitioner also wishes to incorporate and preserve the previously discussed exhibits, ect.

## ASSIGNMENTS OF ERROR

The post-conviction court erred by denying relief on the petitioner's several and very important claims violating his State and Federal Constitutional rights and/or birthrights. All of the claims discussed below can be found and are preserved under sections 9 and 11 of the petitioner's fourth amended petition for post-conviction relief (attached). In claims: a., hh., jj., kk., ll., mm. and yy, petitioner claims that he had several conflicts and extremely just reasons why he should have been afforded substitute counsel instead of being forced to proceed with Mr. Bouck. He also filed several exhibits to back up those claims. There is several requests and motions that he filed in the trial court begging for substitute counsel. All denied without any inquiry by the courts. Compile this with his mother's own written requests as she was once represented by the same counsel and fired him for the same foul play, ill-tactics, coerciveness and ineffectiveness that counsel was forcing upon the petitioner. Counsel admits in his affidavit that there was problems between himself and the petitioner that affected the preparation of the defense and the outcome of the trial. The part he left out was the absolute break of communication and relationship between them for several weeks leading up to the day of trial. This was so unrepairable that counsel brought in a co-worker to try and help the situation.

**PRO SE SUPPLEMENTAL BRIEF**

This act alone, proof in itself, of the extreme conflicts that existed and the complete and unrepairable break in the attorney/client relationship. See _Holloway_[1] (Violation of right to effective assistance of counsel, because trial judge failed to investigate claim of possible conflict of interest on part of defendant's attorney). See also, _Harris by and through Ramseyer v. Wood_[2] and _Mak v. Blodgett_[3] [...prejudice may result from cumulative impact of multiple deficiencies.]. This is so even where no single error of omission of counsel, standing alone, significantly impairs the defense. _Ewing v. Williams_[4]. See also, _Heiser v. Ryan_[5], This case applies to counsel's refusal to defend the petitioner. The opposing party would argue that the petitioner waived his rights when he made a plea. The petitioner claims that his plea is in fact a direct result of the ineffective assistance of counsel and the conflicts between them. He asserts that he has proven what his will was and what he believed to be in his best interests. This was to go to and _finish_ trial. Even on the day of trial the petitioner again stated on record, his bad faith in counsel and beliefs that counsel was not working in his best interests and had no defense prepared for him. That the court should substitute counsel. That if the court would not, he wanted to appeal. This is a grave miscarriage of justice. The petitioner's will was overborne by his interrogators and he has suffered prejudice as a result. At one point, before the pleading took place, the petitioner stood up as a last resort or attempt to defend himself and asked the court if he could cross-examine himself. He was told no. Then, counsel confronted him behind doors during a recess break and stated that the judge had intervened and demanded that a plea be made. That if he did not make his wife (the victim) take the stand the judge would go light and he would receive a concurrent sentence of 120 months. Although, if he refused the deal and insisted to continue trial then the judge would be

---

[1] _Holloway_, 435 US 484
[2] _Harris by and through Ramseyer v. Wood_, 64 F.3d 1432(9th Cir. 1995)
[3] _Mak v. Blodgett_, 970 F.2d 1325(9th Cir. 1972)
[4] _Ewing v. Williams_, 596 F.2d 391(9th Cir. 1979)
[5] _Heiser v. Ryan_, 951 F.2d 559(3rd Cir. 1991)

**PRO SE SUPPLEMENTAL BRIEF**

harsh and sentence him consecutively to any convictions obtained. Compile this with everything above

and it is easy to see how the petitioner's pleas were induce, coerced and how justice became gravely

misplaced. A trial judge's personal involvement can render the petitioner of the capability in rationally

weighing his options and thus causes the plea to not be knowingly, voluntarily and intelligently made.

A judge's involvement can also be construed as coercive. See Fed. R. Crim. P. 11 (e) (1), *United States v. Bruce*[6] and *United States v. Casallas*[7]. Other cases surrounding these issues are *Parker v. North Carolina*[8], even though the defendant is not necessarily rendered incapable of rational choice, his

guilty plea nonetheless may be invalid. See also *Machibroda v. U.S.*[9]. Next, is claims p, v, z, aa, ff, oo,

ww, and vv. These are obvious by looking at the convictions and sentences imposed on the petitioner.

There was no kidnapping in this case (see *State v. Wolleat*[10]) and no evidence for a claim of attempted

aggravated murder. Counsel pointed this out in his opening brief. Defendant who was not informed of

critical element of the offense to which he pled guilty entered his plea involuntarily, *Henderson v. Morgan*[11]. Also see, *U.S. v. Brown*[12] and *Bousley v. U.S.*[13]. Next, is claims o, q and u. The standard set

by the U.S. Supreme court in *Santobello v. New York*[14] is what you reasonably understood the

recommended sentence would be in exchange for your plea (The promise is not required in writing).

*Blackledge v. Allison*[15] decision in favor of a prisoner who alleged that he had been promised a

particular sentence in exchange for his plea. Next, is claim j. See *James v. Cupp*[16]. Also see, *State v. Garcia*[17] a record with multiple judgments of conviction and concurrent sentences when only one

---

[6] *United States v. Bruce*, 976 F.2d 552(9th Cir. 1992)
[7] *United States v. Casallas*, 59 F.3d 1173(11th Cir. 1995)
[8] *Parker v. North Carolina*, 90 S.Ct. 1474 (U.S.N.C. 1970)
[9] *Machibroda v. U.S.*, 82 S.Ct. 510(U.S. Ohio 1962)
[10] *State v. Wolleat*, 338 Or 469, 111 P.3d 1131(2005)
[11] *Henderson v. Morgan*, 426 U.S. 637(1976)
[12] *U.S. v. Brown*, 117 F.3d 471(11th Cir. 1997)
[13] *Bousley v. U.S.*, 118 S.Ct 1604, 523 U. S. 614,(U.S. Minn. 1998)
[14] *Santobello v. New York*, 404 U.S. 257(1971)
[15] *Blackledge v. Allison*, 431 U.S. 63(1977)
[16] *James v. Cupp*, 671 P.2d 750(Or. App. 1983)
[17] *State v. Garcia*, 605 P.2d 671(Or. 1980)

sentence is proper amounts to a "punishment disproportionate to the defendant's criminal responsibility for a single criminal episode". Next, is claim nn. Evidence of this is reflected in the audio cd of the trial transcripts. In _Morgalli-Olvera v. I.N.S._ [18] held, ambiguity of language in plea agreement is construed in favor of defendant and against the government. In this case, this is a verbal plea of not guilty to a significant offense. Next, is claim d. The facts are obvious. The petitioner received 240 months of post-prison supervision. Trial counsel made no objections. See _Britton v. Slater_ [19] held that defense counsel's failure to object to unauthorized term of post-prison supervision was ineffective assistance of counsel. See also, _State v. Crowell_ [20], _State v. Umtuch_ [21] and _State v. Burch_ [22] trial court failed to make allowance for defendant's time served. In claims dd and ss petitioner claims his trial counsel coerced him into making a plea to a deal of no deal. In one case an agreement by prosecutors to drop a greater charge which had no impact on applicable sentencing guidelines range provided no benefit to defendant, _U.S. v. Stanley_ [23]. The petitioner received nothing, no benefit, just a counsel's refusal to defend. Next, is claim uu. Counsel's deficiencies to fully object to the manner of the search and seizure of the petitioner's home and the interrogation tactics (lies) used to subtract statements from the petitioner. See _Florida v. J.L._ [24]. Petitioner has suffered prejudice and prays for this honorable court to remand his case for any further proceedings that it would deem just and proper.

Respectfully Submitted By,

x _____
(Petitioner's Signature)
JAMES ARTHUR ROSS  PRO SE'
S. I. D. # 12599830

---

[18] _Morgalli-Olvera v. I.N.S._, 43 F.3d 345(8th Cir. 1994)
[19] _Britton v. Slater_, 994 P.2d 1203(Or. App. 2000)
[20] _State v. Crowell_, 109 P.3d 390(Or.App. 2005)
[21] _State v. Umtuch_, 927 P.2d 142(Or. App. 1996)
[22] _State v. Burch_, 896 P.2d 10(1995)
[23] _U.S. v. Stanley_, 928 F.2d 575(2nd Cir. 1991)
[24] _Florida v. J.L._, __ U.S.__ ,120 S.Ct. 1375, 146 L.Ed.2d 254(2000)

**PRO SE SUPPLEMENTAL BRIEF**

ER - 12

**FILED: May 19, 2010**

IN THE COURT OF APPEALS OF THE STATE OF OREGON

JAMES ARTHUR ROSS,
Petitioner-Appellant,

v.

JEAN HILL, Superintendent, Snake River Correctional Institution,
Defendant-Respondent.

Malheur County Circuit Court
05084630M

A135040

Joseph F. Ceniceros, Senior Judge.

Submitted on July 21, 2009.

Patrick M. Ebbett and Chilton, Ebbett & Galli, LLC, filed the opening brief for appellant.
James Arthur Ross filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Judy C. Lucas,
Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Schuman, Judge.

LANDAU, P. J.

Reversed and remanded with instructions to enter judgment granting post-conviction
relief and resentencing on kidnapping convictions; otherwise affirmed.

---

## DESIGNATION OF PREVAILING PARTY AND AWARD OF COSTS

Prevailing party:     Appellant

[   ]  No costs allowed.
[X]  Costs allowed, payable by Respondent.
[   ]  Costs allowed, to abide the outcome on remand, payable by

---

1  LANDAU, P. J.

2      Petitioner pleaded no contest to and was convicted of multiple offenses,

3  including two counts of first-degree kidnapping.  A judgment of conviction was entered

4  on those convictions, including two separate counts of kidnapping.  Petitioner sought

5  post-conviction relief, arguing that his court-appointed lawyer was constitutionally

6  inadequate for a number of reasons, including that the lawyer failed to assert that the

7  criminal trial court should have merged the two kidnapping convictions.  The post-

8  conviction court denied relief, and petitioner appeals.

9      We reject all but one of petitioner's contentions without discussion, writing

10  only to address his argument that counsel should have objected to the failure to merge the

11  two kidnapping convictions.  The state concedes that the judgment should have merged

12  the two convictions, but it insists that, given the prevailing uncertainty about the state of

13  the law at the time that judgment was entered, petitioner's counsel was not

14  constitutionally inadequate for having failed to raise the issue.  We agree with petitioner

15  that counsel was constitutionally inadequate for failing to move to merge the two

16  kidnapping convictions.  We therefore reverse in part and remand for entry of post-

17  conviction relief.

18      The relevant facts are not in dispute.  Petitioner was charged with two

19  counts of first-degree kidnapping.  ORS 163.235 defines the offense of first-degree

20  kidnapping and provides, in part:

1       "(1) A person commits the crime of kidnapping in the first degree if

2   the person violates ORS 163.225 [second-degree kidnapping[1]] with any of

3   the following purposes:

4       " * * * * *

5       "(c) To cause physical injury to the victim; or

6       "(d) To terrorize the victim or another person[.]"

7   Tracking that statutory phrasing, the first kidnapping count in the indictment charged that

8   petitioner kidnapped the victim by taking her from one place to another, with the purpose

9   of causing her physical injury. ORS 163.235(1)(c). The second kidnapping count

10  charged that petitioner kidnapped the victim by taking her from one place to another,

11  with the purpose of terrorizing her. ORS 163.235(1)(d). Petitioner pleaded no contest to

12  both counts, and the court entered a judgment of conviction on each count.[2] At

---

[1]     ORS 163.225 provides, in part:

    "(1) A person commits the crime of kidnapping in the second degree
if, with intent to interfere substantially with another's personal liberty, and
without consent or legal authority, the person:

    "(a) Takes the person from one place to another[.]"

