JOHN R. KROGER
Attorney General
KRISTEN E. BOYD  #002102
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email:  kristen.e.boyd@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES ARTHUR ROSS,<br><br>        Petitioner,<br><br>   v.<br><br>JEAN HILL,<br><br>        Respondent. | Case No. 6:10-cv-1440-HO<br><br>RESPONSE TO PETITION FOR WRIT OF<br>HABEAS CORPUS |

## I.    **INTRODUCTION**

Petitioner brings this federal habeas corpus proceeding under 28 U.S.C. § 2254,

challenging his conviction for two counts each of Sodomy in the First Degree and Assault in the

Second Degree, and one count each of Attempted Aggravated Murder, Kidnapping in the First

Degree, Rape in the First Degree, and Assault in the Fourth Degree.[1] (Exhibit (Ex.) 201,

---

[1] Petitioner was initially convicted of two counts of Kidnapping in the First Degree.  Following
the Court of Appeals review of petitioner's post-conviction case, the Court of Appeals directed
that petitioner's two claims of Kidnapping in the First Degree be merged. (Ex. 198, Appellate

Page 1 -    RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Amended Judgment). In particular, petitioner presents nine grounds for relief in which he alleges claims of trial and appellate counsel error, post-conviction counsel error, trial court error, and prosecutorial misconduct. *See,* Petition for Writ of Habeas Corpus (Petition) at 5-15. For the reasons set forth below, relief on petitioner's claims should be denied.

First, relief should be denied on all of the grounds alleged in the petition as they fail to allege specific violations of the federal Constitution or any other body of federal law. Second, relief should be denied because Grounds Two, Five, Six, Seven, Eight, and Nine do not present federal issues that were "fairly presented" to Oregon's highest court and cannot now be "fairly presented" to that court; thus, they are procedurally defaulted. Third, insofar as petitioner's claims in Grounds One, Three, and Four set forth federal claims that were presented to the Oregon state courts, relief on them was denied in decisions that were neither "contrary to," nor "unreasonable applications of," United States Supreme Court precedent. Finally, petitioner's claims are without merit. Thus, petitioner should not be granted relief in this proceeding under 28 U.S.C. § 2254.

## II.    BACKGROUND

On March 30, 2004, petitioner was indicted on two counts of Sodomy in the First Degree, Assault in the Second Degree, and Kidnapping in the Second Degree, and one count each of Attempted Aggravated Murder, Rape in the First Degree, and Assault in the Fourth Degree in *State of Oregon v. James Arthur Ross,* Douglas County Circuit Court Case No. 04CR0429FE. The indicted charges arose from petitioner's actions on February 23rd and 24th, 2004. On those dates, petitioner brutally and viciously attacked his wife for several hours.

On February 24, 2004, the Douglas County Sheriff's Office was called out to petitioner's residence after petitioner's grandfather called 9-1-1 to report that petitioner, his grandson, had beaten his granddaughter-in-law. (Ex. 174, Douglas County Sheriff's Reports, at 3.) When the

---

Judgment.) In a subsequent sentencing proceeding they were merged. (Ex. 201, Amended Judgment).

Page 2 -    RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
KEB/gcz/2994139-v1

police arrived at the home, they discovered the victim who had large bruises to her face, arms, and legs. (*Id.*) The victim was immediately transported to the hospital by ambulance. The paramedics who attended to the victim reported that the victim was close to death and that if she had been discovered a few hours later, she would have died. (*Id.* at 12.) The paramedics reported this was the worst beating they had ever seen. (*Id.*) The victim's treating emergency room physician reported that she had a punctured lung and blood in her urine. (*Id.* at 13.)

The victim reported that petitioner had been assaulting her in the living room, bedroom, bathroom, hallway, kitchen and entrance area of their house – and that this abuse had occurred from approximately 9:00 p.m. on February 23rd through 5:00 a.m. February 24th. (*Id.* at 13.) The victim described petitioner assaulting her with both an open hand and a closed fist, and that he punched her in the mouth, breaking her top right front tooth which was then lodged in the roof of her mouth. (*Id.* at 14.) Petitioner body slammed the victim and threw her to the floor lacerating her chin. (*Id.*) He repeatedly swung her around and hit her head against the wall – as well as putting her head through the wall in the bathroom, creating a hole. (*Id.*) The victim described petitioner as repeatedly suffocating her, causing her to lose consciousness. He also beat her with a braided leather belt, anally raped the victim twice, punched her in the vagina, and then vaginally raped the victim. (*Id.*) Petitioner threatened to kill the victim and dispose of her body in the Callahan Mountains. (*Id.* at 18.) Petitioner then placed a gun to the victim's head and fired. After firing, petitioner appeared surprised that the gun was empty, so he then loaded the gun and then put the gun in the victim's mouth. (*Id.*) He had the victim feel the safety so she would know the safety had been released.

