```
12/06/10                OREGON DEPARTMENT OF CORRECTIONS          PAGE: 001
11:01:42                 stitution Division FACESHE                OPS532B
                                                                   HOGELANV

Location: EOCI                    SID#: 12599830

                                                     Orig Adm Date: 09/02/2004
Court Name:  ROSS, JAMES ARTHUR                      Curr Adm Date: 09/02/2004
True  Name:                                          Proj Rele Date: 02/22/2014
     Birth Date:  01/11/1979                         Phys Rele Date:
      Sex/Race:  M/W                                  Maximum Date: 02/22/2014
      Hair/Eyes:  BROWN/BROWN                        Parole Release:
   Height/Weight:  5'10"/180 lbs                     Good Time Date:


                                                     SG Earned Date: 02/22/2014
                                                     SG Proj Date: 02/22/2014

                     01      *SG   02 CS01*SG   03 CS01*SG   04 CS03*SG   05 CS04*SG
Offense (abbrev)    MURD AG AT    KID I        KID I        RAPE I       SODO I
137.635/137.700     N/Y           N/Y          N/Y          N/Y          N/Y
Sent Reduct/Ovrd    R-00/N        R-00/N       R-00/N       R-00/N       R-00/N
Sentence yy-mm-dd   000-120-000   000-090-000  000-090-000  000-100-000  000-100-000
Court docket#       04CR0429FE    04CR0429FE   04CR0429FE   04CR0429FE   04CR0429FE
Dockt county/count  DOUG/1        DOUG/2       DOUG/3       DOUG/4       DOUG/5
Name of judge       WALKER        WALKER       WALKER       WALKER       WALKER
Date convicted      08/31/2004    08/31/2004   08/31/2004   08/31/2004   08/31/2004
Sentence begin dt.  09/02/2004    09/02/2004   09/02/2004   09/02/2004   09/02/2004
Tolling date                      02/22/2014   02/22/2014   08/22/2021   12/22/2029
Time served credit  00191
Minimum 137.700     000-120-000   000-090-000  000-090-000  000-100-000  000-100-000
Minimum 137 date    02/22/2014    08/22/2021   08/22/2021   12/22/2029   04/22/2038
GT-ET credit/Lost
Inop/Merit GT
MAX sent date       02/22/2014    08/22/2021   08/22/2021   12/22/2029   04/22/2038
SG earned date      02/22/2014    08/22/2021   08/22/2021   12/22/2029   04/22/2038
Proj rele/GT date   02/22/2014    08/22/2021   08/22/2021   12/22/2029   04/22/2038
Termination date                  11/09/2010   11/09/2010
Termination code                  RSNT         RSNT
PPS sent length     000-036-000   000-036-000  000-036-000  000-140-000  000-140-000
```

\* \* \* \* \* \* \* \* \* \* \* \* \*   C O N T I N U E D   \* \* \*

Respondent's Exhibit
#101
USDC Case No. 10-1440-HO

```
12/06/10                OREGON DEPARTMENT OF CORRECTIONS            PAGE: 002
11:01:42                   titution Division FACESHE                OPS532B


ROSS, JAMES ARTHUR                       SID#: 12599830

                      06 CS04*SG   07 CS06*SG   08 CS06*SG   09      SG
Offense (abbrev)      SODO I       ASSA II      ASSA II      ASSA IV CF
137.635/137.700       N/Y          N/Y          N/Y          N/N
Sent Reduct/Ovrd      R-00/N       R-00/N       R-00/N       R-00/N
Sentence yy-mm-dd     000-100-000  000-070-000  000-070-000  000-000-090
Court docket#         04CR0429FE   04CR0429FE   04CR0429FE   04CR0429FE
Dockt county/count    DOUG/6       DOUG/7       DOUG/8       DOUG/9
Name of judge         WALKER       WALKER       WALKER       WALKER
Date convicted        08/31/2004   08/31/2004   08/31/2004   08/31/2004
Sentence begin dt.    09/02/2004   09/02/2004   09/02/2004   09/02/2004
Tolling date          12/22/2029   04/22/2038   04/22/2038
Time served credit                                           00090
Minimum 137.700       000-100-000  000-070-000  000-070-000
Minimum 137 date      04/22/2038   02/22/2044   02/22/2044
GT-ET credit/Lost
Inop/Merit GT
MAX sent date         04/22/2038   02/22/2044   02/22/2044   09/02/2004
SG earned date        04/22/2038   02/22/2044   02/22/2044   09/02/2004
Proj rele/GT date     04/22/2038   02/22/2044   02/22/2044   09/02/2004
Termination date                                             09/02/2004
Termination code                                             POST
PPS sent length       000-240-000  000-036-000  000-036-000  000-240-000
```

```
* * * * * * * * * * * * E N D   O F   F A C E S H E E T * * * * * * * * * * * *
```

11/09/2010  07:53   541-881-5479              SRCI RECORDS                           PAGE  03/14
Nov. 8. 2010  4:28PM   ...PEUR CIRCUIT COURT                              No. 3166   P.  1

Entered/Docketed
Date  11/8/10

FILED
Malheur County Circuit Court

NOV -8 2010
Time: 4:44 .m By ___

1

2

3

4

5

6                    IN THE STATE COURTS OF THE STATE OF OREGON

7                          FOR THE COUNTY OF MALHEUR

8    ****************************************************************************

9    JAMES ARTHUR ROSS.                    )        Case 05-08-4630M

10                          Plaintiff,     )        SUPPLEMENTAL JUDGMENT

11             vs.                         )        ORDER GRANTING POST

12   JEAN HILL, Superintendent, Snake      )        CONVICTION RELIEF AND

13   River Correctional Institution.       )        REMANDING CASE FOR

14                          Defendants.    )        RESENTENCING

15   ****************************************************************************

16       The above-entitled case involves a Petition for Post Conviction Relief.   On May 19, 2010, the

17   Oregon Court of Appeals, in case number A135040 reversed the Judgment of the trial Court as to a

18   portion of that judgment relating to the issue of merger of the two kidnapping charges, and ordered
19
     that Judgment be entered granting post conviction relief as to that issue, and remanding the case for
20
21   resentencing by the trial court on the two kidnapping charges.   The Court of Appeals affirmed the

22   Post Conviction trial Court's Judgment as to all other issues.

23       Therefore , it is hereby ordered that the Judgment of the trial court dated February 23, 2007, is
24
     hereby vacated in part, and post conviction relief is hereby granted in accordance with the attached
25
26   opinion of the Court of Appeals as to the issue of merger of the two convictions for Kidnapping.   This

27              Copies
28

         AG / ATT   PTF / SRCI / TC    COA
         ☑   ☐     ☑    ☑    ☐     ☐

1  matter is therefore remanded to the Circuit Court for Douglas County for resentencing as to the

2  kidnapping counts only.

3

4        DONE AND DATED this 9th day of November, 2010.

5

6

7        Patricia Sullivan, Circuit Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11/09/2010  07:53    541-881-5479                    SRCI RECORDS                              PAGE  05/14

Nov. 8. 2010  4:29PM    MALHEUR CIRCUIT COURT                          No. 3166    P. 3

Entered/Docketed

Date 11/8/10

IN THE COURT OF APPEALS OF THE STATE OF OREGON

FILED
Malheur County Circuit Court

JAMES ARTHUR ROSS,
Petitioner-Appellant,

NOV -8 2010

v.                                    Time: 10 44 By

JEAN HILL, Superintendent, Snake River Correctional Institution,
Defendant-Respondent.

Malheur County Circuit Court
05084630M

A135040

## APPELLATE JUDGMENT and SUPPLEMENTAL JUDGMENT

Joseph F. Ceniceros, Senior Judge.

Submitted on July 21, 2009.

Patrick M. Ebbett filed the opening brief for appellant.   James Arthur Ross filed the supplemental brief *pro se*.

Judy C. Lucas, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge; Brewer, Chief Judge; and Schuman, Judge.

LANDAU, P. J.

**Reversed and remanded with instructions to enter judgment granting post-conviction relief and resentencing on kidnapping convictions; otherwise affirmed.**

### DESIGNATION OF PREVAILING PARTY AND AWARD OF COST

Prevailing party: Appellant                    [X]   Costs allowed, payable by Respondent.

### MONEY AWARD

Creditor(s):   James Arthur Ross

Attorney:    Andrew S. Chilton, 714 SW 20th Pl, Portland OR 97205

Debtor(s):   Jean Hill, Superintendent, Snake River Correctional Institution

Attorney:    Judy C. Lucas

Costs:              $100.00

Total Amount:      $100.00

Interest: Simple, 9% per annum, from the date of this appellate judgment.

Appellate Judgment
Effective Date:  November 3, 2010

APPELLATE JUDGMENT and SUPPLEMENTAL JUDGMENT

THIS IS THE APPELLATE JUDGEMENT OF
THE APPELLATE COURTS AND SHOULD
BE ENTERED PURSUANT TO ORS 19.450.

Nov. 8. 2019  4:32PM   MALHEUR CIRCUIT COURT                            No. 3166  P. 11
Jan 23. 2007 10.12AM   MAL IN CIRCUIT COURT                             No. 1040  P. 11

Entered/Docketed
Date 2/23/07

F I L E D
Malheur County Circuit Court

FEB 23 2007

Time: 152 P.m By VH

1

2

3

4

5                    IN THE CIRCUIT COURTS OF THE STATE OF OREGON

6                           FOR THE COUNTY OF MALHEUR

7    ****************************************************************************

8    JAMES ARTHUR ROSS                     )
9    SID #12599830                         )
                                           )
10                                         )          Case No. 05-08-4630M
                     Petitioner/Plaintiff, )
11                                         )
                                           )
12                   vs.                   )          GENERAL JUDGMENT
                                           )
13                                         )
     JEAN HILL, Superintendent,            )
14   Snake River Correctional Institution, )
15                        Defendant.       )
16
     ****************************************************************************
17
                                              January 23, 2006
18   The above-entitled matter came before the Court on October 11, 2005
19   for hearing on Trial to Court.
     ////////////////////////////////////////////////////////////////////////////////
20                                    ORDER(S)
21   NOW, THEREFORE, IT IS HEREBY ORDERED THAT:
22   ( ✓ )The Petition for Post Conviction Relief  ( ) The Petition for Writ of Habeas Corpus Relief  is
23   ( )allowed ( ✓ )denied based upon the following findings and conclusions:
     Petitioner failed to prove each and every allegation of the Petition.
24   Some claims cannot be raised in Post Conviction. Petitioner was adequate
25   and competent as required in Oregon especially because the
26   2. This matter involves a ( ✓ )Federal ( ✓ )State Constitutional issue(s). All questions were
     presented and decided.
27   facts of the case were no egregious and the Petitioner entered
     a voluntary knowing and intelligent plea to charges.
28   Judgment in Prison Litigation Case 12/2001                                    Page 1 of 2

                    COPIES
            AG    ATY    PTF    SRCI
            ☐     ☐      ☐      ☐     ☐
                       2/23/17

11/09/2010  07:53    541-881-5479          SRCI RECORDS                    PAGE  14/14
Nov. 8. 2010 4:32PM   MALHEUR CIRCUIT COURT                         No. 3166  p. P. 12

3.  This order shall constitute a final judgment for purposes of appellate review and for purposes of res judicata.

///////////////////////////////////////////////////////////////////////////////////////

## GENERAL JUDGMENT

FOR THE REASONS STATED ON THE RECORD, IT IS FURTHER ORDERED THAT JUDGMENT BE, AND HEREBY IS GIVEN IN FAVOR OF:

PLAINTIFF [    ];

DEFENDANT [ ✓ ]

FOR THE REASONS STATED ON THE RECORD, IT IS FURTHER ORDERED THAT JUDGMENT INCLUDE:

INDIGENT ATTORNEY FEES IN THE SUM OF $_____;

and/or

COSTS IN THE SUM OF $_____.[1]

///////////////////////////////////////////////////////////////////////////////////////

## MONEY AWARD

Judgment Creditor: _____

Judgment Debtor: _____

Amount of Judgment: Court Costs: $_____

Attorney Fees: $_____

DONE AND DATED this 23rd day of January, 2007.



Honorable Joseph Ceniceros

Senior Circuit Court Judge

_____

[1] Attorney fees and/or costs shall be become a lien against the Plaintiff's Department of Corrections Trust Account, payable as funds may become available in such account for payments toward or satisfaction of said lien. Any sum remaining unpaid upon release of Plaintiff shall be paid in payments as set by the Plaintiff's post-prison/parole supervision officer, said payments to be set according to the financial ability of Plaintiff make such payments.

Judgment in Prison Litigation Case 12/2001                                    Page 2 of 2

# IN THE STATE OF OREGON FOR
## DOUGLAS COUNTY CIRCUIT COURT

F I L E D

AUG 3 1 2004

DOUGLAS COUNTY
CIRCUIT COURT

STATE OF OREGON,
Plaintiff,
vs.
James Arthur Ross,
Defendant

Case No.: 04CR0429FE
**JUDGMENT**
Case File Date: 01/25/2004
District Attorney File #: F04022570
Proceeding Date: 08/31/2004

## DEFENDANT

True Name: James Arthur Ross
Date of Birth: 01/11/79

Sex: Male

Fingerprint Control No (FPN): 42864054

## HEARING

Judge: Stephen S Walker

Media No.: 404 9:36

Court Reporter: - CD NL

Defendant appeared in person and was in custody. The defendant was represented by Attorney(s) Daniel Bouck, OSB Number 89024.

Plaintiff appeared by and through Richard L Wesenberg Jr, OSB Number 92155.

## COUNT(S)

It is adjudged that the defendant has been convicted on the following count(s):

### Count 1: Attempt A/Fel Aggravated Murder +.

Count number 1, Attempt A/Fel Aggravated Murder +, ORS 1614052B, a Class B Felony, committed on or about 02/23/2004.

Conviction is based upon a plea of No Contest on 06/10/2004.

**Sentencing Guidelines**

Crime Severity Classification (CSC) on Count Number 1 is 10 and the Criminal History Classification (CHC) is H.

**Incarceration**

Defendant is sentenced to the custody of Oregon Department of Corrections for a period of 120 month(s). Defendant is remanded to the custody of the Douglas County Sheriff for transportation to the Oregon Department of Corrections for service of this sentence.

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752.

Defendant is recommended for the following program(s) and/or treatment(s) while incarcerated:
- Defendant is eligible for programs while incarcerated, with the exceptions of programs which grant early release.

**Post-Prison Supervision**

The term of Post-Prison Supervision is 36 month(s). If defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

### Count 2: Kidnapping-1 +.

Count number 2, Kidnapping-1 +, ORS 163235, a Class A Felony, committed on or about 02/23/2004.

Conviction is based upon a plea of No Contest on 06/10/2004.

**Sentencing Guidelines**

Crime Severity Classification (CSC) on Count Number 2 is 10 and the Criminal History Classification (CHC) is I.

**Incarceration**

Defendant is sentenced to the custody of Oregon Department of Corrections for a period of 90 month(s). Defendant is remanded to the custody of the Douglas County Sheriff for transportation to the Oregon Department of Corrections for service of this sentence.

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, with the exceptions of programs which grant early release. and shall pay any required per diem fees.

For the reasons stated on the record this sentence shall be consecutive to sentence(s) imposed herein on Count 1. This sentence shall be concurrent with the following cases: this case Count 3.

**Post-Prison Supervision**

The term of Post-Prison Supervision is 36 month(s). If defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

**Count 3: Kidnapping-1 +.**

Count number 3, Kidnapping-1 +, ORS 163235, a Class A Felony, committed on or about 02/23/2004.

Conviction is based upon a plea of No Contest on 06/10/2004.

**Sentencing Guidelines**

Crime Severity Classification (CSC) on Count Number 3 is 10 and the Criminal History Classification (CHC) is I.

**Incarceration**

Defendant is sentenced to the custody of Oregon Department of Corrections for a period of 90 month(s). Defendant is remanded to the custody of the Douglas County Sheriff for transportation to the Oregon Department of Corrections for service of this sentence.

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, but not with those programs which grant early release. and shall pay any required per diem fees.

This sentence shall be consecutive to the sentence(s) on the following cases: this case Counts 1, 4, 5, 6, 7, 8, 9, 10, 11, 12. This sentence shall be concurrent with the following cases: this case Count 2.

**Post-Prison Supervision**

The term of Post-Prison Supervision is 36 month(s). If defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

**Count 4: Rape-1 +.**

Count number 4, Rape-1 +, ORS 163375, a Class A Felony, committed on or about 02/23/2004.

Conviction is based upon a plea of No Contest on 06/10/2004.

**Sentencing Guidelines**

Crime Severity Classification (CSC) on Count Number 4 is 10 and the Criminal History Classification (CHC) is I.

### Incarceration

Defendant is sentenced to the custody of Oregon Department of Corrections for a period of 100 month(s).

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, but not with those programs which grant early release. and shall pay any required per diem fees.

This sentence shall be consecutive to the sentence(s) on the following cases: this case Counts 1, 2, 3, 5-12.

### Post-Prison Supervision

The term of Post-Prison Supervision is 140 month(s) minus time actually served pursuant to ORS 144.103. If defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

### Statutory Provisions

Defendant is ordered to submit blood or buccal sample and thumbprint pursuant to ORS 137.076. Defendant is ordered to submit to testing for HIV and other communicable diseases pursuant to ORS 135.139. Defendant is ordered to register as a sex offender pursuant to Oregon Revised Statutes.