[2]     The prosecutor provided the following factual basis for petitioner's no contest
plea:

    "The evidence would be * * * the initial assaults began in the area of the
kitchen, that they moved at various points on down the hall towards the
master bedroom, that the assaults continued in the bedroom, that she was
moved again down through the hall, that all of this movement was against
her will and interfered with her liberty, that during all of this movement, * *
* defendant [was] subjecting her to physical abuse, including going into the
bathroom, smashing her head into the wall that left hair, taking her to the
living room and vaginally raping her. Further, it's the state's theory, Your
Honor, that the defendant, through the course of these events, was

1    sentencing in August 2004, the state explained that the two kidnapping convictions had

2    been pleaded as alternative theories for the same offense.  Nevertheless, defense counsel

3    did not ask the trial court to merge the two convictions.

4            In his petition for post-conviction relief, defendant asserted that the two

5    kidnapping convictions should have merged and that he was denied constitutionally

6    adequate and effective assistance of trial counsel under the Oregon and federal

7    constitutions as a result of trial counsel's failure to seek merger.  The post-conviction

8    court denied the petition.  Petitioner appeals, assigning error to (among other things) the

9    rejection of his contention that his criminal trial counsel failed to provide adequate and

10    effective counsel in neglecting to seek merger of the kidnapping convictions.

11            To prevail on a claim of constitutionally inadequate assistance under

12    Article I, section 11, of the Oregon Constitution, a petitioner must show by a

13    preponderance of the evidence that counsel "failed to exercise reasonable professional

14    skill and judgment, and that petitioner suffered prejudice as a result." *Lichau v. Baldwin*,

15    333 Or 350, 359, 39 P3d 851 (2002).  Whether counsel exercised reasonable skill and

16    judgment entails an examination of the law at the time of the criminal trial.  *Wells v.*

17    *Peterson*, 315 Or 233, 236, 844 P2d 192 (1992).  The fact that the law is "unsettled" at

18    the time of trial is relevant, but not dispositive.  As the Supreme Court explained in

---

threatening to kill [the victim], had leveled the gun at her several times, in
addition to the events that we described in the master bedroom that
constituted attempted aggravated murder and that his purpose in so doing
was to terrorize her."

1 *Burdge v. Palmateer*, 338 Or 490, 500, 112 P3d 320 (2005), whether counsel rendered

2 inadequate assistance is determined by the "reasonable professional skill and judgment"

3 standard and not by any generalized rule of thumb such as "unsettled questions of law."

4 Even when the law is unsettled, the benefits of raising an issue may be so obvious that

5 any lawyer exercising reasonable professional skill and judgment would do so. *Id.*

6      In this case, whether the two kidnapping convictions should have merged is

7 squarely controlled by *State v. White*, 202 Or App 1, 121 P3d 3 (2005), *aff'd*, 341 Or 624,

8 147 P3d 313 (2006). In *White*, we held that ORS 161.067(1)[3] requires the merger of

9 multiple convictions of first-degree kidnapping arising out of the same conduct or

10 criminal episode that are based on alternate theories for elevating second-degree

11 kidnapping to first-degree kidnapping. In reaching that conclusion, we relied on the

12 Oregon Supreme Court's opinion in *State v. Barrett*, 331 Or 27, 36, 10 P3d 901 (2000),

13 an aggravated murder case in which the court held that the multiple counts of aggravated

14 murder with which the defendant had been charged

15      "constitute no more than different theories under which murder becomes
16      subject to the enhanced penalties for aggravated murder. That defendant's
17      conduct in intentionally murdering the victim in this case was 'aggravated'
18      by 'any,' *i.e.*, one or more, act surrounding that conduct does not convert
19      that conduct into more than one separately punishable offense."

---

[3]      ORS 161.067(1) provides, in relevant part:

"When the same conduct or criminal episode violates two or more
statutory provisions and each provision requires proof of an element that
the others do not, there are as many separately punishable offenses as there
are separate statutory violations."

4

1    *Id.* We reasoned in *White* that the kidnapping statute, like the aggravated murder statute

2    considered by the Supreme Court in *Barrett*, enumerated different theories by which the

3    offense is enhanced.  In *Barrett*, the court had recognized that, despite the conclusion that

4    the convictions should merge, there were reasons why the "defendant's record should

5    depict the full extent of his involvement in the criminal conduct that led to the victim's

6    death."  331 Or at 36.  The court said, "[w]e think that the appropriate procedure would

7    have been to enter one judgment of conviction reflecting the defendant's guilt on the

8    charge of aggravated murder, which judgment separately would enumerate each of the

9    existing aggravating factors."  *Id.* at 37.  Relying on *Barrett*, we held in *White* that the

10   same procedure was appropriate under the kidnapping statute, and that only a single

11   judgment of conviction for kidnapping could be entered, stating the theories of

12   conviction.  *White*, 202 Or App at 13.

13              Clearly, in light of *White* and *Barrett*, the two kidnapping convictions in

14   this case should have merged.  As we have noted, the state concedes that much.  But, as

15   the state correctly contends, that does not end the matter.  The dispositive question is not

16   merely whether the convictions should have merged, but whether, at the time the

17   convictions were entered, reasonable counsel would have raised the issue.  On that

18   question, the state insists that, at the relevant time, the issue was not nearly as clear as it

19   is now.  In particular, the state notes that, two years after the Supreme Court decided

20   *Barrett*, the court issued a decision in *State v. Barnum*, 333 Or 297, 39 P3d 178 (2002),

21   which, the state contends, introduced considerable confusion to the subject of merger of

5

1    convictions.

2              In truth, the law pertaining to merger of convictions has not always been

3    clear.  It is fair to say that *Barnum*, in particular, muddied the waters on the question, at

4    least for a time.

5              In *Barnum*, the defendant was convicted of two separate counts of first-

6    degree burglary, ORS 164.225, one based on his having entered and remained in the

7    victim's house with the intent to commit arson, and one based on his having entered and

8    remained in the victim's house with the intent to commit theft.  333 Or at 300.  The court

9    had before it the question whether the defendant could properly be convicted of both

10   counts.  Citing the discussion from *Barrett* in which the court had explained why, despite

11   its conclusion that there could only be a single judgment of conviction, "there are cogent

12   reasons why defendant's record should depict the full extent of his involvement in the

13   criminal conduct that led to the victim's death," 331 Or at 36-37, the court explained in

14   *Barnum* that "[i]f the trier of fact found that each element of each count had been proved

15   beyond a reasonable doubt, then defendant properly could be convicted of both counts of

16   burglary, regardless of whether the two violations were separately punishable."  333 Or at

17   302.  The court held in *Barnum* that there was sufficient evidence to convict the

18   defendant of both counts of burglary.  333 Or at 302-03.

19             Following *Barnum*, this court decided *State v. Lucio-Camargo*, 186 Or App

20   144, 62 P3d 811 (2003), a burglary case in which we explained our "quandary" in

21   attempting to reconcile *Barnum* with the Supreme Court's prior case law:

1        "*Barnum* appears, without explanation, to authorize multiple convictions
2        and punishments even though the defendant's conduct violated only one
3        statutory provision and does not otherwise qualify under subsections (2)
4        and (3) of ORS 161.067."

5   186 Or App at 154. We noted the apparent conflict between *Barnum*, on the one hand,

6   and *Barrett* and at least two other Supreme Court opinions, *State v. Crotsley*, 308 Or 272,

7   276-77, 779 P2d 600 (1989), and *State v. Tucker*, 315 Or 321, 845 P2d 904 (1993), on the

8   other. In attempting to reconcile *Barnum* with those cases, we said:

9        "Perhaps the court believed that the issue of whether separate convictions
10       for burglary could be entered for a single unlawful entry was not before it,
11       thus leading to the failure to discuss that issue. Regardless, we are left to
12       discern the implications of *Barnum* in this case, which has different facts
13       and, arguably, a different issue.

14           "As we have said previously, the issue here is whether, in the
15       language of ORS 161.067, there are separately punishable offenses for
16       burglary because of defendant's unlawful entry into the victim's premises
17       with the intent to commit two separate crimes. We think that this case is
18       more like *Barrett* than *Barnum*. We continue to believe that the threshold
19       question is whether defendant violated more than one statutory provision
20       within the meaning of ORS 161.067(1). For the reasons expressed in our
21       initial opinion, we conclude that ORS 164.225 is a single statutory
22       provision that can be violated in alternative ways and that, consequently,
23       defendant's conduct was a violation of only one statutory provision for
24       purposes of that subsection."

25   *Lucio-Camargo*, 186 Or App at 155-56.

26        Thus, at the time of petitioner's sentencing in August 2004, this court's

27   opinion in *Lucio-Camargo* was the most recent appellate decision analyzing the issue of

28   merger of convictions under ORS 161.067(1), and it had applied the Supreme Court's

29   analysis in *Barrett* in determining whether more than one statute has been violated within

1   the meaning of that statute.[4]

2        We subsequently decided *White*. In affirming our decision, 341 Or 624,

3   637, 147 P3d 313 (2006), the Supreme Court explained that *Barnum* had been incorrectly

4   decided. The court rejected the state's suggestion that *Barnum* stands for the proposition

5   that ORS 161.067 "functions primarily as a 'gatekeeper' statute, aimed at determining

6   whether multiple convictions are potentially subject to consecutive sentencing" under

7   ORS 137.123, rather than whether a defendant could be properly convicted of the

8   multiple offenses. *White*, 341 Or at 634. The court held that *Barnum* was inconsistent

9   with the words and history of ORS 161.167 and the court's previous cases. The court

10   said that *Barrett* "maps out the proper approach to the question whether defendant's

11   conduct * * * violated 'two or more statutory provisions' * * * for purposes of ORS

12   161.067(1)." *White*, 341 Or at 638. The court reasoned that, as in *Barrett*, the legislature

13   intended the burglary statute to provide two alternative ways to commit the offense, but

14   did not define those alternatives in a way that would permit multiple burglary convictions

15   to arise out of a single unlawful entry. *White*, 341 Or at 640. The court further rejected

16   the contention that multiple convictions could be entered under ORS 161.067(3), as

17   repeated violations of the same statutory provision. The court said:

---

[4]     We note that the state petitioned for review of our opinion in *Lucio-Camargo* and that the Supreme Court allowed review, but that the defendant subsequently died. On February 18, 2004, the Supreme Court dismissed the petition for review and vacated our decision in *Lucio-Camargo*. 336 Or 422, 86 P3d 1139 (2004). We recognize that *Lucio-Camargo*, is not authoritative; however, it demonstrates the confused state of the law at the time of sentencing.

1　　　　"[G]iven that we have rejected the idea that the legislature intended
2　to define as a separate crime the act of remaining unlawfully in a building
3　after an unlawful entry, the idea that one could unlawfully enter a building
4　in question only once yet 'repeatedly' violate the burglary statute cannot be
5　sustained."

6　*White*, 341 Or at 640.

7　　　　In this case, the state now asserts that, in light of the unpredictable path of

8　the law from *Barrett* to *Barnum* to *White*, trial counsel was not ineffective or inadequate

9　in failing to seek a merger of the two kidnapping convictions. According to the state,

10　"not every reasonable trial counsel would have understood that defendant's kidnapping

11　convictions should merge." The state contends that, due to the unclear state of the law

12　subsequent to *Barnum*, a reasonable attorney in 2004 could have concluded that the

13　kidnapping statute defined multiple crimes and that a defendant could lawfully receive

14　two convictions for first-degree kidnapping arising out of the same conduct or criminal

15　episode if the evidence established the different theories for enhancement of the offense.