After petitioner was arrested on the morning of February 24th, 2004, petitioner told the police that he hit his wife because "she was cheating on [me], and if [I] beat her like a real man, then she would be dead." (*Id.* at 3.) Petitioner admitted to the police having vaginal and anal sex with his wife, but said it was consensual and occurred after the assaults had stopped. (*Id.* at 9.)

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Petitioner also admitted to "maybe going a little too far by hitting her around." (*Id.*) Petitioner admitted to breaking the victim's front tooth by backhanding her in the face. (*Id.*)

After petitioner's arrest and indictment, the court appointed attorney Kenneth Madison to represent petitioner. Petitioner eventually fired Mr. Madison and the court appointed attorney Daniel Bouck, trial counsel, to represent petitioner. Counsel was assisted by attorney Lori Bender. Petitioner initially proceeded with a jury trial in this case, however, on the fourth day of trial, petitioner broke-down and decided that he did not want to have the victim testify and instead decided to enter no contest and guilty pleas to all of the charges in the indictment. (Ex. 200, Sentencing Transcript (Sent. Tr.) at 8.) Petitioner then entered pleas and was sentenced by the trial court to 480 months. (*Id.* at 11.)

Petitioner did not directly appeal his convictions.[2] Petitioner did file for post-conviction relief, however. At the conclusion of petitioner's post-conviction trial, the court denied relief on all of petitioner's claims. (Ex. 191, General Judgment). Petitioner appealed the post-conviction court's decision, presenting five assignments of error as follows:

FIRST ASSIGNMENT OF ERROR: The post-conviction court erred by denying relief on petitioner's claim that trial counsel was inadequate for failing to move to dismiss the kidnapping charge.

SECOND ASSIGNMENT OF ERROR: The post-conviction court erred by denying relief on petitioner's claim that trial counsel was inadequate and ineffective for failing to move for merger of the kidnapping charges.

THIRD ASSIGNMENT OF ERROR: The post-conviction court erred by denying relief on petitioner's claim that trial counsel was inadequate and ineffective for failing to object to the imposition of consecutive sentences based on findings of fact made by the court rather than a jury in violation of petitioner's Sixth Amendment right to a jury trial.

FOURTH ASSIGNMENT OF ERROR: The post-conviction court erred by denying relief on petitioner's claim that appellate counsel was inadequate and ineffective for failing to assign error on appeal to the imposition of consecutive sentences based on

---

[2] Rather, petitioner filed a Motion to Amend/Correct Judgment in Douglas County. That motion was denied by the Court. (*See,* Ex. 104, Notice of Appeal, at 3.) Petitioner appealed the court's denial to amend/correct his judgment. The Court of Appeals dismissed the appeal on the ground that the state legislature had not provided the right to appeal post-judgment orders denying relief in criminal cases. (Ex. 108, Order Denying Reconsideration.) Petitioner filed a Petition for Review on this issue, which was denied. (Ex. 110, Order Denying Review.)

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

findings of fact made by the court rather than a jury in violation of petitioner's Sixth Amendment right to a jury trial.

FIFTH ASSIGNMENT OF ERROR: The post-conviction court erred by denying relief on petitioner's claim that trial counsel was inadequate and ineffective for failing to ensure that petitioner's pleas were knowingly, intelligently, and voluntarily made. (Ex. 192, Appellant's Brief, at i-ii.)

Petitioner also filed a supplemental brief *pro se.* (Ex. 193). Petitioner's *pro se* brief appeared to

principally allege a claim that the trial court erred in failing to appoint him a new attorney – his

third. (*Id.*) The Court of Appeals affirmed petitioner's convictions in a written opinion, except

for petitioner's Second Assignment of Error. On petitioner's Second Assignment of Error, the

Court of Appeals determined that petitioner's two kidnapping charges should merge and the case

was remanded to the state trial court for entry of an amended sentence.[3] (Ex. 198, Appellate

Judgment).

Petitioner thereafter filed a petition for review to the Oregon Supreme Court presenting

his First and Fifth Assignments of Error.[4] (Ex. 196, Petition for Review, at 2.)  The Oregon

Supreme Court denied review. (Ex. 197). Petitioner now presents nine claims for relief which

are set forth in Attachment A.