### Count 5: Sodomy-1 +.

Count number 5, Sodomy-1 +, ORS 163405, a Class A Felony, committed on or about 02/23/2004.

Conviction is based upon a plea of No Contest on 06/10/2004.

### Sentencing Guidelines

Crime Severity Classification (CSC) on Count Number 5 is 10 and the Criminal History Classification (CHC) is I.

### Incarceration

Defendant is sentenced to the custody of Oregon Department of Corrections for a period of 100 month(s).

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, but not with those programs which grant early release. and shall pay any required per diem fees.

This sentence shall be consecutive to the sentence(s) on the following cases: this case Counts 1, 2, 3, 4, 7-12.

### Post-Prison Supervision

The term of Post-Prison Supervision is 140 month(s) minus time actually served pursuant to ORS 144.103. If defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

### Statutory Provisions

Defendant is ordered to submit blood or buccal sample and thumbprint pursuant to ORS 137.076. Defendant is ordered to submit to testing for HIV and other communicable diseases pursuant to ORS 135.139. Defendant is ordered to register as a sex offender pursuant to Oregon Revised Statutes.

### Count 6: Sodomy-1 +.

Count number 6, Sodomy-1 +, ORS 163405, a Class A Felony, committed on or about 02/23/2004.

Conviction is based upon a plea of Guilty on 06/10/2004.

### Sentencing Guidelines

Crime Severity Classification (CSC) on Count Number 6 is 10 and the Criminal History Classification (CHC) is I.

**Incarceration**

Defendant is sentenced to the custody of Oregon Department of Corrections for a period of 100 month(s). Defendant is remanded to the custody of the Douglas County Sheriff for transportation to the Oregon Department of Corrections for service of this sentence.

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, but not with those programs which grant early release. and shall pay any required per diem fees.

This sentence shall be consecutive to the sentence(s) on the following cases: this case Counts 1, 2, 3, 4, 7-12. This sentence shall be concurrent with the following cases: this case Count 5.

**Post-Prison Supervision**

The term of Post-Prison Supervision is 240 month(s) minus time actually served pursuant to ORS 144.103. If defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

**Statutory Provisions**

Defendant is ordered to submit blood or buccal sample and thumbprint pursuant to ORS 137.076. Defendant is ordered to submit to testing for HIV and other communicable diseases pursuant to ORS 135.139. Defendant is ordered to register as a sex offender pursuant to Oregon Revised Statutes.

**Count 7: Assault-2 +,**

Count number 7, Assault-2 +, ORS 163175, a Class B Felony, committed on or about 02/23/2004.

Conviction is based upon a plea of Guilty on 06/10/2004.

**Sentencing Guidelines**

Crime Severity Classification (CSC) on Count Number 7 is 9 and the Criminal History Classification (CHC) is I.

**Incarceration**

Defendant is sentenced to the custody of Oregon Department of Corrections for a period of 70 month(s). Defendant is remanded to the custody of the Douglas County Sheriff for transportation to the Oregon Department of Corrections for service of this sentence.

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, but not with those programs which grant early release. and shall pay any required per diem fees.

This sentence shall be consecutive to the sentence(s) on the following cases: this case Counts 1-6 and 9-12. This sentence shall be concurrent with the following cases: this case Count 8.

**Post-Prison Supervision**

The term of Post-Prison Supervision is 36 month(s). If defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

**Count 8: Assault-2,**

Count number 8, Assault-2, ORS 163175, a Class B Felony, committed on or about 02/23/2004.

Conviction is based upon a plea of Guilty on 06/10/2004.

**Sentencing Guidelines**

Crime Severity Classification (CSC) on Count Number 8 is 9 and the Criminal History Classification (CHC) is I.

**Incarceration**

Defendant is sentenced to the custody of Oregon Department of Corrections for a period of 70 month(s). Defendant is remanded to the custody of the Douglas County Sheriff for transportation to the Oregon Department of Corrections for service of this sentence.

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, but not with those programs which grant early release. and shall pay any required per diem fees.

This sentence shall be consecutive to the sentence(s) on the following cases: this case Counts 1-6 and 9-12. This sentence shall be concurrent with the following cases: this case Count 7.

**Post-Prison Supervision**

The term of Post-Prison Supervision is 36 month(s). If defendant violates any of the conditions of post-prison supervision, the defendant shall be subject to sanctions including the possibility of additional imprisonment in accordance with the rules of the State Sentencing Guidelines Board.

**Count 9: Assault-4, Sec. 3.**

Count number 9, Assault-4, Sec. 3, ORS 1631603, a Class C Felony, committed on or about 02/23/2004.

Conviction is based upon a plea of No Contest on 06/10/2004.

**Sentencing Guidelines**

Crime Severity Classification (CSC) on Count Number 9 is 6 and the Criminal History Classification (CHC) is I.

**Incarceration**

Defendant is sentenced to the custody of Jail for a period of 90 day(s). Defendant is remanded to the custody of the Douglas County Sheriff for transportation to the Supervisory Authority for service of this sentence.

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, but not with those programs which grant early release. and shall pay any required per diem fees.

This sentence shall be concurrent with all previously imposed sentences.

**Count 10: Strangulation.**

Count number 10, Strangulation, ORS 163187, a Class A Misdemeanor, committed on or about 02/23/2004.

Conviction is based upon a plea of Guilty on 06/10/2004.

**Incarceration**

Defendant is sentenced to the custody of Jail for a period of 1 year(s). Defendant is remanded to the custody of the Douglas County Sheriff for transportation to the Supervisory Authority for service of this sentence.

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, but not with those programs which grant early release. and shall pay any required per diem fees.

This sentence shall be concurrent with all previously imposed sentences.

**Count 11: Menacing.**

Count number 11, Menacing, ORS 163190, a Class A Misdemeanor, committed on or about 02/23/2004.

Conviction is based upon a plea of Guilty on 06/10/2004.

**Incarceration**

Defendant is sentenced to the custody of Jail for a period of 1 year(s). Defendant is remanded to the custody of the Douglas County Sheriff for transportation to the Supervisory Authority for service of this sentence.

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, but not with those programs which grant early release. and shall pay any required per diem fees.

This sentence shall be concurrent with all previously imposed sentences.

**Count 12: Interfere With Making Report.**

Count number 12, Interfere With Making Report, ORS 165572, a Class A Misdemeanor, committed on or about 02/23/2004.

Conviction is based upon a plea of No Contest on 06/10/2004.

**Incarceration**

Defendant is sentenced to the custody of Jail for a period of 1 year(s). Defendant is remanded to the custody of the Douglas County Sheriff for transportation to the Supervisory Authority for service of this sentence.

Defendant may receive credit for time served. Defendant may not be considered by the executing or releasing authority for any form of alternative to incarceration or alternative sanctions as specified in ORS 137.750-137.752 except Defendant is eligible for programs while incarcerated, but not with those programs which grant early release. and shall pay any required per diem fees.

Court address:
   **Douglas County Circuit Court**
   **1036 SE Douglas**
   **Roseburg, OR 97470**

Dated the ___31___ day of ___August___ , 200_4_

Signed: _____
              Stephen S Walker



*amended —*
*- RLW*
*K. malison*



04 [...] PM 2: 57

DOUGLAS COUNTY
TRIAL COURTS

F-04-2257-1/CN 42864054/04CR0429FE
DOUGLAS COUNTY SHERIFF'S OFFICE, Trial Attorney: Richard Wesenberg

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR DOUGLAS COUNTY

| | | |
|---|---|---|
| THE STATE OF OREGON, | ) | |
| Plaintiff, | ) | **AMENDED** |
| | ) | I N D I C T M E N T |
| vs. | ) | |
| JAMES ARTHUR ROSS, | ) | Case No. 04CR0429FE |
| DEFENDANT. | ) | |

JAMES ARTHUR ROSS, DOB:  01/11/1979

is accused by the Grand Jury for the County of Douglas, State of
Oregon, by this indictment of the crime of

COUNT 1:    ATTEMPTED AGRAVATED MURDER, ORS 163.095, ORS 161.405
            On or between February 23, 2003 and February 24, 2004
COUNT 2:    KIDNAPPING IN THE FIRST DEGREE, ORS 163.235
            On or between February 23, 2003 and February 24, 2004
COUNT 3:    KIDNAPPING IN THE FIRST DEGREE, ORS 163.235
            On or between February 23, 2003 and February 24, 2004
COUNT 4:    RAPE IN THE FIRST DEGREE, ORS 163.375,
            On or between February 23, 2004 and February 24, 2004
COUNT 5:    SODOMY IN THE FIRST DEGREE, ORS 163.405,
            On or between February 23, 2004 and February 24, 2004
COUNT 6:    SODOMY IN THE FIRST DEGREE, ORS 163.405,
            On or between February 23, 2004 and February 24, 2004
COUNT 7:    ASSAULT IN THE SECOND DEGREE, ORS 163.175,
            On or between February 23, 2004 and February 24, 2004
COUNT 8:    ASSAULT IN THE SECOND DEGREE, ORS 163.175,
            On or between February 23, 2004 and February 24, 2004
COUNT 9:    FELONY ASSAULT IN THE FOURTH DEGREE,
            On or between February 23, 2004 and February 24, 2004
COUNT 10:   STRANGULATION, ORS 163.187,
            On or between February 23, 2004 and February 24, 2004
COUNT 11:   MENACING, ORS 163.190,
            On or between February 23, 2004 and February 24, 2004
COUNT 12:   INTERFERENCE WITH MAKING A REPORT, ORS 162.572,
            On or between February 23, 2004 and February 24, 2004

COMMITTED AS FOLLOWS:

Page

    -1- INDICTMENT

05-00-[...]

Respondent's Exhibit
#102
USDC Case No. 10-1440-HO

AMENDED INDICTMENT/JAMES ARTHUR ROSS

1

2

3
### COUNT 1

4
The said JAMES ARTHUR ROSS, between the 23rd day of February, 2004

5
and 24th day of February, 2004, in said County of Douglas and State of

6
Oregon, then and there being, did unlawfully and intentionally, in an

7
effort to conceal the commission of the crime of Sodomy in the First

8
Degree, attempted to cause the death of Naomi Fay Ross, contrary to the

9
statutes in such cases made and provided and against the peace and dignity

10
of the State of Oregon; *no contest*

11
### COUNT 2

12
And the said defendant, between the 23rd day of February, 2004 and

13
24th day of February, 2004, in said County of Douglas and State of Oregon,

14
then and there being, did unlawfully and knowingly, without consent or

15
legal authority, take Naomi Fay Ross, from one place to another, with

16
intent to interfere substantially with the said Naomi Fay Ross' personal

17
liberty, and with the purpose of causing physical injury to Naomi Fay

18
Ross, contrary to the statutes in such cases made and provided and against

19
the peace and dignity of the State of Oregon; *no contest* —

20

21
### COUNT 3

22
And the said defendant, between the 23rd day of February, 2004 and

23
24th day of February, 2004, in said County of Douglas and State of Oregon,

24
then and there being, did unlawfully and knowingly, without consent or

25
legal authority, take Naomi Fay Ross, from one place to another, with

26
intent to interfere substantially with the said Naomi Fay Ross' personal

Page

AMENDED INDICTMENT/JAMES ARTHUR ROSS

1

2   liberty, and with the purpose of terrorizing Naomi Fay Ross, contrary to

3   the statutes in such cases made and provided and against the peace and

4   dignity of the State of Oregon;   *no contest*

5

6

7                                   COUNT 4

8       And the said defendant, between the 23rd day of February, 2004 and

9   24th day of February, 2004, in said County of Douglas and State of Oregon,

10  then and there being, did unlawfully and knowingly, by forcible

11  compulsion, engage in sexual intercourse with Naomi Ross.

12      The state further alleges that during the course of the

13  above-described offense, the defendant used or threatened to use a weapon.

14      The state further alleges that during the course of the

15  above-described offense, the defendant caused or threatened to cause

16  serious physical injury, contrary to the statutes in such cases made and

17  provided and against the peace and dignity of the State of Oregon;

18

19                                  COUNT 5

20      And the said defendant, on or between the 23rd day of February,

21  2004 and the 24th day of February, 2004, in Douglas County, Oregon, did

22  unlawfully and knowingly, by forcible compulsion, engage in deviate

23  sexual intercourse with Naomi Ross.

24      The state further alleges that during the course of the

25  above-described offense, the defendant used or threatened to use a weapon.

26

Page

    -3- INDICTMENT

AMENDED INDICTMENT/JAMES ARTHUR ROSS

1

2        The state further alleges that during the course of the

3    above-described offense, the defendant caused or threatened to cause

4    serious physical injury, contrary to the statutes in such cases made and

5    provided and against the peace and dignity of the State of Oregon;

6

7

8                              COUNT 6

9        And the said defendant, on or between the 23rd day of February,

10   2004 and the 24th day of February, 2004, in Douglas County, Oregon, did

11   unlawfully and knowingly, by forcible compulsion, engage in deviate sexual

12   intercourse with Naomi Ross.

13       The state further alleges that during the course of the

14   above-described offense, the defendant used or threatened to use a weapon.

15       The state further alleges that during the course of the

16   above-described offense, the defendant caused or threatened to cause

17   serious physical injury, contrary to the statutes in such cases made and

18   provided and against the peace and dignity of the State of Oregon;

19

20

21                             COUNT 7

22       And the said defendant, on or between the 23rd day of February,

23   2004 and the 24th day of February, 2004, in Douglas County, Oregon, did

24   unlawfully and intentionally cause serious physical injury to Naomi Ross,

25   contrary to the statutes in such cases made and provided and against the

26   peace and dignity of the State of Oregon;

Page

     -4- INDICTMENT

AMENDED INDICTMENT/JAMES ARTHUR ROSS

COUNT 8

And the said defendant, on or between the 23rd day of February, 2004 and the 24th day of February, 2004, in Douglas County, Oregon, did unlawfully and knowingly cause  physical injury to Naomi Ross by means of a dangerous weapon, to-wit: a hand gun, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon;

*guilty*

COUNT 9

And the said defendant, on or between the 23rd day of February, 2004 and the 24th day of February, 2004, in Douglas County, Oregon, did unlawfully and intentionally cause physical injury to Naomi Ross, and the assault was witnessed by Riley Ross, the minor child of Naomi Ross, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon;

*guilty*

COUNT 10

And the said defendant, on or between the 23rd day of February, 2004 and the 24th day of February, 2004, in Douglas County, Oregon, did unlawfully and knowingly impede the normal breathing of Naomi Ross by blocking the mouth of Naomi Ross, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon;

*guilty*

Page

AMENDED INDICTMENT/JAMES ARTHUR ROSS

COUNT 11

And the said defendant, on or between the 23rd day of February, 2004 and the 24th day of February, 2004, in Douglas County, Oregon, did unlawfully and intentionally attempt to place Naomi Ross in fear of imminent serious physical injury by threatening to kill her with a weapon in his possessin, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon;

COUNT 12

And the said defendant, on or between the 23rd day of February, 2004 and the 24th day of February, 2004, in Douglas County, Oregon, did unlawfully, by interfering with a telephone, intentionally prevent another person from making a report to a 9-1-1 reporting system, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

Dated at Roseburg, Douglas County, Oregon this 30th day of March, 2004.

AMENDED INDICTMENT/JAMES ARTHUR ROSS

1

2        Witnesses examined before the Grand Jury

3        JEFF AALBERG,

4        NAOMI ROSS (BY AFF)
         ANGIE BORIGO,

5        JOE PERKINS
         LESABETH TITUS

6        NAOMI ROSS

7

8                                    Deputy District Attorney
                                     _____ WE_____ RG, JR

9                                    _____ A TRUE BILL

10       Security Agreement Amount $ _____

11                                   _____
                                     s/ Jarrod Palmer

12                                   Foreman of the Grand Jury

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page
         -7- INDICTMENT

2.26.04
RLW
**CUSTODY**
Mash

**FILED**

04 FEB 27 PM 1:51

DOUGLAS COUNTY
TRIAL COURTS

F-04-2257-1/CN 42864054/04CR0429FE
DOUGLAS COUNTY SHERIFF'S OFFICE, Trial Attorney: Richard Wesenberg

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR DOUGLAS COUNTY

| | | |
|---|---|---|
| THE STATE OF OREGON, | ) | |
| Plaintiff, | ) | |
| | ) | **I N D I C T M E N T** |
| vs. | ) | |
| JAMES ARTHUR ROSS, | ) | Case No. 04CR0429FE |
| DEFENDANT. | ) | |

JAMES ARTHUR ROSS, DOB: 01/11/1979

is accused by the Grand Jury for the County of Douglas, State of
Oregon, by this indictment of the crime of

COUNT 1:   RAPE IN THE FIRST DEGREE, ORS 163.375,
           On or between February 23, 2004 and February 24, 2004
COUNT 2:   SODOMY IN THE FIRST DEGREE, ORS 163.405,
           On or between February 23, 2004 and February 24, 2004
COUNT 3:   SODOMY IN THE FIRST DEGREE, ORS 163.405,
           On or between February 23, 2004 and February 24, 2004
COUNT 4:   ASSAULT IN THE SECOND DEGREE, ORS 163.175,
           On or between February 23, 2004 and February 24, 2004
COUNT 5:   ASSAULT IN THE SECOND DEGREE, ORS 163.175,
           On or between February 23, 2004 and February 24, 2004
COUNT 6:   FELONY ASSAULT IN THE FOURTH DEGREE,
           On or between February 23, 2004 and February 24, 2004
COUNT 7:   STRANGULATION, ORS 163.187,
           On or between February 23, 2004 and February 24, 2004
COUNT 8:   MENACING, ORS 163.190,
           On or between February 23, 2004 and February 24, 2004
COUNT 9:   INTERFERENCE WITH MAKING A REPORT, ORS 162.572,
           On or between February 23, 2004 and February 24, 2004

COMMITTED AS FOLLOWS:

COUNT 1

The said JAMES ARTHUR ROSS, between the 23rd day of February, 2004
and 24th day of February, 2004, in said County of Douglas and State of
Oregon, then and there being, did unlawfully and knowingly, by forcible
compulsion, engage in sexual intercourse with Naomi Ross.