16　　　　The state, however, misapprehends the applicable test for determining the

17　constitutional adequacy of counsel. The existence of uncertainty as to the nature of the

18　applicable law does not, by itself, excuse a lawyer from making arguments about that

19　uncertain law, if the argument would benefit the client. The Supreme Court addressed

20　that very point in *Burdge*, in which the state had urged the court to adopt the position that

21　a lawyer is *never* constitutionally inadequate for failing to raise an unsettled question of

22　law. The court expressly rejected the state's contention:

23　　　　"The correct standard is whether counsel exercised reasonable professional
24　skill and judgment. Even if the meaning of a statute remains unsettled, the

1   statute may so obviously offer possible benefits to a defendant that any
2   lawyer exercising reasonable professional skill and judgment would raise it.
3   It is the 'reasonable professional skill and judgment' standard, and not
4   generalized and imprecise rules of thumb such as 'unsettled questions of
5   law,' that determines whether counsel rendered inadequate assistance."

6   *Burdge*, 338 Or at 500.

7       Thus, the question that we must address is whether, despite the ambiguity

8   in the case law, the benefits to defendant of raising the merger issue were so obvious that

9   any lawyer exercising reasonable professional skill and judgment would have done so.

10  We conclude that the answer is yes.

11      As the Supreme Court pointed out in *Barrett*, the question is one of

12  statutory construction. At the time of petitioner's sentencing, the issue of merger had

13  been addressed in the context of cases involving aggravated murder, *Barrett*, 331 Or at

14  33-36; first-degree rape, *Crotsley*, 308 Or at 274; and burglary, *Tucker*, 315 Or at 331. It

15  had not yet been addressed in the context of the kidnapping statutes. As this court said in

16  its first opinion in *State v. Lucio-Camargo*, 172 Or App 298, 305, 18 P3d 467 (2001), the

17  Supreme Court made clear in *Barrett* that the question whether the defendant has

18  violated more than one statutory provision within the meaning of ORS 161.067(1) is

19  largely dependent on an interpretation of the statutory provisions defining the offense and

20  whether they show that by listing separate theories for conviction, the legislature intended

21  to address "separate and distinct legislative concerns." *Id*. At the time of petitioner's

22  sentencing, reasonable counsel would have understood that, despite *Barnum*, the question

23  was open whether multiple kidnapping convictions based on separate theories must

1    merge.

2          In light of *Barrett* and *Lucio-Camargo*, and the similarity in the structure of

3    the aggravated murder statutes, the burglary statutes, and those involving kidnapping, we

4    conclude that reasonable counsel should also have concluded that raising the issue of

5    merger in the context of kidnapping was likely to be beneficial to petitioner.  We

6    conclude for those reasons that any lawyer exercising reasonable professional skill and

7    judgment would have raised the issue whether defendant's kidnapping convictions should

8    merge under ORS 161.067(1).  *See Burdge*, 338 Or at 500.  Accordingly, we conclude

9    that the post-conviction court erred in concluding that petitioner's trial counsel was not

10   ineffective in failing to raise the merger question at sentencing.

11         Reversed and remanded with instructions to enter judgment granting post-

12   conviction relief and resentencing on kidnapping convictions; otherwise affirmed.

## CERTIFICATE OF SERVICE

The below-signed individual certifies that he served two copies of the enclosed document, to wit: Appellant's Petition for Review in *Ross v. Hill*, A135040, on the below listed individual by either mailing them first class or causing them to be hand delivered on the below-listed date.

Served on:

Dept. of Justice, App. Div.
400 Justice Bldg.
1162 Court St. NE
Salem, OR 97310

Date: June 14, 2010

_____
Andrew S. Chilton, OSB No. 972339

## IN THE SUPREME COURT OF THE STATE OF OREGON

| | | |
|---|---|---|
| JAMES ARTHUR ROSS, | ) | |
| | ) | Malheur Cty Cir Ct Case |
| Petitioner on Review, | ) | No 05084630M |
| | ) | |
| vs. | ) | |
| | ) | App Ct Case No A135040 |
| JEAN HILL, Supt, | ) | |
| Snake River Correctional Institution, | ) | Sup Ct Case No S58553 |
| | ) | |
| Respondent on Review. | ) | |
| | ) | |

### *PRO SE* SUPPLEMENTAL PETITION FOR REVIEW OF
### JAMES ARTHUR ROSS

*Pro Se* Supplemental Petition for Review of the decision of the Court of Appeals
on appeal from a judgment of the Circuit Court for
Malheur County, The Honorable JOSEPH F. CENICEROS, Judge

Affirmed:     May 19, 2010
By:           Landau, PJ, Brewer, CJ, and Schuman, J

ANDREW S. CHILTON, #972339
    Chilton & Galli, LLC
    714 SW 20th Place
    Portland, OR 97205
    (503) 771-3587
        Attorney for Petitioner on Review

JOHN R. KROGER, OSB No 077207, Attorney General
DAVID B. THOMPSON, OSB No 951246, Interim Solicitor General
    Appellate Division
    400 Justice Building
    Salem, OR 97310
    (503) 378-4402
        Attorney for Respondent on Review

Brief on the merits will be filed if review is allowed.                    8/10

i

# TABLE OF CONTENTS

PETITION FOR REVIEW...........................................................1

    Opening Statement.........................................................1

    Adoptions ......................................................................1

    Questions Presented and Proposed Rules of Law.........................2

    Summary of Legal Argument................................................4

    Conclusion .....................................................................7

# TABLE OF AUTHORITIES

## Cases Cited

*State v. Barrett*, 331 Or 27, 37 n 4, 10 P.3d 901 (2000).................................2

*State v. Fish*, 282 Ore 53, 577 P.2d 500 (1978) SC No. 25486........................2

*State v. Tucker*, 315 Ore 321, 845 P.2d 904 (1993) SC No. S35724.................2

*State v. Walton*, 134 Or App 66,894 P.2d 1212 (1995)................................2

*State v. White*, 202 Or App 1, 121 P.3d 3 (2005), aff'd, 341 Or 624, 147 P.3d 313 (2006)................................................................................5

*Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984).....6

*Trujillo v. Maass*, 312 Or 431, 822 P2d 703 (1991)....................................6

## Constitutional and Statutory Provisions

Oregon Const. Art 1, section 10 ...............................................................6

Oregon Const. Art 1, section 11 ...............................................................6

Oregon Const. Art 1, section 15 ...............................................................6

United States Const. Amend I ...................................................................6

United States Const. Amend IV .................................................................6

United States Const. Amend V...................................................................6

United States Const. Amend VI .................................................................6

United States Const. Amend VIII ..............................................................6

United States Const. Amend XIV ..............................................................6

## APPELLANT'S PRO SE SUPPLEMENTAL PETITION

### Opening Statement

Petitioner's intentions in filing this Petition for Review is to raises some issues that he believes that the previous courts have failed to understand or that have been misconstrued that his appellate counsel would not raise in the main or opening Petition for Review. Hence forth, the petitioner felt a need to file this Supplemental Petition for Review as he believes all of his claims are of constitutional magnitude and that he suffers prejudice as a result. He prays that this Honorable Court will hear and consider his appeal.

### Adoptions

The petitioner adopts by reference the "Grounds for Review" in it's entirety and the "Statement of Historical and Procedural Facts" to the extent that petitioner does not adopt the statements made that there was no agreement as to sentencing" and "She (the victim) was taken to the emergency room near death" that the petitioner's attorney has prepared for him in the opening Petition for Review. (There is nothing in the initial police reports, paramedic's reports and especially medical records from the hospital that make this statement or that could even be enough to come close to backing this statement up. Also, the petitioner still insists that there was an agreement to concurrent sentencing)

2

## Questions Presented and Proposed Rule of Law

First Question Presented: Was trial counsel inadequate and ineffective for failing to request merger of the Attempted Aggravated Murder charge and the underlying felonies of that charge used to convict the petitioner of the more serious charge of Attempted Aggravated Murder?

Alternatively, was trial counsel inadequate and ineffective for failing to request that the "sentences" for the Attempted Aggravated Murder conviction and the underlying felonies of that conviction used to convict the petitioner of the more serious charge of Attempted Aggravated Murder be merged for sentencing?

First Proposed Rule of Law: Competent counsel would have requested and/or at least argued both of these issues. This especially where the law and precedent set by this Honorable Court in *Tucker*[1], *Fish*[2], *Walton*[3] and *Barrett*[4] were in the least questionable at the time of Petitioner's trial and sentencing.

Second Question Presented: Was trial counsel inadequate and ineffective for failing to request merger of the assault charges?

Second Proposed Rule of Law: Competent counsel would have in the least recognized the potential benefits for his client and requested the merger.

---

[1] State v. Tucker, 315 Ore 321, 845 P.2d 904 (1993) SC No. S35724
[2] State v. Fish, 282 Ore 53, 577 P.2d 500 (1978) SC No. 25486
[3] State v. Walton, 134 Or App 66,894 P.2d 1212 (1995)
[4] State v. Barrett, 331 Or 27, 37 n 4, 10 P.3d 901 (2000)

Third Question Presented:  Was trial counsel inadequate and ineffective for failing to ensure that the Petitioner's pleas were knowingly, intelligently and voluntary?

Third Proposed Rule of Law:  Competent counsel would have ensured the law fullness of the pleas.

Fourth Question Presented:  Can it be fairly and justifiably said that when a lawyer is deemed inadequate and ineffective on one issue in a particular proceeding, that there is no chance whatsoever that the entire proceeding was not hindered, muddied or unfair and not causing prejudice to the defendant whatsoever?

Fourth Proposed Rule of Law:  When a counsel has been deemed to have rendered inadequate and ineffective assistance of counsel in a particular proceeding, than that entire proceeding should be held anew and preferably with new counsel.

Fifth Question Presented:  In a case involving pleas were a defendant is praying that his counsel is giving him proper advice and/or he has no choice but to rely on that advice only to later find out that the advice was wrong or ill advised and convictions and sentences were vacated or merged by a higher court (which is only interpreting what the law has always meant) substantially affecting the

petitioner-defendant then should he not be allowed to plea anew, this especially in a case where he had shown extreme signs of wishing to finish trial as he had already went through 4 days of trial?

Fifth Proposed Rule of Law: Petitioner's convictions and sentences should be vacated and he should be allowed to plea anew.

## Summary Of Argument

Petitioner believes that the reason why this Honorable Court did not refer to it's earlier precedents in *Tucker* and *Fish* in it's ruling of *Barrett* is because they are two different issues. *Barrett* seems to refer to the need of the record to show or outline all of a defendant's conduct or criminal activity to which he is convicted of. Basically, *Barrett* is a case concerning merger of convictions. Whereas, *Tucker* and *Fish* appear, at a closer look, to be referring to the sentences of those convictions merging and not the actual convictions themselves, just the sentences. Petitioner believes that the Oregon Court of Appeals in it's decision in *Wilson*[5] is wrong or in the least misconstrued in part. This fact is pointed out in it's statement in *Wilson* "In particular, the above-quoted statement from *Wilson II* was predicated on our assumption that, under *"State v. Tucker*, 315 Or [321, 331, 845 P2d 904 (1993) , ]

---

[5] State v. Wilson, 216 Or App 226, 173 P.3d 150 (2007)

5

the sentencing court was required to merge the assault and kidnapping convictions

with the aggravated murder convictions." Wilson II, 161 Or App at 322." This is

not the only case that the Oregon Court of Appeals used this incorrect analysis on.