## III.   DISCUSSION
### A.   Petitioner has failed to state a federal basis upon which relief may be granted in Grounds One through Nine of his Petition

Under 28 U.S.C. § 2254(a), federal courts may entertain applications for writs of habeas

corpus by state prisoners "only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." *Id.* In *Estelle v. McGuire*, 502 U.S. 62, 67

(1991), the Court specifically stated that "federal habeas corpus relief does not lie for errors of

---

[3] An amended judgment was entered on 5/20/11. (Ex. 201).

[4] Petitioner's appellate counsel withdrew petitioner's Third and Fourth Assignments of Error in the Court of Appeals following the US Supreme Court's decision in *Oregon v. Ice*, 555 US __,129 S Ct 711, 172 L Ed 2d 517 (2009). (Ex. 194, Respondent's Brief, at 12.)  Petitioner, however, filed a motion objecting to his attorney's memorandum of additional authorities in which counsel abandoned these assignments of error. Petitioner's objection sought to preserve these issues. Petitioner's Second Assignment of Error was not pursued in the petition for review because petitioner prevailed on that claim in the Court of Appeals.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

state law." (*quoting Lewis v. Jeffers,* 497 U.S. 764, 780 (1984)). Rather, "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of [federal] constitutional dimension." *Wainright v. Goode,* 464 U.S. 78, 83 (1983) (*citing Engle v. Isaac,* 456 U.S. 107 (1982)).

In this case, Grounds One through Nine of petitioner's habeas petition do not allege specific violations of the federal Constitution, or any other body of federal law. *See, Petition* at 3-4. It is therefore unclear whether petitioner intends to base these grounds on federal constitutional provisions. If petitioner intends to rely on state law to support his claims, relief must be denied because this court lacks subject matter jurisdiction over state law claims. If petitioner intends to base his claims on federal law, this should be specified in his petition. *See* Rule 2(c) of the Rules Governing Section 2254 Cases ("[*the petition*] shall specify *all* the grounds for relief which are available to the petitioner . . . .") (emphasis added)); *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994) (noting that a traverse or response to respondents answer or return is not the pleading to raise new claims); *see also U.S. v. Barrett,* 178 F.3d 34, 46 (1st Cir. 1999).

### B.   Petitioner's claims are procedurally defaulted.

Petitioner did not "fairly present" his federal claims in Grounds Two, Five, Six, Seven, Eight, and Nine to Oregon's Supreme Court as required by the doctrine of exhaustion.[5] Moreover, these claims cannot now be fairly presented to Oregon's highest court, so they are procedurally defaulted.

### 1.   Applicable Law

28 U.S.C. § 2254(b)(1) requires habeas petitioners to exhaust state remedies on all claims alleged in their § 2254 petitions, unless it appears there is an absence of available state corrective

---

[5] Petitioner's preservation of his sentencing claims against trial and appellate counsel in Grounds One and Three are less than clear in light of his appellate post-conviction counsel's abandonment of these claims. For the sake of clarity, however, respondent will address these issues in the discussion below.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

process, or circumstances exist that render such process ineffective to protect the petitioners' rights. In *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999), the court reiterated that to *properly* exhaust state remedies, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Generally, this requirement is satisfied if petitioners "fairly present" their federal claims to the appropriate state courts, thereby affording the state courts meaningful opportunity to consider the allegations of legal error. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). In *Gray v. Netherland*, 518 U.S. 152 (1996), the Court held that to "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." *Id*. at 162-63. Moreover, in *Baldwin v. Reese*, 541 U.S. 27 (2004), the Court clarified that:

> ordinarily a state prisoner does not 'fairly present' a claim to a state['s] [highest] court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so. *Baldwin*, 541 U.S. at 32. *See also Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (holding that "[t]o exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing.").

Furthermore, the petitioners must have presented their federal claims to the state courts in a procedural context in which the claims' merits will be considered. *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim presented in a procedurally defective manner); *Turner v. Compoy*, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989) (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief" the correct avenue must be fully exhausted). Finally, if a petitioner may present his federal claims to a state's Supreme Court, he must do so to "properly exhaust" it. *O'Sullivan*, 526 U.S. at 845, 848.

Accordingly, a federal claim is "fairly presented" to the state courts only if it was properly presented to (1) the state's Supreme Court, (2) as a federal question, (3) in the

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

appropriate petition or brief, and (4) in the proper procedural context so that its merits would be considered.