Page

-1- INDICTMENT

05-08-4630-M
**EXHIBIT** NaG

The state further alleges that during the course of the above-described offense, the defendant used or threatened to use a weapon.

The state further alleges that during the course of the above-described offense, the defendant caused or threatened to cause serious physical injury, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon;

COUNT 2

And the said defendant, on or between the 23rd day of February, 2004 and the 24th day of February, 2004, in Douglas County, Oregon, did unlawfully and knowingly, by forcible compulsion, engage in deviate sexual intercourse with Naomi Ross.

The state further alleges that during the course of the above-described offense, the defendant used or threatened to use a weapon.

The state further alleges that during the course of the above-described offense, the defendant caused or threatened to cause serious physical injury, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon;

COUNT 3

And the said defendant, on or between the 23rd day of February, 2004 and the 24th day of February, 2004, in Douglas County, Oregon, did unlawfully and knowingly, by forcible compulsion, engage in deviate sexual intercourse with Naomi Ross.

Page

-2- INDICTMENT

1

2          The  state  further  alleges  that  during  the  course  of  the

3   above-described offense, the defendant used or threatened to use a weapon.

4          The  state  further  alleges  that  during  the  course  of  the

5   above-described  offense,  the  defendant  caused  or  threatened  to  cause

6   serious  physical  injury,  contrary  to  the  statutes  in  such  cases  made  and

7   provided and against the peace and dignity of the State of Oregon;

8

9

10                                   COUNT 4

11         And  the  said  defendant,  on  or  between  the  23rd  day  of  February,

12   2004  and  the  24th  day  of  February,  2004,  in  Douglas  County,  Oregon,  did

13   unlawfully  and  intentionally  cause  serious  physical  injury  to  Naomi  Ross,

14   contrary  to  the  statutes  in  such  cases  made  and  provided  and  against  the

15   peace and dignity of the State of Oregon;

16

17                                   COUNT 5

18         And  the  said  defendant,  on  or  between  the  23rd  day  of  February,

19   2004  and  the  24th  day  of  February,  2004,  in  Douglas  County,  Oregon,  did

20   unlawfully  and  knowingly  cause   physical  injury  to  Naomi  Ross  by  means

21   of  a  dangerous  weapon,  to-wit:  a  hand  gun,  contrary  to  the  statutes  in

22   such  cases  made  and  provided  and  against  the  peace  and  dignity  of  the

23   State of Oregon;

24

25

26

Page

     -3- INDICTMENT

1

2                              COUNT 6

3          And the said defendant, on or between the 23rd day of February,

4      2004 and the 24th day of February, 2004, in Douglas County, Oregon, did

5      unlawfully and intentionally cause physical injury to Naomi Ross, and

6      the assault was witnessed by Riley Ross, the minor child of Naomi Ross,

7      contrary to the statutes in such cases made and provided and against the

8      peace and dignity of the State of Oregon;

9

10                             COUNT 7

11         And the said defendant, on or between the 23rd day of February,

12     2004 and the 24th day of February, 2004, in Douglas County, Oregon, did

13     unlawfully and knowingly impede the normal breathing of Naomi Ross by

14     blocking the mouth of Naomi Ross, contrary to the statutes in such cases

15     made and provided and against the peace and dignity of the State of Oregon;

16

17

18                             COUNT 8

19         And the said defendant, on or between the 23rd day of February,

20     2004 and the 24th day of February, 2004, in Douglas County, Oregon, did

21     unlawfully and intentionally attempt to place Naomi Ross in fear of

22     imminent serious physical injury by threatening to kill her with a weapon

23     in his possessin, contrary to the statutes in such cases made and provided

24     and against the peace and dignity of the State of Oregon;

25

26

Page

1

2

3                                    COUNT 9

4              And the said defendant, on or between the 23rd day of February,

5       2004 and the 24th day of February, 2004, in Douglas County, Oregon, did

6       unlawfully, by interfering with a telephone, intentionally prevent

7       another person from making a report to a 9-1-1 reporting system, contrary

8       to the statutes in such cases made and provided and against the peace and

9       dignity of the State of Oregon.

10

11              Dated at Roseburg, Douglas County, Oregon this 26th day of
        February, 2004.

12

13

14

        Witnesses examined before the Grand Jury

15

        JEFF AALBERG,
16      NAOMI ROSS (by aff)
        ANGIE BORIGO,
17      JOE PERKINS
        LESABETH TITUS

18

19                                       Deputy District Attorney

20                                                        A TRUE BILL

21      Security Agreement Amount $ _____

22                                    s/  Jarrod Palmer
                                          Foreman of the Grand Jury
23

24

25

26

Page

            -5- INDICTMENT

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR DOUGLAS COUNTY

THE STATE OF OREGON,          )
                                    )
                  Plaintiff,    )
                                    )   CASE NO. *O4CRO429FE*
            vs.                )
                                    )   PLEA STATEMENT AND ORDER
*O4CRO429FE*            )
                                    )
                  Defendant.  )

**FILED**
**JUN 10 2004**
DOUGLAS COUNTY
CIRCUIT COURT

1.    I am the Defendant in this case. I wish to plead **GUILTY / NO CONTEST** to the crime (s) listed below. I am making this statement freely and voluntarily.

2.    I am __25__ years of age. My last year in school was grade __GED__ . I **CAN / ~~CANNOT~~** read, write and understand the English language. I have read this form or had it read to me. I **HAVE / ~~HAVE NOT~~** had the assistance of a qualified interpreter. I understand everything in this form.

3.    I understand that if I am not a citizen of the United States, conviction of a crime may result, under the laws of the United States, in deportation, exclusion from admission to the United States, or denial of naturalization.

4.    I have told my lawyer everything I can remember about the facts of my case(s). My lawyer has advised me, and I understand, the nature of each charge, any lesser included charge, and any possible defense(s) to each charge. I am satisfied with the advice my lawyer has given me.

5.    I understand that I have the right to plead not guilty to all charges. I have decided to plead **GUILTY/NO CONTEST**, and I understand that I give up the following rights:

    (a)    My right to trial by jury; and public trial by jury;
    (b)    My right to see and question witnesses called to testify against me at trial;
    (c)    My right to not incriminate myself;
    (d)    My right to require the State to prove my guilt beyond a reasonable doubt.

6.    I am presently charged with the following crime(s) and have been advised of the maximum penalties and enhanced penalties:

| CRIME (S) | PENALTY | |
|-----------|---------|---|
| 1. Att. ag. murder | | |
| 2+3 Kidnap 1 | 20 | 300,000 |
| 4 Rape 1 | 20 | 375,000 |
| 5-6 Sodomy 1 | 20 | 375,000 |
| 7-8 Ast II | 10 | 250,000 |
| 9 Fel. Ast IV | 5 | 125,000 |

7.    I am voluntarily and willingly pleading **GUILTY / NO CONTEST** to the following crime (s) and have been advised of the maximum penalties:

| CRIME (S) | PENALTY | |
|-----------|---------|---|
| 10 Strangulation | 1 | 6,250 |
| 11 Menacing | 1 | 6,250 |
| 12 intorforing | 1 | 6,250 |

**DEFENDANT'S EXHIBIT**

Respondent's Exhibit #103
USDC Case No. 10-1440-HO

DOU*OF-18:10/98
Page 1 - PLEA STATEMENT AND ORDER

8.   In exchange for the plea (s) the District Attorney and I have made the following agreements:

_No agreement as to concurrent_
_or consecutive time_

9.   My plea is based only on what is written on this statement. No other promises have been made to me that are not included in this statement. I have not been threatened in any way. I understand that, if the District Attorney is making a recommendation to the court, the court does not have to accept it and may give me the maximum sentence.

10.  I **AM / AM NOT** taking medication at this time. If I am taking medication, the medication does not affect my ability to think and to understand. I am not under the influence of any intoxicant, drug or alcohol.

11.  If I am on probation or parole, I understand that this plea is a sufficient ground to cause the revocation of my probation or parole.

12.  I understand that when I plead **GUILTY**, I admit each material element of the charge (s). If I plead **NO CONTEST**, I agree the State has sufficient evidence for the court to make a finding of conviction.

13.  I understand that I have the right to request a pre-sentence report. I **DO / DO NOT** request a pre-sentence investigation report.

14.  I have reviewed the criminal history summary prepared by the District Attorney.

15.  I ask the court to accept my plea of **GUILTY / NO CONTEST** because I believe it is the best for me under the circumstances. My plea is freely and voluntarily made.

Defendant: _____   Date  6-10-04

District Attorney: _____   Date  6-10-04

Defense Counsel: _____   Date  6-10-04

**ORDER**

The court finds the Defendant's plea of **GUILTY / NO CONTEST** to be knowingly, intelligently and voluntarily made. The court finds there is a factual basis for the plea and finds the Defendant guilty.

Judge:_____   Date  _____

**NOTICE AND ADVICE OF RIGHT TO APPEAL**

In accordance with ORS 137.020, ORS Chapter 138 and the Rules of Appellate Procedure:

You may appeal to the Oregon Court of Appeals / Oregon Supreme Court from your conviction and sentence. An appeal must be in writing and must be filed within 30 days from the date you are sentenced. If you are unable to afford an attorney upon appeal, you may have one appointed for you. You are required to follow the procedures set forth in ORS Chapter 138 and the Rules of Appellate Procedure.

If you plead guilty or no contest, you may take an appeal from a judgment only when you make a colorable showing that disposition exceeds the maximum allowable by law or is unconstitutionally cruel and unusual. If your judgment includes any of the following dispositions, you may take an appeal from a judgment only when you make a colorable showing that disposition exceeds the maximum allowable by law, is unconstitutionally cruel and unusual or if you show a colorable claim of error in the proceeding:
    (a) Imposition of a sentence on conviction;
    (b) Suspension of imposition or execution of any part of a sentence;
    (c) Extension of a period of probation;
    (d) Imposition or modification of a condition of probation or of sentence suspension;
    (e) Imposition or execution of a sentence upon revocation of probation or sentence suspension;
    (f) Re-sentencing ordered by an appellate court or a post-conviction relief court.

1

RECEIVED
STATE COURT ADMINISTRATOR

MAY 26 2005

SUPREME COURT
COURT OF APPEALS
DEPUTY                FILED

IN THE COURT OF APPEALS OF THE STATE OF OREGON

| STATE OF OREGON, | ) | Douglas County Case NO. 04CR0429FE |
| | ) | |
| Plaintiff - Appellant, | ) | CA Case No. A128651 |
| | ) | |
| vs. | ) | NOTICE OF APPEAL |
| | ) | |
| JAMES ARTHUR ROSS, | ) | ORS 19.205 (2); |
| | ) | |
| Defendant - Appellant. | ) | |

- 1 -

Appellant gives notice of appeal from a judgment entered, on the 5th day of, May 2005,
by the Honorable Judge Joan G. Seitz in Douglas County Circuit Court, Case # 04CR0429FE.

-2 -

The parties to this appeal are:

James Arthur Ross                          The State of Oregon
SID # 12599830                             by Mary Williams O.S.B.#91124
Snake River Correctional Inst.             Solicitor General for Oregon
777 Stanton Blvd.                          400 Justice Building
Ontario, OR  97914                         1162 Court St. N.E.
                                           Salem, OR  97310

-3 -

Supplied herewith is:

A copy of the judgment being appealed with date of entry thereon:

- 4 -

This notice is timely filed within the 30 days permitted by law, in that the judgment was
filed on May 5th, 2005. This notice of appeal is otherwise in conformance with rule and statute.

**Page 1 of 2 Notice of Appeal**

Respondent's Exhibit
#104
USDC Case No. 10-1440-HO

1                                    - 5 -

2        The designation of record is:

3        Appellant designates the entire record below, including the trial court file, all exhibits,

4   and a transcribed record of all pre-hearing and hearing proceedings.

5                                    - 6 -

6        Appellant was not represented by counsel in the proceeding on appeal.

7                                    - 7 -

8                           CERTIFICATE OF SERVICE

9        I certify that I served a true copy of the Notice of Appeal on the parties below, by placing

10  same in a sealed envelope, postage prepaid, addressed to each as below, and delivered to the U.S.

11  Mail via

12       SRCI staff, on this _19th_ day of _May_ , 20_05_ .

13  #1 Oregon State Court Administrator          #2 Mary Williams O.S.B.#91124
         Records Section                             Solicitor General
14       Supreme Court Building                      400 Justice Building
         1163 State Street NE                        1162 Court St. N.E.
15       Salem, OR 97301-2563                        Salem, OR 97310

16  #3 Transcript Coordinator for:               #4 Douglas County Circuit Court
         Douglas County Circuit Court                Douglas County Courthouse
17       Douglas County Courthouse                   1036 SE Douglas
         1036 SE Douglas                             Roseburg, OR 97470
18       Roseburg, OR 97470

19
                                  James Arthur Ross
20                                Pro se'
                                  S.I.D.#12599830
21                                Snake River Correctional Institution
                                  777 Stanton Boulevard
22                                Ontario, Oregon 97914
                                  (541) 881-4639
23

24


                      Page 2 of 2 Notice of Appeal

3

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR DOUGLAS COUNTY

| | | |
|---|---|---|
| STATE OF OREGON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 04CR0429FE |
| v. | ) | |
| | ) | |
| JAMES ARTHUR ROSS, | ) | Order |
| | ) | |
| Defendant. | ) | |

Date of Ruling:            May 5, 2005

Appearances:            Richard Wesenberg, For the State by Written Response
                        James A. Ross, pro per by Written Motion

Nature of Proceeding:    Defendant's Motion to Amend / Correct Judgment

Findings:

On August 31, 2004, Judge Walker sentenced Defendant based upon pleas of no contested entered on June 10, 2004. No appeal has been filed. On March 11, 2005, Defendant filed a motion to correct judgment and requested oral argument. Defendant's motion is based upon ORS 138.083 and cases cited within the motion. The court received the State's response objecting to Defendant's motion. Having reviewed the motion and the response, the court concludes it does not have jurisdiction to modify Defendant's sentence. Therefore, the court has not scheduled oral argument.

Order:

The court hereby denies Defendant's motion to amend or correct the sentencing judgment. The court denies Defendant's request for oral argument under the unique circumstances of this case.

Dated this 5th day of May, 2005.

```
                                                                                    4
                    ●                            ●   JLP  5/27/05  9:48 AM
                                                            Status Open
  Case Register........ Oregon Court of Appeals
  Case#......    A128651 Oregon State Of/Ross James Arthur
                         Appeal Criminal

  Case Filed Date.....  5/26/05    Starting Instrument... Appellate Notice Filin
  Case Started Date...  5/26/05    Originating From...... lower court appeal
  At Issue Date.......             Previous Court........ Douglas Co Circuit Cou
  Argued/Submit Date..             Previous Court Case#.. 04CR0429FE
                                   Prev Court Desn Date
                                   Master Case Number...
                                   Relation to Master...
  Desn/Dismiss Date...             Decision.............
  Apl/Jdgmt./Close Date
  Reinstated Date.....


       ROLE          PLAINTIFF                  ATTORNEY/BAR NUMBER
   1  PTF/RSP        Oregon State Of            Williams Mary Hazel
                                                91124

       ROLE          DEFENDANT                  ATTORNEY/BAR NUMBER
   1  DEF/APP        Ross James Arthur          Ross James Arthur

       ENTER DT  FILE DT EVENT/FILING/PROCEEDING      SCHD DT  TIME   ROOM
   1   5/27/05   5/26/05 Appellate Notice Filing
                         F-NR;
                         SLF    2 Ross James Arthur
   2   5/27/05   5/26/05 Motion Appoint Counsel
                         SLF    2 Ross James Arthur
                         ******** END OF DATA ********
```

21

IN THE COURT OF APPEALS OF THE STATE OF OREGON

| | |
|---|---|
| STATE OF OREGON, | )Douglas County Circuit Court Case No. |
| | ) 04CR0429FE |
| | ) |
| Plaintiff - Respondent, | ) CA A128651 |
| | ) |
| | ) ***AMENDED*** |
| v. | ) MOTION FOR RELIEF FROM DEFAULT |
| | ) AND FOR EXTENSION OF TIME TO FILE |
| JAMES ARTHUR ROSS, | ) PETITION FOR RECONSIDERATION |
| | ) |
| Defendant - Appellant. | ) ORAP 7.25; ORCP 69 C and ORCP 71 B and C |

COMES NOW the Appellant, *pro se'*, and respectfully moves this Honorable Court for an order granting relief from default and an extension of time to file Petition for reconsideration, and extension of time.