It also used this understanding in *Walton*. This is where the petitioner thinks that

the court first made it's incorrect understanding of *Tucker* and *Fish* as applying to

a "merger of convictions" issue rather than a sentencing issue referring to when

such sentences should merge. This Honorable Court should at least allow review to

sort out this confusion. Petitioner also claims that his assault convictions should

have merged into one single conviction. The analysis used in *White*[6] would also

apply to these charges as well as they are nothing more than different theories of

committing assault. This especially in a case where there is only one victim. This is

not the only precedent that refers to multiple convictions of the same crime

merging. Petitioner also claims that there are several factors that a defendant relies

upon when considering to make a plea, instead of going to trial. One of the most

important factors that is considered is the advice of counsel or the defendant's

belief in his counsel's abilities to defend him. Therefore, when a defendant's

counsel tells him that he can and/or will be convicted of certain charges and

sentenced to them and advises him that he cannot defend him and that he should

---

[6] State v. White, 202 Or App 1, 121 P.3d 3 (2005), aff'd, 341 Or 624, 147 P.3d 313 (2006)

make a plea, then a defendant is relying on all of that information and advice from his lawyer. So, later when a higher court rules that his lawyer was inadequate and ineffective pertaining to those particular factors that he relied on in giving up any of his constitutional rights, than the outcome of that entire proceeding was in the least tainted if not unconstitutional and thus causing prejudice to the petitioner. This is what has happened in this instant case. Petitioner's convictions and sentences should be vacated and he should be allowed to plea anew.

Petitioner also claims that when a lawyer renders inadequate and ineffective assistance of counsel in a particular proceeding than that entire proceeding in the least should be held anew. The petitioner should be afforded a new sentencing hearing in it's entirety.

The above has caused petitioner to be denied due process of the law and/or has received ineffective assistance of counsel as guaranteed to him under Article 1, Section 10, 11 and 15 of the Oregon Constitution and *Trujillo v. Mass,* and the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, made applicable to the states by the 14th Amendment to the United States Constitution and *Strickland v. Washington,* and he has suffered prejudice as a result.

Finally, petitioner wishes to advance to this court the legal issues raised in his *pro se* supplemental brief. These documents are attached.

7

## CONCLUSION

This Honorable Court should reverse the Court of Appeals and the Post-Conviction Court and remanded for further proceedings. Alternatively, this case should be in the least remanded for a new sentencing hearing and/or any further proceedings that this Honorable Court would deem just and proper.

Respectfully Submitted By,

X _____
(Signature)
James Arthur Ross   Pro Se'
SID# 12599830
E. O. C. I.
2500 Westgate
Pendleton, Oregon 97801

## CERTIFICATE OF SERVICE

The below-signed individual certifies that he served two copies of the enclosed document, to wit: Appellant's *Pro Se* Supplemental Petition for Review in *Ross v. Hill*, S58553, on the below listed individual by either mailing them first class or causing them to be hand delivered on the below-listed date.

Served on:

Dept. of Justice, App. Div.
400 Justice Bldg.
1162 Court St. NE
Salem, OR 97310

Date: August 17, 2010

_____
Andrew S. Chilton, OSB No. 972339

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

JAMES ARTHUR ROSS,

       Plaintiff,

vs.

JEAN HILL,
Superintendent,
Snake River Correctional Institution,

       Respondent,

County Circuit Court
Case No. 05-08-4630-M

* * * FOURTH AMENDED * * *
FORMAL PETITION FOR
POST-CONVICTION RELIEF

(ORS 138.510, et. Seq.)

**COMES NOW**, the above named Petitioner, and respectfully petitions this Court for

Post-Conviction Relief pursuant to ORS 138.510 – 138.680, and alleges as follows:

1.

Respondent, JEAN HILL, is duly appointed, qualified and acting superintendent of the

Snake River Correctional Institution of Oregon.

2.

Petitioner is unlawfully imprisoned and restrained of his liberty by the above named

respondent. Petitioner is imprisoned at Snake River Correctional Institution located at 777

Stanton Boulevard Ontario, Oregon 97914 – 8335.

Page 1 of 21 **FORMAL PETITION FOR POST-CONVICTION RELIEF**

3.

Petitioner's imprisonment is by virtue of a judgment and sentences imposed by the Douglas County Circuit Court in the case of ***State of Oregon v. James Arthur Ross***. Trial Court Case No. 04CR0429FE; Conviction date: 10th day of June, 2004; Sentencing date: 31st day of August, 2004.

4.

Daniel Bouck represented the Petitioner during his trial court proceedings; Rebecca Duncan represented the Petitioner on direct appeal.

5.

Petitioner was originally charged with the following crimes:

Assault in the Second Degree;
Kidnapping in the First Degree;
Rape in the First Degree;
Sodomy in the First Degree
Interference with Making a Report.

6.

Petitioner went to trial and after several days at trial entered a pleading of no contest and guilty and was ultimately convicted of:

Attempted Aggravated Murder;
Rape in the First Degree;
Sodomy in the First Degree;
Sodomy in the First Degree;
Kidnapping in the First Degree;
Kidnapping in the First Degree;
Assault in the Second Degree;
Assault in the Second Degree;
Felony Assault in the Fourth Degree;

1    Strangulation;
     Menacing; and
2    Interference with Making a Report.

3

4                                    7.

5         The Honorable Stephen Walker presided over Petitioner's trial and sentenced petitioner

6    to:

7         · 120 Months for the Attempted Aggravated Murder plus 36 Months Post-Prison
8            Supervision; consecutive to all others;
          · 90 Months for kidnapping in the First Degree plus 36 Months Post-Prison Supervision;
9            consecutive;
          · 90 Months for kidnapping in the First Degree plus 36 Months Post-Prison Supervision;
10           concurrent to count 2 consecutive to all others;
          · 100 Months for Rape in the First Degree plus 140 Months Post-Prison Supervision;
11           consecutive to counts 1, 2, 3, 5-12;
          · 100 Months for Sodomy in the First Degree plus 140 Months Post-Prison Supervision;
12           consecutive to counts 1, 2, 3, 4, 7-12;
          · 100 Months for Sodomy in the First Degree plus 140 Months Post-Prison Supervision;
13           consecutive to counts 1, 2, 3, 5, 7-12;
          · 70 Months for Assault in the Second Degree plus 36 Months Post-Prison Supervision;
14           consecutive to counts 1-6 and 9-12, but concurrent with count 8;
          · 70 Months for Assault in the Second Degree plus 36 Months Post-Prison Supervision;
15           consecutive to counts 1-6 and 9-12, but concurrent with count 7;
          · 90 Days in jail for Assault in the Fourth Degree, concurrent with all others;
16        · 1 year in jail for Strangulation, concurrent with all others;
          · 1 year in jail for Menacing, concurrent with all others; and
17        · 1 year in jail for Interference with Making a Report.

18        The judgment sentenced the Petitioner to a 480 month term of imprisonment with an

19   additional 240 month term of Post-Prison Supervision.

20

21                                   8.

22        Documents to support this petition are not included, but will be submitted as evidence

23   pursuant to the Order Regarding Post-Conviction Relief Proceedings entered in this case on

24

Page 3 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    September 8th , 2005.

2                    9.

3         Petitioner by and through counsel, alleges that he was denied effective assistance of trial

4    counsel in violation of Article 1, Section 10 and 11 of the Oregon Constitution and the 6th

5    Amendment of the United States Constitution, made applicable to the states by the 14th

6    Amendment to the United States Constitution and *Strickland v. Washington,* in the following

7    manner:

8         a. Same claims as listed under section 11 of this Formal Petition for Post-Conviction

9          Relief.

10

11                  10.

12        Petitioner by and through counsel, alleges that he was denied effective assistance of

13    Appellate counsel in violation of Article 1, Section 10 and 11 of the Oregon Constitution and the

14    6th Amendment of the United States Constitution, made applicable to the states by the 14th

15    Amendment to the United States Constitution and *Strickland v. Washington,* in the following

16    manner:

17         a. Same claims as listed under section 12 of this Formal Petition for Post-Conviction

18          Relief.

19

20                  11.

21        Petitioner further alleges that he was denied effective assistance of trial counsel and that

22    the convictions and sentences are illegal in violation of Article 1, Section 10, 11 and 15 of the

23    Oregon Constitution and *Trujillo v. Maass,* and the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of

24    the United States Constitution, made applicable to the states by the 14th Amendment to the

**FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    United States Constitution and ***Strickland v. Washington,*** in the following manner:

2    a. Trial counsel was ineffective in failing to withdraw from Petitioner's case as requested,

3    resulting in trial counsel remaining as Petitioner's trial counsel, where a competent

4    attorney would have notified the court himself of the conflict and requested to be

5    removed from the case and the petitioner has suffered prejudice as a result.

6    b. Trial counsel was ineffective in failing to file a notice of appeal on the Petitioner's

7    behalf and in fact, in the Petitioner's belief, ill-informed the appellate office by stating

8    that he was satisfied with the outcome of the trial court proceedings, resulting with the

9    petitioner being denied his right to a direct appeal and the petitioner has suffered

10    prejudice as a result.

11    c. Trial counsel was ineffective in failing to make and adequately preserve claims for the

12    Petitioner's direct appeal process and/or appellate process in it's entirety.

13    d. Trial counsel was ineffective in failing to object to the excessive post-prison

14    supervision that was imposed on the petitioner and the petitioner has suffered

15    prejudice as a result.

16    e. Trial counsel was ineffective in failing to file a motion to quash the indictment and

17    the petitioner has suffered prejudice as a result.

18    f. Trial counsel was ineffective in failing to object to the indictment for failure to state

19    an offense on count 1: Att. Agg. Murder. It merely stated that the petitioner was to

20    commit this offense to cover up another crime. It did not state how the petitioner was

21    to commit such an offense nor did it differentiate itself from the assault offenses for

22    purposes of imposing consecutive sentences and thus violating defendant's double

23    jeopardy and due process rights of the United States Constitution along with his 6th

24    amendment right to effective assistance of counsel as guaranteed to him and the

1  petitioner has suffered prejudice as a result.

2  g. Trial counsel was ineffective in failing to motion for an acquittal or a dismissal of

3  the Attempted Aggravated Murder offense against the petitioner as all elements of

4  the offense were not established and for lack of evidence and/or intent to support

5  such an offense and the petitioner has suffered prejudice as a result.

6  h. Trial counsel was ineffective in failing to file a motion to dismiss the Kidnapping in

7  the First Degree charge(s) against Petitioner as all elements and/or intent of

8  kidnapping were not established and the petitioner has suffered prejudice as a result.

9  i. Trial counsel was ineffective in failing to challenge the indictment for failure to state

10  a difference in the kidnapping charges, counts 2 & 3, which violated defendant's

11  double jeopardy and due process rights of the United States Constitution along with

12  his 6th amendment right to effective assistance of counsel as guaranteed to him and the

13  petitioner has suffered prejudice as a result.

14  j. Trial counsel was ineffective in failing to motion for a merger of convictions and the

15  petitioner has suffered prejudice as a result.

16  k. Trial counsel was ineffective in failing to motion for a merger of convictions in a

17  multiplicous and undifferentiating indictment and the petitioner has suffered prejudice

18  as a result.

19  l. Trial counsel was ineffective in failing to argue that the multiple and undifferentiated

20  charges in the indictment, ultimately ending up in multiple convictions and sentences,

21  inflicted more punishment than justifiable in a single criminal episode and the

22  petitioner has suffered prejudice as a result.

23  m. Trial counsel was ineffective in failing to file a motion to disqualify the judge based

24  upon the judge's personal knowledge of the facts and/or for being bias, especially at

1    the sentencing phase where he stated that if the victim would have died, his mind was

2    easily made up to give the petitioner the death penalty, which he would have no

3    authority to impose, because such a sentence would have had to have been handed

4    down from a jury, especially when none of the aggravating facts were proven beyond

5    a reasonable doubt to a jury nor admitted to by the petitioner, but in making such a

6    statement showing his true intent to inflict great and/or cruel and unusual punishment

7    on the petitioner ending up in a grave injustice to the petitioner and the petitioner has

8    suffered prejudice as a result.