If a petitioner failed to "fairly present" her federal claims to the state courts, and can no longer do so under state law, then the petitioner's state-court remedies are *technically* exhausted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). But the claims are then also procedurally defaulted because the state-court remedies were not *properly* exhausted. *O'Sullivan*, 526 U.S. at 848. In *Coleman*, the Court held that:

> [t]his court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.... This rule applies whether the state law ground is substantive or procedural. *Coleman*, 501 U.S. at 729 (citations omitted).

*Coleman* also explained that a state-court decision rests on independent and adequate state procedural grounds if a state court declined to address a petitioner's federal claim because the petitioner failed to meet a state procedural requirement. *Id.* at 729-30. In such cases, the claims are procedurally defaulted.

As previously mentioned, a claim is also procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735, n.*. "In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." *Id.*; *O'Sullivan*, 526 U.S. at 848 (failure to present claims to a state's highest court in a timely fashion results in a procedural default).

### 2.   Analysis in This Case

In petitioner's Grounds Two, Five, Six, Seven, Eight and Nine, petitioner did not fairly present these federal issues to the Oregon appellate courts for their review. Specifically, as noted above, petitioner did not file for direct appeal and presented only two single discreet issues to the Oregon Supreme Court. These issues related to whether trial counsel erred in failing to move to

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

dismiss petitioner's kidnapping charges and in failing to ensure that petitioner's pleas were entered in a knowing, intelligent and voluntary manner.[6] As such, petitioner did not fairly present and exhaust these remaining issues in the trial court and state appellate courts.[7]

Specifically, petitioner's Ground Two claim appears to center on the conflict petitioner perceived he had with his attorney, Daniel Bouck. The claim appears to center on the idea that trial counsel was actually working with the district attorney to convict petitioner. This, however, was not a federal claim fairly presented to the state appellate courts.[8] Similarly, petitioner's Ground Three alleges a claim of ineffective assistance of counsel by his post-conviction attorney – again centering on the idea that post-conviction counsel was not working in his best interest by not submitting certain documents to the court in the manner petitioner's wished. Petitioner did not present any claim of post-conviction counsel error to the state courts, and moreover, such a claim would have been improper and is not properly before this Court's review.

Petitioner's Ground Six again relates to petitioner's dissatisfaction with his relationship with trial counsel, although this time the claim is raised as a claim against the trial court for failure to conduct a hearing on his conflicts with counsel. As with the other claims, this issue was not raised on direct appeal and was not fairly presented to the state's highest courts in post-

---

[6] Again, as noted above, respondent will also address petitioner's sentencing claims on the merits below. These are the claims that petitioner attempted to preserve in his objection to appellate counsel's supplemental brief of additional authorities.

[7] Oregon Rule of Appellate Procedure (ORAP) 5.45(1) provides that "A question or issue to be decided on appeal shall be raised in the form of an assignment of error, as prescribed in this rule. *** No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is argued as error in the opening brief in accordance with this rule***"); *see also, Baldwin,* 541 US at 32; *Castillo,* 399 F 3d at 1000 ("[t]o exhaust his claim, [a petitioner] must have presented his federal constitutional issue before the [state appellate courts] within the four corners of his appellate briefing."); *see also,* ORAP 9.05 (the petition shall contain, "[c]oncise statements of the legal question or questions presented on review and the rule of law that the petitioner on review proposes be established if review is allowed.")

[8] It should be noted that petitioner's actual ground for relief only asserts: "I was denied effective and adequate assistance of trial counsel and I have suffered prejudice as a result." Petition at 5. Thereafter, petitioner has nearly three pages of supporting facts that do not present a clear issue, but generally appear to express that petitioner did not believe counsel was working in his best interest.

Page 9 -    RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

conviction. Ground Seven and Ground Eight raise claims of prosecutorial misconduct and ineffective assistance of counsel for failure to challenge petitioner's search and seizure. These claims were never fairly presented to the state appellate courts. And finally, petitioner's Ground Nine alleges ineffective assistance of trial counsel for failure to argue merger. As set forth above, petitioner's two convictions for kidnapping were merged following the Court of Appeals' opinion in his post-conviction case. Petitioner now appears to argue that many of this other convictions should have merged into each other for sentencing purposes. These arguments on merger were never fairly presented to the state appellate courts and are, thus, unexhausted.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon state courts. [9] Thus, he has procedurally defaulted all of the above mentioned claims. Furthermore, petitioner has not demonstrated "cause and prejudice" for failing to fairly present these federal claims in state court, and does not prove that his conviction resulted in a "fundamental miscarriage of justice" because he is actually innocent. His defaults, therefore, should not be excused and relief on his claims should be denied. [10]

### C. Petitioner's Grounds One, Three, and Four were denied in state court decisions that are entitled to deference and petitioner's claim is without merit.