Appellant asks for a one day extension of time and that the Court accept his Petition for Reconsideration *nunc pro tunc* in the interests of justice and saving unnecessary time and expenses. Should the Court find this objectionable, Appellant the respectfully requests a 35 day extension of time in which to re-submit another Petition for Reconsideration. Appellant submits the following "declaration" of facts as reason that he was unable to timely file the Petition for reconsideration and the Court should issue forth it's order granting relief from default:

I, James Arthur Ross, do declare:

*ORIGINAL*

Respondent's Exhibit #105
USDC Case No. 10-1440-HO

Page 1 of 3 MOTION FOR RELIEF FROM DEFAULT
TIME TO FILE PETITION FOR RECON

22

1    (1) That I am a resident of Oregon and I reside at: Snake River Correctional Institution 777

2    Stanton Blvd., Ontario, Oregon 97914-8335.

3    (2) That the court's order of dismissal was entered and mailed by the Court on June 16th,

4    2005.

5    (3) That due to a mail delivery problem the court's order of dismissal was not received by

6    Appellant until June 28th, 2005.

7    (4) That Appellant was unable to gain access to the Snake River Correctional Institution

8    legal library and file his Petition for Reconsideration within the 14 day time limit.

9    (5) That the soonest Appellant was able to gain access to the Snake river Correctional

10    Institution legal library and file his Petition for Reconsideration was on July 1st, 2005.

11    (6) That Appellant filed Petition for reconsideration on July 1st, 2005.

12    (7) That Appellant is incarcerated and is unable to contact opposing counsel Mary

13    Williams to determine whether or not counsel has any position concerning this motion.

14    (8) Appellant presents a color able claim of law for adjudication by this honorable court on

15    appeal in this case.

16    (9) That I have obtained these documents with the help of a Snake River Correctional

17    Institution Inmate Legal Assistant, and filed then as soon as possible.

18    (10) "I do hereby declare that the above statement is true to the best of my knowledge and

19    belief, and that I understand it is made for use as evidence in court and is subject to

20    penalty for perjury."

21

22    **Wherefore** Appellant respectfully prays this honorable Court grant this Motion for relief

23  from default and a one day extension of time and accept his Petition for Reconsideration as

24

**Page 2 of 3 MOTION FOR RELIEF FROM DEFAULT AND FOR EXTENTION OF TIME TO FILE PETITION FOR RECONSIDERATION**

23

1   previously filed one day late, or in the alternative grant a 35 day extension of time in which to re-

2   submit Petition for Reconsideration.

3                               **CERTIFICATE OF SERVICE**

4        I certify that I served a true copy of the Notice of Appeal on the parties below, by placing

5   same in a sealed envelope, postage prepaid, addressed to each as below, and delivered to the U.S.

6   Mail via SRCI staff, on this 16th day of May, 2005.

7
         #1 Oregon State Court Administrator        #2 Mary Williams
8           Records Section                            Solicitor General
            Supreme Court Building                     400 Justice Building
9           1163 State Street NE                       1162 Court St. N.E.
            Salem, OR  97301-2563                      Salem, OR  97310
10

11       Pursuant to UTCR 2.010(7), I requested assistance from a legal assistant provided by

12   the Snake River Correctional Institution in Ontario, Oregon.

     DATED this 8th day of July 2005.
13
                                           Respectfully submitted,
14

15

                                           *James Arthur Ross*
16                                         *Pro Se'*
                                           Snake River Correctional Institution
17                                         SID#12599830
                                           777 Stanton Boulevard
18                                         Ontario, Oregon 97914
                                           (541) 881-4639
19

20

21

22

23

24

     **Page 3 of 3 MOTION FOR RELIEF FROM  DEFAULT AND FOR EXTENTION OF
        TIME TO FILE PETITION FOR RECONSIDERATION**

1

IN THE COURT OF APPEALS FOR THE STATE OF OREGON

| | | |
|---|---|---|
| STATE OF OREGON, | ) | CA  A128651 |
| Plaintiff-Respondent' | ) | |
| V. | ) | PETITION FOR |
| JAMES ARTHUR ROSS | ) | RECONSIDERATION |
| Defendant-Appellant Pro se', | ) | |
| | ) | ORAP 6.25 |

PETITION FOR RECONSIDERATION OF

DISMISSAL OF APPELLATE  REVIEW

PETITION FOR RECONSIDERATION OF

THE ORDER OF DISMISSAL OF APPEAL

ENTERED ON JUNE 16TH 2005 ,  BY THE HONORABLE

CHIEF JUDGE DAVID V. BREWER.

PARTIES ON APPEAL ARE:

MARY WILLIAMS OSB# 91124
SOLICITOR GENERAL
FOR THE STATE OF OREGON
1162 COURT STREET NE
SALEM, OREGON 97310
TELEPHONE (503) 378-4402

JAMES ARTHUR ROSS
S.I.D.# 12599830
PETITIONER PRO SE'
777 STANTON BLVD.
ONTARIO, OREGON 97914
STAFF LIAISON MS. BISHOP
TELEPHONE (541) 881-4639

Respondent's Exhibit
#106
USDC Case No. 10-1440-HO

1

2

3

4                    IN THE COURT OF APPEALS OF THE STATE OF OREGON

5   STATE OF OREGON,                    )Douglas County Circuit Court Case No.
                                        ) 04CR0429FE
6                                       )
        Plaintiff - Respondent,         ) CA A128651
7                                       )
                v.                      ) MOTION FOR RELIEF FROM  DEFAULT
8                                       ) AND FOR EXTENSION OF TIME TO FILE
    JAMES ARTHUR ROSS,                  ) PETITION FOR RECONSIDERATION
9                                       )
        Defendant - Appellant.          ) *ORAP 7.25; ORCP 69 C and ORCP 71 B and C*

10

11

12       COMES NOW the Appellant, *pro se'*, and respectfully moves this Honorable Court for an

    order granting relief from default and an extension of time to file Petition for reconsideration,
13
    and extension of time.
14

15

16       Appellant asks for a one day extension of time and that the Court accept his Petition for

17  Reconsideration *nunc pro tunc* in the interests of justice and saving unnecessary time and

    expenses. Should the Court find this objectionable, Appellant the respectfully requests a 35 day
18
    extension of time in which to re-submit another Petition for Reconsideration. Appellant submits
19
    the following "declaration" of facts as reason that he was unable to timely file the Petition for
20
    reconsideration and the Court should issue forth it's order granting relief from default:
21

22

23       I, James Arthur Ross, do declare:

24

    **Page 1 of 3 MOTION FOR RELIEF FROM  DEFAULT AND FOR EXTENTION OF
            TIME TO FILE PETITION FOR RECONSIDERATION**

1    (1) That I am a resident of Oregon and I reside at: Snake River Correctional Institution 777

2       Stanton Blvd., Ontario, Oregon 97914-8335.

3    (2) That the court's order of dismissal was entered and mailed by the Court on June 16th,

4       2005.

5    (3) That due to a mail delivery problem the court's order of dismissal was not received by

6       Appellant until June 28th, 2005.

7    (4) That Appellant was unable to gain access to the Snake River Correctional Institution

8       legal library and file his Petition for Reconsideration within the 14 day time limit.

9    (5) That the soonest Appellant was able to gain access to the Snake river Correctional

10       Institution legal library and file his Petition for Reconsideration was on July 1st, 2005.

11    (6) That Appellant filed Petition for reconsideration on July 1st, 2005.

12    (7) That Appellant is incarcerated and is unable to contact opposing counsel Mary

13       Williams to determine whether or not counsel has any position concerning this motion.

14    (8) Appellant presents a color able claim of law for adjudication by this honorable court on

15       appeal in this case.

16    (9) That I have obtained these documents with the help of a Snake River Correctional

17       Institution Inmate Legal Assistant, and filed then as soon as possible.

18    (10) "I do hereby declare that the above statement is true to the best of my knowledge and

19       belief, and that I understand it is made for use as evidence in court and is subject to

20       penalty for perjury."

21

22    **Wherefore** Appellant respectfully prays this honorable Court grant this Motion for relief

23    from default and a one day extension of time and accept his Petition for Reconsideration as

24

**Page 2 of 3 MOTION FOR RELIEF FROM DEFAULT AND FOR EXTENTION OF
TIME TO FILE PETITION FOR RECONSIDERATION**

4

1  previously filed one day late, or in the alternative grant a 35 day extension of time in which to re-

2  submit Petition for Reconsideration.

3  **CERTIFICATE OF SERVICE**

4        I certify that I served a true copy of the Notice of Appeal on the parties below, by placing

5  same in a sealed envelope, postage prepaid, addressed to each as below, and delivered to the U.S.

6  Mail via SRCI staff, on this 16th day of May, 2005.

7
8        #1 Oregon State Court Administrator          #2 Mary Williams
          Records Section                             Solicitor General
          Supreme Court Building                      400 Justice Building
9         1163 State Street NE                        1162 Court St. N.E.
          Salem, OR  97301-2563                       Salem, OR  97310

10        Pursuant to UTCR 2.010(7), I requested assistance from a legal assistant provided by

11 the Snake River Correctional Institution in Ontario, Oregon.

12       DATED this 1st day of July 2005.

13
                                                Respectfully submitted,
14

15                                              James Arthur Ross
                                                Pro Se'
16                                              Snake River Correctional Institution
                                                SID#12599830
17                                              777 Stanton Boulevard
                                                Ontario, Oregon 97914
18                                              (541) 881-4639

19

20

21

22

23

24

       **Page 3 of 3 MOTION FOR RELIEF FROM  DEFAULT AND FOR EXTENTION OF
              TIME TO FILE PETITION FOR RECONSIDERATION**

14

IN THE COURT OF APPEALS FOR THE STATE OF OREGON

| STATE OF OREGON, | ) | CA  A128651 |
| Plaintiff-Respondent' | ) | |
| V. | ) | (AMENDED) PETITION FOR |
| JAMES ARTHUR ROSS | ) | RECONSIDERATION |
| Defendant-Appellant Pro se', | ) | |
| | ) | ORAP 6.25 |

PETITION FOR RECONSIDERATION OF

DISMISSAL OF APPELLATE  REVIEW


PETITION FOR RECONSIDERATION OF

THE ORDER OF DISMISSAL OF APPEAL

ENTERED ON JUNE 16TH 2005 ,  BY THE HONORABLE

CHIEF JUDGE DAVID V, BREWER.


PARTIES ON APPEAL ARE:


MARY WILLIAMS OSB# 91124
SOLICITOR GENERAL
FOR THE STATE OF OREGON
1162 COURT STREET NE
SALEM, OREGON 97310
TELEPHONE (503) 378-4402

JAMES ARTHUR ROSS
S.I.D.# 12599830
PETITIONER PRO SE'
777 STANTON BLVD.
ONTARIO, OREGON 97914
STAFF LIAISON MS. BISHOP
TELEPHONE (541) 881-4639

Respondent's Exhibit #107
USDC Case No. 10-1440-HO

15

1

1

2

3

4                    IN THE COURT OF APPEALS FOR THE STATE OF OREGON

5    STATE OF OREGON,                    )
                 Plaintiff-Respondent'   )        CA A128651
6            V.                          )
     JAMES ARTHUR ROSS                   )        (AMENDED)Petition for Reconsideration
7            Defendant-Appellant Pro se',)        ORAP 6.25

8

9        **COMES NOW**, James Arthur Ross, Petitioner Pro se' pursuant to ORAP 6.25 and

10   respectfully petitions this court for its order granting this Petition and allowing Petitioner to

11   proceed on Appeal. Petitioner submits the following facts and matters of record in support of said

12   petition.

13                                       **CASE HISTORY**

14       (1) Defendant was convicted in the Circuit Court , Douglas County ; Stephen Walker ,

15           Judge.

16       (2) Defendant filed a motion to amend/correct sentence In Douglas County Oregon Circuit

17           Court pursuant to **ORS 138.083(1).**.

18       (3) Douglas County Circuit Court Judge Joan Sietz issued  an order dismissing said motion

19           on May 5th , 2005. See attached exhibit (A).

20       (4) Defendant filed notice of appeal on May 19th , 2005.

21       (5) The Court of Appeals issued an order of dismissal on June 16th, 2005. See attached

22           exhibit (B).

23       (6) Defendant received the denial of motion for appointment of counsel and order of

24           dismissal on June 28th 2005. See attached exhibit (C).

                    **Page 1 of 6    Petition for Reconsideration**

2

1        (7) Defendant now files petition for reconsideration by the Oregon Court of Appeals.

2

3                        **PETITION FOR RECONSIDEERATION**

4                                         1.

5        No briefs have been submitted or argued in this case, therefore these issues have not been

6    addressed by the court of appeals.

7

8        A copy of the order for which petition for reconsideration is prayed for is attached hereto.

9

10       Defendant claims the the Court of Appeals erred in construing and applying the law for

11   the following reasons:

12

13       (a)  The application of the questions of law settled in **State v. Hart, 188 Or App 650, 72**

14   **P3d 671, rev den 336 Or 126 (2003).** does not properly apply to petitioner's case for the

15   following reasons:

16       1.    Hart addressed an appeal-asserting jurisdiction under **ORS 138.053** and former **ORS**

17            **19.205(4)(2001)(now codified as ORS 19.205(5)).** Hart was litigated and decided

18            before the 2003 Legislature created **ORS 19.205(2) or (3).** Either or both those statutes

19            confer jurisdiction over a defendant's appeal from a trial court denial of his motion to

20            correct a sentencing error if it affects a substantial right, so Hart cannot and does not

21            decide whither a defendant may appeal under those statutes. **Strahan v. Fred Meyer,**

22            **Inc., 331 Or 35, 54, 11 P3d 228 (2000).** Consequently, current **ORS 19.205 (2) or (3)**

23            does confer jurisdiction over a moving party's appeal of an adverse filing on an error

24            correction motion. Defendant  must appeal the order, or the Defendant will not have an

                **Page 2 of 6    Petition for Reconsideration**

17

3

1   adequate remedy at law because mandamus relief is not available. **State V. Villers Coos**

2   **County Circuit Court Case No. 95CR0911, Oregon Supreme Court Case No. SC**

3   **S52120, Mandamus denied, February 23rd 2005, by Chief Justice Wallace P.**

4   **Carson Jr.**

5   II. Defendants sentence is invalid because the sentencing court did not have authority or

6   jurisdiction to sentence Defendant to a sentence enhancement without first having a jury

7   make the necessary findings of aggravation. Thus the sentence in invalid, void and a

8   nullity. Execution divests a court of jurisdiction only if the judgment of conviction and

9   sentence is **valid**. If it contains errors rendering it **invalid**, then notwithstanding the

10  judgment's execution the court retains jurisdiction to correct the error, **State v. Horsley,**

11  **168 Or App 559, 561-562, 7 P3d 646 (2000).**

12  *"A trial court has the inherent authority to correct errors*
13  *in a judgment of conviction and sentence sua sponte, or on*
    *motion of a party, Horsley, 168 Or APP AT 561. This*
14  *authority is premised on the fundamental rule that "the*
    *court in imposing punishment for a criminal offense is*
15  *limited strictly to the provisions of the applicable statute,*
    *and any deviation from the statute in the mode, extent or*
16  *place of punishment render s the judgment void." State v.*
    *Cotton, 240 Or 252, 254, 400 P2d 1022 (1965). See also*
17  *State ex rel. Huddleston v. Sawyer, 324 Or 597, 615, 932*
    *P2d 1145, cert den 522 US 994 (1997). Even the*
18  *defendant's "assent" to an unauthorized judgment of*
    *conviction and sentence does not "confer authority" to*
19  *enter it. State v. Duncan, 15 Or App 101, 105, 514 P2d*
    *1367 (1973)(Tanzer, J.). See also State v. Popp, 118 Or*
20  *App 508, 511, 848 P2d 134 (1992); State v. Taylor, 116 Or*
    *App 647, 652-653, 842 P2d 460 (1992), on recons 119 Or*
21  *App 209, 850 P2d 1118, rev den 317 Or 584 (1993); State*
    *v. Marsh, 78 Or App 290, 294, 716 P2d 261, rev den 301*
    *Or 320 (1986)."*
22

23  The court's error correction authority is confirmed by **ORS 138.083(1)**. In pertinent part, that

24  statute provides:

**Page 3 of 6    Petition for Reconsideration**

18

4

1       *"The sentencing court shall retain authority irrespective*
        *of any notice of appeal after entry of judgment of*
2       *conviction to modify its judgment and sentence to correct*
        *any arithmetic or clerical errors or to deleted or modify*
3       *any erroneous term in the judgment.  The court may*
        *correct the judgment either on the motion of one of the*
4       *parties of on the court's own motion after written notice*
        *to all the parties." Id.*

5

6       Moreover, the Supreme Court has explained that when a court becomes aware of errors in

7   a judgment of conviction and sentence, it not only has the authority to correct them, but it has

8   the duty to exercise that authority:

9       *"When a court acts beyond the bounds of its sentencing*
        *authority, it infringes upon the power of the legislature to*
10      *determine the manner of punishment.  A sentence must*
        *be in conformity with the governing statute; any non-*
11      *conforming sentence is void for lack of authority and thus*
        *totally without legal effect.  When the trial court discover*
12      *[s] its error it [has] the duty to take corrective action and*
        *to impose a valid sentence."*

13

14  **State v. Leathers**, 271 Or 236, 240, 531 P2d 901 (1975)(emphasis added). See also **Cotton**,

15  240 Or at 254 (same); **State v. Froembling**, 237 Or 616, 619, 391 P2d 390 (1964)(where trial

16  judge imposed "the wrong sentence for the crime charged***the trial judge must change the

17  sentence to correct the error and he must exercise his discretion anew in arriving at what he

18  considers an appropriate sentence").