9    Ø. Trial counsel was ineffective in failing to effectively and/or fully object to and argue

10    that the consecutive sentences imposed by the trial court were unconstitutional, in

11    violation of ***Blakely***, especially when the petitioner had pleaded not guilty to any and

12    all aggravating factors, which the trial court accepted and the petitioner has suffered

13    prejudice as a result.

14    Ø. Trial counsel was ineffective in failing to effectively and/or fully object to and/or

15    attack the Petitioner's sentence as to consecutive sentencing issues, ***Blakely*** issues,

16    ***Booker*** issues, single criminal episode issues, **ORS** 137.123 issues, and/or

17    sentencing guideline's 200- 400% rules, especially when the petitioner had pleaded not

18    guilty to any and all aggravating factors, which the trial court accepted and the

19    petitioner has suffered prejudice as a result.

20    ₲ ₱. Trial counsel was ineffective in failing to submitt evidence that proved against the

21    district attorney's statements tht the victim in this case had a collapsed lung and broken

22    ribs. This statement was used against the petitioner in the interogation room to subtract

23    statements from the petitioner and then again during the trial and then again during the

24    sentencing phase to give the petitioner greater punishment all without any objection

1    from the petitioner's trial counsel and thus causing ineffective assistance of counsel

2    and the petitioner has suffered prejudice as a result.

3    d. Trial counsel was ineffective in failing to object when the trial court entered into

4    judicial fact finding for aggravating factors when the trial court had already accepted a

5    pleading of not guilty to any and all aggravating factors and thus causing ineffective

6    assistance of counsel and the petitioner has suffered prejudice as a result.

7    f. Trial counsel was ineffective in failing to fully explain the plea agreement to the

8    petitioner, thus Petitioner's plea pursuant to the plea agreement was not knowingly,

9    voluntarily and intelligently made. and the petitioner has suffered prejudice as a result.

10    g. Trial counsel was ineffective in failing to explain to the petitioner the consequences of

11    pleading guilty and no contest and the presumptive sentence pursuant to the Oregon

12    Sentencing Guidelines Gird, which instead ended up in several consecutive mandatory

13    minimum prison sentences pursuant to Ballot Measure 11 and the petitioner has

14    suffered prejudice as a result.

15    h. Trial counsel was ineffective in failing to inform petitioner of the serious

16    consequences of a stipulated or open - ended sentence. Trial counsel did not inform

17    petitioner of the right to have a jury decide any fact that would enhance his sentence

18    beyond the prescribed statutory maximum. Had trial counsel informed the petitioner,

19    petitioner would have elected to <u>finish</u> trial and the petitioner has suffered prejudice as

20    a result.

21    i. Trial counsel was ineffective in failing to object to the imposition of Ballot Measure

22    11 as it is unconstitutional and the petitioner has suffered prejudice as a result.

23    y. Trial counsel was ineffective in failing to object to prosecutorial misconduct during

24    trial phase as well as during sentencing phase and the petitioner has suffered prejudice

1    as a result.

2    w. Trial counsel was ineffective in telling the petitioner that the plea agreement was

3    different than the actual agreement entered to the court and the petitioner has suffered

4    prejudice as a result.

5    x. Trial counsel was ineffective in failing to adequately argue and fully pursue the

6    Petitioner's rights to bail and the petitioner has suffered prejudice as a result.

7    y. Trial counsel was ineffective in failing to pursue and/or acquire the expert psychiatrist

8    that defendant was requesting in this case by the name of Korr Johnson, which was

9    said to be the only qualified  psychiatrist to examine the petitioner by some of the top

10   defense lawyer's in the state and the petitioner has suffered prejudice as a result.

11   z. Trial counsel was ineffective in informing the petitioner that there was no valid self

12   defense in Oregon and the petitioner has suffered prejudice as a result.

13   aa. Trial counsel was ineffective in failing to raise and argue an **ORS 163.325** defense

14   in general and/or in it's entirety and/or in at least to counts 4, 5, and 6 and the

15   petitioner has suffered prejudice as a result.

16   bb. Trial counsel was ineffective in failing to fully investigate and/or subpoena witnesses

17   including but not limited to:

18   1. Maryella Brown;

19   2. Tammy Mendenhall;

20   3. Tammy Dean Mendenhall;

21   4. Peirce Pippen;

22   5. Lydia Pippen;

23   6. Kevin Rucker;

24   7. Ken Madison;

8. Ken (Last name unknown), victim's boss at Dairy Quenn;

9. Angela Cheridan;

10. Ex-Girlfriends.

cc. Trial counsel was ineffective in failing to use all witnesses available to him and to let the petitioner know and/or have copies of all the statements made by the witnesses that did come forth and present themselves, who he still ignored and the petitioner has suffered prejudice as a result.

dd. Trial counsel was ineffective in coercing the petitioner into making him take a plea agreement and to plea to all counts against him and against his will and best interest and the petitioner has suffered prejudice as a result.

ee. Trial counsel was ineffective in failing to discuss with the petitioner his competency to stand trial and the petitioner has suffered prejudice as a result.

ff. Trial counsel was ineffective in failing to argue the Petitioner's competency at the time of the accused offenses took place, in the least, for intent purposes especially when the victim was petitioner wife, the petitioner has suffered prejudice as a result.

gg. Trial counsel was ineffective in failing to get the Petitioner's trial moved as it was a highly publicized and political case that affected the Petitioner's rights to a fair trial and the petitioner has suffered prejudice as a result.

hh. Trial counsel was ineffective when he violated the petitioner's attorney client privileges and caused a breach of contract when he gave statements made by the petitioner, at counsel's request, concerning the case over to the district attorney and the petitioner has suffered prejudice as a result.

ii. Trial counsel was ineffective in failing to object to the trial court's abuse of discretion when trial judge decided what was in the best interests of the petitioner and thus

1    causing ineffective assistance of counsel and violating petitioner's rights to due

2    process of the law and petitioner has suffered prejudice as a result.

3    jj. Trial counsel was ineffective in failing to help the petitioner in obtaining substitute

4    counsel where an effective attorney would have helped and file a motion to withdraw,

5    which he has in fact done in other previous cases and in fact the petitioner asserts that

6    trial counsel did totally the opposite and in fact was laughing at the petitioner in court

7    when he was attempting to have him replaced and the petitioner has suffered

8    prejudice as a result.

9    kk. Trial counsel was ineffective in failing to object to the trial court's abuse of discretion

10    in ignoring the petitioner's several requests for substitute counsel and failing to

11    conduct an evidentiary hearing on the matter to thoroughly investigate and/or to hear

12    the petitioner out on his claims and accusations as stated in this petition and in the

13    trial memorandum in support of this petition as to the ineffectiveness and conflicts of

14    interest of petitioner's trial counsel, caused ineffective assistance of counsel and in

15    fact made the petitioner proceed to trial without effective assistance of counsel and

16    the petitioner has suffered prejudice as a result.

17    ll. Trial counsel was ineffective in failing to object, motion, file and/or argue for an

18    extension of time when the petitioner told the court that he wished to retain an

19    attorney, after the court stated that they would not give him substitute counsel and

20    inquired that there was in fact someone wanting to retain counsel for the petitioner,

21    and thus not giving the petitioner enough time to obtain such an attorney when the

22    financial funds to obtain such attorney was coming from another country and

23    therefore forcing petitioner to proceed without effective assistance of counsel and

24    petitioner has suffered prejudice as a result.

1      mm. Trial counsel was ineffective when counsel and the petitioner had several bad

2      incidents where they had several bad words between each other. One in particular,

3      was when trial counsel stated to the petitioner that he believed he was guilty of all

4      charges and that he would not prepare a defense for him because he believed that

5      petitioner deserved whatever the district attorney wanted to give him. Then the

6      petitioner replied that this is why he did not want him on his case because he was

7      doing nothing but sabotaging the case and that he was fired, although despite

8      petitioner's several attempts to fire his counsel he was unsuccessful. This resulted in a

9      total break in communication between petitioner and his counsel. Petitioner's time

10      was consumed in trying to fire and have his counsel replaced that it left petitioner

11      with no time or legal materials to prepare a defense for himself. Therefore, he was

12      forced to proceed with this counsel, Daniel Bouck, that petitioner had absolutely no

13      faith in, was disloyal, had no defense prepared for him and as far as the petitioner

14      was and is concerned purposely sabotaging his case and the petitioner has suffered

15      prejudice as a result.

16      nnn. Trial counsel was ineffective in failing to object when the trial court accepted a

17      pleading involving a not guilty plea to one of the counts and in fact counsel should

18      have asked for a brief recess to re-assure that the petitioner knew what he was doing

19      so that it could be said that he was knowingly willingly and intelligently making the

20      plea and instead the petitioner's counsel told the court that the petitioner obviously did

21      not understand what he was doing and continued to enter the plea that he thought was

22      appropriate and thus causing ineffective assistance of counsel and violating

23      petitioner's rights to due process of law and petitioner has suffered prejudice as a

24      result.

Page 12 of 21 **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1     oo. Trial counsel was ineffective in failing to explain and give knowledge to the

2            petitioner concerning the case and charges and/or any defenses available to him and

3            the petitioner has suffered prejudice as a result.

4     pp. Trial counsel was ineffective in failing to object to the use of less then 7 member

5            grand jury on the indictment and when it was amended and the petitioner has

6            suffered prejudice as a result.

7     qq. Trial counsel was ineffective in failing to object, motion, file and/or argue that there

8            was an insufficient law library in the county jail for the petitioner to prepare a defense

9            or research his case and the petitioner has suffered prejudice as result.

10     rr. Trial counsel was ineffective in failing to make sure that the trial transcripts were

11           being properly and thouroughly preserved for the petitioner and thus causing

12           ineffective assistance of counsel and violating the petitioner's rights to due process of

13           the law and petitioner has suffered prejudice as a result.

14     ss. Trial counsel was ineffective when he continued to override the petitioner's pleading

15           and enter his own plea's, making them for the petitioner, after counsel had stated, on

16           the record, that the petitioner did not understand what he was doing in the pleading,

17           thus causing ineffective assistance of counsel and denying petitioner of his rights to

18           due process of the law and the petitioner has suffered prejudice as a result.

19     tt. Trial counsel was ineffective in obtaining and presenting all evidence available and

20           the petitioner has suffered prejudice as a result.

21     uu. Trial counsel was ineffective in failing to move to suppress the fruits of the search

22           of petitioner's house by police which violated petitioner's 4th amendment rights and

23           also petitioner's statements made to police and the petitioner has suffered prejudice

24           as a result.

**FORMAL PETITION FOR POST-CONVICTION RELIEF**

1     v. Trial counsel was ineffective in failing meaningfully to oppose the prosecution's case

2         and the petitioner has suffered prejudice as a result.

3     ww. Trial counsel was ineffective when he told the petitioner that there was no defenses

4         available to him against the charges and the petitioner has suffered prejudice as a

5         result.

6     xx. Trial counsel was ineffective when trial counsel told the petitioner that he could not

7         retract his plea's after petitioner realized that he would not be receiving the plea

8         agreement of the 120 months concurrent sentencing and the petitioner has suffered

9         prejudice as a result.