**1.    Applicable Law**

Under AEDPA, habeas corpus relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings," unless the adjudication:

---

[9] ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after entry of final judgment. ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. *See also* ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

[10] To the extent this Court determines that petitioner's federal claims were fairly presented to the state courts, or that petitioner's claims identify a different issue than the one identified by respondent's counsel, respondent would request the opportunity to provide additional briefing on the merits.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.
28 U.S.C. § 2254(d).

In addressing the deference requirements in 28 U.S.C. § 2254(d)(1), the Court has made a number of findings. First, the phrase "clearly established Federal law" refers to the holdings, as opposed to the dicta, of Supreme Court decisions. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003), *citing, Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Thus, to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, __ U.S. __, 2011 WL 148587 at 12 (Jan. 19, 2011). Additionally, the Court has determined that the "contrary to" and "unreasonable application" clauses of AEDPA have independent meanings. *Williams*, 529 U.S. at 404.

The "contrary to" clause permits a federal court to grant habeas relief only if the state court "applies a rule that contradicts the governing law set forth in [its] cases," or, if the state court "confronts a set of facts indistinguishable from [one of its decisions] and nevertheless arrives at a result different from [its] precedent." *Id.* at 405-06. The Court also held that, under the "unreasonable application" clause, a federal court could only grant habeas relief if the state court correctly identified a governing principle of the Supreme Court but applied the principle to the facts of the petitioner's case unreasonably. *Id.* at 413. This standard requires "the state court's application of clearly established law must be objectively unreasonable," not merely "incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

In addition, deference must be provided to factual determinations. Under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). AEDPA sets out a "highly deferential standard for evaluating state court rulings," *Woodford v. Visciotti*,

Page 11 - RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
KEB/gcz/2994139-v1

537 U.S. 19, 24 (2003) (*quoting, Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)), that "demands state-court decisions be given the benefit of the doubt." *Woodford*, 537 U.S. at 24. Factual findings of the state courts are entitled to deference, and petitioner has the burden of refuting them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

**2.    Analysis in This Case**

a.    <u>Ground One and Ground Three</u>

In petitioner's Ground One claim, petitioner alleges that he received ineffective assistance of counsel on direct appeal. In Ground Three, petitioner alleges he received ineffective assistance of trial counsel at sentencing. Both of these claims appear to argue that counsel was ineffective for failing to challenge petitioner's consecutive sentences. Theses arguments are similar to the Third and Fourth Assignments of Error that petitioner's post-conviction appellate counsel originally filed in his Appellant Brief. Petitioner sought to revive these claims following appellate counsel's abandonment of them after the U.S. Supreme Court's decision in *Ice*.

To the extent these federal claims were fairly presented, they were are without merit and the state court decisions are entitled to deference. Specifically, petitioner's claims that trial and appellate counsel were ineffective for failing to object to his consecutive sentence has been foreclosed by the US Supreme Court's decision in *Oregon v. Ice*, 555 US __,129 S Ct 711, 172 L Ed 2d 517 (2009). In *Ice,* the Court found that the twin considerations of historical practice and respect for state sovereignty counseled against the extension of *Apprendi v. New Jersey*, 530 US 466 (2000) to the imposition of sentences for discrete crimes. Instead, the Court has held that the federal constitutional jury-trial right does not attach to consecutive sentencing facts. *Id.* Accordingly, because jury findings are not required to impose consecutive sentences under ORS 137.123, any failure to object under *Ice* – or *Apprendi*– cannot constitute a failure to exercise professional judgment on the part of trial or appellate counsel and petitioner cannot show he was prejudiced.

Page 12 -  RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
KEB/gcz/2994139-v1

As such, relief on these claims should be denied because the state-court decisions denying relief on them were neither "contrary to," nor an "unreasonable application of," the ineffective-counsel standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), which is what petitioner must prove to obtain relief on an ineffective-counsel claim in this proceeding.