19      If the motion seeks to correct a substantive, as opposed to an administrative error, the

20  defendant must be present, or have waived right to presence at a hearing on the motion. **State v.**

21  **Gibson**, 183 Or App 25, 31-32, 51 P3d 619 (2002). Defendant requested oral arguments and

22  official court reporting services in accordance with UTCR 4.050(1)(2) defendant was not

23  allowed to present oral arguments and was denied the official court reporting services that he

24  requested.

**Page 4 of 6    Petition for Reconsideration**

5

**CONCLUSION**

1

2       Defendant has demonstrated a color able claim of law and that this court has incorrectly

3   applied the law interpreted in **State v. Hart, 188 Or App 650, 72 P3d 671, rev den 336 Or 126**

4   **(2003)**, to Defendant's case, **State v. Hart** does not raise the same issues and does not preclude

5   appeal of the motion defendant seeks appeal of, because appeal is available through ORS 19.205

6   (3) as the denial of the motion appealed from affects a substantial right.

7       **WHEREFORE,** Defendant prays this honorable court issue forth it's order allowing

8   Petitioner to go forward on appeal in this action.

9

10   Respectfully submitted this 8th day of July            2005.

11

12                                        James Arthur Ross SID# 12599830
13                                        Petitioner Pro se'
                                          Snake River Correctional Institution
14                                        777 Stanton Blvd.
                                          Ontario, Oregon 97914-8335
15

16                       **CERTIFICATE OF SERVICE**
    STATE OF OREGON,                     )
17           Plaintiff-Respondent'       )     CA  A128651
                V.                        )
18   **JAMES ARTHUR ROSS**                )     **Petition for Reconsideration**
           **Defendant-Appellant Pro se',**  )     **ORAP 6.25**
19

20       **COMES NOW,** James Authur Ross and hereby certifies that:

21       I am incarcerated by the Oregon Department of Corrections at the Snake River

22   Correctional Institution located at 777 Stanton Blvd., Ontario Oregon 97914-8335;

23       That on this 8th day of July            2005, I personally placed in the Snake

24   River Correctional Institution's mail service **A TRUE COPY** of:

                    **Page 5 of 6    Petition for Reconsideration**

20

6

**AMENDED Petition for Reconsideration**
**ORAP 6.25**

1

2
     That I placed the aforementioned in a securely enclosed postage paid envelope, addressed

3
to the parties listed below;

4
Mary Williams OSB# 91124

5
Solicitor General
for the State of Oregon

6
1162 Court street NE
Salem, Oregon 97310

7

State Court Administrator
Attention: Records Section
1163 State Street
Salem, Oregon  97301-2563

8

9

James Arthur Ross SID#12599830

10
Petitioner, Pro se'
777 Stanton Blvd.

11
Ontario, Oregon 97914-8335
*Staff liaison: Ms. J. Bishop*

12
*(541) 881-4639*

13

14

15

16

17

18

19

20

21

22

23

24

**Page 6 of 6    Petition for Reconsideration**

ORIK
SH-19

IN THE COURT OF APPEALS OF THE STATE OF OREGON

STATE OF OREGON,                          )
                                          )   Douglas County Circuit
                 Plaintiff-Respondent,    )   Court No. 04CR0429FE
                                          )
         v.                               )   CA A128651
                                          )
JAMES ARTHUR ROSS,                        )   ORDER DENYING RECONSIDERATION
                                          )
                 Defendant-Appellant.     )


        Appellant appealed from an order denying his motion to
correct the sentence imposed by the judgment of conviction and
sentence.  The court dismissed the appeal on the ground that, in
State v. Hart, 188 Or App 650, 72 P3d 671 (2003), the court held
that the legislature has not provided for the right to appeal
post-judgment orders denying relief in criminal cases.  Appellant
has petitioned for reconsideration.

        Appellant contends, first, that legislative amendments to
ORS 19.205(2) and (3) since Hart was decided require a different
result.  Appellant is incorrect, because ORS 19.205 as amended
still applies only to civil cases, not criminal cases.

        Appellant further contends that because he challenges the
sentencing court's jurisdiction to sentence him, he raises issues
different than those raised in Hart.  The issue raised in the
trial court and the trial court's reason for failing to correct a
sentence does not make the case distinguishable from Hart nor
render the order appealable.

        The petition for reconsideration is denied.


                                    _____
                                    David V. Brewer, Chief Judge


                                    AUG 25 2005
                                    Date


c:    James Arthur Ross
      Mary H. Williams

        REPLIES SHOULD BE DIRECTED TO THE STATE COURT ADMINISTRATOR, RECORDS
      SECTION, SUPREME COURT BUILDING, 1163 STATE STREET, SALEM, OR  97301-2563

080905ca.wpd,p10

Respondent's Exhibit
#108
USDC Case No. 10-1440-HO

IN THE SUPREME COURT OF THE STATE OF OREGON

STATE OF OREGON,                    )
                                    ) Circuit Court Case Numbers:
    Respondent on Review,       ) 04CR0429FE
                                    )
    vs.                         ) Appellate Numbers:
                                    ) CA A128651
JAMES ARTHUR ROSS,                  )
                                    ) Supreme Court No. _
    Petitioner on Review.       )

## PETITION FOR REVIEW OF DEFENDANT - APPELLANT

Appeal from the decision of the Court of Appeals on
an appeal from a judgment of the Circuit Court for
DOUGLAS COUNTY
Honorable Joan G. Seitz, Judge

Dismissed: before David V. Brewer, Chief
Judge, of the Oregon Court of Appeals

James Arthur Ross,
    Pro se Petitioner on Review
    SID# 12599830
    Snake River Correctional Institution
    777 Stanton Boulevard
    Ontario, Oregon 97914-8335
    Phone: (541) 881-4639

HARDY MYERS #64077
    Oregon Attorney General
MARY H. WILLIAMS #91124
    Solicitor General
    400 Justice Building
    1162 Court Street NE
    Salem, Oregon 97310
    Phone: (503) 378-4402

September 2005

*Note:* Pursuant to ORAP 9.05(2)(d), Petitioner hereby gives notice of his intent to file a
brief on the merits if review is allowed.

Respondent's Exhibit
#109
USDC Case No. 10-1440-HO

i

## SUBJECT INDEX

PAGE

PETITION FOR REVIEW

    Prayer for Review...............................................................................................1

    Questions Presented.........................................................................................1

    Purposed Rule of Law......................................................................................1

    Reasons for Reversal.....................................................................................1-2

    Statement of the Facts.......................................................................................2

    Discussion.......................................................................................................2-6

    Reasons Issues Presented Have Importance Beyond The Particular Case And Require

    Decision By The Supreme Court.......................................................................6

    Opinion Of The Court Of Appeals..................................................................6-7

CONCLUSION........................................................................................................7

## EXCERPT OF RECORD INDEX

    Order Of The Douglas County Circuit Court.............................................ER-1

    Opinion Of The Oregon Court Of Appeals................................................ER-2

### EXHIBITS

    Opinion Of The Oregon Court Of Appeals (State v. Briggs)..............Exhibit-1

### TABLE OF AUTHORITIES

#### Cases Cited

*Myers v. Warner, 3 Or. 212 (1870)*.................................................................5

*State v. Briggs, Coos County Circuit Court Case Number 02CR1147;*

ii

*Court of Appeals Case No. CA A128908*...................................................................5

*State v. Brown, 5 Or. 119 (1873)*............................................................................5

*State v.Graham, 143 Or. App. 85, 923 P.2d 664 (1996)*.....................................5

*State v. Hamilton, 158 Or. App. 258, 974 P2d 245 (1999)*..................................5

*State v. Hart 188 Or. App. 650, 72 P.3d 671 (2003)*.............................2, 4 and 7

*State v. Ross*, Douglas County Circuit Court Case 04CR0429FE;

Court of Appeals Case No. CA A128651.................................................................1

*State v. Thomas, 117 Or. App. 553,844 P.2d 936 (1992)*.....................................5

*State v. Whitloch, 187 Or. App. 265,65 P.3d 1114 (2003)*....................................6

*U.S. v. DeWald, 669 F.2d 590 (C.A. 9 Cal. 1982)*.................................................5

## STATUTORY PROVISIONS

ORS 19.005...........................................................................................................3

ORS 19.205.............................................................................................1, 3, 4 and 5

ORS 19.250...........................................................................................................2

ORS 19.260...........................................................................................................2

ORS 19.270.................................................................................................2 and 5

ORS 19.385...........................................................................................................2

ORS 19.390...........................................................................................................2

ORS 19.420...........................................................................................................2

ORS 19.425...........................................................................................................2

ORS 19.435...........................................................................................................2

ORS 19.450...........................................................................................................2

ORS 19.510...........................................................................................................2

ORS 137.020.........................................................................................................4

iii

ORS 138.005..........................................................................................2

ORS 138.053..................................................................................3 and 4

ORS 138.083..................................................................2, 3, 4, 5, and 6

ORS.138.185..........................................................................................2

ORS 138.222..............................................................................3, 4, and 5

ORS 138.010 to 138.310........................................................................3

ORS 174.020..........................................................................................3

ORS 174.030..........................................................................................3

ORS 137.020..........................................................................................4

1

I.    PRAYER FOR REVIEW

Petitioner, Defendant - Appellant below and Petitioner hereafter, respectfully prays that this court review and reverse the Court of Appeals' decision in his case, *State v. Ross*, Douglas County Circuit Court Case 04CR0429FE, CA A128651. Appellant was convicted in the Circuit Court , Douglas County ; Stephen Walker , Judge. Appellant filed a motion to correct/amend sentence on March 11, 2005 in Douglas County Circuit Court pursuant to ORS 138.083. The circuit court denied the motion May 5, 2005. See ER-1, and Appellant filed notice of appeal on May 19, 2005. The Court of appeals entered order of dismissal, Appellant filed a Petition for Reconsideration in the Oregon Court of Appeals, The Oregon Court of Appeals denied the Petition for Reconsideration on August 25, 2005. A copy of the Court of Appeals' decision is attached as ER-2.

II.    QUESTIONS PRESENTED

1. Whether ORS 19.205 applies equally to both Civil and Criminal Appeals.

PURPOSED RULE OF LAW

(a) Where Petitioner pro-se is not represented by counsel it is manifestly unfair not to construe his pleadings liberally and accept/allow Supreme Court Review of the Petitioner's pro-se case when the court has legal jurisdiction to do so and Petitioner's case presents several substantial questions of law that are apparent upon the face of the record.

IV.    REASONS FOR REVERSAL

The Court of Appeals is applying a rule of law inconsistently. In that it is applying the Procedures In Civil Procedures under Chapter 19. Appeals, Commencement of Appeals (Jurisdiction), to both grant and deny appeal review in criminal case. The courts decision is

Page 1 of 7

6

*2*

sending mixed signals. Petitioner's case presents several substantial questions of law and the court of appeals ruling is not consistent with its previous rulings.

**V.    STATEMENT OF FACTS**

Petitioner filed a Motion To Amend/Correct Sentence in Douglas County Circuit Court on March 11, 2005 pursuant to ORS 138.083(1). The circuit court denied the motion May 5, 2005. See ER.-1.

Petitioner then filed a Notice of Appeal on May 19, 2005. The Court of Appeals issued a Case Number CA A128651 and later Dismissed based on *State v. Hart 188 Or. App. 650, 72 P.3d 671 (2003)*. Opening Brief was not submitted. Appellant filed a Petition for Reconsideration in the Oregon Court of Appeals, The Oregon Court of Appeals denied the Petition for Reconsideration on August 25, 2005. A copy of the Court of Appeals' decision is attached as ER-2.

**VII    DISCUSSION**

**Petitioner challenges the inconsistent application of Procedures In Civil Proceedings under Chapter 19, Appeals, Commencement of Appeals (Jurisdiction),with Procedures In Criminal Matters Generally under Chapter 138. Oregon Revised Statutes.**

The Petitioner proffers a series of applicable authorities for the purpose of this discussion:

Under ORS 138.185  Procedures In Criminal Matters Generally; Chapter 138. Appeals; Post-Conviction Relief Appeals ;   (2)The Provisions of ORS 19.250; 19.260; 19.270; 19.385; 19.390; 19.435; 19.450 and 19.510 and the provisions in ORS 19.425 authorizing review of intermediate orders and if the Defendant is the appellate, the pro-visions of ORS 19.420(3) shall apply to appeals to the Court of Appeals.

All the ORS's mentioned under ORS.138.185 are Procedures in Civil Proceedings. Also under ORS 138.005 Procedures in Criminal Matters Generally; Chapter 138. Appeals Post-

Page 2 of 7

3

Conviction Relief Appeals:   Definitions- "As used in ORS 138.010 to 138.310, unless the context requires otherwise, the terms defined in ORS 19.005 have the meanings set forth in ORS 19.005. Under ORS 19.005 (2) Procedures In Civil Proceedings "Judgment means a judgment or appealable order, as provided in ORS 19.205 .

Under ORS 138.222 (4)(a), Procedures in Criminal Matters Generally ; Chapter 138. Appeals. In any appeal, the appellate court may review a claim that; "The sentencing Court failed to comply with requirement of Law in imposing or failing to impose a sentence". (5). If the Appellate Court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires re-sentencing, the appellate court shall remand the entire case for re-sentencing.  (7)(c),"A sentence was entered subsequent to a re-sentencing order by an appellant court or a  post-conviction relief court.

Under ORS 138.053(1) only post judgment orders that impose a sentence may be appealed

Under ORS 138.083(1), Retention of Authority by Trial Court for Certain Purposes. The sentencing court shall retain authority  irrespective of any notice of appeal after entry  of judgment of conviction to modify its judgment and sentence to correct any  arithmetic or clerical errors or to delete or modify any erroneous term in the judgment.

Under ORS 174.020  Legislative intent, general and particular provisions and intents"In the construction of a Statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former". So a particular intent shall  control a general one that is inconsistent with it.

Under  ORS 174.030,  Construction Favoring Natural Right to Prevail. "Where a Statute is equally susceptible of two interpretation, one in favor of natural right and the other against it, the former is to prevail".

Page 3 of 7

8

4

Under ORS 19.205 Appeal Of Judgments (3) An Order that is made in the action after a general judgment is entered and that affects a substantial right, including an Order granting a new trial, may be appealed in the same manner as provided in this chapter for judgments.

Under ORS 137.020  Judgment; Notice of Right To Appeal. By giving a Notice of Appeal , Petitioner exercised his right prescribed by statute the Oregon Constitution, Article 1, Section 20 and the 14th Amendment of the United States Constitution.

### APPEALABLE ORDER

If the courts reasoning is correct in their ruling in State v. Hart, 188 Or.App.650,72 P.3d 671 (2003) that: "Both Motions arise after judgment and seek to correct a perceived error in the earlier criminal judgment. Neither is a new or separate proceeding. Rather, each is a part of the original criminal action, and like a Motion for new trial, asks the court to correct an error in the criminal action". And more specifically, if ORS 138.053(1) "A judgment, or Order of a court, if the Order is imposed after judgment, is subject to the appeal provision and limitations on review under ORS 138.040 and 138.050  if the disposition includes any of the following;  "A imposition of a sentence on conviction" which applies to Petitioner, then this same line of reasoning should be followed in that Petitioner is seeking review of an intermediate order, which pertains to imposition of a sentence that exceeds the maximum allowable by law and is therefore constitutionally cruel and unusual ORS138.053(1); ORS 138.222 (4)(a);(5);(7)(c) and ORS 138.083(1) should apply to Petitioner in this case thereby making all Denial and Dismissal Orders appeal able.

If the proceedings that took place in Douglas County  Circuit Court on May 5, 2005 was not part of the original criminal action,then it must be said that a "Special -Statutory -Proceeding" took place and the provisions set forth in  ORS 19.205 must apply to Petitioner for purposes of Appeal.

Page 4 of 7

In State v. Thomas, 844 P.2d 936 (1992); this court held that "Sentence imposed under Trial Courts mistaken belief about its authority to impose sentence is reviewable, even if sentence is within presumptive range". ORS 138.222 (2)(a),(4)(a). In State v. Hamilton, 974 P2d. 245 (1999); "Once a defendant appeals, the sentencing court loses jurisdiction except for purposes of correcting clerical errors and to modify and erroneous term in the Judgment. ORS 138.083.

In Myers  v. Warner 3 Or. 212 (1870). (Where jurisdiction of the court is acquired by means specially pointed out in statute, and not by the ordinary process of the court, the means so prescribed must be strictly pursued, or the proceeding is void).

In State v. Brown, 5 Or.119 (1873), (An Order to be appealable must be one not only affecting a substantial right, but one which, in effect, determines the action.

U.S. v. DeWald, 669 F.2d 590 (C.A. 9 Cal. 1982), (Only if sentencing court abused its discretion will appellate court overturn denial of Motion To Reduce Sentence)

If the Court of Appeals takes the position that ORS 19.270(4) applies in State v. Briggs, Coos County Circuit Court Case Number 02CR1147; Court of Appeals Case No. CA A128908 , see EXHIBIT-1 to give leave to the Trial Court to Amend or Correct Judgment, and said ORS is a Procedure In Civil Proceedings, then it is assumed correct that the provisions of ORS 19.205 applies to Petitioner's case for purpose of Appeal as ORS 19.205 is also a Procedure In Civil Proceedings. State v. Briggs is a criminal case with civil procedures being applied and adhered to.