10    yy. Trial counsel was ineffective when there was a conflict of interests when he

11        previously represented the Petitioner's mother and was in fact fired by the Petitioner's

12        mother when he tried to make her admit to things that she did not do and accept a

13        plea bargain for life in prison for murder and refused to help her otherwise, which

14        coincidently is the same type of representation that the petitioner has endured from

15        this counsel with the only difference that Petitioner's mother was able to fire trial

16        counsel Daniel Bouck where as the petitioner was not so fortunate, thus leaving the

17        entire family scared out of their minds knowing what the outcome of the trial would

18        be with the petitioner being represented by this counsel Daniel Bouck, putting more

19        stress, strain and the same if not more scarce on  the petitioner with no real options

20        left to him but to proceed with this counsel and suffer the outcomes, which ended up

21        with the petitioner pleading out to all of the charges against him with a false

22        understanding of what he would be receiving as a result of his pleading, where the

23        Petitioner's true will and intent was to finish trial and the petitioner has suffered

24        prejudice as a result.

1

2                                                    12.

3          Petitioner further alleges that he was denied effective assistance of appellate counsel in

4   violation of Article 1, Section 10 and 11 of the Oregon Constitution and *Trujillo v. Maass*, and

5   the 6th Amendment of the United States Constitution, made applicable to the states by the 14th

6   Amendment to the United States Constitution and *Strickland v. Washington*, in the following

7   manner:

8          a. Appellate counsel was ineffective in failing to file a notice of appeal and  petitioner

9             has suffered prejudice as a result.

10         b. Appellate counsel was ineffective in failing to investigate Petitioner's case and

11            petitioner has suffered prejudice as a result.

12         c. Appellate counsel was ineffective in failing to file a brief on Petitioner's behalf and

13            petitioner has suffered prejudice as a result.

14         d. Appellate counsel was ineffective in failing to file a merits brief on Petitioner's behalf

15            and  petitioner has suffered prejudice as a result.

16         e. Appellate counsel was ineffective in failing to file a Ander brief on Petitioner's behalf

17            and  petitioner has suffered prejudice as a result.

18         f. Appellate counsel was ineffective in failing to bring to the court's attention "anything

19            in the record that might arguably support the appeal" and  petitioner has suffered

20            prejudice as a result.

21         g. Appellate counsel was ineffective when Petitioner was denied to have his case handed

22            over to an appellate attorney and petitioner has suffered prejudice as a result.

23         h. Appellate counsel was ineffective in assuming the Petitioner's claims were frivolous

24            and petitioner has suffered prejudice as  a result.

Page 15 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

i.  Appellate counsel was ineffective when they were ill-informed as to the merits of
Petitioner's claims by the Petitioner's trial counsel and petitioner has suffered prejudice
as a result.

j.  Appellate counsel was ineffective in failing to attack the Petitioner's sentences as to
consecutive issues, **_Blakely_** issues, **_Booker_** issues, single criminal episode issues,
**ORS** 137.123 issues and/or sentencing guideline's 200 – 400% rules, especially when
the trial court accepted a pleading of not guilty to any and all aggravating factors and
petitioner has suffered prejudice as a result.

k.  Appellate counsel was ineffective for failing to appeal the courts imposition of
multiple undifferentiated convictions in a single criminal episode and  petitioner has
suffered prejudice as a result.

l.  Appellate counsel was ineffective in failing to raise a claim as to Ballot Measure 11 as
it is unconstitutional and  petitioner has suffered prejudice as a result.

m.  Appellate counsel was ineffective in failing to raise a claim as to the imposition of
consecutive Ballot Measure 11 sentences and  petitioner has suffered prejudice as a
result.

n.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's
abuse of discretion when trial judge decided what was in the best interests of the
petitioner and thus causing ineffective assistance of counsel and/or violating the
petitioner's rights to due process of the law and petitioner suffered prejudice as a result.

o.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's
abuse of discretion and/or ineffective assistance of counsel when the trial court
accepted a pleading involving a not guilty plea to one of the counts and thus causing
ineffective assistance of counsel and/or violating petitioner's rights to due process of

1    the law and petitioner has suffered prejudice as a result.

2    p.   Appellate counsel was ineffective in failing to raise a claim as to the insufficient law

3         library at the petitioner's county jail for him to prepare a defense and thus causing

4         ineffective assistance of counsel and/or violating petitioner's rights to due process of

5         the law and petitioner has suffered prejudice as a result.

6    q.   Appellate counsel was ineffective in failing to obtain much needed documents to

7         properly address an appeal such as the proper case files and trial transcripts and in the

8         least provided the petitioner with said information, thus causing ineffective assistance

9         of counsel and/or violating the petitioner's rights to due process of the law and

10        petitioner has suffered prejudice as a result.

11   r.   Appellate counsel was ineffective in failing to raise a claim as to the faulty and "cut-

12        up" trial court transcripts making it very difficult and/or impossible for the petitioner

13        to thoroughly and fully attack, argue and/or raise and thoroughly exhaust every claim

14        possible, causing ineffective assistance of counsel and/or violating the petitioner's

15        rights to due process of the law and petitioner has suffered prejudice as a result.

16   s.   Appellate counsel was ineffective in not advising the petitioner of his rights to pursue

17        a direct appeal on his own after counsel refused to pursue an appeal on his behalf and

18        in the least point him in the right direction to do so with the needed information to do

19        so, thus causing ineffective assistance of counsel and/or violating the petitioner's rights

20        to due process of the law and petitioner has suffered prejudice as a result.

21   t.   Appellate counsel was ineffective in failing to raise a claim as to the trial court's abuse

22        of discretion when trial court accepted and allowed petitioner's trial counsel to

23        continue to override the petitioner's pleading and enter his own plea's, making them

24        for the petitioner, after the petitioner's trial counsel had stated, on the record, that the

1     petitioner did not understand what he was doing in the pleading, thus causing

2     ineffective assistance of counsel and/or violating the petitioner's rights to due process

3     of the law and the petitioner has suffered prejudice as a result

4   u.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's

5     abuse of discretion when petitioner told the court that he wished to obtain an attorney,

6     after the court stated that they would not give him substitute counsel and inquired that

7     there was in fact someone wanting to obtain counsel for the petitioner, by not giving

8     the petitioner enough time to obtain such an attorney when the financial funds to

9     obtain such attorney was coming from another country and therefore forcing petitioner

10     to proceed without effective assistance of counsel and/or violating the petitioner's

11     rights to due process of the law and petitioner has suffered prejudice as a result.

12   v.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's abuse

13     of discretion in ignoring the petitioner's several requests for substitute counsel and

14     failing to conduct an evidentiary hearing on the matter to thoroughly investigate

15     and/or to hear the petitioner out on his claims and accusations as stated in this petition

16     and in the trial memorandum in support of this petition as to the ineffectiveness and

17     conflicts of interest of petitioner's trial counsel, caused ineffective assistance of

18     counsel and in fact made the petitioner proceed to trial without effective assistance of

19     counsel and/or violating the petitioner's rights to due process of the law and the

20     petitioner has suffered prejudice as a result

21   w.  Trial counsel was ineffective in failing to object when the trial court entered into

22     judicial fact finding for aggravating factors when the trial court had already accepted a

23     pleading of not guilty to any and all aggravating factors and thus causing ineffective

24     assistance of counsel and/or violating the petitioner's rights to due process of the law

1      and the petitioner has suffered prejudice as a result.

2                                    13.

3      Taken alone or in any combination, the above has caused prejudice to the Petitioner,

4      denied Petitioner of his due process of law and effective assistance of counsel as promised by the

5      State Constitution and the United States Constitution.

6

7                                    14.

8      Taken alone or in any combination, the above has caused prejudice to the Petitioner

9      where he has been subjected to several multiplicious and undifferentiating convictions resulting

10     in a mandatory minimum sentece of 480 months with 240 months post-prison supervision,

11     denied Petitioner of his protection against cruel and unusual punishment and his rights to

12     rehabilitation and his due process of law and effective assistance of counsel rights and/or

13     birthrights as promised by the Oregon and United States Constitutions.

14

15     **WHEREFORE,** Petitioner prays for an Order:

16          a. Vacating his convictions and sentences in Douglas County Circuit Court in the case of

17             *State of Oregon v. James Arthur Ross,* Case No. 04CR0429FE;

18          b. Granting a new trial in Douglas County Circuit Court in the case of *State of Oregon v.*

19             *James Arthur Ross,* Case No. 04CR0429FE;

20          c. Release Petitioner from custody;

21          d. Grant a delayed direct appeal;

22          e. Remand the case of Douglas County Circuit Court in the case of *State of Oregon v.*

23             *James Arthur Ross,* Case No. 04CR0429FE;

24          f. Modify the sentences; and

Page 19 of 21   **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    g. Grant such further relief as this Court deems just and proper.

2

3

4

5    **DATED** this 26th day of October, 2006.

6

7

8                                    Respectfully Submitted By,

9

10

11                                   x_____
                                     (Signature)
12                                   James Arthur Ross
                                     SID# 12599830
13                                   Snake River Correctional Institution
                                     777 Stanton Boulevard
14                                   Ontario, Oregon 97914 – 8335
                                     (541) 881-4639
15

16

17                                   Respectfully Submitted
                                     on behalf of James Ross by:
18

19

20                                   Michael R. Mahony    12/5/06
                                     Attorney at Law
21

22

23   *cc: file*

24

Page 20 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

Entered/Docketed

Date 2/23/07

F I L E D
Malheur County Circuit Court

FEB 23 2007

Time: 1:52 P.m By VH

IN THE CIRCUIT COURTS OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JAMES ARTHUR ROSS | ) |
| SID #12599830 | ) |
| | ) |
| Petitioner/Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JEAN HILL, Superintendent, | ) |
| Snake River Correctional Institution, | ) |
| Defendant. | ) |

Case No. 05-08-4630M

GENERAL JUDGMENT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above-entitled matter came before the Court on ~~October 11, 2005~~ *January 23, 2006*

for hearing on <u>Trial to Court</u>.

/////////////////////////////////////////////////////////////////////////////////////////////////////////////

<u>ORDER(S)</u>

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

( ✓ )The Petition for Post Conviction Relief   ( ) The Petition for Writ of Habeas Corpus Relief   is

( )allowed ( ✓ )denied based upon the following findings and conclusions: *Petitioner failed to prove each and every allegation of the Petition. Some claims cannot be raised in Post Conviction. Atty was adequate and competent as required in Oregon especially because the*

2. This matter involves a ( ✓ )Federal ( ✓ )State Constitutional issue(s). All questions were presented and decided. *facts of the cases were so egregious and the Petitioner entered a voluntary knowing and intelligent plea to charges.*

*Judgment in Prison Ligation Case 12/2001*

Page 1 of 2

COPIES

AG   ATY   PTF   OTHR

2/23/07

1   3. This order shall constitute a final judgment for purposes of appellate review and for

2   purposes of res judicata.