A claim of ineffective assistance of counsel has two components: first, the petitioner must show that counsel's performance was deficient, and second, the petitioner must show that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first part of the '*Strickland* test' the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. The performance must be evaluated from counsel's performance at the time of the alleged error. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second part of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." *Id.* Evaluation of a claim under the *Strickland* test is highly deferential: "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Bell v. Cone*, 535 U.S. 685, 698 (2002) (quoting *Strickland*, 466 U.S. at 689) (brackets in original).

The *Strickland* test has been determined to be clearly established Federal law, as determined by the Supreme Court of the United States, for purposes of evaluation under 28 U.S.C. § 2254(d)(1). *Williams*, 529 U.S. at 391. The Court has noted that "[s]urmounting *Strickland's* high bar is never an easy task. . . Establishing that a state court's application of

Page 13 - RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
KEB/gcz/2994139-v1

*Strickland* was unreasonable under § 2254(d) is all the more difficult. . . . The standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is 'doubly' so." *Harrington*, 2011 WL 148587, at 13 (*quoting, Knowles v. Mirzayance*, 556 U.S. __, 129 S.Ct. 1411, 1420 (2009)). Thus, in evaluating ineffective-counsel claims under the AEDPA, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Ineffective-appellate-counsel claims are also reviewed under the *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Miller v. Keeney*, 882 F.2d 1428 (9th Cir. 1989). Accordingly, to prevail on an ineffective assistance of appellate counsel claim, petitioner must show that appellate counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, petitioner would have prevailed on appeal. *Smith*, 528 U.S. at 285; *Miller*, 882 F.2d at 1434. It is not unreasonable or unprofessional for appellate counsel to not raise on appeal every colorable or nonfrivolous issue. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983) (nothing in the Constitution requires "judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client."). Rather, the "process of 'winnowing out weaker claims on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986).

Petitioner cannot establish that either trial or appellate counsel were ineffective or that he was prejudiced by counsels' actions. These claims should be denied.

b.   Ground Four

In Ground Four petitioner alleges that his convictions were the result of inadequate assistance as his plea was obtained by unlawful inducement and that petitioner did not understand the true nature of the charges and the consequences of the plea. Additionally, petitioner appears to allege that his plea was not knowing, voluntary, and intelligent because

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

counsel had petitioner plead guilty to multiple counts of kidnapping charges, for which petitioner was innocent. *See,* Petition, at 10.

First, relief on this claim should be denied because the plea colloquy establishes that petitioner was properly advised of the maximum possible sentence he faced, and all the trial rights he waived, by pleading guilty. (*See,* Ex. 200, Plea Tr.)

The clearly established federal law that governs the validity of guilty pleas was articulated in *Brady v. United States*, 397 U.S. 742 (1970). In *Brady*, the Supreme Court concluded that a valid guilty plea must be knowing and voluntary. *Id.* at 748. In determining whether a guilty plea was entered voluntarily courts must consider all the relevant circumstances surrounding the guilty plea. *Id.* at 749. There is, however, "no fixed colloquy, no set of sequence or number of questions and answers, no minimum length of the hearing, no Talismanic language that the judge is required to use." *Stewart v. Peters*, 958 F.2d 1379, 1384 (7th Cir. 1992). Rather, in *Mabry v. Johnson*, 467 U.S. 504 (1984), the Court reiterated that:

> [A] plea of guilty by one fully aware of the direct consequences including the actual value of any commitment made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Id.* at 509 (*quoting Brady v. United States*, 397 U.S. 742, 755 (1970)). Thus, a plea is valid if it represents a voluntary and intelligent choice among alternative courses of action open to defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Furthermore, when a plea is subsequently challenged in a collateral proceeding, a presumption of verity is given to the plea proceeding record. *Blackledge v. Allison*, 431 U.S. 73, 74 (1977). Accordingly, representations made by a defendant as well as any findings made by the judge accepting the plea, "constitute a formidable barrier.... Solemn declarations in open court carry a strong presumption of verity." *Id.*

In addition, in *United States v. Ruiz*, 536 U.S. 622 (2002), the Court addressed the validity of guilty pleas, and specifically noted that:

Page 15 -  RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
KEB/gcz/2994139-v1

. . . this Court has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor. *See Brady v. United States,* 397 U.S., at 757 (defendant "misapprehended the quality of the State's case"); *ibid.* (defendant misapprehended "the likely penalties"); *ibid.* (defendant failed to "anticipate a change in the law regarding" relevant "punishments"); *McMann v. Richardson,* 397 U.S. 759, 770 (1970) (counsel "misjudged the admissibility" of a "confession"); *United States v. Broce,* 488 U.S. 563, 573 (1989) (counsel failed to point out a potential defense); *Tollett v. Henderson,* 411 U.S. 258, 267 (1973) (counsel failed to find a potential constitutional infirmity in grand jury proceedings). *Ruiz,* 536 U.S. at 630-31 (parallel citations omitted).