## JURISDICTION

Petitioner also challenges the Douglas County Circuit Courts jurisdiction to impose ORS 137.123 to sentence Petitioner to consecutive sentences and an upward departure sentences on June 10, 2004. Under current ORS 138.083, there is no time limit to Motion the Circuit Court to Amend/Correct Sentence to delete or modify erroneous term in Judgment. See State

1

6

v.Graham,143 Or.App. 85 (1996) (In 1995, the Legislature amended ORS 138.083 to expand Trial Courts authority to correct erroneous terms in judgments of conviction. The effective date of that amendment was September 9th,1995, Or. Laws 1995, Ch. 109 §1.).

Under current Case Law under State v. Whitloch, 187 Or.App. 265,65 P.3d 1114 (2003) ( A sentence that does not conform to law is invalid; when a trial court imposes such a sentence it is a legal nullity, and the trial court subsequently has authority to impose a lawful sentence, even if defendant is already in the custody of the Department of Corrections).Petitioner contends that the sentencing court did not retain jurisdiction/authority to impose ORS 137.123 on August 31, 2004 then, but now retains indefinite authority to correct not only "arithmetic or clerical errors" but also "any erroneous terms in the judgment".

## VII.   REASONS  WHY THE ISSUES PRESENTED HAVE IMPORTANCE BEYOND THE PARTICULAR CASE AND REQUIRE DECISION  BY THE SUPREME COURT

There are several thousand cases that are effected by the Appeal process in criminal matters that are subjected to the Rules of Court as well as the ORS's that encompass the jurisdiction of the  Appellate Court. The previous decisions of the Court of Appeals sends a confusing message as to Chapter 19, of the Oregon Revised Statutes., and how it applies. This Court must clarify what application Chapter 19 have in Appeals that have their nascent in criminal proceedings. This matter effects thousands of cases and a clarification would bring consistency to the Appeals process and eliminate confusion.

## VIII.   OPINION OF THE COURT OF APPEALS

Appellant appealed from an Order denying his motion to correct/the sentence imposed by the judgment of  conviction and sentence. The court dismissed the appeal on the ground that, in

Page 6 of 7

11

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR DOUGLAS COUNTY

STATE OF OREGON,                )
                                )
                    Plaintiff,  )
                                )           Case No. 04CR0429FE
        v.                      )
                                )
JAMES ARTHUR ROSS,              )           Order
                                )
                    Defendant.  )

Date of Ruling:         May 5, 2005

Appearances:            Richard Wesenberg, For the State by Written Response
                        James A. Ross, pro per by Written Motion

Nature of Proceeding:   Defendant's Motion to Amend / Correct Judgment

Findings:

        On August 31, 2004, Judge Walker sentenced Defendant based upon pleas of no
contested entered on June 10, 2004. No appeal has been filed. On March 11, 2005, Defendant
filed a motion to correct judgment and requested oral argument. Defendant's motion is based
upon ORS 138.083 and cases cited within the motion. The court received the State's response
objecting to Defendant's motion. Having reviewed the motion and the response, the court
concludes it does not have jurisdiction to modify Defendant's sentence. Therefore, the court has
not scheduled oral argument.

Order:

        The court hereby denies Defendant's motion to amend or correct the sentencing
judgment. The court denies Defendant's request for oral argument under the unique
circumstances of this case.

        Dated this 5th day of May, 2005.

                                              _Joseph Quin_

                                                    E.R. - 1
                                                    Page 1 of 1

IN THE COURT OF APPEALS OF THE STATE OF OREGON

STATE OF OREGON,

        Plaintiff-Respondent,

    v.

JAMES ARTHUR ROSS,

        Defendant-Appellant.

Douglas County Circuit
Court No. 04CR0429FE

CA A128651

ORDER DENYING RECONSIDERATION

Appellant appealed from an order denying his motion to correct the sentence imposed by the judgment of conviction and sentence. The court dismissed the appeal on the ground that, in *State v. Hart*, 188 Or App 650, 72 P3d 671 (2003), the court held that the legislature has not provided for the right to appeal post-judgment orders denying relief in criminal cases. Appellant has petitioned for reconsideration.

Appellant contends, first, that legislative amendments to ORS 19.205(2) and (3) since *Hart* was decided require a different result. Appellant is incorrect, because ORS 19.205 as amended still applies only to civil cases, not criminal cases.

Appellant further contends that because he challenges the sentencing court's jurisdiction to sentence him, he raises issues different than those raised in *Hart*. The issue raised in the trial court and the trial court's reason for failing to correct a sentence does not make the case distinguishable from *Hart* nor render the order appealable.

The petition for reconsideration is denied.

David V. Brewer, Chief Judge

AUG 2 5 2005
Date

c:    James Arthur Ross
      Mary H. Williams

REPLIES SHOULD BE DIRECTED TO THE STATE COURT ADMINISTRATOR, RECORDS
SECTION, SUPREME COURT BUILDING, 1163 STATE STREET, SALEM, OR  97301-2563
080905ca.wpd,p10

ER-2

Page 1 of 1

13

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,                  )    Coos County Circuit
                                  )    Court No.  02CR1147
        Plaintiff-Respondent,     )
                                  )
        v.                        )    CA A128908
                                  )
JAMES BRIGGS,                     )
                                  )    ORDER GIVING LEAVE
        Defendant-Appellant.      )    UNDER ORS 19.270(4)



   On June 1, 2005, appellant filed a notice of appeal from a
judgment entered on May 20, 2005, in trial court number 02CR1147,
according to paragraph one of the notice of appeal.  Appellant
attached a "record of proceedings and order" from trial court number
02CR1129, and an "amended judgment" from trial court number 02CR1147.
However, review of the case register shows that the amended judgment
was entered in trial court number 02CR1129, and not in the trial court
number 02CR1147, as listed on the amended judgment.  Furthermore, the
case register in trial court number 02CR1147 shows that the case was
closed on July 25, 2002.  It appears that the trial court number
listed on the amended judgment is incorrect.

   Because it appears that the trial court intended to enter the
amended, the court gives the trial court leave, on the motion of any
party, to correct the trial court number on the amended judgment,
vacate the amended judgment entered on May 20, 2005, in trial court
number 02CR1129, and re-enter the amended judgment in 02CR1147.  ORS
19.270(4).  If the trial court re-enters the amended judgment,
appellant must file an amended notice of appeal in order for the
appeal to proceed.  This appeal will be held in abeyance pending the
filing of the amended notice of appeal.  However, the court will
dismiss this appeal, without further notice to the parties, for lack
of prosecution, if the amended notice of appeal is not filed within
the time allowed under ORS 138.071.


                                    _David V. Brewer_
                                    CHIEF JUDGE

                                    JUL 1 5 2005
                                    DATE


c:    James Briggs
      Mary H. Williams
      Honorable Michael J. Gillespie
      Coos County Transcript Coordinator
      Coos County Trial Court Administrator

REPLIES SHOULD BE DIRECTED TO THE STATE COURT ADMINISTRATOR, RECORDS
SECTION, SUPREME COURT BUILDING, 1163 STATE STREET, SALEM, OR  97301-2563

gar062605/gv1cr117

                                    Exhibit
                                    1
                                    Page 1 of 1

14

7

State v. Hart 188 OR. App. 650, 72 P.3d 671 (2003), the court held that the legislature has not

provided for the right to appeal post-judgment orders denying relief in criminal cases. Appellant

has Petitioned Reconsideration.

Appellant contends, first, that legislative amendments to ORS 19.205 (2) and (3) since

Hart was decided require a different result. Appellant is incorrect, because ORS 19.205 as

amended still applies only to civil cases, not criminal cases.

Appellant further contends that because he challenges the sentencing court's jurisdiction

jurisdiction to sentence him, he raises different then those raised in Hart. The issue raised in trial

court  and the trial court's reason for failing to correct a sentence does not make the case

distinguishable from Hart nor render the order appealable.

The Petitioner for reconsideration is denied.

**CONCLUSION**

Based upon the foregoing reasons stated herein,Petitioner hereby prays that this court

accept review and reverse the decision of the Court of Appeals which denied Petition For

Reconsideration,and Appellate Review.

Respectfully submitted this 2 1  day of _____ , 2005.

Petitioner Pro-Se
James Arthur Ross
SID#12599830
Snake River Correctional Inst.
777 Stanton Blvd.
Ontario, Oregon. 97914-8335.
*Staff liaison: Ms. J. Bishop*
*(541) 881-4639*

Page 7 of 7

15

## CERTIFICATE OF TRUE COPY

I, James Arthur Ross, do hereby certify that the document(s) listed below is (are) a true and identical copy of the original filed with the Court:

Pro se Petition for Supreme Court Review.

DATED this 2 1 day of _____                    2005.


                                                 _____
                                                 James Arthur Ross,
                                                 *Appellant pro se*
                                                 S.I.D#12599830
                                                 Snake River Correctional Institution
                                                 777 Stanton Blvd.
                                                 Ontario, Oregon 97914
                                                 541-881-4639

Page 1 of 1 - CERTIFICATE OF TRUE COPY

16

## CERTIFICATE OF SERVICE

**CASE NAME: State v. Ross Douglas County Circuit Court Case No. 04CR0429FE; Court fo Appeals Case No. CA A 128651; Supreme Court Case No. _____** **(Pending)**

COMES NOW, James Arthur Ross, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Snake River Correctional Institution, 777 Stanton Blvd., Ontario, Oregon 97914-8335.

That on the 2 1 day of September , 2005, I personally placed in the Snake River Correctional Institution's mailing service A TRUE COPY of the following:

Petition for Supreme Court Review

I placed the above in a securely enclosed, postage prepaid envelope, to the person(s) named at the

places addressed below:

Office of the Attorney General
400 Justice Building
1162 Court Street NE
Salem, OR  97301-4096

Oregon State Court Administrator
Records Section
Supreme Court Building
1163 State Street NE
Salem, OR  97301-2563

Petitioner Pro-Se
James Arthur Ross
SID#12599830
Snake River Correctional Inst.
777 Stanton Blvd.
Ontario, Oregon.  97914-8335.
*Staff liaison: Ms. J. Bishop*
*(541) 881-4639*

Page 1 of 1 -  CERTIFICATE OF SERVICE

1

(·) ·· ·· ··

IN THE SUPREME COURT OF THE
STATE OF OREGON

| | | |
|---|---|---|
| STATE OF OREGON,<br><br>    Plaintiff-Respondent,<br>    Respondent on Review,<br><br>    v.<br><br>JAMES ARTHUR ROSS,<br><br>    Defendant-Appellant,<br>    Petitioner on Review. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Douglas County Circuit Court<br>No. 04CR0429FF<br><br>SC   S52785<br>CA   A128651<br><br><br>**ORDER DENYING REVIEW** |

Upon consideration by the court.

The court has considered the petition for review and orders that it be denied.

Dated this 28th day of December 2005.


WALLACE P. CARSON, JR.
CHIEF JUSTICE


c:    Mary Hazel Williams
      James Arthur Ross

Respondent's Exhibit
#110
USDC Case No. 10-1440-HO

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

| | | |
|---|---|---|
| STATE OF OREGON, | ) | Douglas County Circuit |
| | ) | Court No. 04CR0429FE |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | CA A128651 |
| | ) | |
| JAMES ARTHUR ROSS, | ) | ORDER DENYING MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL AND |
| Defendant-Appellant. | ) | ORDER OF DISMISSAL |

On May 26, 2005, appellant filed a notice of appeal from an order denying a motion to amend/correct the judgment. The court determines that the order is not an appealable decision. State v. Hart, 188 Or App 650, 72 P3d 671 (2003)(an order in a criminal case denying a motion to correct a judgment is not appealable).

Appellant's motion for appointment of counsel is denied as moot.

CHIEF JUDGE

JUN 1 6 2005
DATE

_____

DESIGNATION OF PREVAILING PARTY AND AWARD OF COSTS

Prevailing party: Respondent

[X] No costs allowed.

_____

Appellate Judgment
Effective Date: February 7, 2006

COURT OF APPEALS
(seal)

APPELLATE JUDGMENT

Respondent's Exhibit
#111
USDC Case No. 10-1440-HO

1

2

3

RECEIVED

DEC 0 3 2008

DEPARTMENT OF JUSTICE
TRIAL DIVISION

4        IN THE CIRCUIT COURT OF THE STATE OF OREGON

5              FOR THE COUNTY OF MALHEUR

6   JAMES ARTHUR ROSS,                    )
                                          )   County Circuit Court
7                 Plaintiff,              )   Case No. 05-08-4630-M
                                          )
8   vs.                                   )
                                          )   * * * FOURTH  AMENDED * * *
9   JEAN HILL,                            )   FORMAL PETITION FOR
    Superintendent,                       )   POST-CONVICTION RELIEF
10  Snake River Correctional Institution, )
                                          )   (ORS 138.510, et. Seq.)
11                Respondent,             )
    _____)

12

13          **COMES NOW,** the above named Petitioner, and respectfully petitions this Court for

14   Post-Conviction Relief pursuant to ORS 138.510 – 138.680, and alleges as follows:

15

16                                         1.

17          Respondent, JEAN HILL, is duly appointed, qualified and acting superintendent of the

18   Snake River Correctional Institution of Oregon.

19

20                                         2.

21          Petitioner is unlawfully imprisoned and restrained of his liberty by the above named

22   respondent. Petitioner is imprisoned at Snake River Correctional Institution located at 777

23   Stanton Boulevard Ontario, Oregon 97914 – 8335.

24

Page 1 of 21  **FORMAL PETITION FOR POST-CONVICTION** ▮

Respondent's Exhibit #112
USDC Case No. 10-1440-HO

1                                          3.

2          Petitioner's imprisonment is by virtue of a judgment and sentences imposed by the

3    Douglas County Circuit Court in the case of ***State of Oregon v. James Arthur Ross***. Trial Court

4    Case No. 04CR0429FE; Conviction date: 10th day of June, 2004; Sentencing date: 31st day of

5    August, 2004.

6

7                                          4.

8          Daniel Bouck represented the Petitioner during his trial court proceedings; Rebecca

9    Duncan represented the Petitioner on direct appeal.

10

11                                         5.

12         Petitioner was originally charged with the following crimes:

13         Assault in the Second Degree;
           Kidnapping in the First Degree;
14         Rape in the First Degree;
           Sodomy in the First Degree
15         Interference with Making a Report.

16

17                                         6.

18         Petitioner went to trial and after several days at trial entered a pleading of no contest and

19   guilty and was ultimately convicted of:

20         Attempted Aggravated Murder;
           Rape in the First Degree;
21         Sodomy in the First Degree;
           Sodomy in the First Degree;
22         Kidnapping in the First Degree;
           Kidnapping in the First Degree;
23         Assault in the Second Degree;
           Assault in the Second Degree;
24         Felony Assault in the Fourth Degree;

Page 2 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    Strangulation;
     Menacing; and
2    Interference with Making a Report.

3

4
                                        7.
5
     The Honorable Stephen Walker presided over Petitioner's trial and sentenced petitioner
6
to:
7
       · 120 Months for the Attempted Aggravated Murder plus 36 Months Post-Prison
8        Supervision; consecutive to all others;
       · 90 Months for kidnapping in the First Degree plus 36 Months Post-Prison Supervision;
9        consecutive;
       · 90 Months for kidnapping in the First Degree plus 36 Months Post-Prison Supervision;
10       concurrent to count 2 consecutive to all others;
       · 100 Months for Rape in the First Degree plus 140 Months Post-Prison Supervision;
11       consecutive to counts 1, 2, 3, 5-12;
       · 100 Months for Sodomy in the First Degree plus 140 Months Post-Prison Supervision;
12       consecutive to counts 1, 2, 3, 4, 7-12;
       · 100 Months for Sodomy in the First Degree plus 140 Months Post-Prison Supervision;
13       consecutive to counts 1, 2, 3, 5, 7-12;
       · 70 Months for Assault in the Second Degree plus 36 Months Post-Prison Supervision;
14       consecutive to counts 1-6 and 9-12, but concurrent with count 8;
       · 70 Months for Assault in the Second Degree plus 36 Months Post-Prison Supervision;
15       consecutive to counts 1-6 and 9-12, but concurrent with count 7;
       · 90 Days in jail for Assault in the Fourth Degree, concurrent with all others;
16     · 1 year in jail for Strangulation, concurrent with all others;
       · 1 year in jail for Menacing, concurrent with all others; and
17     · 1 year in jail for Interference with Making a Report.

18
     The judgment sentenced the Petitioner to a 480 month term of imprisonment with an
19
additional 240 month term of Post-Prison Supervision.
20

21
                                        8.
22
     Documents to support this petition are not included, but will be submitted as evidence
23
pursuant to the Order Regarding Post-Conviction Relief Proceedings entered in this case on
24

Page 3 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1   September 8th, 2005.

2                                      9.

3          Petitioner by and through counsel, alleges that he was denied effective assistance of trial

4   counsel in violation of Article 1, Section 10 and 11 of the Oregon Constitution and the 6th

5   Amendment of the United States Constitution, made applicable to the states by the 14th

6   Amendment to the United States Constitution and ***Strickland v. Washington,*** in the following

7   manner:

8          a. Same claims as listed under section 11 of this Formal Petition for Post-Conviction

9             Relief.

10

11                                    10.