3   /////////////////////////////////////////////////////////////////////////////////////////////////////////

4                               *GENERAL JUDGMENT*

5   *FOR THE REASONS STATED ON THE RECORD, IT IS FURTHER ORDERED THAT*

    *JUDGMENT BE, AND HEREBY IS GIVEN IN FAVOR OF:*

6                               *PLAINTIFF [    ];*

7                               *DEFENDANT [  ].*

8   *FOR THE REASONS STATED ON THE RECORD, IT IS FURTHER ORDERED THAT*

9   *JUDGMENT INCLUDE:*

10                  *INDIGENT ATTORNEY FEES IN THE SUM OF $_____;*

11                                  *and/or*

        *COSTS IN THE SUM OF $_____.*[1]

12

13  /////////////////////////////////////////////////////////////////////////////////////////////////////////

14                               *MONEY AWARD*

15      *Judgment Creditor:*_____

16      *Judgment Debtor:*  _____

17  *Amount of Judgment: Court Costs:  $*_____

            *Attorney Fees: $*_____

18

19          DONE AND DATED this 23rd day of January, 2007.

20                      *Honorable Joseph Cenicaros*

21                      *Senior Circuit Court Judge*

22  _____

23      [1] *Attorney fees and/or costs shall be become a lien against the Plaintiff's Department of Corrections Trust Account,*

24  *payable as funds may become available in such account for payments toward or satisfaction of said lien. Any sum remaining*

25  *unpaid upon release of Plaintiff shall be paid in payments as set by the Plaintiff's post-prison/parole supervision officer, said*

26  *payments to be set according to the financial ability of Plaintiff make such payments.*

27

28  *Judgment in Prison Ligation Case 12/2001*                    Page 2 of 2

# IN THE SUPREME COURT OF THE STATE OF OREGON

| | |
|---|---|
| STATE OF OREGON, | ) |
|     Respondent on Review, | ) Circuit Court Case Numbers:<br>) 04CR0429FE<br>) |
| vs. | ) Appellate Numbers:<br>) CA A128651 |
| JAMES ARTHUR ROSS, | ) |
|     Petitioner on Review. | ) Supreme Court No. _____<br>) |

---

## PETITION FOR REVIEW OF DEFENDANT – APPELLANT

---

Appeal from the decision of the Court of Appeals on
an appeal from a judgment of the Circuit Court for
DOUGLAS COUNTY
Honorable Joan G. Seitz, Judge

---

Dismissed: before David V. Brewer, Chief
Judge, of the Oregon Court of Appeals

---

James Arthur Ross,
    Pro se Petitioner on Review
    SID# 12599830
    Snake River Correctional Institution
    777 Stanton Boulevard
    Ontario, Oregon 97914-8335
    Phone: (541) 881-4639

HARDY MYERS #64077
    Oregon Attorney General
MARY H. WILLIAMS #91124
    Solicitor General
    400 Justice Building
    1162 Court Street NE
    Salem, Oregon 97310
    Phone: (503) 378-4402

**September 2005**

---

**Note:** Pursuant to ORAP 9.05(2)(d), Petitioner hereby gives notice of his intent to file a brief on the merits if review is allowed.

i

# SUBJECT INDEX

PAGE

PETITION FOR REVIEW

    Prayer for Review............................................................................................1

    Questions Presented.........................................................................................1

    Purposed Rule of Law.....................................................................................1

    Reasons for Reversal....................................................................................1-2

    Statement of the Facts.....................................................................................2

    Discussion.....................................................................................................2-6

    Reasons Issues Presented Have Importance Beyond The Particular Case And Require

    Decision  By The Supreme Court....................................................................6

    Opinion Of The Court Of Appeals...............................................................6-7

CONCLUSION.......................................................................................................7

# EXCERPT OF RECORD INDEX

    Order Of The Douglas County Circuit Court.............................................ER-1

    Opinion Of The Oregon Court Of Appeals................................................ER-2

## EXHIBITS

    Opinion Of The Oregon Court Of Appeals (State v. Briggs)...............Exhibit-1

## TABLE OF AUTHORITIES

### Cases Cited

*Myers  v. Warner*, 3 Or. 212 (1870).......................................................................*5*

*State v. Briggs*, Coos County Circuit Court Case Number 02CR1147;

*Court of Appeals Case No. CA A128908*...................................................................5

*State v. Brown*, 5 Or. 119 (1873)........................................................................5

*State v.Graham*, 143 Or. App. 85, 923 P.2d 664 (1996)................................5

*State v. Hamilton*, 158 Or. App. 258, 974 P2d. 245 (1999)........................5

*State v. Hart* 188 Or. App. 650, 72 P.3d 671 (2003)..........................*2, 4 and 7*

*State v. Ross*, Douglas County Circuit Court Case 04CR0429FE;

Court of Appeals Case No. CA A128651.......................................................1

*State v. Thomas*, 117 Or. App. 553,844 P.2d 936 (1992)................................5

*State v. Whitloch*, 187 Or. App. 265,65 P.3d 1114 (2003).............................6

*U.S. v. DeWald*, 669 F.2d 590 (C.A. 9 Cal. 1982)..........................................5

## STATUTORY PROVISIONS

ORS 19.005..............................................................................................3

ORS 19.205................................................................................1, 3, 4 and 5

ORS 19.250.............................................................................................2

ORS 19.260.............................................................................................2

ORS 19.270.......................................................................................2 and 5

ORS 19.385.............................................................................................2

ORS 19.390.............................................................................................2

ORS 19.420.............................................................................................2

ORS 19.425.............................................................................................2

ORS 19.435.............................................................................................2

ORS 19.450.............................................................................................2

ORS 19.510.............................................................................................2

ORS 137.020...........................................................................................4

ORS 138.005........................................................................................................2

ORS 138.053...............................................................................................3 and 4

ORS 138.083..................................................................................2, 3, 4, 5, and 6

ORS.138.185.......................................................................................................2

ORS 138.222...............................................................................................3, 4, and 5

ORS 138.010 to 138.310.....................................................................................3

ORS 174.020........................................................................................................3

ORS 174.030........................................................................................................3

ORS 137.020........................................................................................................4

## I.     PRAYER FOR REVIEW

Petitioner, Defendant – Appellant below and Petitioner hereafter, respectfully prays that
this court review and reverse the Court of Appeals' decision in his case, _State v. Ross_, Douglas
County Circuit Court Case 04CR0429FE, CA A128651. Appellant was convicted in the Circuit
Court , Douglas County ; Stephen Walker , Judge. Appellant filed a motion to correct/amend
sentence on March 11, 2005 in Douglas County Circuit Court pursuant to  ORS 138.083. The
circuit court denied the motion May 5, 2005. See ER-1, and Appellant filed notice of appeal on
May 19, 2005. The Court of appeals entered order of dismissal, Appellant filed a Petition for
Reconsideration in the Oregon Court of Appeals, The Oregon Court of Appeals denied the
Petition for Reconsideration on August 25, 2005.  A copy of the Court of Appeals' decision is
attached as ER-2.

## II.     QUESTIONS PRESENTED

1. Whether  ORS 19.205 applies equally to both Civil and Criminal  Appeals.

**PURPOSED RULE OF LAW**

(a) Where Petitioner pro-se is not represented by counsel it is manifestly  unfair not to construe his
pleadings liberally and accept/allow Supreme Court Review of  the Petitioner's pro-se case when
the court has legal jurisdiction to do so and Petitioner's case presents several substantial questions
of law that are apparent upon the face of the record.

## IV.     REASONS FOR REVERSAL

The Court of Appeals is applying a rule of law inconsistently. In that it is applying  the
Procedures In Civil Procedures under Chapter 19. Appeals, Commencement of Appeals
(Jurisdiction), to both grant and deny appeal review in criminal case. The courts decision is

sending mixed signals. Petitioner's case presents several substantial questions of law and the court of appeals ruling is not consistent with its previous rulings.

## V.  STATEMENT OF FACTS

Petitioner filed a Motion To Amend/Correct Sentence in Douglas County Circuit Court on March 11, 2005 pursuant to ORS 138.083(1). The circuit court denied the motion May 5, 2005. See ER.-1.

Petitioner then filed a Notice of Appeal on May 19, 2005. The Court of Appeals issued a Case Number CA A128651 and later Dismissed based on *State v. Hart* *188 Or. App. 650, 72 P.3d 671 (2003)*. Opening Brief was not submitted. Appellant filed a Petition for Reconsideration in the Oregon Court of Appeals, The Oregon Court of Appeals denied the Petition for Reconsideration on August 25, 2005. A copy of the Court of Appeals' decision is attached as ER-2.

## VII   DISCUSSION

**Petitioner challenges the inconsistent application of Procedures In Civil Proceedings under Chapter 19, Appeals, Commencement of Appeals (Jurisdiction),with Procedures In Criminal Matters Generally under Chapter 138. Oregon Revised Statutes.**

The Petitioner proffers a series of applicable authorities for the purpose of this discussion:

Under ORS 138.185 Procedures In Criminal Matters Generally: Chapter 138. Appeals; Post-Conviction Relief Appeals ;   (2)The Provisions of ORS 19.250; 19.260; 19.270; 19.385; 19.390; 19.435; 19.450 and 19.510 and the provisions in ORS 19.425 authorizing review of intermediate orders and if the Defendant is the appellate, the pro-visions of ORS 19.420(3) shall apply to appeals to the Court of Appeals.

All the ORS's mentioned under ORS.138.185 are Procedures in Civil Proceedings. Also under ORS 138.005 Procedures in Criminal Matters Generally; Chapter 138. Appeals Post-

Conviction Relief Appeals:   Definitions- "As used in ORS 138.010 to 138.310, unless the context requires otherwise, the terms defined in ORS 19.005 have the meanings set forth in ORS 19.005. Under ORS 19.005 (2) Procedures In Civil Proceedings "Judgment means a judgment or appealable order, as provided in ORS 19.205 .

Under ORS 138.222 (4)(a), Procedures in Criminal Matters Generally ; Chapter 138. Appeals. In any appeal, the appellate court may review a claim that; "The sentencing Court failed to comply with requirement of Law in imposing or failing to impose a sentence". (5). If the Appellate Court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires re-sentencing, the appellate court shall remand the entire case for re-sentencing.  (7)(c), "A sentence was entered subsequent to a re-sentencing order by an appellant court or a post-conviction relief court.

Under ORS 138.053(1) only post judgment orders that impose a sentence may be appealed

Under ORS 138.083(1), Retention of Authority by Trial Court for Certain Purposes. The sentencing court shall retain authority  irrespective of any notice of appeal after entry  of judgment of conviction to modify its judgment and sentence to correct any  arithmetic or clerical errors or to delete or modify any erroneous term in the judgment.

Under ORS 174.020  Legislative intent, general and particular provisions and intents"In the construction of a Statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former". So a particular intent shall  control a general one that is inconsistent with it.

Under  ORS 174.030,  Construction Favoring Natural Right to Prevail. "Where a Statute is equally susceptible of two interpretation, one in favor of natural right and the other against it, the former is to prevail".

Under ORS 19.205 Appeal Of Judgments (3) An Order that is made in the action after a general judgment is entered and that affects a substantial right, including an Order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments.

Under ORS 137.020 Judgment; Notice of Right To Appeal. By giving a Notice of Appeal , Petitioner exercised his right prescribed by statute the Oregon Constitution, Article 1, Section 20 and the 14th Amendment of the United States Constitution.

**APPEALABLE ORDER**

If the courts reasoning is correct in their ruling in <u>State v. Hart, 188 Or.App.650,72 P.3d 671 (2003)</u> that: "Both Motions arise after judgment and seek to correct a perceived error in the earlier criminal judgment. Neither is a new or separate proceeding. Rather, each is a part of the original criminal action, and like a Motion for new trial, asks the court to correct an error in the criminal action". And more specifically, if ORS 138.053(1) "A judgment, or Order of a court, if the Order is imposed after judgment, is subject to the appeal provision and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following; "A imposition of a sentence on conviction" which applies to Petitioner, then this same line of reasoning should be followed in that Petitioner is seeking review of an intermediate order, which pertains to imposition of a sentence that exceeds the maximum allowable by law and is therefore constitutionally cruel and unusual ORS138.053(1); ORS 138.222 (4)(a);(5);(7)(c) and ORS 138.083(1) should apply to Petitioner in this case thereby making all Denial and Dismissal Orders appeal able.

If the proceedings that took place in Douglas County  Circuit Court on May 5, 2005 was not part of the original criminal action,then it must be said that a <u>"Special -Statutory -Proceeding"</u> took place and the provisions set forth in <u>ORS 19.205 </u>must apply to Petitioner for purposes of Appeal.