A petitioner who pleads guilty or no contest to a criminal charge and then challenges the adequacy of trial counsel in a post-conviction proceeding must prove prejudice by showing that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Rodriguez-Moreno v. State,* 208 Or App 659, 663, 145 P3d 256 (2006), *rev den,* 343 Or 159 (2007), *quoting Hill v. Lockhart,* 474 US 52, 59, 106 S Ct 366, 88 L Ed 2d 203 (1985).

In order to prevail here, petitioner must show by a preponderance of the evidence that, had trial counsel not "coerced" him, and had trial counsel informed him of the possibility that he might receive a longer sentence, he would not have pleaded guilty or no contest to the kidnapping charges. *See Moen v. Peterson,* 312 Or 503, 513, 824 P2d 404 (1991) (defendant was required to prove that, had counsel informed him of the possibility of a minimum sentence, or had he otherwise been aware of it, he would not have pleaded no contest). In addition to petitioner's testimony, the trial court may consider, for example, whether petitioner received substantial benefits from a plea agreement, whether he was aware of the possibility of a maximum sentence, and whether or not he objected or commented after the prosecutor, speaking in open court in petitioner's presence, recommended a minimum to the sentencing court. *Moen,* 312 Or at 514.

KEB/gcz/2994139-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

In this case, petitioner signed a "plea statement" that specified, in handwriting: "No agreement as to concurrent or consecutive time." (Ex 103, Plea Statement and Order at 2). The plea statement form also contained the following provision:

> My plea is based only on what is written on this statement. No other promises have been made to me that are not included in this statement. I have not been threatened in any way. I understand that, if the District Attorney is making a recommendation to the court, the court does not have to accept it and may give me the maximum sentence.
>
> * * * * *
>
> I ask the court to accept my plea of GUILTY/NO CONTEST because I believe it is the best for me under the circumstances. My plea is freely and voluntarily made.

(*Id.* at 2). Further, the plea statement petitioner signed specifically provides, "I am satisfied with the advice my lawyer has given me." (*Id.* at 1). Petitioner told the criminal trial court that he had read the plea statement, that it was explained to him, and that he signed it. (Ex. 200, Plea Transcript (Plea Tr.) at 8). Petitioner stated that he had had enough time to talk to his lawyers about the case and that he was satisfied with the advice he had been given. (*Id.* at 10). His attorney told the trial court that he had "gone over the form with [petitioner]." (*Id.* at 2). Trial counsel's affidavit also states that petitioner was aware of the consequences of his plea. (Ex. 172, Affidavit of Daniel Bouck at 3). Counsel's affidavit further provided:

> The case ended up resolving after the State put on all of its case except for the victim. It was in a break prior to putting the victim on the stand that Mr. Ross broke down and ended up pleading. It was unfortunate that he had waited until this point in the trial to be honest with himself and counsel as to what occurred. The State took the position that had Mr. Ross been up front about the case prior to starting the trial, they would have negotiated differently. Given they had already put on their case and felt fairly assured they would win across the board, the negotiations were limited. Judge Walker, in chambers, actually helped push the DA towards a settlement that was more beneficial to Mr. Ross than what they wanted to do. The State agreed to do the settlement in part because they wanted to spare the victim from testifying and reliving these events.
> I have been practicing law now for 17 years. I always tell my clients prior to trial what I honestly thi[nk] is going to happen and let the client make the decision of how they wish to proceed. Mr. Ross refused to accept that he was going to likely be found guilty of at least a significant number of charges based upon the information available to both sides. Mr. Ross voluntarily chose to go to trial and then voluntarily chose to change his mind. (Ex. 172, Affidavit of Daniel Bouck, at 4.)

Page 17 - RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
KEB/gcz/2994139-v1

Moreover, at sentencing, petitioner did not comment after the prosecutor recommended consecutive sentences or object to the court's imposition of the sentences. (*See*, Ex. 200, Sent. Tr.).

The post-conviction court found that petitioner had failed to prove the allegation that his criminal trial counsel "coerce[ed] the petitioner into making him take a plea agreement and to plead to all counts against him and against his will and best interest[.]" (Ex. 191, General Judgment). The post-conviction court's factual finding that trial counsel was not constitutionally ineffective in his representation and that petitioner entered into a knowing, lawful and voluntary plea was reasonable and is entitled to deference as the court's findings do not contravene *Strickland,* the applicable clearly-established federal law.