12         Petitioner by and through counsel, alleges that he was denied effective assistance of

13  Appellate counsel in violation of Article 1, Section 10 and 11 of the Oregon Constitution and the

14  6th Amendment of the United States Constitution, made applicable to the states by the 14th

15  Amendment to the United States Constitution and ***Strickland v. Washington,*** in the following

16  manner:

17         a. Same claims as listed under section 12 of this Formal Petition for Post-Conviction

18            Relief.

19

20                                    11.

21         Petitioner further alleges that he was denied effective assistance of trial counsel and that

22  the convictions and sentences are illegal in violation of Article 1, Section 10, 11 and 15 of the

23  Oregon Constitution and ***Trujillo v. Maass,*** and the 1st, 4th, 5th, 6th, 8th, and 14th Amendments of

24  the United States Constitution, made applicable to the states by the 14th Amendment to the

Page 4 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    United States Constitution and ***Strickland v. Washington***, in the following manner:

2        a. Trial counsel was ineffective in failing to withdraw from Petitioner's case as requested,

3           resulting in trial counsel remaining as Petitioner's trial counsel, where a competent

4           attorney would have notified the court himself of the conflict and requested to be

5           removed from the case and the petitioner has suffered prejudice as a result.

6        b. Trial counsel was ineffective in failing to file a notice of appeal on the Petitioner's

7           behalf and in fact, in the Petitioner's belief, ill-informed the appellate office by stating

8           that he was satisfied with the outcome of the trial court proceedings, resulting with the

9           petitioner being denied his right to a direct appeal and the petitioner has suffered

10          prejudice as a result.

11       c. Trial counsel was ineffective in failing to make and adequately preserve claims for the

12          Petitioner's direct appeal process and/or appellate process in it's entirety.

13       d. Trial counsel was ineffective in failing to object to the excessive post-prison

14          supervision that was imposed on the petitioner and the petitioner has suffered

15          prejudice as a result.

16       e. Trial counsel was ineffective in failing to file a motion to quash the indictment and

17          the petitioner has suffered prejudice as a result.

18       f. Trial counsel was ineffective in failing to object to the indictment for failure to state

19          an offense on count 1: Att. Agg. Murder. It merely stated that the petitioner was to

20          commit this offense to cover up another crime. It did not state how the petitioner was

21          to commit such an offense nor did it differentiate itself from the assault offenses for

22          purposes of imposing consecutive sentences and thus violating defendant's double

23          jeopardy and due process rights of the United States Constitution along with his 6th

24          amendment right to effective assistance of counsel as guaranteed to him and the

1      petitioner has suffered prejudice as a result.

2      g. Trial counsel was ineffective in failing to motion for an acquittal or a dismissal of

3      the Attempted Aggravated Murder offense against the petitioner as all elements of

4      the offense were not established and for lack of evidence and/or intent to support

5      such an offense and the petitioner has suffered prejudice as a result.

6      h. Trial counsel was ineffective in failing to file a motion to dismiss the Kidnapping in

7      the First Degree charge(s) against Petitioner as all elements and/or intent of

8      kidnapping were not established and the petitioner has suffered prejudice as a result.

9      i. Trial counsel was ineffective in failing to challenge the indictment for failure to state

10     a difference in the kidnapping charges, counts 2 & 3, which violated defendant's

11     double jeopardy and due process rights of the United States Constitution along with

12     his 6th amendment right to effective assistance of counsel as guaranteed to him and the

13     petitioner has suffered prejudice as a result.

14     j. Trial counsel was ineffective in failing to motion for a merger of convictions and the

15     petitioner has suffered prejudice as a result.

16     k. Trial counsel was ineffective in failing to motion for a merger of convictions in a

17     multiplicous and undifferentiating indictment and the petitioner has suffered prejudice

18     as a result.

19     l. Trial counsel was ineffective in failing to argue that the multiple and undifferentiated

20     charges in the indictment, ultimately ending up in multiple convictions and sentences,

21     inflicted more punishment than justifiable in a single criminal episode and the

22     petitioner has suffered prejudice as a result.

23     m. Trial counsel was ineffective in failing to file a motion to disqualify the judge based

24     upon the judge's personal knowledge of the facts and/or for being bias, especially at

1    the sentencing phase where he stated that if the victim would have died, his mind was

2    easily made up to give the petitioner the death penalty, which he would have no

3    authority to impose, because such a sentence would have had to have been handed

4    down from a jury, especially when none of the aggravating facts were proven beyond

5    a reasonable doubt to a jury nor admitted to by the petitioner, but in making such a

6    statement showing his true intent to inflict great and/or cruel and unusual punishment

7    on the petitioner ending up in a grave injustice to the petitioner and the petitioner has

8    suffered prejudice as a result.

9    n. Trial counsel was ineffective in failing to effectively and/or fully object to and argue

10    that the consecutive sentences imposed by the trial court were unconstitutional, in

11    violation of ***Blakely***, especially when the petitioner had pleaded not guilty to any and

12    all aggravating factors, which the trial court accepted and the petitioner has suffered

13    prejudice as a result.

14    o. Trial counsel was ineffective in failing to effectively and/or fully object to and/or

15    attack the Petitioner's sentence as to consecutive sentencing issues, ***Blakely*** issues,

16    ***Booker*** issues, single criminal episode issues, **ORS** 137.123 issues, and/or

17    sentencing guideline's 200- 400% rules, especially when the petitioner had pleaded not

18    guilty to any and all aggravating factors, which the trial court accepted and the

19    petitioner has suffered prejudice as a result.

20    p. Trial counsel was ineffective in failing to submitt evidence that proved against the

21    district attorney's statements tht the victim in this case had a collapsed lung and broken

22    ribs. This statement was used against the petitioner in the interogation room to subtract

23    statements from the petitioner and then again during the trial and then again during the

24    sentencing phase to give the petitioner greater punishment all without any objection

Page 7 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    from the petitioner's trial counsel and thus causing ineffective assistance of counsel

2    and the petitioner has suffered prejudice as a result.

3    q. Trial counsel was ineffective in failing to object when the trial court entered into

4    judicial fact finding for aggravating factors when the trial court had already accepted a

5    pleading of not guilty to any and all aggravating factors and thus causing ineffective

6    assistance of counsel and the petitioner has suffered prejudice as a result.

7    r. Trial counsel was ineffective in failing to fully explain the plea agreement to the

8    petitioner, thus Petitioner's plea pursuant to the plea agreement was not knowingly,

9    voluntarily and intelligently made. and the petitioner has suffered prejudice as a result.

10    s. Trial counsel was ineffective in failing to explain to the petitioner the consequences of

11    pleading guilty and no contest and the presumptive sentence pursuant to the Oregon

12    Sentencing Guidelines Gird, which instead ended up in several consecutive mandatory

13    minimum prison sentences pursuant to Ballot Measure 11 and the petitioner has

14    suffered prejudice as a result.

15    t. Trial counsel was ineffective in failing to inform petitioner of the serious

16    consequences of a stipulated or open - ended sentence. Trial counsel did not inform

17    petitioner of the right to have a jury decide any fact that would enhance his sentence

18    beyond the prescribed statutory maximum. Had trial counsel informed the petitioner,

19    petitioner would have elected to finish trial and the petitioner has suffered prejudice as

20    a result.

21    u. Trial counsel was ineffective in failing to object to the imposition of Ballot Measure

22    11 as it is unconstitutional and the petitioner has suffered prejudice as a result.

23    v. Trial counsel was ineffective in failing to object to prosecutorial misconduct during

24    trial phase as well as during sentencing phase and the petitioner has suffered prejudice

Page 8 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1      as a result.

2     w.  Trial counsel was ineffective in telling the petitioner that the plea agreement was

3         different than the actual agreement entered to the court and the petitioner has suffered

4         prejudice as a result.

5     x.  Trial counsel was ineffective in failing to adequately argue and fully pursue the

6         Petitioner's rights to bail and the petitioner has suffered prejudice as a result.

7     y.  Trial counsel was ineffective in failing to pursue and/or acquire the expert psychiatrist

8         that defendant was requesting in this case by the name of Korr Johnson, which was

9         said to be the only qualified psychiatrist to examine the petitioner by some of the top

10        defense lawyer's in the state and the petitioner has suffered prejudice as a result.

11     z.  Trial counsel was ineffective in informing the petitioner that there was no valid self

12        defense in Oregon and the petitioner has suffered prejudice as a result.

13    aa.  Trial counsel was ineffective in failing to raise and argue an **ORS 163.325** defense

14        in general and/or in it's entirety and/or in at least to counts 4, 5, and 6 and the

15        petitioner has suffered prejudice as a result.

16    bb.  Trial counsel was ineffective in failing to fully investigate and/or subpoena witnesses

17        including by not limited to:

18          1. Maryella Brown;

19          2. Tammy Mendenhall;

20          3. Tammy Dean Mendenhall;

21          4. Peirce Pippen;

22          5. Lydia Pippen;

23          6. Kevin Rucker;

24          7. Ken Madison;

Page 9 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1         8. Ken (Last name unkown), victim's boss at Dairy Quenn;

2         9. Angela Cheridan;

3         10. Ex-Girlfriends.

4    cc. Trial counsel was ineffective in failing to use all witnesses available to him and to let

5        the petitioner know and/or have copies of all the statements made by the witnesses

6        that did come forth and present themselves, who he still ignored and the petitioner

7        has suffered prejudice as a result.

8    dd. Trial counsel was ineffective in coercing the petitioner into making him take a plea

9        agreement and to plea to all counts against him and against his will and best interest

10       and the petitioner has suffered prejudice as a result.

11    ee. Trial counsel was ineffective in failing to discuss with the petitioner his competency

12        to stand trial and the petitioner has suffered prejudice as a result.

13    ff. Trial counsel was ineffective in failing to argue the Petitioner's competency at the

14        time of the accused offenses took place, in the least, for intent purposes especially

15        when the victim was petitioner wife, the petitioner has suffered prejudice as a result.

16    gg. Trial counsel was ineffective in failing to get the Petitioner's trial moved as it was a

17        highly publicized and political case that affected the Petitioner's rights to a fair trial

18        and the petitioner has suffered prejudice as a result.

19    hh. Trial counsel was ineffective when he violated the petitioner's attorney client

20        privileges and caused a breach of contract when he gave statements made by the

21        petitioner, at counsel's request, concerning the case over to the district attorney and

22        the petitioner has suffered prejudice as a result.

23    ii. Trial counsel was ineffectivein failing to object to the trial court's abuse of discretion

24        when trial judge decided what was in the best interests of the petitioner and thus

Page 10 of 21   **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    causing ineffective assistance of counsel and violating petitioner's rights to due

2    process of the law and petitioner has suffered prejudice as a result.

3    jj. Trial counsel was ineffective in failing to help the petitioner in obtaining substitute

4        counsel where an effective attorney would have helped and file a motion to withdraw,

5        which he has in fact done in other previous cases and in fact the petitioner asserts that

6        trial counsel did totally the opposite and in fact was laughing at the petitioner in court

7        when he was attempting to have him replaced and the petitioner has suffered

8        prejudice as a result.

9    kk. Trial counsel was ineffective in failing to object to the trial court's abuse of discretion

10       in ignoring the petitioner's several requests for substitute counsel and failing to

11       conduct an evidentiary hearing on the matter to thoroughly investigate and/or to hear

12       the petitioner out on his claims and accusations as stated in this petition and in the

13       trial memorandum in support of this petition as to the ineffectiveness and conflicts of

14       interest of petitioner's trial counsel, caused ineffective assistance of counsel and in

15       fact made the petitioner proceed to trial without effective assistance of counsel and

16       the petitioner has suffered prejudice as a result.

17   ll. Trial counsel was ineffective in failing to object, motion, file and/or argue for an

18       extension of time when the petitioner told the court that he wished to retain an

19       attorney, after the court stated that they would not give him substitute counsel and

20       inquired that there was in fact someone wanting to retain counsel for the petitioner,

21       and thus not giving the petitioner enough time to obtain such an attorney when the

22       financial funds to obtain such attorney was coming from another country and

23       therefore forcing petitioner to proceed without effective assistance of counsel and

24       petitioner has suffered prejudice as a result.

Page 11 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    mm.  Trial counsel was ineffective when counsel and the petitioner had several bad

2    incidents where they had several bad words between each other. One in particular,

3    was when trial counsel stated to the petitioner that he believed he was guilty of all

4    charges and that he would not prepare a defense for him because he believed that

5    petitioner deserved whatever the district attorney wanted to give him. Then the

6    petitioner replied that this is why he did not want him on his case because he was

7    doing nothing but sabotaging the case and that he was fired, although despite

8    petitioner's several attempts to fire his counsel he was unsuccessful. This resulted in a

9    total break in communication between petitioner and his counsel. Petitioner's time

10   was consumed in trying to fire and have his counsel replaced that it left petitioner

11   with no time or legal materials to prepare a defense for himself. Therefore, he was

12   forced to proceed with this counsel, Daniel Bouck, that petitioner had absolutely no

13   faith in, was disloyal, had no defense prepared for him and as far as the petitioner

14   was and is concerned purposely sabotaging his case and the petitioner has suffered

15   prejudice as a result.

16   nn.  Trial counsel was ineffective in failing to object when the trial court accepted a

17   pleading involving a not guilty plea to one of the counts and in fact counsel should

18   have asked for a brief recess to re-assure that the petitioner knew what he was doing

19   so that it could be said that he was knowingly willingly and intelligently making the

20   plea and instead the petitioner's counsel told the court that the petitioner obviously did

21   not understand what he was doing and continued to enter the plea that he thought was

22   appropriate and thus causing ineffective assistance of counsel and violating

23   petitioner's rights to due process of law and petitioner has suffered prejudice as a

24   result.

Page 12 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    oo. Trial counsel was ineffective in failing to explain and give knowledge to the

2        petitioner concerning the case and charges and/or any defenses available to him and

3        the petitioner has suffered prejudice as a result.

4    pp. Trial counsel was ineffective in failing to object to the use of less then 7 member

5        grand jury on the indictment and when it was amended and the petitioner has

6        suffered prejudice as a result.

7    qq. Trial counsel was ineffective in failing to object, motion, file and/or argue that there

8        was an insufficient law library in the county jail for the petitioner to prepare a defense

9        or research his case and the petitioner has suffered prejudice as result.

10   rr. Trial counsel was ineffective in failing to make sure that the trial transcripts were

11       being properly and thouroughly preserved for the petitioner and thus causing

12       ineffective assistance of counsel and violating the petitioner's rights to due process of

13       the law and petitioner has suffered prejudice as a result.

14   ss. Trial counsel was ineffective when he continued to override the petitioner's pleading

15       and enter his own plea's, making them for the petitioner, after counsel had stated, on

16       the record, that the petitioner did not understand what he was doing in the pleading,

17       thus causing ineffective assistance of counsel and denying petitioner of his rights to

18       due process of the law and the petitioner has suffered prejudice as a result.

19   tt. Trial counsel was ineffective in obtaining and presenting all evidence available and

20       the petitioner has suffered prejudice as a result.

21   uu. Trial counsel was ineffective in failing to move to suppress the fruits of the search

22       of petitioner's house by police which violated petitioner's 4th amendment rights and

23       also petitioner's statements made to police and the petitioner has suffered prejudice

24       as a result.

Page 13 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    vv.  Trial counsel was ineffective in failing meaningfully to oppose the prosecution's case

2         and the petitioner has suffered prejudice as a result.

3    ww.  Trial counsel was ineffective when he told the petitioner that there was no defenses

4         available to him against the charges and the petitioner has suffered prejudice as a

5         result.

6    xx.  Trial counsel was ineffective when trial counsel told the petitioner that he could not

7         retract his plea's after petitioner realized that he would not be receiving the plea

8         agreement of the 120 months concurrent sentencing and the petitioner has suffered

9         prejudice as a result.

10   yy.  Trial counsel was ineffective when there was a conflict of interests when he

11        previously represented the Petitioner's mother and was in fact fired by the Petitioner's

12        mother when he tried to make her admit to things that she did not do and accept a

13        plea bargain for life in prison for murder and refused to help her otherwise, which

14        coincidently is the same type of representation that the petitioner has endured from

15        this counsel with the only difference that Petitioner's mother was able to fire trial

16        counsel Daniel Bouck where as the petitioner was not so fortunate, thus leaving the

17        entire family scared out of their minds knowing what the outcome of the trial would

18        be with the petitioner being represented by this counsel Daniel Bouck, putting more

19        stress, strain and the same if not more scarce on the petitioner with no real options

20        left to him but to proceed with this counsel and suffer the outcomes, which ended up

21        with the petitioner pleading out to all of the charges against him with a false

22        understanding of what he would be receiving as a result of his pleading, where the

23        Petitioner's true will and intent was to finish trial and the petitioner has suffered

24        prejudice as a result.

1

2                                          12.

3        Petitioner further alleges that he was denied effective assistance of appellate counsel in

4   violation of Article 1, Section 10 and 11 of the Oregon Constitution and ***Trujillo v. Maass,*** and

5   the 6th Amendment of the United States Constitution, made applicable to the states by the 14th

6   Amendment to the United States Constitution and ***Strickland v. Washington,*** in the following

7   manner:

8        a.  Appellate counsel was ineffective in failing to file a notice of appeal and  petitioner

9            has suffered prejudice as a result.