In <u>State v. Thomas, 844 P.2d 936 (1992);</u> this court held that "Sentence imposed under Trial Courts mistaken belief about its authority to impose sentence is reviewable, even if sentence is within presumptive range". ORS 138.222 (2)(a),(4)(a). In <u>State v. Hamilton, 974 P2d. 245 (1999);</u> "Once a defendant appeals, the sentencing court loses jurisdiction except for purposes of correcting clerical errors and to modify and erroneous term in the Judgment. ORS 138.083.

In <u>Myers  v. Warner 3 Or. 212 (1870).</u> (Where jurisdiction of the court is acquired by means specially pointed out in statute, and not by the ordinary process of the court, the means so prescribed <u>must be strictly pursued,</u> or the proceeding is void).

In <u>State v. Brown, 5 Or.119 (1873),</u> (An Order to be appealable must be one not only affecting a substantial right, but one which, in effect, determines the action.

<u>U.S. v. DeWald, 669 F.2d 590 (C.A. 9 Cal. 1982),</u> (Only if sentencing court abused its discretion will appellate court overturn  denial of Motion To Reduce Sentence)

If the Court of Appeals takes the position that <u>ORS 19.270(4)</u> applies in <u>State v. Briggs,</u> Coos County Circuit Court Case Number 02CR1147; Court of Appeals Case No. <u>CA A128908</u> , see EXHIBIT-1 to give leave to the Trial <u>Court</u> to Amend or Correct Judgment, and said ORS is a Procedure In Civil Proceedings, then it is assumed correct that the provisions of <u>ORS 19.205</u> applies to Petitioner's case for purpose of Appeal as <u>ORS 19.205</u> is also a Procedure In Civil Proceedings. <u>State v. Briggs</u> is a criminal case with civil procedures being applied and adhered to.

**JURISDICTION**

Petitioner also challenges the Douglas County Circuit Courts jurisdiction to impose <u>ORS 137.123</u> to sentence Petitioner to consecutive sentences and an upward departure sentences on June 10, 2004. Under current <u>ORS 138.083,</u> there is no time limit to Motion the Circuit Court to Amend/Correct Sentence to delete or modify erroneous term in Judgment. See <u>State</u>

v.Graham,143 Or.App. 85 (1996) (In 1995, the Legislature amended ORS 138.083 to expand

Trial Courts authority to correct erroneous terms in judgments of conviction. The effective date of

that amendment was September 9th,1995, Or. Laws 1995, Ch. 109 §1.).

    Under current Case Law under State v. Whitloch, 187 Or.App. 265,65 P.3d 1114 (2003)

( A sentence that does not conform to law is invalid; when a trial court imposes such a sentence it

is a legal nullity, and the trial court subsequently has authority to impose a lawful sentence, even

if defendant is already in the custody of the Department of Corrections).Petitioner contends that

the sentencing court did not retain jurisdiction/authority to impose ORS 137.123 on August 31,

2004 then, but now retains indefinite authority to correct not only "arithmetic or clerical errors"

but also "any erroneous terms in the judgment".

## VII.   REASONS WHY THE ISSUES PRESENTED HAVE IMPORTANCE BEYOND THE PARTICULAR CASE AND REQUIRE DECISION BY THE SUPREME COURT

    There are several thousand cases that are effected by the Appeal process in criminal

matters that are subjected to the Rules of Court as well as the ORS's that encompass the

jurisdiction of the Appellate Court. The previous decisions of the Court of Appeals sends a

confusing message as to Chapter 19, of the Oregon Revised Statutes., and how it applies. This

Court must clarify what application Chapter 19 have in Appeals that have their nascent in

criminal proceedings. This matter effects thousands of cases and a clarification would bring

consistency to the Appeals process and eliminate confusion.

## VIII.  OPINION OF THE COURT OF APPEALS

    Appellant appealed from an Order denying his motion to correct/the sentence imposed by

the judgment of conviction and sentence. The court dismissed the appeal on the ground that, in

# IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR DOUGLAS COUNTY

STATE OF OREGON,                )
                                )
            Plaintiff,          )
                                )        Case No. 04CR0429FE
        v.                      )
                                )
JAMES ARTHUR ROSS,              )        Order
                                )
            Defendant.          )

| | |
|---|---|
| Date of Ruling: | May 5, 2005 |
| Appearances: | Richard Wesenberg, For the State by Written Response<br>James A. Ross, pro per by Written Motion |
| Nature of Proceeding: | Defendant's Motion to Amend / Correct Judgment |

Findings:

On August 31, 2004, Judge Walker sentenced Defendant based upon pleas of no contested entered on June 10, 2004. No appeal has been filed. On March 11, 2005, Defendant filed a motion to correct judgment and requested oral argument. Defendant's motion is based upon ORS 138.083 and cases cited within the motion. The court received the State's response objecting to Defendant's motion. Having reviewed the motion and the response, the court concludes it does not have jurisdiction to modify Defendant's sentence. Therefore, the court has not scheduled oral argument.

Order:

The court hereby denies Defendant's motion to amend or correct the sentencing judgment. The court denies Defendant's request for oral argument under the unique circumstances of this case.

Dated this 5th day of May, 2005.

_____

ER-1

Page 1 of 1

IN THE COURT OF APPEALS OF THE STATE OF OREGON

| | | |
|---|---|---|
| STATE OF OREGON, | ) | Douglas County Circuit |
| Plaintiff-Respondent, | ) | Court No. 04CR0429FE |
| | ) | |
| v. | ) | CA A128651 |
| | ) | |
| JAMES ARTHUR ROSS, | ) | ORDER DENYING RECONSIDERATION |
| | ) | |
| Defendant-Appellant. | ) | |

Appellant appealed from an order denying his motion to correct the sentence imposed by the judgment of conviction and sentence. The court dismissed the appeal on the ground that, in *State v. Hart*, 188 Or App 650, 72 P3d 671 (2003), the court held that the legislature has not provided for the right to appeal post-judgment orders denying relief in criminal cases. Appellant has petitioned for reconsideration.

Appellant contends, first, that legislative amendments to ORS 19.205(2) and (3) since *Hart* was decided require a different result. Appellant is incorrect, because ORS 19.205 as amended still applies only to civil cases, not criminal cases.

Appellant further contends that because he challenges the sentencing court's jurisdiction to sentence him, he raises issues different than those raised in *Hart*. The issue raised in the trial court and the trial court's reason for failing to correct a sentence does not make the case distinguishable from *Hart* nor render the order appealable.

The petition for reconsideration is denied.

_____
David V. Brewer, Chief Judge

AUG 2 5 2005
_____
Date

c:   James Arthur Ross
     Mary H. Williams

**REPLIES SHOULD BE DIRECTED TO THE STATE COURT ADMINISTRATOR, RECORDS SECTION, SUPREME COURT BUILDING, 1163 STATE STREET, SALEM, OR 97301-2563**

080905ca.wpd.pl0

ER-2

Page 1 of 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

| | | |
|---|---|---|
| STATE OF OREGON, | ) | Coos County Circuit |
| | ) | Court No. 02CR1147 |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | CA A128908 |
| | ) | |
| JAMES BRIGGS, | ) | **ORDER GIVING LEAVE** |
| | ) | **UNDER ORS 19.270(4)** |
| Defendant-Appellant. | ) | |

On June 1, 2005, appellant filed a notice of appeal from a judgment entered on May 20, 2005, in trial court number 02CR1147, according to paragraph one of the notice of appeal. Appellant attached a "record of proceedings and order" from trial court number 02CR1129, and an "amended judgment" from trial court number 02CR1147. However, review of the case register shows that the amended judgment was entered in trial court number 02CR1129, and not in the trial court number 02CR1147, as listed on the amended judgment. Furthermore, the case register in trial court number 02CR1147 shows that the case was closed on July 25, 2002. It appears that the trial court number listed on the amended judgment is incorrect.

Because it appears that the trial court intended to enter the amended, the court gives the trial court leave, on the motion of any party, to correct the trial court number on the amended judgment, vacate the amended judgment entered on May 20, 2005, in trial court number 02CR1129, and re-enter the amended judgment in 02CR1147. ORS 19.270(4). If the trial court re-enters the amended judgment, appellant must file an amended notice of appeal in order for the appeal to proceed. This appeal will be held in abeyance pending the filing of the amended notice of appeal. However, the court will dismiss this appeal, without further notice to the parties, for lack of prosecution, if the amended notice of appeal is not filed within the time allowed under ORS 138.071.

_David V. Brewer_
CHIEF JUDGE

JUL 15 2005
DATE

c:  James Briggs
    Mary H. Williams
    Honorable Michael J. Gillespie
    Coos County Transcript Coordinator
    Coos County Trial Court Administrator

REPLIES SHOULD BE DIRECTED TO THE STATE COURT ADMINISTRATOR, RECORDS SECTION, SUPREME COURT BUILDING, 1163 STATE STREET, SALEM, OR 97301-2563

gar062605/gvlcr117

Exhibit
1
Page 1 of 1

State v. Hart 188 OR. App. 650, 72 P.3d 671 (2003), the court held that the legislature has not provided for the right to appeal post-judgment orders denying relief in criminal cases. Appellant has Petitioned Reconsideration.

Appellant contends, first, that legislative amendments to ORS 19.205 (2) and (3) since Hart was decided require a different result. Appellant is incorrect, because ORS 19. 205 as amended still applies only to civil cases, not criminal cases.

Appellant further contends that because he challenges the sentencing court's jurisdiction jurisdiction to sentence him, he raises different then those raised in Hart. The issue raised in trial court and the trial court's reason for failing to correct a sentence does not make the case distinguishable from Hart nor render the order appealable.

The Petitioner for reconsideration is denied.

**CONCLUSION**

Based upon the foregoing reasons stated herein,Petitioner hereby prays that this court accept review and reverse the decision of the Court of Appeals which denied Petition For Reconsideration,and Appellate Review.

Respectfully submitted this 2 1 day of September ,2005.

Petitioner Pro-Se'
James Arthur Ross
SID#12599830
Snake River Correctional Inst.
777 Stanton Blvd.
Ontario, Oregon.  97914-8335.
*Staff liaison: Ms. J. Bishop*
*(541) 881-4639*

# CERTIFICATE OF TRUE COPY

I, James Arthur Ross, do hereby certify that the document(s) listed below is (are) a true and identical copy of the original filed with the Court:

Pro se Petition for Supreme Court Review.

DATED this 21 day of September 2005.

James Arthur Ross,
*Appellant pro se*
S.I.D#12599830
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914
541-881-4639

# CERTIFICATE OF SERVICE

**CASE NAME: State v. Ross Douglas County Circuit Court Case No. 04CR0429FE; Court fo Appeals Case No. CA A 128651; Supreme Court Case No. _____(Pending)**

COMES NOW, James Arthur Ross, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Snake River Correctional Institution, 777 Stanton Blvd., Ontario, Oregon 97914-8335.

That on the 21 day of September _____, 2005, I personally placed in the Snake River Correctional Institution's mailing service A TRUE COPY of the following:

Petition for Supreme Court Review

I placed the above in a securely enclosed, postage prepaid envelope, to the person(s) named at the places addressed below:

Office of the Attorney General
400 Justice Building
1162 Court Street NE
Salem, OR 97301-4096

Oregon State Court Administrator
Records Section
Supreme Court Building
1163 State Street NE
Salem, OR 97301-2563

Petitioner Pro-Se
James Arthur Ross
SID#12599830
Snake River Correctional Inst.
777 Stanton Blvd.
Ontario, Oregon. 97914-8335.
*Staff liaison: Ms. J. Bishop*
*(541) 881-4639*