Furthermore, to the extent petitioner is challenging that his attorney should not have permitted him to plead guilty to his kidnapping charges, petitioner is incorrect that his attorney had any means available to challenge those charges once petitioner elected to enter a guilty/no contest plea. Specifically, petitioner's remedy would have been to have counsel move for a judgment of acquittal at the conclusion of the state's case. That did not, and could not happen though, because petitioner elected to enter a plea prior to the state resting.

Additionally, even if counsel had been able to move to acquit petitioner on the charges of kidnapping, he would not have been successful as the stat of the law at the time of trial supported petitioner's conviction for kidnapping. Specifically, in *State v. Garcia*, 288 Or 413, 421, 605 P2d 671 (1980), the controlling law at the time, the court concluded that a defendant "would be guilty of kidnapping also if in committing rape or robbery he took the victim a 'substantial distance' or held the victim 'a substantial period of time.'" 288 Or at 420-21. The kidnapping statute "does not even require that there actually be a substantial interference with the victim's personal liberty; it is only necessary that the perpetrator have the 'intent to interfere substantially' with the victim's personal liberty[.]" *Id.*

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Under *Garcia* reasonable trial counsel could have decided that petitioner, in fact, would have been convicted of the charges, had petitioner chosen to continue his trial. At the hearing on petitioner's motion to plead guilty and no contest to the charges, the court found defendant guilty beyond a reasonable doubt, based on the state's evidence that:

> [T]hese events occurred * * * between February 23rd of 2004 and February 24th of 2004[.]
>
> [T]he initial assaults began in an area of the kitchen, that they moved at various points on down the hall towards the master bedroom, that the assaults continued in the bedroom, that she was moved again down through the hall, that all of this movement was against her will and interfered with her liberty, that during all of this movement, that the defendant was subjecting her to physical abuse, including going into the bathroom, smashing her head into the wall that left hair, taking her to the living room and vaginally raping her. (Ex. 200, Sent. Tr. at 13-14).

Moreover, the ordeal lasted for approximately eight hours. The undisputed facts would have permitted an inference, under *Garcia*, of petitioner's intent to interfere substantially with the victim's personal liberty, and the detention or asportation of the victim was not merely incidental to the accomplishment of the attempted aggravated murder, rape, sodomy, strangulation, and assault. *State v. Wolleat*, 338 Or 469, 111 P3d 1131 (2005), upon which petitioner references and appears to wish to rely, was not announced until after petitioner's trial and petitioner's trial attorney cannot be faulted for failing to argue application of a legal decision that had not yet been announced. "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F3d 859, 870 (9th Cir 2004) (citing *Strickland*, 466 US at 690).

Petitioner knowingly, voluntarily, and intelligently elected to enter his guilty and no contest pleas to the crimes charged. Counsel was not ineffective in failing to eliminate charges for which there was legal basis to indict and convict petitioner under then prevailing law. The post-conviction court did not err in its findings that counsel was not ineffective and petitioner was not prejudiced and the court's decision is entitled to deference.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

IV.    **CONCLUSION**

For the reasons stated above, relief on petitioner's claims should be denied and his habeas

corpus petition should be dismissed with prejudice.

DATED this 9 day of September, 2011.

                                   Respectfully submitted,

                                   JOHN R. KROGER
                                   Attorney General

                                   KRISTEN E. BOYD #002102
                                   Assistant Attorney General
                                   Trial Attorney
                                   Tel (503) 947-4700
                                   Fax (503) 947-4794
                                   kristen.e.boyd@doj.state.or.us

          KEB/gcz/2994139-v1

                          Department of Justice
                          1162 Court Street NE
                          Salem, OR 97301-4096
                     (503) 947-4700 / Fax: (503) 947-4794

## CERTIFICATE OF SERVICE

I certify that on September ___9___, 2011, I served the foregoing RESPONSE TO PETITION

FOR WRIT OF HABEAS CORPUS upon the parties hereto by the method indicated below, and

addressed to the following:

James Arthur Ross
SID #12599830
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR 97801-9699

___ HAND DELIVERY
_X_ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL
___ E-FILE

_____
KRISTEN E. BOYD #002102
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4794
kristen.e.boyd@doj.state.or.us
Of Attorneys for Respondent

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794