10       b.  Appellate counsel was ineffective in failing to investigate Petitioner's case and

11           petitioner has suffered prejudice as a result.

12       c.  Appellate counsel was ineffective in failing to file a brief on Petitioner's behalf and

13           petitioner has suffered prejudice as a result.

14       d.  Appellate counsel was ineffective in failing to file a merits brief on Petitioner's behalf

15           and  petitioner has suffered prejudice as a result.

16       e.  Appellate counsel was ineffective in failing to file a Ander brief on Petitioner's behalf

17           and  petitioner has suffered prejudice as a result.

18       f.  Appellate counsel was ineffective in failing to bring to the court's attention "anything

19           in the record that might arguably support the appeal" and  petitioner has suffered

20           prejudice as a result.

21       g.  Appellate counsel was ineffective when Petitioner was denied to have his case handed

22           over to an appellate attorney and petitioner has suffered prejudice as a result.

23       h.  Appellate counsel was ineffective in assuming the Petitioner's claims were frivolous

24           and petitioner has suffered prejudice as  a result.

Page 15 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1      i. Appellate counsel was ineffective when they were ill-informed as to the merits of

2          Petitioner's claims by the Petitioner's trial counsel and petitioner has suffered prejudice

3          as a result.

4      j. Appellate counsel was ineffective in failing to attack the Petitioner's sentences as to

5          consecutive issues, ***Blakely*** issues, ***Booker*** issues, single criminal episode issues,

6          **ORS** 137.123 issues and/or sentencing guideline's 200 – 400% rules, especially when

7          the trial court accepted a pleading of not guilty to any and all aggravating factors and

8          petitioner has suffered prejudice as a result.

9      k. Appellate counsel was ineffective for failing to appeal the courts imposition of

10         multiple undifferentiated convictions in a single criminal episode and  petitioner has

11         suffered prejudice as a result.

12     l. Appellate counsel was ineffective in failing to raise a claim as to Ballot Measure 11 as

13         it is unconstitutional and  petitioner has suffered prejudice as a result.

14     m.  Appellate counsel was ineffective in failing to raise a claim as to the imposition of

15         consecutive Ballot Measure 11 sentences and  petitioner has suffered prejudice as a

16         result.

17     n. Appellate counsel was ineffective in failing to raise a claim as to the trial court's

18         abuse of discretion when trial judge decided what was in the best interests of the

19         petitioner and thus causing ineffective assistance of counsel and/or violating the

20         petitioner's rights to due process of the law and petitioner suffered prejudice as a result.

21     o.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's

22         abuse of discretion and/or ineffective assistance of counsel when the trial court

23         accepted a pleading involving a not guilty plea to one of the counts and thus causing

24         ineffective assistance of counsel and/or violating petitioner's rights to due process of

**FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    the law and petitioner has suffered prejudice as a result.

2    p.   Appellate counsel was ineffective in failing to raise a claim as to the insufficient law

3    library at the petitioner's county jail for him to prepare a defense and thus causing

4    ineffective assistance of counsel and/or violating petitioner's rights to due process of

5    the law and  petitioner has suffered prejudice as a result.

6    q.  Appellate counsel was ineffective in failing to obtain much needed documents to

7    properly address an appeal such as the proper case files and trial transcripts and in the

8    least provided the petitioner with said information, thus causing ineffective assistance

9    of counsel and/or violating the petitioner's rights to due process of the law and

10    petitioner has suffered prejudice as a result.

11    r.  Appellate counsel was ineffective in failing to raise a claim as to the faulty and "cut-

12    up" trial court transcripts making it very difficult and/or impossible for the petitioner

13    to thoroughly and fully attack, argue and/or raise and thoroughly exhaust every claim

14    possible, causing ineffective assistance of counsel and/or violating the petitioner's

15    rights to due process of the law and petitioner has suffered prejudice as a result.

16    s.  Appellate counsel was ineffective in not advising the petitioner of his rights to pursue

17    a direct appeal on his own after counsel refused  to pursue an appeal on his behalf and

18    in the least point him in the right direction to do so with the needed information to do

19    so, thus causing ineffective assistance of counsel and/or violating the petitioner's rights

20    to due process of the law and petitioner has suffered prejudice as a result.

21    t.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's abuse

22    of discretion when trial court accepted and allowed petitioner's trial counsel to

23    continue to override the petitioner's pleading and enter his own plea's, making them

24    for the petitioner, after   the petitioner's trial counsel had stated, on the record, that the

1    petitioner did not understand what he was doing in the pleading, thus causing

2    ineffective assistance of counsel and/or violating the petitioner's rights to due process

3    of the law and the petitioner has suffered prejudice as a  result

4    u.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's

5    abuse of discretion when petitioner told the court that he wished to obtain an attorney,

6    after the court stated that they would not give him substitute counsel and inquired that

7    there was in fact someone wanting to obtain counsel for the petitioner, by not giving

8    the petitioner enough time to obtain such an attorney when the financial funds to

9    obtain such attorney was coming from another country and therefore forcing petitioner

10   to proceed without effective assistance of counsel and/or violating the petitioner's

11   rights to due process of the law and petitioner has suffered prejudice as a result.

12   v.  Appellate counsel was ineffective in failing to raise a claim as to the trial court's abuse

13   of discretion in ignoring the petitioner's several requests for substitute counsel and

14   failing to conduct an evidentiary hearing on the matter  to thoroughly investigate

15   and/or to hear the petitioner out on his claims and accusations as stated in this petition

16   and in the trial memorandum in support of this petition as to the ineffectiveness and

17   conflicts of interest of petitioner's trial counsel, caused ineffective assistance of

18   counsel and in fact made the petitioner proceed to trial without effective assistance of

19   counsel and/or violating the petitioner's rights to due process of the law and the

20   petitioner has suffered prejudice as a result

21   w.  Trial counsel was ineffective in failing to object when the trial court entered into

22   judicial fact finding for aggravating factors when the trial court had already accepted a

23   pleading of not guilty to any and all aggravating factors and thus causing ineffective

24   assistance of counsel and/or violating the petitioner's rights to due process of the law

Page 18 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    and the petitioner has suffered prejudice as a result.

2                                    13.

3        Taken alone or in any combination, the above has caused prejudice to the Petitioner,

4    denied Petitioner of his due process of law and effective assistance of counsel as promised by the

5    State Constitution and the United States Constitution.

6

7                                    14.

8        Taken alone or in any combination, the above has caused prejudice to the Petitioner

9    where he has been subjected to several multiplicious and undifferentiating convictions resulting

10   in a mandatory minimum sentece of 480 months with 240 months post-prison supervision,

11   denied Petitioner of his protection against cruel and unusual punishment and his rights to

12   rehabilitation and his due process of law and effective assistance of counsel rights and/or

13   birthrights as promised by the Oregon and United States Constitutions.

14

15       **WHEREFORE,** Petitioner prays for an Order:

16       a. Vacating his convictions and sentences in Douglas County Circuit Court in the case of

17          ***State of Oregon v. James Arthur Ross***, Case No. 04CR0429FE;

18       b. Granting a new trial in Douglas County Circuit Court in the case of ***State of Oregon v.***

19          ***James Arthur Ross***, Case No. 04CR0429FE;

20       c. Release Petitioner from custody;

21       d. Grant a delayed direct appeal;

22       e. Remand the case of Douglas County Circuit Court in the case of ***State of Oregon v.***

23          ***James Arthur Ross***, Case No. 04CR0429FE;

24       f. Modify the sentences; and

Page 19 of 21 **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1    g. Grant such further relief as this Court deems just and proper.

2

3

4

5    **DATED** this 26th day of October, 2006.

6

7

8                                    Respectfully Submitted By,

9

10

11                                   x_____
                                     (Signature)
12                                   James Arthur Ross
                                     SID# 12599830
13                                   Snake River Correctional Institution
                                     777 Stanton Boulevard
14                                   Ontario, Oregon 97914 – 8335
                                     (541) 881-4635
15

16

17

18

19

20

21

22

23   *cc: file*

24

Page 20 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**

1

2

## <u>DECLARATION UNDER PENALTY OF PERJURY</u>

3

4

In the matter of this FORMAL PETITION FOR POST-CONVICTION RELIEF:

5

I, JAMES ARTHUR ROSS, the Petitioner in the foregoing FORMAL PETITION FOR

6

POST-CONVICTION RELIEF, state under oath, that I have read and know the content of this

7

Petition, and I declare or verify under penalty of perjury that the facts set forth are true and

8

correct to the best of my knowledge and belief and tht all the documents and exhibits included in,

9

or attached to the Petition are authentic to the best of my knowledge and belief.

10

The said  FORMAL PETITION FOR POST-CONVICTION RELIEF is well founded in

11

law.

12

**DATED** this 26th day of October, 2006.

13

14

Respectfully Submitted By,

15

16

x_____

17

(Signature)

James Arthur Ross

18

SID# 12599830

Snake River Correctional Institution

19

777 Stanton Boulevard

Ontario, Oregon 97914 – 8335

20

(541) 881-4639

21

22

23

*cc: file*

24

Page 21 of 21  **FORMAL PETITION FOR POST-CONVICTION RELIEF**



1 | Michael R. Mahony OSB #91185
2 | PO Box 220
| Vale, OR 97918
3 | (541) 473-3141 telephone
| (541) 473-2651 fax
4
5
6
7
8
9
10 |                CIRCUIT COURT FOR THE STATE OF OREGON
11 |                    FOR THE COUNTY OF MALHEUR
12
13 | JAMES ARTHUR ROSS,                    Case No. 05-08-4630M
|                            Petitioner,
14 |                                        TRIAL MEMORANDUM
|                    vs.
15
16 | JEAN HILL, Superintendent,
| Snake River Correctional Institution,
17 |                            Defendant.
18

Petitioner challenges his convictions in the State of Oregon vs. James Arthur Ross, Douglas County Circuit Court Case Number 04CR0429FE. Petitioner was charged in an Amended Indictment with the following charges: Attempted Aggravated Murder, two counts of Kidnapping in the Second Degree, Rape I, two counts of Sodomy I, two counts of Assault II, Felony Assault IV, Strangulation, Menacing, and Interfering with a Police Report. On the fourth day of a jury trial, petitioner pled No Contest to the following charges: Attempted Aggravated Murder, both counts of Kidnapping I, Rape I, the first count of Sodomy I, Felony

Page 1- TRIAL MEMORANDUM

Michael R. Mahony
P.O. Box 220
Vale, Oregon 97918
Tel (541) 473-3141

Respondent's Exhibit
#113
USDC Case No. 10-1440-HO

1    Assault IV, and Interfering with a Police Report.  Petitioner pled guilty to the second count of

2    Sodomy I, both counts of Assault II, Strangulation, and Menacing.  According to the Plea

3    Statement signed by petitioner, his attorney, and the District Attorney, there was no agreement

4    as to concurrent or consecutive sentences.   Ultimately, petitioner received a  480 months

5    prison sentence at his sentencing hearing on August 31, 2004. Petitioner received the following

6    sentence:  a 120 months prison for the Attempted Aggravated Murder charge; 90 months in

7    prison for both Kidnapping I charges, concurrent to each other but consecutive to the

8    Attempted Aggravated Murder; a consecutive 100 months in prison for the Rape I conviction,

9
10   100 months in prison for both Sodomy I convictions, concurrent to each other but consecutive

11   to the other charges; 70 months prison sentences for both Assault II conviction, concurrent to

12   each but consecutive to  the other charges; and concurrent jail time for the remaining charges.

13   Petitioner raises seventy five issues in his Fourth Amended Formal Petition.  Petitioner has also

14
15   filed a motion with the court to file a Fifth Amended Petition.      Daniel Bouck represented

16   Petitioner during trial court procedures.  Rebecca Duncan represented Petitioner on direct

17   appeal.
18

19           It is petitioner's position that trial counsel failed to advise him, and appellate counsel

20   failed to preserve as an issue for appellate review,  that as a matter of law, he could not be

21
22   convicted of Kidnapping I.  Petitioner argues that he did not kidnap his wife, but instead asked

23   her to leave.  Because there was no intent to interfere substantially with his wife's liberty and

24   she was only moved a minimal distance,  a reasonable jury could not convict petitioner of that

25   charge.  State v. Wolleat, 338 Or 469 (2005); State v. Sparklin, 203 Or.App. 581 (2006).

26
27   Thus, if his trial counsel had correctly told petitioner of the required mental element to prove

28    Page 2- TRIAL  MEMORANDUM

1   kidnapping, petitioner would not have pled no contest to the kidnapping charges.

2       Though one count alleges a purpose of causing physical injury to the victim and the

3   other alleges a purpose of terrorizing the victim, Petitioner argues that trial counsel failed to

4   argue, and appellate counsel failed preserve as an issue for appellate review, that both

5   Kidnapping I charges should have merged for sentencing purposes. State v. White, 202

6   Or.App. 1 (2005).   Petitioner also argues that trial counsel should have argued, and appellate

7   counsel should have preserved for appellate review,  that  both Sodomy I convictions should

8   have merged at sentencing.  Id.  The charges are pled identically and allege the same victim.  It

9   is petitioner's position that at best there was only one sodomy of his wife. Assuming but not

10  conceding there was more than one sodomy and one kidnapping, there is no finding of a

11  separation from other violations by a sufficient pause to afford the petitioner an opportunity to

12  renounce his criminal intent.  ORS 161.067(3); James v. Cupp, 65 Or.App. 377 (1983).

13      Petitioner also argues that the identical charges for both counts of Assault II, counts 7

14  and 8, violate petitioner's due process right to notice of charges because he could not

15  effectively differentiate among the charges.  Trial counsel failed to argue this issue and

16  appellate counsel failed to preserve this issue for  appellate review.  Valentine v. Konteh, 395

17  F.3d 626 (C.A.6 (Ohio) 2005).

18      Petitioner objects to the imposition of consecutive sentences in his underlying case.

19  Trial counsel never argued, and appellate counsel did not preserve for appellate review that

20  there was no findings made by the court as required by ORS 137.123 to justify consecutive

21  sentences.   State v. Garcia, 288 Or. 413, (1980); State v. Warren, 168 Or.App. 1, (2000).

22      Trial counsel for petitioner concedes the recent holding State v. Tanner, that held the

Page 3- TRIAL  MEMORANDUM

Apprendi rule does not apply to findings used to validate the imposition of consecutive

sentences.  Petitioner respectfully disagrees with this decision and argues he was sentenced to

illegal and unconstitutional consecutive sentences.   Petitioner argues the logic of Blakely v.

Washington, 124 S. Ct. 2531 (2004) which extended the ruling of Apprendi v. New Jersey, 530

U.S. 466 (2000) should be applied to his case.  These cases require that a jury make all factual

findings required for an enhanced sentence under Oregon's sentencing guidelines.  See State v.

Sawatzky, 195 OrApp 159 (2004).  Petitioner's claims were previously unavailable on

collateral review because the right had not been recognized until Blakely.

In Tyler v. Cain, 533 U.S. 466 (2001), the United States Supreme Court held that a new

rule of criminal procedure may be made retroactive through a series of that Court's cases:

> Justice Breyer observes that this Court can make a rule retroactive over the course of
> two cases.  We do not disagree that, with the right combination of holdings, the Court
> could do this...  Multiple cases can render a new rule retroactive only if the holdings in
> those cases necessarily dictate retroactivity of the new rule.

Tyler, 533 U.S. at 666.  The Supreme Court has explained that the second exception to

the Teague v. Lane, 489 U.S. 288 (1989) prohibition of the retroactive application of new rules,

sanctions retroactivity if the new rule substantially promotes two discrete values: the

fundamental fairness of the underlying proceeding; and the accuracy of that proceeding.  See,

e.g., Saffle v. Parks, 494 U.S. 484, 495 (1990).  Thus, under Tyler's holding, Teague's second

exception reduces to the logical syllogism:  If A (protects fundamental fairness) and B

(accuracy enhancing), then C (retroactive application of the rule).

Logic compels the retroactive application of Apprendi/Blakley given the Supreme

Court's recognition, in Shriro, that the Apprendi rule implicates fundamental fairness, and, in

Page 4- TRIAL  MEMORANDUM

1  the host of Supreme Court decisions, such as In re Winship, 397 U.S. 358 (1070), of the

2  heightened accuracy afforded by the criminal law's standard of proof beyond a reasonable

3  doubt.

4

5      In the context of the Teague syllogism: Shriro establishes A (fundamental fairness). In

6  re Winship (and the many Supreme Court cases building on it), establishes B (reasonable doubt

7  standard seriously enhances accuracy). Therefore the rule applies retroactively. Teague; Tyler.

8      Trial counsel's performance was deficient and prejudiced petitioner. Trial counsel's

9  errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth

10

11  Amendment and that the errors were so serious that petitioner's conviction is not reliable.

12  Taken in part or in together, trial counsel's numerous errors prejudice the result below to the

13  extent that there is a reasonable probability that but for his errors, the result below would have

14  been different. Strickland vs. Washington, 466 US 668 (1984); Krummacher v. Gierloff, 290

15  OR 867, 627 P2d 458 (1981).

16

17      Petitioner respectfully asks that this court vacate his sentences in the above entitled

18  cases and remand this case to the trial court.

19

20  DATED this ___ day of _____, 2006.

21

22

23                                  Mike Mahony OSB 91185

24                                  Attorney for Petitioner

25

26

27

28  Page 5- TRIAL MEMORANDUM